# ORIGINAL

FILED

08 MAR 18 AM II: 46

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ CP_____ DEPUTY

1  ANDREW R. LIVINGSTON (State Bar No. 148646)
alivingston@orrick.com
2  ERIN M. CONNELL (State Bar No. 223355)
econnell@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
4  405 Howard Street
San Francisco, CA 94105-2669
5  Telephone:    +1-415-773-5700
Facsimile:    +1-415-773-5759
6
7  Attorneys for Defendants
Chase Home Finance, LLC (on behalf of itself and as successor
in interest to Chase Manhattan Mortgage Corporation) and
8  James Boudreau

9

10                    UNITED STATES DISTRICT COURT

11                  SOUTHERN DISTRICT OF CALIFORNIA

12

13  CHRISTOPHER CLARK and JAMES
RENICK, individuals,

14                Plaintiffs,

15         v.

16  CHASE HOME FINANCE, LLC; a Delaware
LLC doing business in California; CHASE
17  MANHATTAN MORTGAGE
CORPORATION, a New Jersey corporation
18  doing business in California; JAMES
BOUDREAU, an individual; and DOES 1-25,
19
Defendants.
20

Case No. 08 CV 0500 JM RBB

NOTICE OF REMOVAL BY
DEFENDANTS CHASE HOME
FINANCE, LLC, CHASE
MANHATTAN MORTGAGE
CORPORATION AND JAMES
BOUDREAU

21

22

23

24

25

26

27

28

OHS West:260366869.9

NOTICE OF REMOVAL BY DEFENDANTS
(CASE NO. _____)

1    To the Clerk of Court, Plaintiffs Christopher Clark ("Clark") and James Renick .

2    ("Renick") (collectively, "Plaintiffs"), and their attorneys of record:

3    PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. section 1441 *et seq.*, defendants

4    Chase Home Finance, LLC ("Chase") (on behalf of itself and as successor in interest to Chase

5    Manhattan Mortgage Corporation ("Chase Mortgage")) and James Boudreau ("Boudreau")

6    (collectively, "Defendants") hereby remove this action from the Superior Court of California for

7    the County of San Diego to this Court, based on the following facts:

8                        **PROCEEDINGS TO DATE**

9    1.    On December 14, 2007, a civil action was commenced in the Superior Court of

10   California for the County of San Diego entitled "Christopher Clark, an individual, Plaintiff, vs.

11   Chase Home Finance, LLC; James Boudreau, an individual; and Does 1 through 25, Defendants,"

12   No. 37-2007-00083776-CU-OE-CTL (the "Action").  Attached as Exhibit A to this notice is a

13   true copy of the original Complaint and Summons.  On February 14, 2008, a First Amended

14   Complaint ("FAC") was filed, adding Renick as a Plaintiff and Chase Manhattan as a Defendant.

15   A true copy of the FAC is attached to this notice as Exhibit B.  The allegations of the FAC in the

16   Action are incorporated by reference in this notice without necessarily admitting any of them.

17   2.    Plaintiffs did not complete service on Defendants of their original Complaint.  *See*

18   Declaration of Erin M. Connell In Support Of Defendants' Notice Of Removal ("Connell Decl."),

19   ¶ 2.  Service of the FAC on Chase was completed on March 11, 2008. *See* Connell Decl., ¶ 3 &

20   Ex. A.  Thus, this notice is timely as it is filed within thirty (30) days of service on a defendant of

21   a copy of the FAC in this matter.  28 U.S.C. § 1446(b); *Murphy Brothers, Inc. v. Michetti Pipe*

22   *Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the 30-day period for removal runs from the date that

23   service is completed as required by state law).

24   3.    Defendants are informed and believe and on that basis allege that there have been

25   no other named defendants in this case and that no other defendant, whether named or not, has

26   been served with or otherwise received the FAC in the Action.

27                        **DIVERSITY JURISDICTION**

28   4.    This Court has original jurisdiction over this civil action pursuant to 28 U.S.C.

§ 1332, as (i) Defendants Chase and Chase Manhattan are citizens of different states than

Plaintiffs, (ii) Defendant Boudreau is a "sham" defendant and therefore his citizenship may be

disregarded for purposes of establishing diversity, and (iii) Defendants are informed and believe,

and therefore allege, that the amount in controversy exceeds the sum of $75,000, exclusive of

interest and costs.  Therefore, this action is removable pursuant to 28 U.S.C. § 1441(a).

## GROUNDS FOR REMOVAL

5.      This action is a civil action between citizens of different states, for purposes of 28

U.S.C. § 1332(a)(1), because Plaintiffs and Chase and Chase Manhattan are of diverse

citizenship, and because Boudreau is a "sham" defendant.

a.      **Clark's Citizenship**.  Clark alleges that at all relevant times, he was a
resident of California.  FAC, ¶ 2.  Additionally, Clark was a United States
citizen during his employment with Chase, and Defendants are informed
and believe that he continues to be a United States citizen.  *See* Declaration
of Helen DuBowy In Support Of Defendants' Notice Of Removal
("DuBowy Decl."), ¶ 4.  Defendants are also informed and believe that
Clark continues to reside in California.  *See* Connell Decl., ¶ 4.
Accordingly, Clark is a citizen of California.  *See Kanter v. Warner-
Lambert Co.*, (9th Cir. 2001) 265 F.3d 853, 857 (to be a citizen of a state, a
person must be a United States citizen and be domiciled in that state,
meaning the person resides in that state with the intention to remain).

b.      **Renick's Citizenship**.  Renick alleges that at all relevant times, he was a
resident of California.  FAC, ¶ 3.  Additionally, Renick was a United States
citizen during his employment with Chase, and Defendants are informed
and believe that he continues to be a United States citizen.  *See* DuBowy
Decl., ¶ 5.  Defendants are also informed and believe that Renick continues
to reside in California.  *See* Connell Decl., ¶ 5.  Accordingly, Renick is a
citizen of California.  *See Kanter v. Warner-Lambert Co.*, 265 F.3d at 857.

c.      **Chase's and Chase Manhattan's Citizenship**.  Pursuant to 28 U.S.C.

1  section 1332(c), "a corporation shall be deemed to be a citizen of any State

2  by which it has been incorporated and of the State where it has its principal

3  place of business." Here, Chase Manhattan ceased to exist as a corporate

4  entity on or around November 15, 2004. DuBowy Decl., ¶ 2.  During its

5  existence, however, Chase Manhattan was incorporated under the laws of

6  New Jersey with its principal place of business in New Jersey. *See*

7  DuBowy Decl., ¶ 2.  Chase Manhattan's successor in interest is Chase

8  Home Finance, LLC (*i.e.*, Defendant Chase in this case).  DuBowy Decl., ¶

9  2. Chase is now, and ever since this action commenced has been,

10  incorporated under the laws of Delaware with its principal place of

11  business in New Jersey. *See* DuBowy Decl., ¶ 3.  Chase conducts business

12  in many states, does not conduct a majority of its activities in any single

13  state, and its corporate headquarters is located in New Jersey. *See*

14  *Industrial Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1093 (9th Cir.

15  1990) (where corporation conducts business in many states and does not

16  conduct majority of its business in any single state, state of corporate

17  headquarters is the corporation's principal place of business); DuBowy

18  Decl., ¶ 3.

19  d.    **Boudreau's Citizenship**.  Boudreau is a citizen of California. *See*

20  Declaration of James Boudreau ("Boudreau Decl.") at ¶ 2.  A non-diverse

21  defendant may be disregarded, however, for purposes of determining

22  diversity of citizenship if the plaintiff's joinder of the non-diverse

23  defendant is fraudulent or a "sham" so that no possible cause of action has

24  been stated against that party. *Morris v. Princess Cruises, Inc.*, 236 F.3d

25  1061, 1067 (9th Cir. 2001) ("Joinder of a non-diverse defendant is deemed

26  fraudulent, and the defendant's presence in the lawsuit is ignored for

27  purposes or determining diversity, 'if the plaintiff fails to state a cause of

28  action against a resident defendant, and the failure is obvious according to

1    the settled rules of the state'"); *Triggs v. John Crump Toyota, Inc.*, 154

2    F.3d 1284, 1287 (11th Cir. 1998) ("Fraudulent [sham] joinder is a

3    judicially created doctrine that provides an exception to the requirement of

4    complete diversity"). As set forth in ¶¶ 6-12, *infra*, defendant James

5    Boudreau is a "sham" defendant, and therefore his citizenship may be

6    disregarded.

7    d.    **Doe Defendants**. Pursuant to 28 U.S.C. section 1441(a), the citizenship of

8    fictitious defendants is disregarded for purposes of establishing removal

9    jurisdiction under 28 U.S.C. section 1332; *see also Bryant v. Ford Motor*

10    *Co.*, 886 F.2d 1526 (9th Cir. 1989), *cert. denied*, 493 U.S. 1076 (1990).

11    6.    **James Boudreau Is A "Sham" Defendant And Should Be Disregarded For**

12    **Purposes Of Determining Diversity Jurisdiction.** Plaintiffs have alleged six separate causes of

13    action against Defendants: (1) Failure to Pay Overtime [Lab. C. §§ 510, 1194, 1198], (2) Waiting

14    Time Penalties [Lab. C. §§ 203, 558], (3) Failure to Provide Accurate Itemized Statements [Lab.

15    C. § 226], (4) Failure to Provide Rest Periods [Lab. C. §§ 226.7 and IWC Wage Orders], (5)

16    Unfair Competition [B&PC § 17200 – *et seq*], and (6) Failure to Pay Overtime and Provide

17    Itemized Wage Statements [Labor Code § 2699]. *See FAC.* Yet because there is absolutely <u>no</u>

18    <u>possibility</u> that Plaintiffs can sustain <u>any</u> of their six claims against Boudreau, and because the

19    claims fail under settled California law, the Court should disregard his citizenship for purposes of

20    determining diversity of citizenship. *See Morris v. Princess Cruises, Inc.*, 236 F.3d at 1067;

21    *Triggs v. John Crump Toyota, Inc.*, 154 F.3d at 1287. The Court may consider declarations or

22    other summary judgment-type evidence on the issue of whether a particular defendant's joinder is

23    a "sham." *West America Corp. v. Vaughan Basset Furniture*, 765 F.2d 932, 936 fn. 6 (9th Cir.

24    1985); *Cavallini v. State Farm Mut. Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995).

25    7.    **Plaintiffs Cannot Sustain Their Wage Claims Against Boudreau.** Plaintiffs

26    allege that "Defendant BOUDREAU is one of the managers of the entity Defendant, and was one

27    of each of Plaintiff's employers for purposes of the Labor Code violations alleged herein, in that

28    said Defendant exercised direct control over wages, hours and working conditions of each

1   Plaintiff; he failed and refused to pay, among other things, overtime compensation; he paid each

2   Plaintiff without accurate itemized wage statements; and he failed to authorize and/or permit rest

3   periods pursuant to Labor Code § 226.7 and all IWC Wage Orders applicable to Plaintiff's [*sic*]

4   industry and occupation." FAC, ¶ 6. Plaintiffs further allege that Boudreau was an "individual

5   person who owned, controlled, or managed the business for which each Plaintiff worked, and/or

6   who directly or indirectly exercised operational control over Plaintiff's wages, hours and working

7   conditions. FAC, ¶ 9. Additionally, Plaintiffs allege that Boudreau "held ownership, officer,

8   director and/or executive positions with the remaining Defendants, and acted on behalf of the

9   remaining Defendants, which included decision-making responsibility for, and establishment of,

10  illegal payroll practices and policies for Defendants which have damaged Plaintiff in individual

11  and separate amounts." FAC, ¶ 9. Thus, Plaintiffs conclude that Boudreau was and is an

12  "employer" as a matter of law, and "is individually liable on all causes of action alleged herein."

13  FAC, ¶ 9.

14      As an initial matter, the undisputed evidence shows that Plaintiffs' allegations about

15  Boudreau are patently false and unsubstantiated. For instance, Plaintiffs cannot dispute that

16  Boudreau is not (and never has been) a corporate officer or director of Chase or Chase Manhattan,

17  and is not (and never has been) a majority shareholder in either Company. *See* Boudreau Decl.,

18  ¶¶ 3, 7. Further, Boudreau did not have decision-making responsibility for the allegedly illegal

19  payroll practices and policies about which Plaintiffs complain. *See* Boudreau Decl., ¶ 4.

20      More importantly, however, even if Plaintiffs could substantiate their allegations,

21  California law is clear that individual officers and directors are not personally liable as

22  "employers" for wages owed by a corporate entity. *Reynolds v. Berment*, 36 Cal. 4th 1075, 1087-

23  1088 (2005) ("corporate agents acting within the scope of their agency are not personally liable

24  for the corporate employer's failure to pay its employees' wages"); *Jones v. Gregory*, 137 Cal.

25  App. 4th 798, 800 (2006) ("California law does not support imposing personal liability on

26  corporate officers or agents as 'employers'"). As explained by the California Supreme Court in

27  *Reynolds*, although the California Industrial Welfare Commission ("IWC") defines "employer" to

28  mean any person who "employs or exercises control over the wages hours or working conditions

1   of any person" [*Reynolds*, 36 Cal. 4th. at 1085, fn. 6], <u>the California Labor Code does not include</u>

2   <u>such a definition</u>. *Id.* at 1088. "Had the Legislature meant in [Labor Code] section 1194 to

3   expose to personal civil liability any corporate agent who 'exercises control' over an employee's

4   wages, hours, or working conditions, it would have manifested its intent more clearly than by

5   mere silence after the IWC's promulgation of [its] Wage Order[s]." *Id.* at 1088. *Reynolds* also

6   rejected adoption of the broad definition of "employer" used by federal courts when adjudicating

7   claims under the Fair Labor Standards Act ("FLSA") because the FLSA specifically defines

8   "employer" to include "any person acting directly or indirectly in the interest of an employer,"

9   while the applicable sections of the California Labor Code do not. *Id.* at 1088.

10          Rather, interpretation of the term "employer" as used in the California Labor Code must

11   be determined by looking to common law, and under common law, "corporate agents acting

12   within the scope of their agency are not personally liable for the corporate employer's failure to

13   pay its employees' wages," even when the alleged acts breach an employment contract or breach

14   a tort duty of care. *Id.* at 1087; *see also Jones*, 137 Cal. App. 4th at 807 (under common law, "a

15   corporate officer or agent does not employ employees – the corporation does").

16          Here, Plaintiffs allege wage claims against Defendants Chase, Chase Manhattan and

17   Boudreau. The Labor Code sections cited by Plaintiffs with respect to these wage claims,

18   however, do not define "employer" to include individuals who exercise control over wages. *See*

19   Cal. Lab. Code §§ 510, 1194, 1198 [First Cause of Action for "Failure to Pay Overtime"][1] and §

20   226.7 [Fourth Cause of Action for "Compensation for Required Rest Periods Not Provided"].

21   Thus, even if Plaintiffs did have evidence to show that Boudreau exercised control over their

22
23   [1] Plaintiffs also cite Labor Code Section 558 in support of their first cause of action for failure to pay overtime. *See* FAC, ¶¶ 38, 39. Section 558, entitled "civil penalties," states, "[a]ny employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days
24   of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty." Cal. Lab. Code section 558(a). Here, however, although Plaintiffs recognize that Section 558 relates to civil penalties [FAC, ¶ 7],
25   their first cause of action is for failure to pay overtime under Sections 510, 1194 and 1198 – it is not a claim for civil penalties under Section 558. *See* FAC, ¶¶ 37-49. Even if Plaintiffs had brought this claim as a claim for civil
26   penalties under Section 558, however, it would be time barred as a matter of law. Cal. Civ. Proc. Code § 340(a) (one year statute of limitation for claims seeking penalties). Indeed, Clark's employment with Chase ended on July 31,
27   2005 [FAC, ¶ 22], and Clark did not file his initial Complaint until December 14, 2007. *See* Complaint; DuBowy Decl., ¶ 4. Similarly, Renick's employment with Chase ended on April 4, 2005 [FAC, ¶ 27], and Renick did not file
28   his initial Complaint [the FAC] until February 8, 2008. *See* FAC; DuBowy Decl., ¶ 5. Accordingly, Plaintiffs may not rely upon Section 558 to save them from removal. Cal. Civ. Proc. Code § 340(a).

NOTICE OF REMOVAL BY DEFENDANTS
                                                                                              (CASE NO. _____)

1   wages, which they do not, Boudreau nevertheless cannot be individually liable for unpaid wages

2   under the California Labor Code as a matter of law. *Reynolds*, 36 Cal. 4th at 1087-1088; *Jones*,

3   137 Cal. App. 4th at 800.

4           8.    **Plaintiffs Cannot Sustain Their Statutory Penalty Claims Against Boudreau.**

5   Plaintiffs also allege claims against Boudreau for statutory penalties. Specifically, Plaintiffs

6   assert against Boudreau their Second Cause of Action for Waiting Time Penalties under Labor

7   Code section 203 and their Third Cause of Action for Failure to Provide Accurate Itemized

8   Statements under Labor Code section 226. *See* FAC. As with Plaintiffs' wage claims, the

9   statutes underlying the penalty claims – Sections 203 and 226 – apply only to underlined employers, and

10  neither section defines "employer" to include individual officers, directors, agents, or managers.

11  *See* Cal. Lab. Code §§ 203, 226. Thus, Plaintiffs' statutory penalty claims against Boudreau fail

12  for the same reasons as their wage claims. *Reynolds*, 36 Cal. 4th at 1087 (in the absence of a

13  statutory definition of "employer," courts must look to common law, which does not impose

14  personal liability on corporate agents); *Jones*, 137 Cal. App. 4th at 805 ("none of the provisions

15  plaintiffs rely upon refer to the IWC employer definition; hence, there is no reason to suppose the

16  Legislature intended to alter the common law's rule against personal liability for corporate

17  agents").[2]

18          Further, Plaintiffs' Third Cause of Action against Boudreau fails because it is time barred.

19  Plaintiffs plainly seek penalties of fifty dollars ($50) for each alleged initial violation and one

20  hundred dollars ($100) for each alleged subsequent violation, up to an aggregate penalty of four

21  thousand dollars ($4,000), as redress for the alleged failure to receive accurate itemized wage

22  statements. FAC, ¶ 61. Accordingly, this claim is subject to a one-year statute of limitations and

23  is time barred. Cal. Civ. Proc. Code 340(a); FAC ¶¶ 22, 27 (Clark's employment ended in July

24  2005 and Renick's employment ended in April 2005).[3]

---

25  [2] Apparently recognizing that the other Labor Code sections cited in their Complaint do not impose liability against
26  individuals, Plaintiffs once again cite to Section 558 in support of their Second Cause of Action for Waiting Time
    Penalties. *See* FAC at p. 10. As explained in Footnote 1, *supra*, however, Plaintiffs do not seek civil penalties in
27  connection with their second cause of action, and even if they had, it would be time-barred as a matter of law. Cal.
    Civ. Proc. Code § 340(a) (one year statute of limitations for penalty claims).
28  [3] With respect to Plaintiffs' Second Cause of Action for waiting time penalties, Section 203 explicitly states that
    unlike other penalty claims, waiting time penalties may be sought "at any time before the expiration of the statute of

1      **9.    Boudreau Is Not The Alter-Ego Of Chase or Chase Manhattan.**  Plaintiffs may

2    contend that *Reynolds* leaves open the possibility that an individual may be held liable for unpaid

3    wages of the employer if the individual is found to be the "alter ego" of the employer.  *Reynolds*,

4    36 Cal. 4th at 1088, n. 9 (citing *Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th 523,

5    538 (2000)).  Even if Plaintiffs make such an argument, it will not save their claims against

6    Boudreau.  In California, alter ego "is an extreme remedy, sparingly used."  *Sonora Diamond*

7    *Corp.*, 83 Cal. App. 4th at 539.  As explained in *Sonora Diamond Corp.*,

> [T]wo conditions must be met before the alter ego doctrine will be invoked.  First,
> there must be such a unity of interest and ownership between the corporation and
> its equitable owner that the separate personalities of the corporation and the
> shareholder do not in reality exist.  Second, there must be an inequitable result if
> the acts in question are treated as those of the corporation alone [citations omitted].
> Among the factors to be considered in applying the doctrine are commingling of
> funds and other assets of the two entities, the holding out by one entity that it is
> liable for the debts of the other, identical equitable ownership in the two entities,
> use of the same offices and employees, and use of one as a mere shell or conduit
> for the affairs of the other [citations omitted].  Other factors which have been
> described in the case law include inadequate capitalization, disregard of corporate
> formalities, lack of segregation or corporate records, and identical directors and
> officers [citations omitted].  No one characteristic governs, but the courts must
> look at all of the circumstances to determine whether the doctrine should be
> applied.

16    *Id.* at 538-539.

17         Here, Plaintiffs allege there exists a "unity of ownership and interest" between Boudreau

18    and both Chase and Chase Manhattan, such that Boudreau is the "alter ego" of Chase and Chase

19    Manhattan, such that "the Court's adherence to the fiction of the separate existence of any or all

20    Defendants as separate entities distinct from the other Defendants would permit an abuse of

21    corporate privilege, would sanction fraud and/or promote injustice," and such that Chase and

22    Chase Manhattan are mere "shell[s] or sham[s] without the requisite corporate assets."  FAC, ¶¶

23    13-20.  There is simply no support for these allegations.

24         Plaintiffs have no evidence to show <u>any</u> of the relevant alter-ego factors.  First, Boudreau

25    and Chase or Chase Manhattan do not have – and have never had – <u>any</u> commingled funds or

26    other assets.  Boudreau Decl., ¶ 5.  Similarly, Boudreau and Chase or Chase Manhattan have

27    never taken on liability for each other's debts.  Boudreau Decl., ¶ 5.  Further, Boudreau is not –

28    limitations on an action for the wages from which the penalties arise."  Cal. Lab. Code § 203.

1   and never has been – the equitable owner of Chase or Chase Manhattan, and although Boudreau

2   was an employee of Chase and Chase Manhattan, Boudreau himself does not employ – and never

3   has employed – any of Chase's or Chase Manhattan's employees. Boudreau Decl., ¶¶ 5-6.

4   Additionally, Chase is not – and Chase Manhattan was not – a mere shell or conduit for the affairs

5   of the Boudreau, as Boudreau does not own – and never has owned – the majority of either

6   Company's shares. Boudreau Decl., ¶ 7. Rather, Chase is a fourth level, wholly owned

7   subsidiary of JPMorgan Chase & Co. (a publicly held company), and Boudreau is not a majority

8   shareholder of any of Chase's parent companies, either. DuBowy Decl., ¶ 3; Boudreau Decl., ¶ 7.

9   Further, Plaintiffs have no evidence to show inadequate capitalization, disregard of corporate

10  formalities, lack of segregation of corporate records, or identical officers and directors between

11  Boudreau and Chase or Chase Manhattan. Indeed, Boudreau as an individual does not have any

12  officers or directors. Boudreau Decl., ¶ 6. Finally, Plaintiffs simply cannot show that there

13  would be "an inequitable result if the acts in question are treated as those of the corporation

14  alone." *Sonora Diamond Corp.*, 83 Cal. App. 4th at 539.

15          In short, because there is no possibility that Boudreau is the alter ego of Chase or Chase

16  Manhattan, Plaintiffs' claims against Boudreau unavoidably fail.

17          10.     **Plaintiffs Cannot Sustain Their Unfair Competition Claim Against Boudreau.**

18  California Business & Professions Code §§ 17200 – *et seq.* ("Section 17200") prohibits acts of

19  unfair competition, including unlawful and unfair business practices. Cal. Bus. & Prof. Code §

20  17200. As Plaintiffs appear to recognize, Section 17200 "borrows" violations of other laws and

21  treats them as independently actionable under Section 17200. *See Farmers Ins. Exch. v. Superior

22  Court*, 2 Cal. 4th 377, 383 (1992). Thus, Section 17200 does not itself establish any substantive,

23  independent rights. *Lazar v. Hertz Corp.*, 69 Cal. App. 4th 1494, 1505 (1999) (to state a claim

24  under Section 17200, a plaintiff must state a claim for violation of the underlying statute).

25  Indeed, California courts specifically recognize that in the wage and hour context, "[i]n the

26  absence of a valid claim for violation of the prevailing wage law, plaintiffs also cannot

27  successfully allege unfair business practices or unfair competition under the Business and

28  Professions Code." *Violante v. Communities Southwest Dev. & Constr. Co.*, 138 Cal. App. 4th

1    972, 980 (2006).

2         Here, the alleged unlawful acts that make up Plaintiffs' 17200 claim against Boudreau are

3    the very same alleged Labor Code violations that make up his first four causes of action. *See*

4    FAC, ¶ 71. Accordingly, because Plaintiffs cannot sustain their Labor Code claims against

5    Boudreau [*see* ¶¶ 6-9, *supra*], they also cannot sustain their Fifth Cause of Action under Section

6    17200. *Lazar v. Hertz Corp.*, 69 Cal. App. 4th at 1505; *People v. Duz-Mor Diagnostic Lab, Inc.*,

7    68 Cal. App. 4th 654, 673 (1998) ("A defense to the underlying offense is a defense under [§

8    17200]"); *Cortez v. Purolator Air Filtration Products Co.*, 23 Cal. 4th 163, 173-174 (2000)

9    (recognizing that a UCL defendant may assert "defenses which might be asserted to a charge of

10    violation of the statute that underlies a UCL claim").

11         11.   **Plaintiffs Cannot Sustain Their Private Attorney General Act Claim Against**

12    **Boudreau.** Plaintiffs Sixth Cause of Action against Boudreau seeks civil penalties under Labor

13    Code Section 558 by way of a private right of action under Labor Code Section 2699

14    (California's Private Attorneys General Act ("PAGA")) for Boudreau's alleged failure to pay

15    Plaintiffs overtime compensation. FAC, ¶ 36, 78. Additionally, Plaintiffs seek statutory penalties

16    under Labor Code Section 226 by way of a private right of action under Section 2699 for

17    Boudreau's alleged failure to provide Plaintiffs with accurate itemized wage statements. FAC,

18    ¶ 36, 78. Plaintiffs' PAGA claims fail as a matter of law, however, because they undisputedly are

19    time barred.

20         California law is clear that PAGA claims are subject to a <u>one year statute of limitations</u>.

21    *See Thomas v. Home Depot USA, Inc.*, No. C06-02705 MJJ , 2007 WL 2854259, at * 3, *4 (N.D.

22    Cal. Sept. 27, 2007) (PAGA claims for civil penalties are subject to a one-year statute of

23    limitations under CCP section 340(a)); *Moreno v. Autozone, Inc.*, No. C05-04432 MJJ, 2007 WL

24    1650942, at *1, *2 (N.D. Cal. June 5, 2007) (same); *DeSimas v. Big Lots Stores, Inc.*, No. C 06-

25    6614 SI, 2007 WL 686638, at *3 (N.D. Cal. March 2, 2007) (same). Here, Clark's employment

26    with Chase ended "around" July 15, 2005, and Renick's employment with Chase ended "around"

27    April 6, 2005. FAC, ¶¶ 22, 27. Further, Plaintiffs did not mail notice of the alleged violations to

28    Defendants or to the California Labor & Workforce Development Agency (as they are required to

1    do prior to bringing a PAGA claim [*see* Cal. Lab. Code § 2699.3]) until January 9, 2008, and did

2    not filed a complaint containing a PAGA claim until February 14, 2008. *See* Connell Decl., ¶¶ 6-

3    7 & Exs. B & C; FAC. Accordingly, because Plaintiffs did not initiate their PAGA claims within

4    one year of their terminations, their PAGA claim is time-barred. *See, e.g., Thomas v. Home*

5    *Depot USA, Inc.*, 2007 WL 2854259, at * 3, *4; Cal. Civ. Proc. Code § 340(a) (one year statute of

6    limitations for penalties).[4]

7           In short, there is no possibility that Plaintiffs can succeed on their Sixth Cause of Action

8    against Boudreau.

9           12.    **Clark Released His Claims Against Boudreau.** Finally, there is no possibility

10   that Clark can sustain any of his six claims against Boudreau because Clark undisputedly released

11   them. *See* DuBowy Decl., ¶ 4 & Ex. A (Clark Release); *see also* Cal. Civ. Code 1541 (a release

12   given by consideration extinguishes any obligation covered by its terms); *Botefur v. City of Eagle*

13   *Point, Or.*, 7 F.3d 152, 156 (9th Cir. 1993) (the enforceability of a settlement agreement is

14   governed by principles of state contract law). A plain reading of the release signed by Clark

15   illustrates that he released the claims alleged in his Complaint against both Chase and "all

16   present, former and future employees, directors, officers, representatives, administrators, agents,

17   successors, assigns, trustees, heirs, executors and any fiduciaries of any employee benefit plan."

18   DuBowy Decl., Ex. A (p. 1). In fact, the release plainly states that "in consideration of severance

19   under The Severance Pay Plan of JPMorgan Chase & Co., severance-related benefits and career

20   services," Clark released any and all "suits, claims, charges, obligations, causes of action of

21   demands in law or in equity (including any arbitration claims) arising from or relating to [his]

22

23   [4] To the extent that Plaintiffs argue they are not using PAGA to seek penalties under the PAGA statute itself, but instead are using PAGA to give them a private right of action to seek penalties under Labor Code sections 558 and 226, those underlying Labor Code statutes are <u>also</u> subject to a one-year statute of limitations, and therefore Plaintiffs' PAGA claim is time-barred on that ground as well. *See* Cal. Civ. Proc. Code 340(a) (one year statute of limitations for penalty claims). Similarly, to the extent Plaintiffs claim they have brought their PAGA claim on behalf of both themselves <u>and</u> other aggrieved employees, this claim also fails to get around the untimeliness of their individual claims. *See Thomas v. Home Depot USA, Inc.*, 2007 WL 2854259, at * 5 (rejecting plaintiff's argument that "even if his individual claim is time-barred, he can continue to represent the State of California and all injured parties. . .in an action for civil penalties"); *DeSimas v. Big Lots Stores, Inc.*, 2007 WL 686638, at *4 (finding plaintiff could not pursue PAGA claims in a representative capacity because the statute of limitations barred plaintiff's claim). Indeed, as held in both *Thomas* and *Big Lots*, to bring a representative PAGA claim, the named plaintiffs must have a timely individual claim on which to base their representation. *Id.* Plaintiffs have no such timely claim here.

1    employment relationship with JPMC and/or the termination thereof," including but not limited to

2    "any employment and/or benefit related claims under any federal, state or local law, employment

3    law or civil rights law." DuBowy Decl., Ex. A (p. 1). Although the release carves out delineated

4    exceptions, including claims "under the Fair Labor Standards Act for failure to pay minimum

5    wages or overtime," the release does not carve out any exceptions for wage or penalty claims

6    under the California Labor Code, or state law claims for unfair competition or conversion.

7    DuBowy Decl., Ex. A. Accordingly, Clark's claims against Boudreau fail not only because such

8    claims are not sustainable against an individual as a matter of law and/or are time barred, but also

9    because Clark released them.

10        In sum, under settled California law, Plaintiffs cannot possibly sustain any of their claims

11    against Boudreau. Boudreau therefore is a "sham" defendant, and his citizenship should be

12    disregarded for purposes of determining diversity of citizenship. *Morris v. Princess Cruises, Inc.*,

13    236 F.3d at 1067.

14        13.    **Amount in Controversy.** This action meets the amount in controversy

15    requirement of 28 U.S.C. § 1332(b). Clark alleges that "at all times relevant herein, [he] was

16    entitled to an hourly rate of pay of approximately $21.35 – $36.39." FAC, ¶ 23. Clark further

17    alleges that he "routinely worked in excess of eight (8) hours per day and forty (40) hours per

18    week, all without receiving proper wages, any overtime or double-time pay." FAC, ¶ 25.

19    Similarly, Renick alleges that "at all times relevant herein, [he] was entitled to an hourly rate of

20    pay of approximately $30.05 – $32.50." FAC, ¶ 28. Renick further alleges that he "routinely

21    worked in excess of eight (8) hours per day and forty (40) hours per week, all without receiving

22    proper wages, any overtime or double-time pay." FAC, ¶ 30. Accordingly, Plaintiffs allege that

23    they have suffered and continue to suffer "wage losses in a sum according to proof." FAC, ¶¶ 47,

24    48; Prayer, ¶¶ 1-2. Plaintiffs' also seek statutory penalties under Labor Code sections 203 and

25    226. FAC, ¶¶ 56, 61. Plaintiffs also seek payments for alleged missed rest periods. FAC, ¶ 63.

26    Plaintiffs also seek restitution and injunctive relief under Business & Professions Code Section

27    17200 [FAC, ¶ 73, 74], and civil and statutory penalties under Labor Code Section 2699 [FAC, ¶

28    78, 80]. Plaintiffs also seek attorney's fees. FAC Prayer, ¶ 7. Requests for attorney's fees must

1   be taken into account in ascertaining the amount in controversy. *See Galt G/S v. JSS*

2   *Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorney's fees to be

3   included in amount in controversy, regardless of whether award is discretionary or mandatory).

4         Accordingly, Defendants are informed and believe, and on that basis allege, that it is

5   apparent from the complaint that Plaintiffs claim damages in an amount in excess of $75,000.

6   *See White v. FCI USA Inc.*, 319 F.3d 672, 675 (5th Cir. 2003) (it was facially apparent that

7   plaintiff's wrongful termination claim exceeded $75,000 based on her "lengthy list of

8   compensatory and punitive damages," including lost pay and benefits, impaired earning capacity,

9   and emotional distress, as well as her claim for attorney's fees). Thus, the amount in controversy

10  in the Action (exclusive of interest and costs) is in excess of $75,000.

11        14.    Based on the foregoing, this Action is subject to removal to this Court under

12  U.S.C. sections 1332(a) and 1441(a).

**VENUE**

14        Venue lies in the Southern District of this Court pursuant to 28 U.S.C. sections 1441,

15  1446(a), 1391(a)(2) and 84(d). This action originally was brought in the Superior Court of the

16  State of California, County of San Diego, and the events forming the basis of the alleged unlawful

17  employment practices occurred in the County of San Diego.

**NOTICE OF REMOVAL**

19        15.    This Notice of Removal will be promptly served on Plaintiff and filed with the

20  Clerk of the Superior Court of the State of California in and for the County of San Diego.

21        16.    In compliance with 28 U.S.C. section 1446(a), attached are copies of the state-

22  court papers served herein – the First Amended Complaint and Notice and Acknowledgement of

23  Receipt (Exhibit B).

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1    WHEREFORE, Defendants pray that this civil action be removed from the Superior Court

2  of the State of California, County of San Diego, to the United States District Court of the

3  Southern District of California, San Diego Division.

4
     Dated:  March 17, 2008

5                                                    ANDREW R. LIVINGSTON
                                                     ERIN M. CONNELL
6                                                    ORRICK, HERRINGTON & SUTCLIFFE LLP

7
                                          By:  _Erin Connell_____
8                                                       Erin M. Connell
9                                                    Attorneys for Defendants
                                                    Chase Home Finance, LLC
10                                                     and James Boudreau

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

*[court stamp:]* CIVIL BUSINESS OFFICE 9 CENTRAL DIVISION
2007 DEC 14 P 3:
CLERK SUPERIOR COURT
SAN DIEGO CO., CA

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

CHASE HOME FINANCE, LLC; JAMES BOUDREAU, an individual; and DOES 1-25,

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

CHRISTOPHER CLARK, an individual

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

The name and address of the court is:    CASE NUMBER:
(El nombre y dirección de la corte es):    (Número del Caso) 37-2007-00083776-CU-OE-CTL

Superior Court San Diego County
Central Division
220 W. Broadway
San Diego, CA 92101-3409

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

United Employee's Law Group, P.C.     (562)256-1047
65 Pine Ave # 312
Long Beach, CA 90802

DATE     Clerk, by     **WYNNIE S. ABELLA**     , Deputy
(Fecha) DEC 14 2007     (Secretario)     (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]     **SUMMONS**     Code of Civil Procedure §§ 412.20, 465

UNITED EMPLOYEES LAW GROUP, P.C.
Walter L. Haines, Esq.  SBN 71075
Gregory A. Douglas, Esq. SBN 147166

Angie Phung, Esq. SBN 238949
65 Pine Ave., #312
Long Beach, CA 90802
Tel: (562) 256-1047
Fax: (562) 256-1006

Attorneys for Plaintiff
CHRISTOPHER CLARK

FILED
CIVIL BUSINESS OFFICE 9
CENTRAL DIVISION

2007 DEC 14 P 3:11

CLERK
SAN

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| CHRISTOPHER CLARK, an individual<br><br>      Plaintiff,<br><br>vs.<br><br>CHASE HOME FINANCE, LLC; JAMES<br>BOUDREAU, an individual;<br>and DOES 1-25,<br><br>      Defendant(s). | Case Nª  37-2007-00083776-CU-OE-CTL<br><br>**COMPLAINT FOR DAMAGES, RESTITUTION,<br>AND STATUTORY PENALTIES**<br><br>1.  **Failure to Pay Overtime [Lab.C. §§ 510, 1194,<br>     1198]**<br>2.  **Waiting Time Penalties [Lab.C. §§ 203, 558]**<br>3.  **Failure to Provide Accurate Itemized<br>     Statements [Lab. Code §226]**<br>4.  **Failure to Provide Rest Periods<br>     [Lab.C. §§ 226.7 and IWC Wage Orders]**<br>5.  **Unfair Competition [B&PC § 17200-et seq.]**<br>6.  **Constructive Trust** |

**COMES NOW** Plaintiff CHRISTOPHER CLARK (hereinafter referred to as "CLARK" or

"Plaintiff"), an individual, and complains and alleges against Defendants CHASE HOME FINANCE, LLC,

JAMES BOUDREAU, and DOES 1-25, and each of them, for causes of action as follows:

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

    1.  Plaintiff brings this action against Defendants CHASE HOME FINANCE, LLC, JAMES

BOUDREAU, and DOES 1 through 25, inclusive, for statutory damages, injunctive relief, prejudgment

1

1   interest, costs, attorney's fees, restitution, Labor Code penalties, and other appropriate relief for Defendants'

2   violations of various sections of the California Labor Code, Industrial Welfare Commission Wage Orders,

3   and Business & Professions Code §§ 17200-*et seq.*  Jurisdiction is proper in this Court because alleged

4   damages exceed $25,000.00 and Plaintiff seeks a permanent injunction according to Code of Civil Procedure

5   § 580(b)(2).

6       2.  At all times mentioned herein, Plaintiff CLARK was a resident of SAN DIEGO County, State

7   of California.  CLARK is a former employee of Defendants, and each of them.

8       3.  Plaintiff is informed and believes, and on that basis allege, that at all times mentioned herein,

9   Defendant CHASE HOME FINANCE, LLC (hereinafter referred to as "CHASE" individually, or

10  collectively as "Defendants") was and is a Delaware corporation doing business in California with its

11  principal place of business located at 10790 RANCHO BERNARDO ROAD, SAND DIEGO, CA 92127,

12  in the County of SAN DIEGO, State of California.

13      4.  Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein,

14  Defendant JAMES BOUDREAU (hereinafter referred to as "BOUDREAU" individually, or collectively

15  with other Defendants as "Defendants") was a resident of SAN DIEGO County.  Plaintiff is informed and

16  believes, and thereon alleges, that Defendant BOUDREAU is one of the managers of the entity Defendant,

17  and was one of Plaintiff's employers for purposes of the Labor Code violations alleged here, in that said

18  Defendant exercised direct control over wages, hours, and working conditions of Plaintiff; he/she failed and

19  refused to pay, among other things, overtime compensation; he/she paid Plaintiff without accurate itemized

20  wage statements; and BOUDREAU failed to authorize and/or permit rest periods pursuant to Labor Code

21  § 226.7 and all IWC Wage Orders applicable to Plaintiff's industry and occupation.

22      5.  Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, directly

23  employed or exercised control over Plaintiff's wages, hours, and/or working conditions.

24      6.  Plaintiff is informed and believes and thereon alleges, that at all times relevant herein, each and

25  every Defendant named herein, whether in their individual capacity or as a "Doe" Defendant, was at all times

26  relevant to Plaintiff's claims herein the agent, employee, servant, master, and/or employer of each and every

27  other Defendant, however named, and in doing the things herein alleged, were acting within the course and

28  scope of such agency or employment, and with the approval and ratification of each of the other Defendants.

2

---

COMPLAINT FOR DAMAGES, RESTITUTION, AND STATUTORY PENALTIES

7. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 25, inclusive, and therefore sues said Defendants by such fictitious names and capacities.   Plaintiff will amend this complaint to show said Defendants' true names and capacities when they have been ascertained. Plaintiff is informed and believes and thereon allege that at all times relevant, Defendant BOULREAU and each of said fictitiously named DOE defendants, was a business entity or individual person who owned, controlled, or managed the business for which Plaintiff worked, and/or who directly or indirectly exercised operational control over Plaintiff's wages, hours, and working conditions. Plaintiff further alleges that said each and every one of said Defendants held ownership, officer, director and/or executive positions with the remaining Defendants, and acted on behalf of the remaining Defendants, which included decision-making responsibility for, and establishment of, illegal payroll practices and policies for Defendants which have damaged Plaintiff in individual and separate amounts. Thus, all Defendants herein, whether named in this Complaint or named as DOES 1 through 25, were and are "employers" as a matter of law, and each is individually liable on all causes of action alleged herein.

8. Plaintiff is informed and believes, and thereon alleges, that each and every Defendant herein is, and at all times relevant hereto was, a person, corporation or other business entity existing and operating within the confines of the State of California, and thus subject to the jurisdiction of the California courts by reason of "minimum contacts" in California, and/or by purposeful availment of the California market for labor of the kind provided by Plaintiff, and did transact and conduct business in the State of California, and are thus subject to the jurisdiction of all laws, regulations and court decisions rendered by the State of California.  Specifically, Defendants, and each of them, maintain offices, operate businesses, employ persons, conduct business in, and pay employees by illegal payroll practices and policies in the County of SAN DIEGO.

9. Plaintiff is further informed and believes, and thereon alleges, that each and every Defendant herein aided and assisted the other Defendants in committing the wrongful acts alleged herein, and that Plaintiff's damages were proximately caused by each and every Defendant herein.

10. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each and every Defendant herein was in some fashion, by contract or otherwise, the successor, assign, joint venturer, co-venturer, indemnitor, guarantor, partner or third-party beneficiary of one or more of the

3

COMPLAINT FOR DAMAGES, RESTITUTION, AND STATUTORY PENALTIES

1 | remaining Defendants, and all times relevant to Plaintiff's claim alleged herein, was acting within that
2 | capacity. Plaintiff further alleges that each and every Defendant to some degree and extent wrongfully
3 | received and/or wrongfully benefitted from the flow of assets from the other Defendants, to the detriment
4 | of Plaintiff, and each of them, the rightful owners of the pay denied them, and that such equities exist to
5 | merit this Court imposing restrictive orders, including without limitation a constructive trust on such assets
6 | in the control of Defendants, or any of them, or their agents or anyone acting on their behalf, as Plaintiff may
7 | trace to the wrongful recipient(s) and/or beneficiary(ies) of said funds.

8 | 11. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, one
9 | or more of Defendants herein was the alter ego of one or more of the other Defendants, and as hereinafter
10 | alleged, was acting for their own benefit and/or the benefit of one or more of the remaining Defendants.

11 | 12. Plaintiff is informed and believes, and thereon alleges, that there exists a unity of ownership and
12 | interest, between Defendant CHASE and one or more of the other Defendants herein, including specifically
13 | BOUDREAU, such that any individuality and separateness between said other Defendants and Defendant
14 | CHASE has ceased, and the said other Defendants, and each of them, was at all times relevant to Plaintiff's
15 | claim, and remains, the alter ego of Defendant CHASE and all other Defendants.

16 | 13. Plaintiff is informed and believes and thereon alleges the Court's adherence to the fiction of the
17 | separate existence of any or all Defendants as entities distinct from the other Defendants would permit an
18 | abuse of the corporate privilege, would sanction fraud and/or promote injustice in that said Defendants, and
19 | each of them, have defaulted on their individual and collective obligations to Plaintiff under California law.

20 | 14. Plaintiff is informed and believes and thereon alleges that Defendant CHASE was an entity
21 | which is, and at all times herein mentioned was, controlled, dominated, and operated by one or more of the
22 | other Defendants, including specifically BOUDREAU, as BOUDREAU's individual business and alter ego,
23 | in that the activities and business of Defendant CHASE was carried on without the holding of director's or
24 | shareholders meetings, no records or minutes of any corporate proceedings were maintained.

25 | 15. Plaintiff is informed and believes and thereon alleges that Defendant CHASE, and all other
26 | business entity Defendants herein, is and at all times herein mentioned was, a mere shell and sham without
27 | the requisite capital and assets. Thus, said Defendant CHASE, and all other business entity Defendants
28 | herein, is and at all times herein mentioned was, so inadequately capitalized that, compared with the business

4

COMPLAINT FOR DAMAGES, RESTITUTION, AND STATUTORY PENALTIES

1   to be done by Defendant, said capitalization was in adequate to do business properly and legally under

2   California law.

3       16. As a direct and proximate result of the unlawful acts of Defendants, Plaintiff has suffered and

4   continues to suffer from loss of earnings in amounts as yet unascertained, but subject to proof at trial.

5       17. CLARK was employed as a Sr. Tech Analyst with Defendants, and each of them, continuously

6   from around 1997 until on or about JULY 15, 2005. CLARK's principal job duties consisted of building

7   and writing codes.

8       18. At all times relevant herein, Plaintiff was entitled to an hourly rate of pay of approximately

9   $21.35 - $36.39 per hour.

10      19. Under Wage Orders established by the Department of Labor Standards and Enforcement

11  ("D.L.S.E."), CLARK does not qualify as an "exempt employee", and therefore, CLARK's employment is

12  subject to all appropriate laws with respect to a non-exempt employee who is entitled to an hourly wage and

13  therefore, also entitled to overtime wages.

14      20. CLARK routinely worked in excess of eight (8) hours per day and forty (40) hours per week,

15  all without receiving proper wages, any overtime or double-time pay.

16      21. CLARK was consistently paid incorrectly by Defendants, because they failed to pay CLARK

17  proper wages, for all hours worked, and for all applicable overtime hours to which he/she was entitled.

18      22. At all times relevant herein, the Industrial Welfare Commission ("IWC") Wage Orders, as

19  amended (8 Cal.Code Regs.§ 11050), applied to wages, hours, and working conditions of all persons such

20  as Plaintiff, and all of Plaintiff's co-workers employed by Defendants, and each of them.

21      23. As a general rule, Defendants routinely denied Plaintiff herein a ten (10) minute rest break in

22  the morning, and a ten (10) minute rest break in the afternoon, and/or a rest or meal break for every four (4)

23  hours Plaintiff worked.

24      24. Throughout CLARK's employment, Defendants and each of them failed to provide Plaintiff with

25  accurate itemized wage statements showing the correct number of hours worked by CLARK at the effective

26  regular and overtime rates of pay applicable to those hours worked.

27      25. On OCTOBER 12, 2007, Plaintiff by certified mail served notice of the violations alleged in this

28  complaint, in the manner required by Labor Code § 2699.3, on the California Labor & Workforce

COMPLAINT FOR DAMAGES, RESTITUTION, AND STATUTORY PENALTIES

1  Development Agency, 801 K Street, Suite 2101, Sacramento, CA 95814 (hereinafter the "LABOR

2  BOARD." Said notice was also served by certified mail on Defendants, at Defendants' last known

3  address(es). Upon the expiration of thirty-three (33) days or more following the sending of the notice, and

4  neither of the Plaintiff herein, nor Plaintiff's counsel having received notice from the LABOR BOARD that

5  said agency was accepting Plaintiff's claim for prosecution, Plaintiff alleges the right to proceed with all

6  remedies provided by law, including in addition to any compensatory damages awarded on Plaintiff's

7  complaint herein, any and all statutory penalties which are collectible by Plaintiff under the provisions of

8  Labor Code §§ 2698-2699.5, commonly known as the Labor Code Private Attorney General Act of 2004.

9

10                              **CLAIMS FOR RELIEF**

11                            **FIRST CAUSE OF ACTION**

12                  **(Failure to Pay Overtime – Against All Defendants)**

13      26. Plaintiff realleges and incorporates by reference under this cause of action each and every

14  allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

15      27. Pursuant to Labor Code §§ 510, 558, 1194, 1198 and related statutes, and also pursuant to all

16  IWC Wage Orders applicable to Plaintiff's industry and occupation, Defendants were required to

17  compensate Plaintiff for all overtime actually worked, at the rate of one and one-half (1 ½) times the regular

18  rate of pay for hours worked in excess of forty (40) hours per week.

19      28. Pursuant to Labor Code §§ 510, 558, 1194, 1198 and related statutes, and also pursuant to all

20  IWC Wage Orders applicable to Plaintiff's industry and occupation, beginning on 1997, and continuing until

21  the date Plaintiff ceased to be employed by Defendants, or any of them, Defendants and each of them were

22  required to compensate Plaintiff for all overtime actually worked, which is calculated according to law for

23  all hours worked in excess of eight (8) hours per day, 40 hours per week or on specific days of the week, as

24  shall be shown at the time of trial.

25      29. Plaintiff was a nonexempt employee entitled to the protections of the California Labor Code,

26  and also of all IWC Wage Orders applicable to Plaintiff's industry and occupation. During the course of

27  CLARK's employment, Defendants, and each of them, failed to compensate Plaintiff CLARK for overtime

28  hours worked in excess of eight (8) hours per day and/or forty (40) hours per week and dou _ -time hours

                                            6

1  for hours worked in excess of twelve (12) hours per day, as required under the aforementioned labor

2  regulations.

3      30. Beginning on or about 1997, pursuant to Labor Code §§ 200, 510, 1194, and 1198, and all IWC

4  Wage Orders applicable to Plaintiff's industry and occupation, Defendants were required to compensate

5  Plaintiff with premium pay for all overtime work performed, for hours worked in excess of eight (8) per day

6  and/or forty (40) hours per week and for the first eight (8) hours on the seventh (7th) consecutive day of any

7  work week, and double time after twelve (12) hours in any single workday and/or after eight (8) hours on

8  the seventh (7th) consecutive day of any work week.

9      31. At all times relevant herein, Labor Code § 1194(a) provided that an employee, in the position

10  of CLARK, who had not been paid overtime compensation could recover the unpaid balance of the full

11  amount of overtime wages due, including interest thereon, together with reasonable attorney's fees and costs

12  of suit.

13      32. Within the last four (4) years preceding the filing of this complaint, Defendants have employed

14  Plaintiff CLARK as a Sr. Tech Analyst.

15      33. Throughout Plaintiff's respective employment, Defendants have failed and refused to pay and

16  properly calculate overtime compensation to Plaintiff as required by law.

17      34. As a direct and proximate result of Defendants' willful, knowing, and intentional failure to pay

18  overtime wages, CLARK has suffered and continues to suffer wage losses in a sum according to proof.

19      35. Plaintiff has incurred and continue(s) to incur legal expenses and attorney's fees. Plaintiff is

20  entitled to legal expenses and attorney's fees pursuant to California Labor Code §1194(a), in sums according

21  to proof.

22

23              **SECOND CAUSE OF ACTION**

24  **(Waiting Time Penalties - Cal. Lab. Code §§ 203, 558 et seq. – Against All Defendants)**

25      36. Plaintiff realleges and incorporates by reference under this cause of action each and every

26  allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

27      37. Plaintiff CLARK ceased being employed by Defendants, on or about JULY 15, 2005, whereby

28  all monies owed must be paid, pursuant to statute (Labor Code §§201(a) and 227.3), to CLARK within the

7

COMPLAINT FOR DAMAGES, RESTITUTION, AND STATUTORY PENALTIES

1   time prescribed by law.

2       38.  To date, Plaintiff CLARK has still not been paid in full for, but not limited to: wages owed,

3   overtime or double-time owed.

4       39.  Defendants have willfully failed to pay Plaintiff all monies owed to Plaintiff.

5       40.  As a result of these failures to pay, Plaintiff is individually entitled to waiting time penalties

6   pursuant to Labor Code § 203, for a period of thirty (30) days.

7       41.  Plaintiff has incurred, and continues to incur, legal expenses and attorney's fees.  Plaintiff is

8   entitled to legal expenses and attorney's fees, pursuant to Labor Code §218.5, in a sum according to proof.

9

10              **THIRD CAUSE OF ACTION**

11   **(For Violation of Labor Code § 226 – Failure to Provide Accurate Itemized Statements**

12                  **Against All Defendants)**

13       42.  Plaintiff realleges and incorporates by reference under this cause of action each and every

14   allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

15       43.  At all times relevant herein, Defendants violated Labor Code § 226, in that Defendants failed

16   to properly and accurately itemize the number of hours worked by Plaintiff at the effective regular rates

17   of pay and the effective overtime rates of pay.

18       44.  In a letter dated OCTOBER 24, 2007 to JAMES BOUDREAU, demand was made by

19   Plaintiff for his employment records.  Defendants having willfully failed to produce any of the requested

20   records, as a legal and proximate result, Plaintiff is entitled to penalties in sums to be calculated and

21   imposed by the Court at the time of trial in this matter.  Defendants and each of them are in violation of

22   Labor Code § 226, and are thus liable jointly and severally as set forth below.

23       45.  Defendants and each of them, knowingly and intentionally failed to comply with Labor Code

24   § 226, causing damages to Plaintiff. These damages, including but limited to costs expended calculating

25   the true hours worked and the amount of employment taxes which were not properly paid to state and

26   federal tax authorities, are difficult to estimate. Therefore, Plaintiff elects to recover liquidated damages

27   of $50.00 for the initial pay period in which the violation occurred, and $100.00 for each violation in

28   subsequent pay periods pursuant to the Labor Code § 226, in an amount according to proof at the time of

                                        8

1  trial (but in no event more than $4,000.00 for respective Plaintiff herein) plus reasonable attorney's fees

2  and costs, plus a penalty of $750.00 pursuant to Labor Code § 226(e)(f).

3

4

5

6  **FOURTH CAUSE OF ACTION**

7  **(Compensation For Required Rest Periods Not Provided – Cal. Lab. Code §§ 226.7 and**

8  **IWC Wage Orders – Against All Defendants)**

9      46.  Plaintiff realleges and incorporates by reference under this cause of action each and every

10  allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

11      47. Pursuant to Labor Code § 226.7, and all IWC Wage Orders applicable to Plaintiff's industry and

12  occupation, Defendants were required to authorize and permit employees, such as Plaintiff herein, to take

13  rest periods, based upon the total hours worked at a rate of ten (10) minutes net rest time per four (4) hours

14  or major fraction thereof, with no deduction from wages.

15      48.  Defendants failed and refused to authorize and permit Plaintiff to take ten (1   minute rest

16  periods for every four (4) hours worked, or major fraction thereof, in violation of Labor Code § 226.7 and

17  all IWC Wage Orders applicable to Plaintiff's industry and occupation.

18      49.  Defendants further violated Labor Code § 226.7, and all IWC Wage Orders applicable to

19  Plaintiff's industry and occupation, by failing to pay Plaintiff according to law, in amounts according to

20  proof at the time of trial, which amount remain owing and unpaid.

21

22  **FIFTH CAUSE OF ACTION**

23  **(For Unfair Competition In Violation of Unfair Business Practices - Business & Professions Code**

24  **§§ 17200-*et seq.* –  By Plaintiff Acting Each Individually, and also For the Interests of the General**

25  **Public – Against All Defendants)**

26      50.  Plaintiff realleges and incorporates by reference under this cause of action each and every

27  allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

28      51. California Business & Professions Code §§ 17200-*et seq.* prohibits acts of unfair competition,

9

COMPLAINT FOR DAMAGES, RESTITUTION, AND STATUTORY PENALTIES

1  which includes any "unlawful and unfair business practices."

2      52. Defendants' and each of their conduct, as alleged herein, has been and continues to be unfair,

3  unlawful, and deleterious to Plaintiff herein, and to the general public. Plaintiff hereby seeks to enforce

4  important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

5  Plaintiff is a "person" within the meaning of the Business & Professions Code § 17204, and thus possesses

6  standing to bring this suit for injunctive relief and restitution.

7      53. It is the policy of this State to enforce minimum labor standards, to ensure that employees are

8  not required or permitted to work under substandard and unlawful conditions, and to protect those employers

9  who comply with the law from losing competitive advantage to other employers who fail to comply with

10 labor standards and requirements.

11     54. Through the conduct alleged herein, Defendants acted contrary to these public policies and have

12 engaged in unlawful and/or unfair business practices in violation of Business & Professions Code §§ 17200

13 et. seq., depriving Plaintiff herein, and other employees similarly situated, of the rights, benefits, and

14 privileges guaranteed to employees under California law.

15     55. Defendants, and each of them, regularly and routinely violated the following statutes and

16 regulations with respect to Plaintiff herein, and other employees similarly situated: Labor Code §§ 510 and

17 1194, and all IWC Wage Orders applicable to Plaintiff's industry and occupation (failure to pay overtime

18 pay); Labor Code § 226 (failing to provide accurate wage statements to employees at the time of

19 payment);and/or Labor Code § 226.7 and all IWC Wage Orders applicable to Plaintiff's industry and

20 occupation (failure to provide rest and meal periods).

21     56. By engaging in theses business practices, which are unfair business practices with n the meaning

22 of Business & Professions Code §§ 17200-et. seq., Defendants harmed Plaintiff herein, and also similarly

23 situated employees, and thus by that design and plan gained an unfair competitive edge in the marketplace.

24     57. Under Business & Professions Code § 17203, Plaintiff is entitled to obtain restitution of these

25 funds, on Plaintiff's own behalf, and also for other employees similarly affected by Defendants' unfair

26 business practices as enumerated herein.

27     58. Pursuant to Business & Professions Code § 17203, injunctive relief is necessary to prevent

28 Defendants from continuing to engage in the unfair business practices as alleged herein. Plaintiff is

10

COMPLAINT FOR DAMAGES, RESTITUTION, AND STATUTORY PENALTIES

1 | informed and believes that Defendants, and persons acting in concert with them, have committed and will

2 | continue to commit the above unlawful acts unless restrained or enjoined by this Court. Unless the relief

3 | prayed for below is granted, a multiplicity of actions will result. Plaintiff and other interested persons have

4 | no plain, speedy, or adequate remedy at law, in that pecuniary compensation would not afford adequate and

5 | complete relief. The above-described acts will cause great and irreparable damage to Plaintiff and other

6 | interested persons, unless Defendants are restrained from committing further illegal acts.

7 |      59. Plaintiff's success in this action will result in the enforcement of important rights affecting the

8 | public and will confer a significant benefit upon the general public. Private enforcement of the rights

9 | enumerated in this complaint is necessary, as public agencies have only sought limited enforcement of those

10 | rights, if any. Plaintiff, individually and by and through counsel, has incurred and continues to incur a

11 | financial burden in pursuing this action on behalf of the general public. Plaintiff further seeks to enjoin the

12 | above-referenced unlawful actions under the Labor Code. Therefore, Plaintiff seeks an award of attorney's

13 | fees and costs of suit on this cause of action pursuant to Code of Civil Procedure § 1021.5 and other

14 | applicable Labor Code sections.

15 |

16 | **SIXTH CAUSE OF ACTION**

17 | **(Constructive Trust - Against All Defendants)**

18 |      60. Plaintiff realleges and incorporates by reference under this cause of action each and every

19 | allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

20 |      61. During the course of the events detailed in this complaint, and arising out of the relationship

21 | between employer and employee, as existed between Plaintiff and Defendants, and each of them, a special

22 | relationship of trust arose between Plaintiff and Defendants, and each of Defendants.

23 |      62. Contrary to and in direct violation of that special relationship, and contrary to the duties of trust

24 | and fidelity imposed on employers by California law, Defendants, and each of them, violated said trust by

25 | retaining monies due to Plaintiff, at the occasion of each and every regular payday when Plaintiff, relying

26 | on Defendants' and each of their loyalty, good faith, honesty and integrity, accepted pay from Defendants,

27 | and each of them, which was less than the sums actually due Plaintiff for the time worked during that pay

28 | period.

11

1      63. Thus, Defendants, and each of them, on the occasion of each and every payday when pay was

2   rendered to Plaintiff, did retain, convert and embezzle the monies rightfully due Plaintiff – specifically, the

3   sums due for overtime worked, but not paid for.

4      64. The true amount(s) of said monies due is/are amenable to proof at the time of trial. Plaintiff has

5   no adequate remedy at law to prevent Defendants, and each of them, from looting said funds from the

6   accounts of the other Defendants, and each of them, and thus prays this Court impose the equitable remedy

7   of constructive trust, in the sum of all monies due under this complaint, including overtime pay for

8   uncompensated time worked, interest, costs and attorneys' fees, on any and all funds, assets, accounts, or

9   other appropriate monies and things, with the beneficiary of said trust being Plaintiff.

10     65. The equities balance in favor of the imposition of such a constructive trust, since Defendants,

11  and each of them, with their superior bargaining power, economic resources and the mechanisms of banking

12  and finance, stand in a much more powerful position than Plaintiff, who has no practical way to constrain

13  or prevent Defendants from wasting, converting or further secreting said assets, monies and things, than by

14  this Court's imposition of said constructive trust.

15     **WHEREFORE,** Plaintiff CLARK respectfully prays this Court enter judgment in favor of Plaintiff

16  CLARK, and against Defendants CHASE, BOUDREAU, and such Defendants as may be added as "Doe"

17  Defendants herein, and each of them, jointly and severally, individually and collectively, as follows:

18         1. For back pay, front pay, and other Special Damages according to proof;

19         2. For general Damages as shall be shown at the time of trial;

20         3. For all statutory damages;

21         4. For restitution of all monies due to CLARK, and disgorgement of profits from the unlawful

22  business practices of Defendants;

23         5. For punitive damages in the sound discretion of the Court;

24         6. For pre-judgment and post-judgment interest on all damages awarded;

25         7. For all penalties imposed as stipulated by the California Labor Code; including waiting time

26  penalties, pursuant to Labor Codes §§ 203 and 558;

27         8. For reasonable attorneys' fees, pursuant to Labor Code §§ 218.5, 2699. Code of Civil Procedure

28  §1021.5, Business & Professions Code § 17200-*et seq.*, and according to any other attorney-fee statutes

COMPLAINT FOR DAMAGES, RESTITUTION, AND STATUTORY PENALTIES

1 | found by the Court to apply to the facts presented at trial;

2 |     9.  For costs of suit incurred;

3 |     10.  For compensation of one hour at the regular rate of pay for each rest period denied in violation

4 | of Labor Code § 226.7 and all IWC Wage Orders applicable to Plaintiff's industry and occupation, according

5 | to proof;

6 |     11.  For a preliminary and permanent injunction ordering each and every Defendant to cease such

7 | unlawful and unfair practices as alleged herein above and proved to the Court at the time of tr ', requiring

8 | the establishment of appropriate and effective means to prevent future violations;

9 |     12.  For the imposition of a constructive trust against Defendants, and each of them, and such

10 | appropriate preliminary injunction as the Court may order during the period before a final judgment is

11 | entered in this matter, on such assets, monies and things, as Plaintiff shall show the Court at trial, or in the

12 | case of any application for preliminary injunction, such assets, monies and things as Plaintiff shall show the

13 | Court to exist at the time such *pendente lite* relief may be sought; AND

14 |     13. For such other and further relief as the Court deems just.

15 |

16 | DATED:Decmenber 6, 2007  **UNITED EMPLOYEES LAW GROUP, PC**

17 |

18 |

19 | GREGORY A. DOUGLAS
Attorney for Plaintiff,

20 | CHRISTOPHER CLARK

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

13

COMPLAINT FOR DAMAGES, RESTITUTION, AND STATUTORY PENALTIES

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Angie Phung, Esq. SBN 238949<br>Walter L. Haines   SBN 71075<br>United Employees Law Group, P.C.<br>65 Pine Ave., #. 312<br>Long Beach, CA  90802<br>  TELEPHONE NO.: 562-256-1047    FAX NO. *(Optional):*  562.256-1006<br>E-MAIL ADDRESS *(Optional):*<br>  ATTORNEY FOR *(Name):*  Plaintiff | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Diego

  STREET ADDRESS: 220 W. Broadway

  MAILING ADDRESS:

  CITY AND ZIP CODE: San Diego, CA 92101-3409

  BRANCH NAME: Central Division

PLAINTIFF/PETITIONER: Christopher Clark,

DEFENDANT/RESPONDENT: Chase Home Finance, LLC.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>37200700083776CUOECTL |
|---|---|

TO *(insert name of party being served):* Andrew Livingston, Esq.

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: JANUARY 15, 2008

Christine Agosto
_____
(TYPE OR PRINT NAME)                         ▶    (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*

1. [ x ]  A copy of the summons and of the complaint.
2. [   ]  Other: *(specify):*

*(To be completed by recipient):*

Date this form is signed:

_____                         ▶    _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Legal<br>Solutions<br>Plus | Code of Civil Procedure,<br>§§ 415.30, 417.10 |
|---|---|---|---|

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Gregory A. Douglas, Esq. SBN <br> Walter L. Haines   SBN 71075 <br> United Employees Law Group, P.C. <br> 65 Pine Ave., Ste. 312 <br> Long Beach, CA  90802 <br> TELEPHONE NO.: 562-256-1047    FAX NO. *(Optional)*  562.256-1006 <br> E-MAIL ADDRESS *(Optional)*: <br> ATTORNEY FOR *(Name)*:  Plaintiff | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego |
|---|
| STREET ADDRESS: 220 W. Broadway <br> MAILING ADDRESS: <br> CITY AND ZIP CODE: San Diego, CA 92101-3409 <br> BRANCH NAME: Central Division |

| PLAINTIFF/PETITIONER: Christopher Clark |
|---|
| DEFENDANT/RESPONDENT: Chase Home Finance, LLC |

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: <br> 37-2007-00083776 |
|---|---|

TO *(insert name of party being served):* Chase Home Finance, LLC

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: February 21, 2008

Christine Agosto                               ▶

(TYPE OR PRINT NAME)                                     (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☐ A copy of the summons and of the complaint.
2. ☒ Other: *(specify):* Conformed First Amended Complaint For Damages, Restitution and Statutory Penalties

*(To be completed by recipient):*
Date this form is signed:

_____          ▶

(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, <br> ON WHOSE BEHALF THIS FORM IS SIGNED)          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF <br> ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Page 1 of 1 <br> Legal Solutions Plus | Code of Civil Procedure, <br> §§ 415.30, 417.10 |
|---|---|---|---|

UNITED EMPLOYEES LAW GROUP, P.C.
Walter L. Haines, Esq.  SBN 71075
Gregory A. Douglas, Esq. SBN 147166
Angie Phung, Esq. SBN 238949
65 Pine Ave., #312
Long Beach, CA 90802
Tel: (562) 256-1047
Fax: (562) 256-1006

F I L E D
Clerk of the Superior Court

FEB 1 4 2008

By: M. SCOTT, Deputy

Attorneys for Plaintiffs
CHRISTOPHER CLARK and JAMES RENICK

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| CHRISTOPHER CLARK and JAMES RENICK, individuals<br><br>                    Plaintiffs,<br><br>vs.<br><br>CHASE HOME FINANCE, LLC, a Delaware LLC doing business in California; CHASE MANHATTAN MORTGAGE CORPORATION, a New Jersey corporation doing business in California; JAMES BOUDREAU, an individual; and DOES 1-25,<br><br>                    Defendant(s). | Case Nº  37-2007-00083776-CU-OE-CTL<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES, RESTITUTION AND STATUTORY PENALTIES**<br><br>1.  **Failure to Pay Overtime [Lab.C. §§ 510, 1194, 1198]**<br>2.  **Waiting Time Penalties [Lab.C. §§ 203, 558]**<br>3.  **Failure to Provide Accurate Itemized Statements [Lab. Code §226]**<br>4.  **Failure to Provide Rest Periods [Lab.C. §§ 226.7 and IWC Wage Orders]**<br>5.  **Unfair Competition [B&PC § 17200-*et seq.*]**<br>6.  **Failure to Pay Overtime and Provide Itemized Wage Statements [Labor Code §2699]** |

    **COME NOW** Plaintiffs CHRISTOPHER CLARK and JAMES RENICK (hereinafter referred to individually as "CLARK" and "RENICK" respectively, or collectively as "Plaintiffs"), both individuals, and complain and allege against Defendants CHASE HOME FINANCE, LLC; CHASE MANHATTAN MORTGAGE CORPORATION; JAMES BOUDREAU; and DOES 1-25, and each of them, for causes of action as follows:

1

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1. Plaintiffs, for themselves each individually, bring this action against Defendants CHASE HOME FINANCE, LLC, CHASE MANHATTAN MORTGAGE CORPORATION, JAMES BOUDREAU, and DOES 1 through 25, inclusive, for statutory damages, injunctive relief, prejudgment interest, costs, attorney's fees, restitution, Labor Code penalties, and other appropriate relief for Defendants' violations of various sections of the California Labor Code, Industrial Welfare Commission Wage Orders, and Business & Professions Code §§ 17200-*et seq.* Jurisdiction is proper in this Court because alleged damages exceed $25,000.00 and Plaintiffs seek a permanent injunction according to Code of Civil Procedure § 580 (b)(2).

2. At all times mentioned herein, Plaintiff CLARK was a resident of SAN DIEGO County, State of California. CLARK is a former employee of Defendants, and each of them.

3. At all times mentioned herein, Plaintiff RENICK was a resident of RIVERSIDE County, State of California. RENICK is a former employee of Defendants, and each of them.

4. Plaintiffs are informed and believe, and on that basis allege, that at all times mentioned herein, Defendant CHASE HOME FINANCE, LLC (hereinafter referred to as "CHASE HOME FINANCE" individually, or collectively as "Defendants") was and is a Delaware LLC doing business in California with its principal place of business located at 10790 RANCHO BERNARDO ROAD, SAN DIEGO, CA 92127, in the County of SAN DIEGO, State of California.

5. Plaintiffs are informed and believe, and on that basis allege, that at all times mentioned herein, Defendant CHASE MANHATTAN MORTGAGE CORPORATION (hereinafter referred to as "CHASE MANHATTAN MORTGAGE" individually, or collectively as "Defendants") was and is a New Jersey corporation doing business in California.

6. Plaintiffs are informed and believe, and on that basis allege, that at all times mentioned herein, Defendant JAMES BOUDREAU (hereinafter referred to as "BOUDREAU" individually, or collectively with other Defendants as "Defendants") was a resident of SAN DIEGO County. Plaintiffs are informed and believe, and on that basis allege, that Defendant BOUDREAU is one of the managers of the entity Defendant, and was one of each of Plaintiff's employers for purposes of the Labor Code violations alleged herein, in that he exercised direct control over wages, hours, and working conditions of each Plaintiff; he

2

1  failed and refused to pay, among other things, overtime compensation; he paid each Plaintiff without

2  accurate itemized wage statements; and he failed to authorize and/or permit rest periods pursuant to Labor

3  Code § 226.7 and all IWC Wage Orders applicable to Plaintiff's industry and occupation.

4        7. Plaintiffs are informed and believe, and thereon allege, that Defendants, and each of them,

5  directly employed or exercised control over each respective Plaintiff's wages, hours, and/or working

6  conditions, and were thus "employers" within the meaning of all applicable statutes.  As such each

7  Defendant,  pursuant to section 558, subdivision (a), is a  person who is an employer or who is acting on

8  behalf of an employer who violates, or causes to be violated, a statute or wage order relating to working

9  hours and is therefore subject to a civil penalty, payable to the affected employee, equal to the amount of

10  any underpaid wages.

11        8. Plaintiffs are informed and believe and thereon allege, that at all times relevant herein, each and

12  every Defendant named herein, whether in their individual capacity or as a "Doe" Defendant, was at all

13  times relevant to each Plaintiff's claims herein the agent, employee, servant, master, and/or employer of

14  each and every other Defendant, however named, and in doing the things herein alleged, were acting within

15  the course and scope of such agency or employment, and with the approval and ratification of each of the

16  other Defendants.

17        9. Plaintiffs CLARK and RENICK are ignorant of the true names and capacities of defendants sued

18  herein as DOES 1 through 25, inclusive, and therefore sue said Defendants by such fictitious names and

19  capacities.  Plaintiffs will amend this complaint to show said Defendants' true names and capacities when

20  they have been ascertained.  Plaintiffs are informed and believe and thereon allege that at all times relevant,

21  Defendant BOUDREAU and each of said fictitiously named DOE defendants, was a business entity or

22  individual person who owned, controlled, or managed the business for which each Plaintiff worked, and/or

23  who directly or indirectly exercised operational control over each Plaintiff's wages, hours, and working

24  conditions. Plaintiffs further allege that said each and every one of said Defendants held ownership, officer,

25  director and/or executive positions with the remaining Defendants, and acted on behalf of the remaining

26  Defendants, which included decision-making responsibility for, and establishment of, illegal payroll

27  practices and policies for Defendants which have damaged each Plaintiff in individual and separate

28  amounts. Thus, all Defendants herein, whether named in this Complaint or named as DOES 1 through 25,

3

1    were and are "employers" as a matter of law, and each is individually liable on all causes of action alleged

2    herein.

3        10.  Plaintiffs are informed and believe, and thereon allege, that each and every Defendant herein

4    is, and at all times relevant hereto was, a person, corporation or other business entity existing and operating

5    within the confines of the State of California, and thus subject to the jurisdiction of the California courts

6    by reason of "minimum contacts" in California, and/or by purposeful availment of the California market

7    for labor of the kind provided by each Plaintiff, and did transact and conduct business in the State of

8    California, and are thus subject to the jurisdiction of all laws, regulations and court decisions rendered by

9    the State of California.  Specifically, Defendants, and each of them, maintain offices, operate businesses,

10    employ persons, conduct business in, and pay employees by illegal payroll practices and policies in the

11    County of SAN DIEGO.

12        11.  Plaintiffs are further informed and believe, and thereon allege, that each and every Defendant

13    herein aided and assisted the other Defendants in committing the wrongful acts alleged herein, and that each

14    Plaintiff's damages were proximately caused by each and every Defendant herein.

15        12.  Plaintiffs are informed and believe, and on that basis allege, that at all times herein mentioned,

16    each and every Defendant herein was in some fashion, by contract or otherwise, the successor, assign, joint

17    venturer, co-venturer, indemnitor, guarantor or partner of one or more of the remaining Defendants, and

18    all times relevant to each Plaintiff's claim alleged herein, was acting within that capacity.  Plaintiffs further

19    allege that each and every Defendant to some degree and extent wrongfully received and/or wrongfully

20    benefitted from the flow of assets from the other Defendants, to the detriment of Plaintiffs, and each of

21    them, the rightful owners of the pay denied them, and that such equities exist to merit this Court imposing

22    restrictive orders, including without limitation a constructive trust on such assets in the control of

23    Defendants, or any of them, or their agents or anyone acting on their behalf, as Plaintiffs may trace to the

24    wrongful recipient(s) and/or beneficiary(ies) of said funds.

25        13.  Plaintiffs are informed and believe, and on that basis allege, that at all times herein mentioned,

26    one or more of Defendants herein was the alter ego of one or more of the other Defendants, and as

27    hereinafter alleged, was acting for their own benefit and/or the benefit of one or more of the remaining

28    Defendants.

4

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES, RESTITUTION AND STATUTORY PENALTIES

14. Plaintiffs are informed and believe, and thereon allege, that there exists a unity of ownership and interest, between Defendant CHASE HOME FINANCE and one or more of the other Defendants herein, including specifically BOUDREAU, such that any individuality and separateness between said other Defendants and Defendant CHASE HOME FINANCE has ceased, and the said other Defendants, and each of them, was at all times relevant to each respective Plaintiff's claim, and remains, the alter ego of Defendant CHASE HOME FINANCE and all other Defendants.

15. Plaintiffs are informed and believe, and thereon allege, that there exists a unity of ownership and interest, between Defendant CHASE MANHATTAN MORTGAGE and one or more of the other Defendants herein, including specifically BOUDREAU, such that any individuality and separateness between said other Defendants and Defendant CHASE MANHATTAN MORTGAGE has ceased, and the said other Defendants, and each of them, was at all times relevant to each respective Plaintiff's claim, and remains, the alter ego of Defendant CHASE MANHATTAN MORTGAGE and all other Defendants.

16. Plaintiffs are informed and believe and thereon allege the Court's adherence to the fiction of the separate existence of any or all Defendants as entities distinct from the other Defendants would permit an abuse of the corporate privilege, would sanction fraud and/or promote injustice in that said Defendants, and each of them, have defaulted on their individual and collective obligations to each Plaintiffs under California law.

17. Plaintiffs are informed and believe and thereon allege that Defendant CHASE HOME FINANCE was an entity which is, and at all times herein mentioned was, controlled, dominated, and operated by one or more of the other Defendants, including specifically BOUDREAU, as BOUDREAU's individual business and alter ego, in that the activities and business of Defendant CHASE HOME FINANCE was carried on without the holding of director's or shareholders meetings, no records or minutes of any corporate proceedings were maintained.

18. Plaintiffs are informed and believe and thereon allege that Defendant CHASE HOME FINANCE, and all other business entity Defendants herein, is and at all times herein mentioned was, a mere shell and sham without the requisite capital and assets. Thus, said Defendant CHASE HOME FINANCE, and all other business entity Defendants herein, is and at all times herein mentioned was, so inadequately capitalized that, compared with the business to be done by Defendant, said capitalization was in adequate

5

1   to do business properly and legally under California law.

2       19. Plaintiffs are informed and believe and thereon allege that Defendant CHASE MANHATTAN

3   MORTGAGE was an entity which is, and at all times herein mentioned was, controlled, dominated, and

4   operated by one or more of the other Defendants, including specifically BOUDREAU, as BOUDREAU's

5   individual business and alter ego, in that the activities and business of Defendant CHASE MANHATTAN

6   MORTGAGE was carried on without the holding of director's or shareholders meetings, no records or

7   minutes of any corporate proceedings were maintained.

8       20. Plaintiffs are informed and believe and thereon allege that Defendant CHASE MANHATTAN

9   MORTGAGE, and all other business entity Defendants herein, is and at all times herein mentioned was,

10  a mere shell and sham without the requisite capital and assets. Thus, said Defendant CHASE

11  MANHATTAN MORTGAGE, and all other business entity Defendants herein, is and at all times herein

12  mentioned was, so inadequately capitalized that, compared with the business to be done by Defendant, said

13  capitalization was in adequate to do business properly and legally under California law.

14      21. As a direct and proximate result of the unlawful acts of Defendants, Plaintiffs each individually

15  has/have suffered and continue(s) to suffer from loss of earnings in amounts as yet unascertained, but

16  subject to proof at trial.

17      22. CLARK was employed as a Sr. Tech Analyst with Defendants, and each of them, continuously

18  from around 1997 until on or about JULY 15, 2005. CLARK'S job title did not necessarily accurately

19  describe the work performed. Plaintiff was not primarily engaged (more than 50 percent of the time) in

20  duties that meet the test of the exemption.

21      23.  At all times relevant herein, Plaintiff CLARK was entitled to an hourly rate of pay of

22  approximately $21.35 - $36.39 per hour.

23      24.  Under Wage Orders established by the Department of Labor Standards and Enforcement

24  ("D.L.S.E."), CLARK does not qualify as an "exempt employee", and therefore, CLARK's employment

25  is subject to all appropriate laws with respect to a non-exempt employee who is entitled to an hourly wage

26  and therefore, also entitled to overtime wages.

27      25. CLARK routinely worked in excess of eight (8) hours per day and forty (40) hours per week,

28  all without receiving proper wages, including without limitation overtime and/or double-time pay.

6

26. CLARK was consistently paid incorrectly by Defendants, because they failed to pay CLARK the proper wages, for all hours worked, and for all applicable overtime hours to which CLARK was entitled.

27. RENICK was employed as a Sr. Tech Analyst with Defendants, and each of them, continuously from on or about FEBRUARY 2000 until on or about APRIL 6, 2005. RENICK'S job title did not necessarily accurately describe the work performed. Plaintiff was not primarily engaged (more than 50 percent of the time) in duties that meet the test of the exemption.

28. At all times relevant herein, Plaintiff RENICK was entitled to an hourly rate of pay of approximately $30.05 - $32.50 per hour.

29. Under Wage Orders established by the Department of Labor Standards and Enforcement ("D.L.S.E."), RENICK does not qualify as an "exempt employee", and therefore, RENICK's employment is subject to all appropriate laws with respect to a non-exempt employee who is entitled to an hourly wage and therefore, also entitled to overtime wages.

30. RENICK routinely worked in excess of eight (8) hours per day and forty (40) hours per week, all without receiving proper wages, any overtime or double-time pay.

31. RENICK was consistently paid incorrectly by Defendants, because they failed to pay RENICK the proper wages for all hours worked, and for all applicable overtime hours to which RENICK was entitled. RENICK complained to Defendants about this fact, to no avail.

32. At all times relevant herein, all applicable provisions of the Labor Code, and all Industrial Welfare Commission ("IWC") Wage Orders applicable to Plaintiff's industry and occupation, applied to wages, hours, and working conditions of all persons such as Plaintiffs CLARK and RENICK, and their co-workers employed by Defendants, and each of them.

33. As a general rule, Defendants routinely denied both Plaintiffs herein, each individually, a ten (10) minute rest break in the morning, and a ten (10) minute rest break in the afternoon, and/or a rest or meal break for every four (4) hours each Plaintiff worked.

34. Throughout CLARK's employment, Defendants and each of them failed to provide Plaintiff CLARK with accurate itemized wage statements showing the correct number of hours worked by CLARK at the effective regular and overtime rates of pay applicable to those hours worked.

7

35. Throughout RENICK's employment, Defendants and each of them failed to provide Plaintiff RENICK with accurate itemized wage statements showing the correct number of hours worked by RENICK at the effective regular and overtime rates of pay applicable to those hours worked.

36. Plaintiffs by certified mail served notice of the violations alleged in this complaint, in the manner required by Labor Code § 2699.3, on the California Labor & Workforce Development Agency, 801 K Street, Suite 2101, Sacramento, CA 95814 (hereinafter the "LABOR BOARD." Said notice was also served by certified mail on Defendants, at Defendants' last known address(es).  Upon the expiration of thirty-three (33) days or more following the sending of the notice, if neither of the Plaintiffs herein, nor Plaintiffs' counsel have received notice from the LABOR BOARD that said agency was accepting Plaintiffs' claim for prosecution, Plaintiffs allege the right to proceed with all remedies provided by law, including in addition to any compensatory damages awarded on Plaintiffs' complaint herein, any and all statutory penalties which are collectible by each Plaintiff under the provisions of Labor Code §§ 2698-2699.5, commonly known as the Labor Code Private Attorney General Act of 2004.

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

### (Failure to Pay Overtime – Against All Defendants)

37. Plaintiffs reallege and incorporate by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

38. Pursuant to Labor Code §§ 510, 558, 1194, 1198 and related statutes, and also pursuant to all IWC Wage Orders applicable to Plaintiffs' industry and occupation, Defendants were required to compensate each respective Plaintiff herein for all overtime actually worked, at the rate of one and one-half (1 ½) times the regular rate of pay for hours worked in excess of forty (40) hours per week.

39. Pursuant to Labor Code §§ 510, 558, 1194, 1198 and related statutes, and also pursuant to all IWC Wage Orders applicable to Plaintiffs' industry and occupation, beginning on or about both Plaintiffs' respective first dates of employment, and continuing until the date each respective Plaintiff ceased to be employed by Defendants, or any of them, Defendants and each of them were required to compensate each Plaintiff for all overtime actually worked, which is calculated according to law for all hours worked in

8

1 excess of eight (8) hours per day, 40 hours per week or on specific days of the week, as shall be shown at

2 the time of trial.

3     40. Plaintiff CLARK was a nonexempt employee entitled to the protections of the California Labor

4 Code, and also of all IWC Wage Orders applicable to Plaintiff's industry and occupation. During the

5 course of CLARK's employment, Defendants, and each of them, failed to compensate Plaintiff CLARK

6 for overtime hours worked in excess of eight (8) hours per day and/or forty (40) hours per week and

7 double-time hours for hours worked in excess of twelve (12) hours per day, as required under the

8 aforementioned labor regulations.

9     41. Plaintiff RENICK was a nonexempt employee entitled to the protections of the California Labor

10 Code, and also of all IWC Wage Orders applicable to Plaintiff's industry and occupation. During the

11 course of RENICK's employment, Defendants, and each of them, failed to compensate Plaintiff RENICK

12 for overtime hours worked in excess of eight (8) hours per day and/or forty (40) hours per week and

13 double-time hours for hours worked in excess of twelve (12) hours per day, as required under the

14 aforementioned labor regulations.

15     42. Beginning on or about 1997 for CLARK, and FEBRUARY 2000 for RENICK, pursuant to

16 Labor Code §§ 200, 510, 1194, and 1198, and all IWC Wage Orders applicable to Plaintiff's industry and

17 occupation, Defendants were required to compensate each Plaintiff with premium pay for all overtime work

18 performed, for hours worked in excess of eight (8) per day and/or forty (40) hours per week and for the first

19 eight (8) hours on the seventh (7th) consecutive day of any work week, and double time after twelve (12)

20 hours in any single workday and/or after eight (8) hours on the seventh (7th) consecutive day of any work

21 week.

22     43. At all times relevant herein, Labor Code § 1194(a) provided that an employee, in the position

23 of CLARK and RENICK, who had not been paid overtime compensation could recover the unpaid balance

24 of the full amount of overtime wages due, including interest thereon, together with reasonable attorney's

25 fees and costs of suit.

26     44. Within the last four (4) years preceding the filing of this complaint, Defendants have employed

27 Plaintiff CLARK as a Sr. Tech Analyst.

28     45. Within the last four (4) years preceding the filing of this complaint, Defendants have employed

9

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES, RESTITUTION AND STATUTORY PENALTIES

1 | Plaintiff RENICK as a Sr. Tech Analyst.

2 | 46. Throughout each Plaintiffs' respective employment, Defendants have failed and refused to pay

3 | and properly calculate overtime compensation to each Plaintiff as required by law.

4 | 47. As a direct and proximate result of Defendants' willful, knowing, and intentional failure to pay

5 | overtime wages, CLARK has suffered and continues to suffer wage losses in a sum according to proof.

6 | 48. As a direct and proximate result of Defendants' willful, knowing, and intentional failure to pay

7 | overtime wages, RENICK has suffered and continues to suffer wage losses in a sum according to proof.

8 | 49. Plaintiffs each individually, and collectively, has/have incurred and continue(s) to incur legal

9 | expenses and attorney's fees. Plaintiffs are entitled to legal expenses and attorney's fees pursuant to

10 | California Labor Code §1194(a), and related statutes, in sums according to proof.

11 |

12 | **SECOND CAUSE OF ACTION**

13 | **(Waiting Time Penalties - Cal. Lab. Code §§ 203, 558 et seq. – Against All Defendants)**

14 | 50. Plaintiffs reallege and incorporate by reference under this cause of action each and every

15 | allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

16 | 51. Plaintiff CLARK ceased being employed by Defendants, on or about JULY 15, 2005, whereby

17 | all monies owed must be paid, pursuant to statute (Labor Code §§201(a) and 227.3), to CLARK within the

18 | time prescribed by law.

19 | 52. To date, Plaintiff CLARK has still not been paid in full for, but not limited to: wages owed,

20 | overtime or double-time owed.

21 | 53. Plaintiff RENICK ceased being employed by Defendants, on or about APRIL 6, 2005, whereby

22 | all monies owed must be paid, pursuant to statute (Labor Code §§ 201(a) and 227.3), to RENICK within

23 | the time prescribed by law.

24 | 54. To date, Plaintiff RENICK has still not been paid in full for, but not limited to: wages owed,

25 | overtime or double-time owed.

26 | 55. Defendants have willfully failed to pay each Plaintiff all monies owed to each Plaintiff.

27 | 56. As a result of these failures to pay, each Plaintiff is individually entitled to waiting time

28 | penalties pursuant to Labor Code § 203, for a period of thirty (30) days.

1    57.  Plaintiffs have each incurred, and continue to incur, legal expenses and attorney's fees.

2  Plaintiffs are entitled to legal expenses and attorney's fees, pursuant to Labor Code §218.5, in a sum

3  according to proof.

4

5                              **THIRD CAUSE OF ACTION**

6    **(For Violation of Labor Code § 226 – Failure to Provide Accurate Itemized Statements**

7                                **Against All Defendants)**

8    58.  Plaintiffs reallege and incorporate by reference under this cause of action each and every

9  allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

10    59.  At all times relevant herein, Defendants violated Labor Code § 226, in that Defendants failed

11  to properly and accurately itemize the number of hours worked by each Plaintiff at the effective regular

12  rates of pay and the effective overtime rates of pay.

13    60.  In a letter dated OCTOBER 27, 2007 and JANUARY    , 2008 to JAMES BOUDREAU,

14  demand was made by Plaintiffs for their employment records.  Defendants having willfully failed to

15  produce any of the requested records, as a legal and proximate result, Defendants are liable for penalties

16  in sums to be calculated and imposed by the Court at the time of trial in this matter.  Defendants and each

17  of them are in violation of Labor Code § 226, and are thus liable jointly and severally as set forth below.

18    61.  Defendants and each of them, knowingly and intentionally failed to comply with Labor Code

19  § 226, causing damages to each individual Plaintiff. These damages, including but limited to costs

20  expended calculating the true hours worked and the amount of employment taxes which were not properly

21  paid to state and federal tax authorities, are difficult to estimate. Therefore, Plaintiffs CLARK and

22  RENICK, each individually, elect to recover liquidated damages of $50.00 for the initial pay period in

23  which the violation occurred, and $100.00 for each violation in subsequent pay periods pursuant to the

24  Labor Code § 226, in an amount according to proof at the time of trial (but in no event more than $4000

25  for each plaintiff) plus reasonable attorney's fees and costs, plus a penalty of $750.00 pursuant to Labor

26  Code § 226(e)(f).

27

28

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES, RESTITUTION AND  STATUTORY PENALTIES

**FOURTH CAUSE OF ACTION**

**(Compensation For Required Rest Periods Not Provided – Lab. Code §§ 226.7 and**

**IWC Wage Orders – Against All Defendants)**

62.  Plaintiffs reallege and incorporate by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

63. Pursuant to Labor Code § 226.7, and all IWC Wage Orders applicable to Plaintiff's industry and occupation, Defendants were required to authorize and permit employees, such as each Plaintiff herein, to take rest periods, based upon the total hours worked at a rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof, with no deduction from wages.

64.  Defendants failed and refused to authorize and permit each Plaintiff to take ten (10) minute rest periods for every four (4) hours worked, or major fraction thereof, in violation of Labor Code § 226.7, and all IWC Wage Orders applicable to Plaintiff's industry and occupation.

65.  Defendants further violated Labor Code § 226.7, and all IWC Wage Orders applicable to Plaintiff's industry and occupation, by failing to pay each Plaintiff according to law, in amounts according to proof at the time of trial, which amounts remain owing and unpaid.

**FIFTH CAUSE OF ACTION**

**(For Unfair Competition In Violation of Unfair Business Practices- Business & Professions Code**

**§§ 17200 et. seq. – By Plaintiffs Acting Each Individually, and also For the Interests of the**

**General Public – Against All Defendants)**

66.  Plaintiffs reallege and incorporate by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

67. Business & Professions Code §§ 17200-et seq. prohibits acts of unfair competition, which includes any "unlawful and unfair business practices."

68.  Defendants' and each of their conduct, as alleged herein, has been and continues to be unfair, unlawful, and deleterious to each Plaintiff herein, and to the general public.  Plaintiffs hereby seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5. Plaintiffs are each individually "persons" within the meaning of the Business & Professions Code

12

1  § 17204, and therefore each possesses standing to bring this suit for injunctive relief and restitution.

2    69. It is the policy of this State to enforce minimum labor standards, to ensure that employees are

3  not required or permitted to work under substandard and unlawful conditions, and to protect those

4  employers who comply with the law from losing competitive advantage to other employers who fail to

5  comply with labor standards and requirements.

6    70. Through the conduct alleged herein, Defendants acted contrary to these public policies and have

7  engaged in unlawful and/or unfair business practices in violation of Business & Professions Code

8  §§ 17200-*et. seq.*, depriving each Plaintiff herein, of the rights, benefits, and privileges guaranteed to

9  employees under California law.

10    71. Defendants, and each of them, regularly and routinely violated the following statutes and

11  regulations with respect to each Plaintiff herein,: all IWC Wage Orders applicable to Plaintiff's industry

12  and occupation, and Labor Code §§ 510 and 1194 (failure to pay overtime pay); Labor Code § 226 (failing

13  to provide accurate wage statements to employees at the time of payment); and/or Labor Code § 226.7 and

14  all IWC Wage Orders applicable to Plaintiff's industry and occupation (failure to provide rest and meal

15  periods).

16    72. By engaging in theses business practices, which are unfair business practices within the

17  meaning of Business & Professions Code §§ 17200-*et. seq.*, Defendants harmed each Plaintiff herein, and

18  thus by that design and plan gained an unfair competitive edge in the marketplace.

19    73. Under Business & Professions Code § 17203, Plaintiffs and each of them are entitled to obtain

20  restitution of these funds each on behalf of him/herself by Defendants' unfair business practices as

21  enumerated herein.

22    74. Pursuant to Business & Professions Code § 17203, injunctive relief is necessary to prevent

23  Defendants from continuing to engage in the unfair business practices as alleged herein. Plaintiffs are

24  informed and believe that Defendants, and persons acting in concert with them, have committed and will

25  continue to commit the above unlawful acts unless restrained or enjoined by this Court. Unless the relief

26  prayed for below is granted, a multiplicity of actions will result. Plaintiffs have no plain, speedy, or

27  adequate remedy at law, in that pecuniary compensation would not afford adequate and complete relief.

28  The above-described acts will cause great and irreparable damage to each Plaintiff herein, unless

13

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES, RESTITUTION AND STATUTORY PENALTIES

1    Defendants are restrained from committing further illegal acts.

2        75. Each Plaintiff's success in this action will result in the enforcement of important rights affecting

3    the public and will confer a significant benefit upon the general public. Private enforcement of the rights

4    enumerated in this complaint is necessary, as public agencies have only sought limited enforcement of those

5    rights, if any.  Plaintiffs, each individually and by and through counsel, have incurred and continue to incur

6    a financial burden in pursuing this action on behalf of the general public. Plaintiffs further seek to enjoin

7    the above-referenced unlawful actions under the Labor Code. Therefore, Plaintiffs seek an award of

8    attorney's fees and costs of suit on this cause of action pursuant to Code of Civil Procedure § 1021.5 and

9    other applicable Labor Code sections.

10

11

12

13                            **SIXTH CAUSE OF ACTION**

14            **(Failure to Pay Overtime and to Furnish Itemized Wage Statement**

15              **Labor Code, Section 2699 - Against All Defendants)**

16        76. Plaintiff realleges and incorporates by reference under this cause of action each and every

17    allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

18        77. By the conduct described above, Defendants, and each of them, have failed to pay Plaintiffs

19    overtime compensation as required by Section 510 of the California Labor Code and failed to furnish

20    Plaintiffs with an itemized wage statement as required by Labor Code, Section 226(a)(2) and (9).

21        78. By reason of the above, Plaintiffs are entitled to a payment of a penalty of $50 per pay period

22    for each employee for the initial violation and $100 per pay period for each employee for each subsequent

23    violation, for the failure to furnish an itemized wage statement, up to a maximum of $4,000 per employee,

24    and Plaintiffs are entitled to a payment of $50 per pay period for each employee for the initial violation and

25    $100 per pay period for each employee for each subsequent violation, for failure to pay overtime

26    compensation.

27        79. Plaintiff has complied with the Notice requirements of Labor Code, Section 2699.3(a)(1), as

28    set for in paragraph 36 regarding a violation of Sections 226, 510 and 558 of the Labor Code, prior to

                                          14

1  commencing this action.

2      80.  Plaintiffs therefore have a private right of action against all defendants, both business and

3  individual, pursuant to California Labor Code Section 558 (a).

4      **WHEREFORE,** Plaintiffs CLARK and RENICK, each individually, and collectively in this

5  complaint, respectfully pray this Court enter judgment in favor of each of Plaintiff CLARK and Plaintiff

6  RENICK, and against Defendants CHASE HOME FINANCE, CHASE MANHATTAN MORTGAGE,

7  BOUDREAU, and such Defendants as may be added as "Doe" Defendants herein, and each of them, jointly

8  and severally, individually and collectively, as follows:

9      1.  For back pay, front pay, and other Special Damages according to proof;

10     2.  For general Damages as shall be shown at the time of trial;

11     3.  For all statutory damages;

12     4.  For restitution of all monies due to each of CLARK and RENICK, and disgorgement of profits

13  from the unlawful business practices of Defendants, and each of them;

14     5.  For pre-judgment and post-judgment interest on all damages awarded;

15     6.  For all penalties imposed as stipulated by the California Labor Code; including waiting time

16  penalties, pursuant to Labor Codes §§ 203 and 558.

17     7.  For reasonable attorneys' fees, pursuant to Labor Code §§ 218.5, 2699. Code of Civil Procedure

18  §1021.5, Business & Professions Code § 17200-*et seq.*, and according to any other attorney-fee statutes

19  found by the Court to apply to the facts presented at trial;

20     8.  For costs of suit incurred;

21     9.  For compensation of one hour at the regular rate of pay for each rest period denied in violation

22  of Labor Code § 226.7 and all IWC Wage Orders applicable to Plaintiff's industry and occupation,

23  according to proof;

24     10.  For a preliminary and permanent injunction ordering each and every Defendant to cease such

25  unlawful and unfair practices as alleged herein above and proved to the Court at the time of trial, requiring

26  the establishment of appropriate and effective means to prevent future violations;

27     11.  For the imposition of a constructive trust in favor of each respective Plaintiff herein, and against

28  Defendants, and each of them, and such appropriate preliminary injunction as the Court may order during

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES, RESTITUTION AND STATUTORY PENALTIES

1  the period before a final judgment is entered in this matter, on such assets, monies and things, as either or

2  both of the respective Plaintiffs herein shall show the Court at the time of trial, or in the case of any

3  application for preliminary injunction, such assets, monies and things as either or both of the respective

4  Plaintiffs shall show the Court to exist at the time such *pendente lite* relief may be sought, AND

5       12. For such other and further relief as the Court deems just.

6

7

8  DATED: February 6, 2008                **UNITED EMPLOYEES LAW GROUP, PC**

9

10

11                                                        *Gregory A. Douglas*

12                                 GREGORY A. DOUGLAS,
                                   Attorney for Plaintiffs,
13                                 CHRISTOPHER CLARK and JAMES RENICK

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    16

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES, RESTITUTION AND STATUTORY PENALTIES

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 148886    — SH**

**March 18, 2008
11:46:56**

**Civ Fil Non-Pris**
USAO #.: 08CV0500
Judge:.: JEFFREY T MILLER
Amount.:                $350.00 CK
Check#.: BC7828

**Total—> $350.00**

FROM: CLARK ET AL V. CHASE HOME
      FINANCIAL LLC

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| CHRISTOPHER CLARK and JAMES RENICK | CHASE HOME FINANCE, LLC (on behalf of itself and as successor in interest to Chase Manhattan Mortgage Corporation) and JAMES BOUDREAU |

**08 MAR 18 AM 11: 45**

| (b) County of Residence of First Listed Plaintiff <u>San Diego</u><br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant _____<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
|---|---|

CP

| (c) Attorney's (Firm Name, Address, and Telephone Number)<br>Walter L. Haines (State Bar No. 71075)<br>United Employees Law Group, P.C.<br>65 Pine Avenue, #312<br>Long Beach, California 90802<br>(562) 256-1047 | Attorneys (If Known)<br>Andrew R. Livingston (State Bar No. 148646)<br>Erin M. Connell (State Bar No. 223355)<br>Orrick, Herrington & Sutcliffe LLP<br>405 Howard Street, San Francisco, California 94105-2669<br>(415) 773-5700 |
|---|---|

DEPUTY

**08 CV 0500 JM RBB**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
*PERSONAL INJURY*
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

*PERSONAL INJURY*
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
*Habeas Corpus:*
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☒ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus - Alien Detainee
☐ 465 Other Immigration Actions

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. sections 1332(a) and 1441(a)

Brief description of cause:
Plaintiff and defendants are of diverse citizenship, and amount in controversy exceeds $75,000.00.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____ DOCKET NUMBER _____

| DATE<br>March 17, 2008 | SIGNATURE OF ATTORNEY OF RECORD<br>Erin M. Connell    *Erin Connell* |
|---|---|

**FOR OFFICE USE ONLY**

RECEIPT # 148886   AMOUNT $350   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____

CR   SEI 3/18/08

American LegalNet, Inc.<br>www.FormsWorkflow.com