ANDREW R. LIVINGSTON (State Bar No. 148646)
alivingston@orrick.com
ERIN M. CONNELL (State Bar No. 223355)
econnell@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:   +1-415-773-5700
Facsimile:   +1-415-773-5759

Attorneys for Defendants
Chase Home Finance, LLC (on behalf of itself and as successor
in interest to Chase Manhattan Mortgage Corporation) and
James Boudreau

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER CLARK and JAMES RENICK, individuals,<br><br>Plaintiffs,<br><br>v.<br><br>CHASE HOME FINANCE, LLC, a Delaware LLC doing business in California; CHASE MANHATTAN MORTGAGE CORPORATION, a New Jersey corporation doing business in California; JAMES BOUDREAU, an individual; and DOES 1-25,<br><br>Defendants. | Case No. 08 CV 0500 JM RBB<br><br>**DEFENDANTS CHASE HOME FINANCE, LLC, CHASE MANHATTAN MORTGAGE CORPORATION AND JAMES BOUDREAU'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES, RESTITUTION AND STATUTORY PENALTIES** |

Defendants Chase Home Finance, LLC ("Chase") (on behalf of itself and as successor in interest to Chase Manhattan Mortgage Corporation ("Chase Mortgage")) and James Boudreau ("Boudreau") (collectively, "Defendants") answer the First Amended Complaint For Damages, Restitution, And Statutory Damages of plaintiffs Christopher Clark ("Clark") and James Renick ("Renick") (collectively, "Plaintiffs") (the "FAC") as follows:

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1. Defendants admit the allegations of paragraph 1 of the FAC.

2. Defendants deny that Clark is a former employee of Defendant Boudreau. Except as so denied, Defendants admit the allegations of paragraph 2 of the FAC.

3. Defendants deny that Renick is a former employee of Defendant Boudreau. Except as so denied, Defendants admit the allegations of paragraph 3 of the FAC.

4. Defendants admit that Defendant Chase Home Finance, LLC is a Delaware LLC doing business in California. Except as so admitted, Defendants deny the allegations in paragraph 4 of the FAC.

5. Defendants admit that Defendant Chase Manhattan Mortgage Corporation was a New Jersey corporation doing business in California. Except as so admitted, Defendants deny the allegations in paragraph 5 of the FAC.

6. Defendants admit that Defendant Boudreau was a resident of San Diego during the time period referenced in the FAC, and that he was and is a manager for the corporate defendants. Except as so admitted, Defendants deny the allegations in paragraph 6 of the FAC.

7. Defendants admit that Defendants Chase Manhattan Mortgage Corporation and Chase Home Finance, LLC were Plaintiffs' employers. Except as so admitted, Defendants deny the allegations in paragraph 7 of the FAC.

8. Defendants admit that Defendant Boudreau was and is an employee of Chase Manhattan Mortgage Corporation and Chase Home Finance, LLC. Except as so admitted, Defendants deny or lack sufficient knowledge and information to form a belief as to the truth of, and on that basis deny, the allegations of paragraph 8 of the FAC.

9. Defendants deny or lack sufficient knowledge and information to form a belief as

to the truth of, and on that basis deny, the allegations of paragraph 9 of the FAC.

10. Defendants Chase Manhattan Mortgage Corporation, Chase Home Finance, LLC, and Boudreau admit that they are subject to personal jurisdiction in the State of California. Defendant Chase Home Finance, LLC admits that it maintains offices, operates business, employs persons, and conducts business in the County of San Diego. Except as so admitted, Defendants deny the allegations of paragraph 10 of the FAC.

11. Defendants deny the allegations of paragraph 11 of the FAC.

12. Defendants admit that Defendant Chase Home Finance, LLC is the successor in interest to Defendant Chase Manhattan Mortgage Corporation. Except as so admitted, Defendants deny the allegations of paragraph 12 of the FAC.

13. Defendants deny the allegations of paragraph 13 of the FAC.

14. Defendants deny the allegations of paragraph 14 of the FAC.

15. Defendants admit that Defendant Chase Home Finance, LLC is the successor in interest to Defendant Chase Manhattan Mortgage Corporation. Except as so admitted, Defendants deny the allegations of paragraph 15 of the FAC.

16. Defendants deny the allegations of paragraph 16 of the FAC.

17. Defendants deny the allegations of paragraph 17 of the FAC.

18. Defendants deny the allegations of paragraph 18 of the FAC.

19. Defendants deny the allegations of paragraph 19 of the FAC.

20. Defendants deny the allegations of paragraph 20 of the FAC.

21. Defendants deny the allegations of paragraph 21 of the FAC.

22. Defendants admit that Plaintiff Clark was employed as a Sr. Tech Analyst with Chase Manhattan Mortgage Corporation, and thereafter for Chase Home Finance, LLC, until "about" July 15, 2005 (*i.e.*, July 31, 2005). Except as so admitted, Defendants deny the allegations of paragraph 22 of the FAC.

23. Defendants deny the allegations of paragraph 23 of the FAC.

24. Defendants deny the allegations of paragraph 24 of the FAC.

25. Defendants deny the allegations of paragraph 25 of the FAC.

26. Defendants deny the allegations of paragraph 26 of the FAC.

27. Defendants admit that Plaintiff Renick was employed as a Sr. Tech Analyst with Chase Manhattan Mortgage Corporation, and thereafter for Chase Home Finance, LLC, until "about" April 6, 2005 (*i.e.*, April 4, 2005). Except as so admitted, Defendants deny the allegations of paragraph 27 of the FAC.

28. Defendants deny the allegations of paragraph 28 of the FAC.

29. Defendants deny the allegations of paragraph 29 of the FAC.

30. Defendants deny the allegations of paragraph 30 of the FAC.

31. Defendants deny the allegations of paragraph 31 of the FAC.

32. Paragraph 32 of the FAC contains no factual allegations, but instead is a legal conclusion. Therefore, Defendants neither admit nor deny paragraph 32 of the FAC.

33. Defendants deny the allegations of paragraph 33 of the FAC.

34. Defendants contend that the wage statements that Plaintiff Clark received were accurate and complied with the requirements of the California Labor Code. On that ground, Defendants deny the allegations of paragraph 34 of the FAC.

35. Defendants contend that the wage statements that Plaintiff Renick received were accurate and complied with the requirements of the California Labor Code. On that ground, Defendants deny the allegations of paragraph 35 of the FAC.

36. Defendants deny or lack sufficient knowledge and information to form a belief as to the truth of, and on that basis deny, the allegations of paragraph 36 of the FAC.

## FIRST CAUSE OF ACTION

### (Failure to Pay Overtime – Against All Defendants)

37. For their response to paragraph 37, Defendants incorporate by reference their responses to paragraphs 1-36 as set forth fully herein.

38. Defendants deny the allegations contained in paragraph 38 of the FAC.

39. Defendants deny the allegations contained in paragraph 39 of the FAC.

40. Defendants deny the allegations contained in paragraph 40 of the FAC.

41. Defendants deny the allegations contained in paragraph 41 of the FAC.

42. Defendants deny the allegations contained in paragraph 42 of the FAC.

43. Defendants deny the allegations contained in paragraph 43 of the FAC.

44. Defendants admit that within the last four (4) years, Defendants Chase Manhattan Mortgage Corporation, and thereafter for Chase Home Finance, LLC, employed Plaintiff Clark as a Sr. Tech Analyst. Except as so admitted, Defendants deny the allegations contained in paragraph 44 of the FAC.

45. Defendants admit that within the last four (4) years, Defendants Chase Manhattan Mortgage Corporation, and thereafter for Chase Home Finance, LLC, employed Plaintiff Renick as a Sr. Tech Analyst. Except as so admitted, Defendants deny the allegations contained in paragraph 45 of the FAC.

46. Defendants deny the allegations contained in paragraph 46 of the FAC.

47. Defendants deny the allegations contained in paragraph 47 of the FAC.

48. Defendants deny the allegations contained in paragraph 48 of the FAC.

49. Defendants deny or lack sufficient knowledge and information to form a belief as to the truth of, and on that basis deny, the allegations contained in paragraph 49 of the FAC.

## SECOND CAUSE OF ACTION

**(Waiting Time Penalties – Cal. Lab. Code §§ 203, 558 et seq. – Against All Defendants)**

50. For their response to paragraph 50, Defendants incorporate by reference their responses to paragraphs 1-49 as set forth fully herein.

51. Defendants admit that Clark ceased being employed by Defendant Chase "about" July 15, 2005 (*i.e.*, July 31, 2005), and that Chase was subject to Labor Code §§ 201(a) and 227.3. Except as so admitted, Defendants deny the allegations contained in paragraph 51 of the FAC.

52. Defendants deny the allegations contained in paragraph 52 of the FAC.

53. Defendants admit that Renick ceased being employed by Defendant Chase "about" April 6, 2005 (*i.e.*, April 4, 2005), and that Chase was subject to Labor Code §§ 201(a) and 227.3. Except as so admitted, Defendants deny the allegations contained in paragraph 53 of the FAC.

54. Defendants deny the allegations contained in paragraph 54 of the FAC.

55.    Defendants deny the allegations contained in paragraph 55 of the FAC.

56.    Defendants deny the allegations contained in paragraph 56 of the FAC.

57.    Defendants deny or lack sufficient knowledge and information to form a belief as to the truth of, and on that basis deny, the allegations contained in paragraph 57 of the FAC.

### THIRD CAUSE OF ACTION

**(For Violation of Labor Code § 226 – Failure to Provide Accurate Itemized Statements – Against All Defendants)**

58.    For their response to paragraph 58, Defendants incorporate by reference their responses to paragraphs 1-57 as set forth fully herein.

59.    Defendants deny the allegations contained in paragraph 59 of the FAC.

60.    Defendants admit that in a letter dated October 24, 2007 to Defendant Boudreau (who was not Plaintiffs' employer), Plaintiffs's attorney requested Plaintiffs' personnel files payroll records and other Company policy documents. Except as so admitted, Defendants deny the allegations contained in paragraph 60 of the FAC.

61.    Defendants deny the allegations contained in paragraph 61 of the FAC.

### FOURTH CAUSE OF ACTION

**(Compensation For Required Rest Periods Not Provided – Cal. Lab. Code §§ 226.7 and IWC Wage Orders – Against All Defendants)**

62.    For their response to paragraph 62, Defendants incorporate by reference their responses to paragraphs 1-61 as set forth fully herein.

63.    Defendants deny the allegations contained in paragraph 63 of the FAC.

64.    Defendants deny the allegations contained in paragraph 64 of the FAC.

65.    Defendants deny the allegations contained in paragraph 65 of the FAC.

### FIFTH CAUSE OF ACTION

**(For Unfair Competition In Violation of Unfair Business Practices – Business & Professions Code §§ 17200 *et seq.* – By Plaintiffs Acting Each Individually, and also For the Interests of the General Public – Against All Defendants)**

66.    For their response to paragraph 66, Defendants incorporate by reference their

responses to paragraphs 1-65 as set forth fully herein.

67. Paragraph 67 contains no factual allegations. Therefore, Defendants neither admit nor deny paragraph 67.

68. Defendants deny the allegations contained in paragraph 68 of the FAC.

69. Paragraph 69 contains no factual allegations. Therefore, Defendants neither admit nor deny paragraph 69.

70. Defendants deny the allegations contained in paragraph 70 of the FAC.

71. Defendants deny the allegations contained in paragraph 71 of the FAC.

72. Defendants deny the allegations contained in paragraph 72 of the FAC.

73. Defendants deny the allegations contained in paragraph 73 of the FAC.

74. Defendants deny the allegations contained in paragraph 74 of the FAC.

75. Defendants deny or lack sufficient knowledge and information to form a belief as to the truth of, and on that basis deny, the allegations contained in paragraph 75 of the FAC.

## SIXTH CAUSE OF ACTION

### (Failure to Pay Overtime and to Furnish Itemized Wage Statement – Labor Code, Section 2699 – Against All Defendants)

76. For their response to paragraph 76, Defendants incorporate by reference their responses to paragraphs 1-75 as set forth fully herein.

77. Defendants deny the allegations contained in paragraph 77 of the FAC.

78. Defendants deny the allegations contained in paragraph 78 of the FAC.

79. Defendants deny the allegations contained in paragraph 79 of the FAC.

80. Defendants deny the allegations contained in paragraph 80 of the FAC.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses to the FAC and its purported causes of action:

## FIRST DEFENSE

1. As a separate defense to the FAC, and to each cause of action therein, Defendants

allege that the FAC, and each purported cause of action therein, fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

2.   As a separate defense to the FAC and to each cause of action therein, Defendants allege that Plaintiffs approved and ratified the actions complained of therein and are barred from asserting any claims upon which Plaintiffs now seek relief.

### THIRD DEFENSE

3.   As a separate defense to the FAC and to each cause of action therein, Defendants allege that Plaintiffs released, relinquished and waived any right to the claims upon which Plaintiffs now seek relief. Attached as Exhibit A is a true and correct copy of the specific Release signed by Plaintiff Christopher Clark.

### FOURTH DEFENSE

4.   As a separate defense to the FAC and to the each cause of action therein, Defendants allege that Plaintiffs are barred from asserting any claim for relief herein by the doctrine of accord and satisfaction.

### FIFTH DEFENSE

5.   As a separate defense to the FAC, and to each cause of action therein, Defendants allege that Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitation, including, but not limited to California Civil Procedure Code Section 340(a).

### SIXTH DEFENSE

6.   As a separate defense to the FAC and to each cause of action therein, Defendants allege that any alleged conduct or omission by any defendant was not the cause in fact or proximate cause of any injury alleged by Plaintiffs.

### SEVENTH DEFENSE

7.   As a separate defense to the FAC and to each cause of action therein, Defendants allege that, should it be determined that Plaintiffs have been damaged, then said damages were proximately caused by Plaintiffs' own conduct.

///

**EIGHTH DEFENSE**

8.   As a separate defense to the FAC, and to each cause of action therein, Defendants allege that any relief Plaintiffs may be entitled to should be barred and/or limited by subsequently discovered evidence of misconduct by Plaintiffs which would have resulted in Plaintiffs' termination.

**NINTH DEFENSE**

9.   As a separate defense to the FAC and each cause of action therein, Defendants allege that Plaintiffs have failed to comply with California Labor Code sections 2854, 2856, 2858 and 2859, respectively, to the extent that Plaintiffs failed to use ordinary care and diligence in the performance of Plaintiffs' duties, failed to substantially comply with the reasonable directions of Plaintiffs' alleged employer, and failed to exercise a reasonable degree of skill in performing Plaintiffs' job duties.

**TENTH DEFENSE**

10.   As a separate defense to the FAC, and to each cause of action therein, Defendants allege that Plaintiffs' recovery in this action is barred by Plaintiffs' failure to exercise reasonable care and diligence to mitigate Plaintiffs' alleged damages. Alternatively, Defendants allege that any recovery by Plaintiffs should be reduced by those damages that Plaintiffs failed to mitigate.

**ELEVENTH DEFENSE**

11.   As a separate defense to the FAC and to the sixth cause of action therein, Defendants allege that Plaintiffs failed to give timely notice of the alleged statutory violations to the California Labor and Workforce Development Agency and to Defendants, as required by California Labor Code section 2699 and California Civil Procedure Code Section 340(a).

**TWELFTH DEFENSE**

12.   As a separate defense to the FAC and to each cause of action therein, Defendants allege that any alleged action which Defendants took with respect to Plaintiffs' employment was privileged and justified.

**THIRTEENTH DEFENSE**

13.   As a separate defense to the FAC, and to each cause of action therein, Defendants

allege that Plaintiffs, by Plaintiffs' acts or omissions, are estopped from asserting any claims upon which Plaintiffs now seek relief.

**FOURTEENTH DEFENSE**

14. As a separate defense to the FAC and to each cause of action therein, Defendants allege that Plaintiffs have unreasonably delayed bringing this action to the prejudice of Defendants, and therefore Plaintiffs' FAC and each cause of action therein is barred by the doctrine of laches.

**FIFTEENTH DEFENSE**

15. As a separate defense to the FAC and to each cause of action therein, Defendants allege that Plaintiffs are not entitled to equitable relief, including but not limited to a preliminary injunction, permanent injunction, or constructive trust, because Plaintiffs have failed to avail themselves of or exhaust plain, adequate, or complete remedies of laws available to Plaintiffs under the provisions of applicable state or federal law.

**SIXTEENTH DEFENSE**

16. As a separate defense to the FAC and to each cause of action therein, Defendants allege that Plaintiffs have failed to state facts sufficient to support an award of injunctive or other equitable relief against Defendants.

**SEVENTEENTH DEFENSE**

17. As a separate defense to the FAC and to the second cause of action therein, Defendants allege that if Defendants are found to have failed to pay any amount due to Plaintiffs, which Defendants deny, Defendants acted at all times on the basis of a good faith and reasonable belief that all actions with respect to Plaintiffs complied fully with California wage and hour laws. Accordingly, Defendants' conduct was not willful within the meaning of California Labor Code Section 203.

**EIGHTEENTH DEFENSE**

18. As a separate defense to the FAC and to the third cause of action therein, Defendants allege that if Defendants are found to have failed to furnish accurate wage statements to Plaintiffs, which Defendants deny, Defendants acted at all times on the basis of a good faith

and reasonable belief that all actions with respect to Plaintiffs complied fully with California wage and hour laws. Accordingly, Defendants' actions were not knowing and intentional within the meaning of California Labor Code Section 226.

### NINETEENTH DEFENSE

19. As a separate defense to the FAC and to each cause of action therein, Defendants allege that Plaintiffs claims are barred because Plaintiffs were properly classified as exempt employees under applicable California wage and hour laws.

### TWENTIETH DEFENSE

20. As a separate defense to the FAC, and to each cause of action therein, Defendants allege that Plaintiffs, by Plaintiffs' acts and omissions, are barred by the doctrine of unclean hands from asserting any of the claims upon which Plaintiffs seek relief.

### TWENTY-FIRST DEFENSE

21. As a separate defense to the FAC, and to the fifth cause of action therein, Defendants allege that Plaintiffs lack standing to bring a claim on behalf of the general public against Defendants pursuant to California Business and Professions Code Section 17200.

### TWENTY-SECOND DEFENSE

22. As a separate defense to the FAC and to each cause of action therein, Defendants allege that all of the causes of action alleged against Defendant Boudreau, who was not Plaintiffs' employer, are frivolous, unreasonable and groundless. Accordingly, Defendant Boudreau is entitled to all costs, expenses and attorneys' fees incurred in defending these causes of action pursuant to California Code of Civil Procedure section 128.7.

### TWENTY-THIRD DEFENSE

23. As a separate defense to the FAC and to each cause of action therein, Defendants allege that an award of civil penalties under the circumstances of this case would constitute an excessive fine and otherwise would be in violation of Defendants' due process and other rights under the United States and California Constitutions.

///

///

## RESERVATION OF RIGHTS

Defendants reserve the right to assert such additional affirmative defenses that may appear and prove applicable during the course of this litigation.

## PRAYER

WHEREFORE, Defendants pray for the following relief:

1. That the FAC be dismissed with prejudice and that Plaintiffs take nothing thereby;
2. For Defendants' cost of suit herein, including reasonable attorneys' fees; and
3. For such other and further relief as the Court deems just.

Dated: March 28, 2008

ANDREW R. LIVINGSTON
ERIN M. CONNELL
ORRICK, HERRINGTON & SUTCLIFFE LLP


By: _____/s/_____
Erin M. Connell
Attorneys for Defendants
Chase Home Finance, LLC (on behalf of itself
and as successor in interest to Chase
Manhattan Mortgage Corporation)
and James Boudreau

# Exhibit A

# RELEASE AGREEMENT

I, Christopher G Clark, (Global ID #726179) on behalf of myself, my heirs, assigns, representatives and estate, as RELEASOR, for and in consideration of severance under The Severance Pay Plan of JPMorgan Chase & Co., severance-related benefits and career services as detailed in the notice letter to me dated May 31, 2005 from Robert Rusinek (the "notice letter") and intending to be legally bound, hereby release to the fullest extent permitted by law CMMC (and any predecessor or successor entities thereof) and its and their affiliates, subsidiaries, parent corporations (including J.P. Morgan Chase & Co.) and any predecessor or successor entities thereof, any other merged entities, and all present, former and future employees, directors, officers, representatives, administrators, agents, successors, assigns, trustees, heirs, executors and any fiduciaries of any employee benefit plan (hereinafter "JPMC" or "RELEASEES") from any and all suits, claims, charges, obligations, causes of action or demands in law or in equity (including any arbitration claims) arising from or relating to my employment relationship with JPMC and/or the termination thereof, from the beginning of the world up to and including the date of execution of this RELEASE (whether known or unknown to me and including any continuing effects of any acts or practices prior to the date of execution of this RELEASE), including, but not limited to:

- any employment and/or benefit related claims under any federal, state or local law, employment law or civil rights law, including, but not limited to, the Americans with Disabilities Act, the National Labor Relations Act, the Employee Retirement Income Security Act of 1974 ("ERISA") including, but not limited to, breach of fiduciary duty and equitable claims arising under §1132(a)(3) of ERISA, Title VII of the Civil Rights Act of 1964, the Vocational Rehabilitation Act of 1973, the Civil Rights Acts of 1866, 1871 and 1991, including Section 1981 of the Civil Rights Act, the Family and Medical Leave Act, the Worker Adjustment and Retraining Notification Act (all as amended); and

- any and all employment and/or benefit related claims arising under common or other law including any policy, procedure or practice (including any funding practice associated with employee benefits) or any contract (whether express, oral, written, or implied from any source, including but not limited to any claim for severance under any other plan or agreement and for bonus or incentive compensation, including any such claim for performance years 2003 and 2004); tort (including but not limited to claims of defamation, intentional or negligent infliction of emotional distress, tortious interference, wrongful or abusive discharge, conversion, fraud, negligence, loss of consortium), common law or public policy; and

- any and all claims of retaliation under all federal, state, local or common or other law; and

- Any and all employment and/or benefit related claims subject to or covered by any arbitration agreements or provisions.

1

Provided, however, the foregoing does not release:

- any employment and/or benefit related legal claims under the Age Discrimination in Employment Act of 1967, including the Older Workers Benefit Protection Act of 1990, both as amended;

- any claim under the Fair Labor Standards Act for failure to pay minimum wages or overtime;

- any statutory claims for state unemployment insurance, worker's compensation, or disability insurance benefits (other than discrimination or retaliation claims related to the pursuit of such benefits);

- any legal obligations of RELEASEES under any award of restricted stock/units ("stock/units") or options existing as of the date of the termination of my employment (i.e., vested benefits), which award(s) shall remain in effect in accordance with its terms, provided that I acknowledge that notwithstanding those terms, the delivery to me of any restricted stock/units that vest at my termination will be pursuant to JPMC's administrative and audit/control practices;

- any legal obligations of JPMC to indemnify me under applicable by-laws, consistent with applicable law; or

- any legal obligations of JPMC in connection with the terms of my notice letter and this RELEASE that, by their terms, are to be performed after the date of execution of this RELEASE (including, without limitation, payment of any vested benefits under any pension plan or deferred compensation plan or benefits under any employee welfare plan in which I participate, all of which shall remain in effect in accordance with their terms).

    I agree that I will not pursue, file or assert or permit to be pursued, filed or asserted any civil action, suit or legal proceeding seeking equitable or monetary relief (nor will I seek or in any way obtain or accept any such relief in any civil action, suit or legal proceeding) in connection with any and all claims released herein; provided, however, that the foregoing does not affect any right to file an administrative charge with the Equal Employment Opportunity Commission (EEOC) subject to the restriction that if any such charge is filed, I agree not to violate the non-publicity and confidentiality provisions of this RELEASE or to seek or in any way obtain or accept any monetary award, recovery, settlement or relief therefrom.

2

If I should bring any action arising out of the subject matter covered by this RELEASE, I understand and recognize that I will, at the option of RELEASEES, be considered in breach of this RELEASE and shall be required to immediately return any and all funds received pursuant to this RELEASE. Furthermore, if RELEASEES should prevail concerning any or all of the issues so presented, I shall pay to RELEASEES all of their costs and expenses of defense, including RELEASEES' attorney's fees.

I understand and recognize that I continue to be bound by JPMC's Worldwide Rules of Conduct, including, but not limited to, the Intellectual Property Policy and I will continue to discharge my duty of confidentiality with respect to all trade secrets and confidential and proprietary information which I received by virtue of my employment with JPMC. Additionally, and in that regard, I have advised JPMC of all facts of which I am aware that I believe may constitute a violation of JPMC's Worldwide Rules of Conduct and/or JPMC's legal obligations.

I understand that JPMC views its relationships with its employees, officers and consultants as important and valuable assets. Accordingly, I understand and agree that for a period of one (1) year after execution of this RELEASE, I will not on my own behalf or that of any other persons or entities, directly or indirectly, solicit or induce to leave or hire any officer, consultant or independent contractor of JPMC who is or was retained by JPMC within 12 months prior to such solicitation, inducement or hire.

I further represent that I have not and will not, in any way, publicize the terms of this RELEASE and agree that its terms are confidential and will not be disclosed by me except that I may discuss the terms of this RELEASE with my attorneys, financial advisors and members of my immediate family and as required by law; _provided, however,_ that nothing in this RELEASE shall prohibit or restrict me from providing information or otherwise testifying or assisting in any governmental or regulatory investigation. I understand and agree that, unless otherwise prohibited by law, I will promptly notify JPMC, in writing sent by facsimile to the Legal Department, Office of the Managing Clerk at (212) 552-5043, of any such request for assistance or testimony.

I agree to cooperate fully with and provide full and accurate information to JPMC and its counsel with respect to any matter (including any audit, tax, tax proceeding, litigation, investigation or governmental proceeding) that relates to matters over which I may have knowledge or information, subject to reimbursement for appropriate and reasonable costs and expenses.

I understand and agree that violation of certain provisions of this RELEASE, including the notice and/or confidentiality provisions, will constitute a material breach of this RELEASE; that pursuit of both monetary and injunctive relief are appropriate; and that RELEASEES' entitlement to the remedy of injunctive relief shall be in addition to any monetary damages. I further understand that if I violate the terms or conditions of this RELEASE and/or the notice letter, my severance payments will cease and/or be due and owing to JPMC.

3

I understand and agree that should I violate any material term of this RELEASE, including, but not limited to the notice and confidentiality provisions, I will be responsible to RELEASEES for liquidated damages in the amount of all funds payable pursuant to this RELEASE and understand that such monetary relief shall not be a bar to RELEASEES' pursuit of injunctive relief.

I agree that if any of the provisions contained in this RELEASE are declared illegal, unenforceable or ineffective by a legal forum of competent jurisdiction, such provisions shall be deemed severable, such that all other provisions shall remain valid and binding upon both parties; provided, however, that, notwithstanding this or any other provision of this RELEASE, if any portion of the waiver or release of claims or rights or the non-publicity or confidentiality terms entered into between the parties is held to be unenforceable, RELEASEES, at their option, may seek modification or severance of such portion and/or terminate the RELEASE and/or consider the RELEASE null and void.

I acknowledge that I am familiar with the provision of Section 1542 of the California Civil Code, which provides as follows:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HER MUST HAVE MATERIALLY AFFECTED HER SETTLEMENT WITH THE DEBTOR.**

Being aware of said Code section, I hereby expressly waive and relinquish any rights or benefits I may have thereunder, as well as under any other state or federal statutes or common law principles of similar effect.

I understand and agree that I have until July 16, 2005 to sign and return this RELEASE to Robert Rusinek at 194 Wood Avenue South, 3rd Floor Human Resources, Iselin, NJ 08830.

I hereby certify that I have read the terms of this RELEASE, that I have been advised to discuss the RELEASE with an attorney of my choosing, and that I understand the terms and effects of this RELEASE. I hereby execute this RELEASE knowingly and voluntarily. Neither JPMC nor its agents or representatives have made, and I am not relying upon, any representations to me concerning the terms or effects of this RELEASE other than those contained herein. I agree that I have been afforded a reasonable time (up to forty-five (45) days) to review, consider and execute this RELEASE and understand that the RELEASE becomes effective immediately upon such execution.

*(The remainder of this page is intentionally left blank)*

Intending to be legally bound, I, Christopher G Clark, hereby execute the foregoing RELEASE this _15_ day of _June_, 2005.

_____
Christopher G Clark

STATE OF _CALIFORNIA_

COUNTY OF _SAN DIEGO_ ) ss.:

On this _15TH_ day of _JUNE_, 2005, before me personally came Christopher G Clark, known to me to be the individual described herein, and who executed the foregoing RELEASE, and duly acknowledged to me that He executed the same.

_____
Notary Public

GREGG MILLER
Commission # 1526435
Notary Public - California
San Diego County
My Comm. Expires Nov 18, 2008

5