UNITED EMPLOYEES LAW GROUP, P.C.
Walter L. Haines, Esq. SBN 71075
Steven D. Waisbren, Esq. SBN 116315
Gregory A. Douglas, Esq. SBN 147166
65 Pine Ave., #312
Long Beach, CA 90802
Tel: (562) 256-1047
Fax: (562) 256-1006

Attorneys for Plaintiffs,
Christopher Clark and James Renick

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER CLARK and JAMES RENCIK<br><br>Plaintiffs,<br><br>vs.<br><br>CHASE HOME FINANCE, LLC; a Delaware Corporation doing business in California; CHASE MANHATTAN MORTGAGE CORPORATION, a New Jersey Corporation doing business in California; JAMES BOUDREAU, an individual; and DOES 1-25,<br><br>Defendant(s). | Case No. 08-CV-0500 JM RBB<br>(San Diego County Superior Court<br>Case No. 37-2007-00883776-CU-OE-CTL)<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND TO STATE COURT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF CHRISTOPHER CLARK; DECLARATION OF JAMES RENCIK**<br><br>[Request for Judicial Notice filed concurrently herewith]<br><br>DATE: May 16, 2008<br>TIME: 1:30 p.m.<br>COURTROOM: 16 |

**TO DEFENDANTS CHASE HOME FINANCE LLC, CHASE MANHATTAN MORTGAGE CORPORATION, JAMES BOUDREAU AND TO THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on May 16, 2008, at 1:30 p.m. or as soon thereafter as counsel may be heard in Courtroom 16 of the above-entitled Court located at 940 Front Street, San Diego, California, Plaintiffs CHRISTOPHER CLARK AND JAMES RENICK (hereinafter

1

"Plaintiffs") will and hereby do move this Court for an order remanding this matter to the state court, pursuant to 28 U.S.C. 1447 (c).

This motion is made on the grounds that there is no basis for diversity jurisdiction pursuant to 28 U.S.C. 1441 since Defendant James Boudreau is a citizen of California. Further, the assertion by Defendants that the inclusion of James Boudreau is a "fraudulent" [sham] joinder is misguided.

This motion will be based on the Notice of Motion, the attached Memorandum of Points and Authorities, the Declarations of Christopher Clark and James Renick, the record and files of this case, and any further oral or documentary evidence that may be introduced at the hearing of this matter.

DATED: April 17, 2008

Respectfully submitted,

UNITED EMPLOYEES LAW GROUP, PC

By: /s/ Gregory A. Douglas
Gregory A. Douglas
Attorneys for Plaintiffs
CHRISTOPHER CLARK and
JAMES RENICK

2

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; SUPPORTING DECLARATIONS

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs, CHRISTOPHER CLARK and JAMES RENICK (hereinafter "Plaintiffs") hereby submit the following Memorandum of Points and Authorities pursuant to 28 U.S.. 1447(c) within thirty (30) days of removal to state court of the above-entitled action.

### A. GENERAL OVERVIEW

Plaintiffs have filed a wage and hour complaint under California state law alleging causes of action for Failure to Pay Overtime [Lab.C. §§ 510, 1194, 1198], Waiting Time Penalties [Lab.C. §§ 203, 558], Failure to Provide Accurate Itemized Statements [Lab. Code §226], Failure to Provide Rest Periods [Lab.C. § 226.7; IWC Wage Orders], Unfair Competition [B&PC § 17200-*et seq.*], and Constructive Trust.

As part of that complaint, Plaintiffs named three defendants, specifically two entity defendants (CHASE FINANCE, LLC and MANHATTAN MORTGAGE CORPORATION), and one individual defendant (JAMES BOUDREAU). Defendants have sought to remove this matter to federal court on the basis of diversity jurisdiction. However, although defendants allege that diversity jurisdiction exists pursuant to 28 U.S.C. Section 1441(b) *("Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."),* such is not the case. Defendant JAMES BOUDREAU is a citizen of California.

Defendants hope to establish diversity not with respect to Defendant Boudreau's citizenship, but by contending that Defendant Boudreau is a "sham" and/or fraudulently joined defendant. Defendant's arguments in that regard are incorrect and baseless, as stated infra.

3

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; SUPPORTING DECLARATIONS

B. <u>LEGAL ARGUMENT</u>

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." <u>Caterpillar Inc. v. Williams</u>, 482 US. 386, 392 (1987). Pursuant to 28 U.S.C. § 1332, federal district courts are given original jurisdiction of all civil actions "between . . . citizens of different States" where the amount in controversy exceeds $75,000. The provision "between . . . citizens of different States" requires complete diversity between all plaintiffs and all defendants. <u>Lincoln Property Co. v. Roche</u>, 546 US. 81, 82 (2005).

### 1. **Fraudulent Joinder**

Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence will be ignored for purposes of determining diversity, "[if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." <u>McCabe v. Gen. Foods Corp.</u>, 811 F.2d 1336, 1339 (9th Cir.1987). "[T]he question is simply whether there is any possibility that plaintiff will be able to establish liability against the party in question." <u>Briano v. Conseco Life Ins. Co.</u>, 126 F. Supp. 2d 1293, 1296 (C.D. Cal. 2000); see also Cont'l Ins. Co. v. Foss Mar. Co., No. C 02-3936, 2002 WL 31414315, at 6 (N.D. Cal. Oct. 23, 2002) ("The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is any possibility that they may do so."). Just as the removing party has the burden of establishing federal jurisdiction, it has the burden of establishing fraudulent joinder. <u>Briano</u>, 126 F. Supp. 2d at 1296.

Because Defendant Boudreau, like Plaintiffs, is a California citizen, his presence in the lawsuit at the time of removal defeats diversity jurisdiction unless he was fraudulently joined.

4

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; SUPPORTING DECLARATIONS

Defendants argue that "...even if Plaintiff's could substantiate their allegations, California law is clear that individual officers and directors are <u>not</u> personally liable as 'employers.'"

At the very least, there is a "possibility" that Plaintiff may be able to establish liability against Defendant Boudreau under (1) Labor Code section 558 for failure to pay overtime, and (2) Business and Professions Code section 17200 for unfair competition. These two claims are not clearly settled under California law on the issue of corporate officer liability.

**<u>Defendant's Reliance upon Reynolds and Jones is Misguided</u>**

Defendants rely on <u>Reynolds v. Bement</u>, 116 P.3d 1162 (Cal. 2005), and <u>Jones v. Gregory</u>, 40 Cal. Rptr. 3d 581 (Ct. App. 2006), for the proposition that corporate officers acting within the scope of their employment cannot be held personally liable under the <u>Labor Code</u> for failure to pay wages, or for penalties based on wage claims. However, Defendants conveniently overlook the fact that these cases, unlike the instant case, **involve claims arising prior to 2000.** Labor Code section 558(a), effective January 1, 2000, imposes liability for unpaid wages on an employer "or other person acting on behalf of an employer." Both <u>Reynolds</u> and <u>Jones</u> raise the possibility that this section would allow for the imposition of liability on a corporate officer.

The <u>Reynolds court</u> describes its holding as "narrow" and states that, while an employee may not seek recovery under section 1194 of the Labor Code against a corporate officer for unpaid wages, <u>an employee might be able to bring such an action under section 558 of the Labor Code.</u> <u>Reynolds</u>, 116 P.3d at 1170-71. According to the <u>Jones</u> court:

> As Justice Moreno observed in <u>Reynolds</u>, section 2699 [the Labor Code Private Attorneys General Act of 20041, "in time, may provide workers with a mechanism for recovering unpaid overtime wages through private enforcement of section 558,

5

which authorizes civil penalties for violations of the wage laws that include unpaid wages from 'any employer or other person acting on behalf of an employer,' a phrase conceivably broad enough to include corporate officers and agents in some cases." Jones, 40 Cal. Rptr. 3d at 590 (quoting Reynolds, 116 P.3d at 1174 (Moreno, J., concurring)).

Based on these holdings, it cannot be said that it is "obvious according to the settled rules of the state" that Plaintiff has failed to state a cause of action against Defendants Boudreau under section 558 of the Labor Code. There is a possibility that Plaintiffs may prevail on their claims.

The same conclusion can be reached as to Plaintiff's Business and Professions Code claim. Under section 17203 of the Business and Professions Code, an employee may obtain the equitable remedy of restitution to recover payment of unlawfully withheld wages. Cortez v. Purolator Air Filtration Prods. Co., 999 P.2d 706, 712 (Cal. 2000). As with Labor Code section 558, the question of whether a corporate officer may be held liable under this section remains unsettled. See Jones, 40 Cal. Rptr. at 588 n.8 (raising the possibility of a section 17203 suit against an individual corporate officer without addressing the merits of such a suit). Defendants have introduced no evidence to the contrary.

Plaintiff's bring to the Court's attention *Kim v. Gallagher* (U.S. Dist. Ct., C.D. 07-05846, Sept. 2007) and *Ross v. SGS Testcom* (U.S. Dist. Ct., E.D. 08-206, Apr. 2008), Request for Judicial Notice filed concurrently herewith. Although the Court is not bound to follow the decisions of the Central District and the Eastern District, it may look to those decisions for guidance.

In both *Kim* and *Ross*, the very same issue of an alleged "sham" joinder was before the courts as Defendants have alleged in the case at bar. Moreover, the defendants in both *Kim* and *Ross* cited

6

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; SUPPORTING DECLARATIONS

and relied upon the holdings in *Reynolds v. Bement* and *Jones v. Gregory*, just as the Defendant's in the case at bar rely upon those cases.

As set forth in the Orders in *Kim* and *Ross*, the holdings in *Reynolds* and *Jones* are distinguishable from and <u>not</u> dispositive of the issues to be decided by this Court.

### 2.   Individual Defendant As Plaintiff's Employer

Defendants further assert that Defendant Boudreau cannot be named as individual defendants since they are not the Plaintiff's employer. However, Labor Code Section 558 (a) utilizes a broad definition of "employer" for the purposes of wage and hour claims. In particular, the statute applies to any employer or "other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work. . ."

Plaintiffs refer this Court to their declarations, attached hereto and incorporated herein by reference, which outlines the direct control that Defendant Boudreau exerted over Plaintiff's employment, including their wages, hours, and working conditions. Therefore, the broad application of "employer" stated in Labor Code, Section 558 (a) would apply to Defendant Boudreau in this case.

### 3.   Defendant's contention that Plaintiff's Cannot Sustain Their Private Attorney General Act Claim Against Boudreau is Misguided.

Defendant's contention that "California law is clear that PAGA claims are subject to a <u>one year statute of limitations</u>" (Defendant's Notice of Removal, page 10, line 20, and their reliance upon the holding in *Thomas v. Home Depot USA, Inc.*, No. C06-02705 (2007) is misguided as the holding in *Thomas* is distinguishable from the facts before this Court in that the

7

Plaintiff in *Thomas* had specifically amended his complaint to make clear that he brought his claims pursuant to section 2699 of the Labor Code.

In the case at bar, there has been no such amendment by Plaintiffs. Moreover, Plaintiff's sixth cause of action merely sets forth the facts establishing that Plaintiff's have complied with the requirements of Labor Code, Section 2699.3(a)(1) and are therefore able to pursue claims against Defendants pursuant to the provisions of Labor Code §§ 2698-2699.5, commonly known as the Labor Code Private Attorney General Act of 2004.

Finally, the third cause of action of Plaintiff's First Amended Complaint states a cause of action for violations of Labor Code, section 226 as against all defendants, not as a claim under Labor Code, section 2699, though that latter section is cited elsewhere.

Plaintiff's bring to the Court's attention the Order in *Williams v. The Home Depot, Inc.* (U.S. Dist. Ct., C.D., 07-1925, January 28, 2008). Request for Judicial Notice filed concurrently herewith. Again, Although the Court is not bound to follow the decision of the Central District, it may look to the decision for guidance.

In *Williams*, the Judge in the Central District considered the very same argument regarding the citation of *Thomas v. Home Depot, supra*, for the proposition that Plaintiff's claim had been brought as a claim under section 2699, which was for a civil penalty and thus subject to a one-year limitations period. The Court in *Williams* distinguished the holding in *Thomas* based upon the fact that the Plaintiff in *Thomas* had amended his complaint to bring all causes of action under section 2699. (See *Williams* Order, pages 7 and 8 and footnote 8 on page 8).

8

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; SUPPORTING DECLARATIONS

4. **<u>Defendant's contention that Plaintiff Clark Released his Claims Against Boudreau is Irrelevant to the Issue Before this Court.</u>**

First, release agreements are specifically prohibited by Labor Code Section 206.5 which states as follows:

> 206.5. No employer shall require the execution of any release of any claim or right on account of wages due, or to become due, or made as an advance on wages to be earned, unless payment of such wages has been made. Any release required or executed in violation of the provisions of this section shall be null and void as between the employer and the employee and the violation of the provisions of this section shall be a misdemeanor.

Second, the courts have consistently held such releases void and unenforceable as against public policy.

Finally, assuming arguendo that Plaintiff Clark did sign a valid and enforceable release agreement, there has not, and indeed cannot, been any contention that Plaintiff Renick signed a release agreement. Therefore, there would still be a lack of diversity that would warrant removal of this case to District Court.

C. **<u>CONCLUSION</u>**

Because Defendants have failed to meet the high burden of showing "sham" and/or fraudulent joinder, Plaintiff respectfully requests this Court to reject the Defendants' assertion of diversity jurisdiction, and to remand this action to the state court.

9

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; SUPPORTING DECLARATIONS

DATED: April 17, 2008

Respectfully submitted,

UNITED EMPLOYEES LAW GROUP, PC

By: /s/ Gregory A. Douglas
Gregory A. Douglas
Attorneys for Plaintiffs
CHRISTOPHER CLARK and
JAMES RENICK

10

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; SUPPORTING DECLARATIONS