UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority  ✓
Send  ✓
Enter  ✓
Closed
JS-5/JS-6
Scan Only

ORIGINAL

CASE NO.: CV 07-05846 SJO (SHx)          DATE: September 25, 2007

TITLE: Bryan Kim v. Arthur J. Gallagher Risk Management Services, Inc., et al.

========================================================================

PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                         Not Present
Courtroom Clerk                          Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**       **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                              Not Present

========================================================================

**PROCEEDINGS (in chambers):**
ORDER REMANDING CASE TO STATE COURT
[Docket No. 1]

   This matter is before the Court on Defendants' Notice of Removal, filed September 7, 2007. Plaintiff has not responded to Defendants' Notice. For the following reasons, the Court orders the case remanded to state court.

I.   BACKGROUND

   On July 27, 2007, Plaintiff Bryan Kim, a California citizen, filed a Complaint in state court against Defendants Arthur J. Gallagher Risk Management Services, Inc., Larry Saltzman, Maria King, and Does 1 through 25, alleging violations of various sections of the California Labor Code, Industrial Welfare Commission (IWC) Wage Orders, and Business and Professions Code. (Notice of Removal Ex. A [hereinafter Compl.]) Plaintiff was an employee of Defendant Gallagher from July 2001 until December 2006, during which time Defendants Saltzman and King were corporate officers of Defendant Gallagher. (Compl. ¶¶ 4-5, 18.)

   Plaintiff states the following eight causes of action against all Defendants: (1) failure to pay overtime under Labor Code sections 510, 558, and 1194, and IWC Wage Orders; (2) waiting time penalties under Labor Code section 203; (3) failure to provide accurate itemized statements under Labor Code section 226; (4) failure to provide meal periods under Labor Code sections 226.7 and 512, and IWC Wage Orders; (5) failure to provide rest periods under Labor Code section 226.7 and IWC Wage Orders; (6) unfair competition under Business and Professions Code section 17200 and related subsections; (7) failure to produce records under Labor Code section 1174.5; and (8) constructive trust. (Compl.) According to Plaintiff, Defendants Saltzman and King are to be considered "employers" for liability purposes because they "exercised control over Plaintiff's wages, hours, [and] working conditions." (Compl. ¶¶ 6, 8.)

   In the Complaint, all named Defendants are alleged to be California citizens. (Compl. ¶¶ 3-5.) Nevertheless, Defendants seek to remove the case, claiming diversity jurisdiction. They

10

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: CV 07-05846 SJO (SHx)          DATE: September 25, 2007

argue that (1) Defendants Saltzman and King are fraudulently joined, and should therefore be ignored for diversity; and (2) Defendant Gallagher is a citizen of Delaware and Illinois, not California, and is therefore diverse from Plaintiff. (Compl. ¶¶ 6-8.)

II.   DISCUSSION

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Pursuant to 28 U.S.C. § 1332, federal district courts are given original jurisdiction of all civil actions "between . . . citizens of different States" where the amount in controversy exceeds $75,000. The provision "between . . . citizens of different States" requires complete diversity between all plaintiffs and all defendants. *Lincoln Property Co. v. Roche*, 546 U.S. 81, 82 (2005).

   A.   Fraudulent Joinder

Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence will be ignored for purposes of determining diversity, "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir.1987). "[T]he question is simply whether there is any possibility that plaintiff will be able to establish liability against the party in question." *Briano v. Conseco Life Ins. Co.*, 126 F. Supp. 2d 1293, 1296 (C.D. Cal. 2000); *see also Cont'l Ins. Co. v. Foss Mar. Co.*, No. C 02-3936, 2002 WL 31414315, at *6 (N.D. Cal. Oct. 23, 2002) ("The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is any possibility that they may do so."). Just as the removing party has the burden of establishing federal jurisdiction, it has the burden of establishing fraudulent joinder. *Briano*, 126 F. Supp. 2d at 1296.

Because Defendants Saltzman and King, like Plaintiff, are California citizens, their presence in the lawsuit at the time of removal defeats diversity jurisdiction unless they were fraudulently joined. Defendants argue that it is well-settled under California law that Plaintiff's Complaint only states viable claims against Defendant Gallagher, the corporation, not against Defendants Saltzman and King, the corporate officers. The Court disagrees. At the very least, there is a "possibility" that Plaintiff may be able to establish liability against Defendants Saltzman and King under (1) Labor Code section 558 for failure to pay overtime, and (2) Business and Professions Code section 17200 for unfair competition.[1]

---

[1] The Court does not pass judgment on Plaintiff's other claims against Defendants Saltzman and King. The Court simply identifies these two claims as ones that are not clearly settled under California law on the issue of corporate officer liability.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: CV 07-05846 SJO (SHx)        DATE: September 25, 2007

Defendants rely on *Reynolds v. Bement*, 116 P.3d 1162 (Cal. 2005), and *Jones v. Gregory*, 40 Cal. Rptr. 3d 581 (Ct. App. 2006), for the proposition that corporate officers acting within the scope of their employment cannot be held personally liable under the Labor Code for failure to pay wages, or for penalties based on wage claims. However, Defendants overlook the fact that these cases, unlike the instant case, involve claims arising prior to 2000. Labor Code section 558(a), effective January 1, 2000, imposes liability for unpaid wages on an employer "or other person acting on behalf of an employer."[2] Whether this section would allow for the imposition of liability on a corporate officer remains an unanswered question, although both *Reynolds* and *Jones* raise the possibility.

The *Reynolds* court describes its holding as "narrow" and states that, while an employee may not seek recovery under section 1194 of the Labor Code against a corporate officer for unpaid wages, an employee might be able to bring such an action under section 558 of the Labor Code. *Reynolds*, 116 P.3d at 1170-71. According to the *Jones* court:

> As Justice Moreno observed in *Reynolds*, section 2699 [the Labor Code Private Attorneys General Act of 2004], "in time, may provide workers with a mechanism for recovering unpaid overtime wages through private enforcement of section 558, which authorizes civil penalties for violations of the wage laws that include unpaid wages from 'any employer or other person acting on behalf of an employer,' a phrase conceivably broad enough to include corporate officers and agents in some cases."

*Jones*, 40 Cal. Rptr. 3d at 590 (quoting *Reynolds*, 116 P.3d at 1174 (Moreno, J., concurring)). Based on these holdings, it cannot be said that it is "*obvious according to the settled rules of the state*" that Plaintiff has failed to state a cause of action against Defendants Saltzman and King under section 558 of the Labor Code. There is a possibility that Plaintiff may prevail on his claim.

The Court reaches the same conclusion as to Plaintiff's Business and Professions Code claim. Under section 17203 of the Business and Professions Code, an employee may obtain the equitable remedy of restitution to recover payment of *unlawfully withheld wages*. *Cortez v. Purolator Air Filtration Prods. Co.*, 999 P.2d 706, 712 (Cal. 2000). As with Labor Code section 558, the question of whether a corporate officer may be held liable under this section remains unsettled. *See Jones*, 40 Cal. Rptr. at 588 n.8 (*rasing the possibility of a section 17203 suit*

---

[2] While there was initially a question as to whether this section provided a private right of action, *see Ruiz v. Paladin Group, Inc.*, No. CV 03-6018, 2003 WL 22992077 (C.D. Cal., Sept. 29, 2003), the legislature answered that question in the affirmative with the enactment of the Labor Code Private Attorneys General Act of 2004. Cal. Lab. Code § 2698.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: CV 07-05846 SJO (SHx)     DATE: September 25, 2007

against an individual corporate officer without addressing the merits of such a suit). Defendants have introduced no evidence to the contrary.

Because Defendants have failed to meet the high burden of showing fraudulent joinder, the Court will not ignore the citizenship of Defendants Saltzman and King in its jurisdictional calculus. Accordingly, the Court need not reach the question of Defendant Gallagher's citizenship as the case is not diverse.

III.  RULING

For the foregoing reasons, the Court orders the case remanded to the Superior Court of Los Angeles County.

IT IS SO ORDERED.