UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GLEN ROSS,

    Plaintiff,

v.

SGS TESTCOM, INC., a New York corporation doing business in California; DENNIS DAYRIT, an individual; BILL GIBSON, an individual; and DOES 1-25,,

    Defendants.

_____/

NO. CIV. S-08-206 LKK/GGH

O R D E R

    Plaintiff, Glen Ross, originally brought a wage and hour complaint in Sacramento County Superior Court, naming both California and non-California defendants. The defendants removed the action to federal court based on diversity jurisdiction, alleging that the California defendant, Bill Gibson, was fraudulently joined and therefore should be disregarded. Pending before the court is plaintiff's motion to remand, which contends that the California defendant was properly joined and that subject

1

matter jurisdiction in federal court is therefore lacking. The court resolves the motion on the papers and after oral argument. For the reasons set forth below, the court grants plaintiff's motion and remands the action to Sacramento County Superior Court.

## I. Background

In December 2007, plaintiff Glen Ross, a citizen of California, filed a loss of wages complaint in Sacramento Superior Court against corporate defendant, SGS Testcom, Inc., and individual defendants, Dennis Dayrit and Bill Gibson. Plaintiff alleged the following seven causes of action against all defendants in his state complaint: (1) failure to pay over time (Labor Code §§ 510, 1194, 1198), (2) waiting time penalties (Lab.C. §§ 203, 558), (3) failure to provide accurate itemized statements (Lab.C. § 226), (4) failure to provide meal periods (Lab.C. §§ 226.7, 512, IWC Wage Orders), (5) failure to provide rest periods (Lab.C. § 226.7, IWC Wage Orders), (6) unfair competition (Business & Professions Code §§ 17200 et seq.), and (7) constructive trust. On January 28, 2008 defendants removed the case to this court.

Pending before the court is plaintiff's motion to remand the case to Sacramento County Superior Court.

## II. Standard for a Motion to Remand

Civil actions not involving a federal question are removable to a federal district court only if there is diversity of citizenship between the parties. 28 U.S.C. § 1332(a)(1). Section 1332 requires that there be complete diversity; that is, each plaintiff's citizenship must be diverse as to each

1  defendant's citizenship. Id. A defendant may remove a civil
2  action that alleges claims against a non-diverse defendant when
3  the plaintiff has no basis for suing that defendant, or in other
4  words, when that defendant has been fraudulently joined. McCabe
5  v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).
6      "'If the plaintiff fails to state a cause of action against
7  a resident defendant, and the failure is obvious according to
8  the settled rules of the state, the joinder of the resident
9  defendant is fraudulent.'" Ritchey v. Upjohn Drug Co., 139 F.3d
10 1313, 1318 (9th Cir.1998) (quoting McCabe, 811 F.2d at 1339).
11 Where a non-diverse defendant has been "fraudulently joined" to
12 an otherwise completely diverse case, that defendant is
13 disregarded for diversity jurisdiction purposes. See, e.g.,
14 Calero v. Unisys Corp., 271 F. Supp. 2d 1172, 1176 (N.D. Cal.
15 2003).
16     In order to establish that a non-diverse defendant has been
17 fraudulently joined, the removing party carries the heavy burden
18 of establishing the absence of any possibility of recovery.
19 Ritchey, 139 F.3d at 1318. The claim of fraudulent joinder must
20 be supported by clear and convincing evidence. Hamilton
21 Materials Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir.
22 2007). In determining whether a non-diverse defendant has been
23 improperly joined, courts may look beyond the pleadings and
24 examine the factual record. McCabe, 811 F.2d at 1339.
25     The court must initially resolve all disputed questions of
26 fact and all ambiguities in the controlling state law in favor

of the non-removing party. <u>Macey v. Allstate Prop. & Cas. Ins. Co.</u>, 220 F. Supp. 2d 1116, 1117-18 (N.D. Cal. 2002). If, after doing so, there is any possibility that the non-removing party may recover against the party whose joinder is questioned, the court must grant the motion to remand since complete diversity of citizenship and thus federal jurisdiction is lacking. <u>Plute v. Roadway Package Sys., Inc.</u>, 141 F. Supp. 2d 1005, 1012 (N.D. Cal. 2001).

### III. Analysis

Defendants removed the action to federal court pursuant to 28 U.S.C. § 1441(b), alleging that Bill Gibson, a citizen of California, was fraudulently joined. Specifically, defendants assert that plaintiff has no valid cause of action against individual defendant Gibson under California law, and thus his joinder is fraudulent and his presence should be disregarded for purposes of diversity. Plaintiff maintains that there are valid claims against defendant Bill Gibson for waiting time penalties (Cal. Labor Code § 558) and unfair competition (Cal. Business & Professions Code §§ 17200 et seq.). Therefore, plaintiff asserts that joinder of defendant Gibson was not fraudulent and complete diversity in federal court is destroyed by his presence.

As explained below, the court finds that defendants fail to establish by clear and convincing evidence that plaintiff has no possibility of recovery against defendant Gibson. Plaintiff's motion is granted.

### A. Waiting Time Penalties Claim under Labor Code Section 558

While plaintiff's complaint alleges all seven claims against individual defendant Gibson, plaintiff specifically argues in his motion to remand that he has a possibility of recovery under the waiting time penalties claim (Cal. Labor Code § 558) and unfair competition claim (Cal. Bus. & Prof. Code §§ 17200 et seq.). Defendants first argue that § 558 does not permit recovery as a matter of law and, alternatively, that there is no evidence to show that defendant Gibson may be liable under § 558.

#### 1. Section 558 Permits Plaintiff's Cause of Action Against Defendant Gibson

Defendants maintain two arguments as to the text of California Labor Code § 558.[1] First, defendants assert that the plain language of Labor Code § 558 does not provide for imposition of liability on managers. Second, defendants

---

[1] At oral argument, the defendants asserted for the first time that the plaintiff's allegations against defendant Gibson were proper only under Labor Code § 510, not § 558, because they allege failures to pay overtime wages. Aside from the impropriety of raising a new argument at oral argument that was not raised in the briefs, the court finds this argument meritless. Upon a plain reading of § 558, it is not evident to the court that a claim for failure to pay overtime wages could not be properly brought under this section. Even if that were the case, the specific factual allegations made against defendant Gibson encompass more than simply failure to pay overtime wages. See Notice of Removal, Ex. A (complaint filed in Superior Court of California, County of Sacramento at ¶ 5). Furthermore, the plaintiff's causes of action were alleged against all defendants, including defendant Gibson. See id. (complaint at ¶¶ 29-72). The court therefore cannot conclude that § 558 is not the proper avenue for the relief that the plaintiff seeks against defendant Gibson.

maintain that the legislative history of § 558 does not support the imposition of personal liability on supervisors. The court finds both arguments unpersuasive.

California Labor Code § 558 states, "Any employer <u>or other person acting on behalf of an employer</u> who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows..." (emphasis added). For the purpose of defining "person" as it is used in § 558, Labor Code § 18 provides that, "Person means any person, association, organization, partnership, business trust, limited liability company, or corporation."

A plain reading of § 558, therefore, indicates that a "person acting on behalf of an employer" can be subject to the civil penalties of § 558. This language tends to demonstrate that the legislature did contemplate directly holding a corporate agent or representative liable to such civil penalties under the statute. In addition, since a "person" is defined in § 18 as including an individual person, this further supports the possibility that individual corporate agents are subject to the civil penalties of § 558.

Since the court finds that on its face, the statutory language demonstrates possible liability for individual corporate agents, it is not necessary to take judicial notice of the legislative history as requested by defendants. See <u>Funbus</u>

Systems Inc. v. California Public Utilities Com., 801 F.2d 1120, 1126 (9th Cir. 1986)(explaining that only if language of statute is ambiguous, may court then consider legislative history). However, the court observes that the legislative history of § 558 does not appear to support defendants' argument. Defendants point to the legislative history's complete lack of discussion regarding intent for § 558 to change the common law rule that only an employer may be liable for unpaid wages and associated penalties. This absence of discussion of individual agent liability in the legislative history does not in and of itself persuade the court that the legislature decided against such liability.

Defendants also argue that it is well-settled by California courts that corporate agents acting within the scope of their agency cannot be held personally liable for their employer's failure to pay wages. Defendants further maintain that because plaintiff's interpretation of Labor Code § 558 conflicts with this long-standing common law, plaintiff's interpretation should not stand. Defendants principally rely on Reynolds v. Bement, 116 P.3d 1162 (Cal. 2005) and Jones v. Gregory, 137 Cal.App.4th 798 (2006) in support of this contention. The court finds these cases to be inapposite.

In Reynolds, the California Supreme Court held that individual corporate defendants were not liable for alleged misclassifications of employees under Labor Code §§ 1194 and 510. Reynolds, 116 P.3d 1162 at 1170. Since § 1194 did not

1  explicitly define "employer," the plaintiff in Reynolds
2  suggested that the court apply the Industrial Welfare Commission
3  (IWC) definition in which an employer was any individual who
4  "exercises control over the wages, hours, or working conditions
5  of any person." Reynolds, 116 P.3d at 1168; see also Wage Order
6  No. 9, subd. 2(F). Following an examination of the legislative
7  history of § 1194, the court concluded that the legislature did
8  not clearly manifest intent to incorporate the IWC's definition
9  of "employer" and impose personal civil liability on corporate
10 agents. Reynolds, 116 P.3d at 1170.
11     Reynolds is easily distinguished from the case at hand.
12 First, unlike Reynolds, the instant case does not deal with only
13 a § 1194 claim against an individual defendant. Rather, the
14 plaintiff also asserts a separate § 558 claim against individual
15 defendant Gibson. The Reynolds court itself acknowledged that a
16 § 558 claim and a § 1194 claim are distinct causes of action,
17 noting that to § 558 was a potential alternative to § 1194 for
18 holding individual corporate agents subject to civil penalties
19 for unpaid wages. Reynolds, 116 P.3d at 1170-71; see also
20 Jones, 137 Cal.App.4th at 810 (differentiating § 1194 and § 558
21 claim while alluding to possibility of private enforcement of §
22 558 through newly created Private Attorneys General Act of
23 2004). Moreover, the Reynolds' court's holding was based on the
24 absence of a statutory definition of "employer" in § 1194. See
25 Reynolds, 116 P.3d at 1170. This is not the case in § 558,
26 where, as discussed *supra*, the persons who may be liable for the

8

violation of the section are expressly described and include persons acting on behalf of an employer. Neither <u>Reynolds</u> nor <u>Jones</u> appear to be plausibly read as to bar the plaintiff's cause of action under § 558 against defendant Gibson.

    2.    **Facts In Support of Plaintiff's Section 558 Claim Against Defendant Gibson**

Finally, defendants assert that even if there were a potential claim against individual defendant Gibson under § 558, no facts exit that could be used to hold him liable. The court disagrees. The plaintiff has tendered evidence in the form of his own declaration, stating that Gibson "was in charge of the SGS Testcom, Inc. division in California. He was in direct control of my wages, hours, and working conditions at SGS Testcom, Inc. He was further directly responsible for applying the California labor laws to my employment, and to the employment of others in my department." <u>See</u> Declaration of Glen Ross in Support of Plaintiff's Motion for Remand ¶ 3.

When examining the factual record to determine fraudulent joinder, the court must initially resolve all disputed questions of fact and all ambiguities in the law in favor of the non-removing party. <u>Macey v. Allstate Prop. & Cas. Ins. Co.</u>, 220 F. Supp. 2d 1116, 1117-18 (N.D. Cal. 2002). Here, the plaintiff has presented some evidence to support his allegation that defendant Gibson may have been acting as an agent for the corporation. Whether this evidence is credible is an ambiguity that must be resolved in favor of the plaintiff. The defendants

9

have not met their burden to show that there is no potential factual basis for recovery against defendant Gibson.

Because the court concludes that a potential claim exists under Labor Code § 558 as against individual defendant Gibson, it need not determine whether there is also a claim under California Business & Professions Code §§ 17200 et. seq.

The defendants have not established by clear and convincing evidence that defendant Gibson was fraudulently joined. Consequently, the presence of defendant Gibson in this case destroys the complete diversity required in 28 U.S.C. § 1332 and the case must be remanded to the state superior court with proper jurisdiction.

### IV. CONCLUSION

For the reasons set forth above, plaintiff's motion to remand is GRANTED and the action is REMANDED to Sacramento County Superior Court.

IT IS SO ORDERED.

DATED: April 8, 2008.