# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No.    CV07-1925-GW(AGRx)        Date   January 28, 2008

Title    Charles Williams v. The Home Depot Inc et al

---

Present: The Honorable    **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | Wil Wilcox | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:        Attorneys Present for Defendants:

Gregory Douglas        Andrew Jaramillo

**PROCEEDINGS:**    **DEFENDANT HOME DEPOT INC.'S MOTION FOR SUMMARY ADJUDICATION (filed 12/24/07)**

Hearing is held. The tentative ruling is adopted as the Court's final ruling (attached hereto.) Defendant Home Depot Inc.'s Motion for Summary Adjudication (filed 12/24/07) is **granted in part and denied in part.**

IT IS SO ORDERED.

 

:   04

Initials of Preparer   JG

<u>**Williams v. The Home Depot, Inc.**</u>, Case No. CV 07-1925 GW (AGRx)
Tentative Ruling on Motion for Summary Adjudication

## I. <u>Background</u>

On January 31, 2007, Plaintiff Charles Williams ("Plaintiff") filed this action against his former employer, Defendant The Home Depot, Inc. ("Defendant") in San Luis Obispo County Superior Court, alleging eight causes of action: 1) failure to pay overtime; 2) waiting time penalties under California Labor Code section 203; 3) failure to provide accurate itemized statements under California Labor Code section 226; 4) failure to provide meal periods under California Labor Code sections 226.7 and 512 and IWC Wage Order 5; 5) failure to provide rest periods under California Labor Code section 226.7 and IWC Wage Order 6; 6) unfair competition under California Business & Professions Code section 17200; 7) failure to produce records under California Labor Code section 1174.5; and 8) a constructive trust.

Defendant removed this action to federal court on March 23, 2007. Defendant now moves for summary adjudication with respect to several issues: 1) whether Plaintiff was properly classified as an exempt employee; 2) whether Plaintiff's fourth and fifth causes of action fail as a matter of law because no private right of action exists for violations of California Labor Code section 226.7 or specified Wage Orders; 3) whether Plaintiff's sixth cause of action fails as a matter of law because Plaintiff has failed to meet the pleading requirements of Cal. Civ. Proc. Code section 382; 4) whether Plaintiff's Complaint fails to allege the requisite facts necessary to support a prayer for punitive damages; 5) whether Plaintiff is barred from pursuing punitive damages because the statutory penalties sought in the Complaint are his exclusive remedy; and 6) whether Defendant is not liable for punitive damages because the Complaint does not allege the involvement of a director, officer or managing agent.

Plaintiff alleges that he was employed as an Assistant Store Manager with Defendant from January 1, 2003 through January 18, 2006. *See* Complaint ¶ 16. He alleges that his "principal job duties consisted of supervising completion of daily tasks, stocking merchandising, checking inventory, and assisting in customer service." *Id.* Plaintiff alleges that he should not have been classified as an "exempt employee" and

1

that, therefore, certain legal consequences flow from his alleged misclassification. *See, e.g.*, Complaint ¶¶ 18, 29.

## II. Procedural Issues

Defendant's Amended Proof of Service, filed January 2, 2008, indicates that Defendant served all of its motion papers on an address for Plaintiff's counsel which does not match up with the address on any of Plaintiff's filing in this case, including his Opposition papers to this motion. The Amended Proof of Service indicates that the address served is Plaintiff's counsel's "Physical Address (Not Listed on Their Letterhead or Pleadings)." However, Defendant's original Proof of Service, filed with the moving papers on December 24, 2007, indicates service on the address Plaintiff's counsel has heretofore listed.

In addition, Defendant apparently failed to comply with Local Rule 7-3, requiring that the parties meet and confer before filing motions. Defendant does not address this apparent failure in its Reply filed on January 17, 2008, other than by stating that the parties discussed Defendant's general intention to file such a motion at the time the parties filed their Rule 26(f) report and once more in November 2007. *See* Jaramillo Supp. Decl. ¶¶ 6-7.

## III. Discussion

### A. Exempt or Non-Exempt (Issue No. 1)

Executive, administrative and professional employees who are specifically exempted by the Industrial Welfare Commission are exempt from the hour and day limitations set up by the California Labor Code. *See* Cal. Labor Code § 515; 3 Witkin, Summary of California Law: Agency and Employment, § 361, at 457. Defendant argues that Plaintiff was appropriately classified as exempt, apparently qualifying as such under the exemption for executive employees set forth at Cal. Code Regs., tit. 8, § 11070.[1]

---

[1] Defendant cites numerous regulatory sections in its Motion. Section 11070 appears to be the appropriate regulatory section because it applies to "all persons employed in the mercantile industry" – "mercantile" meaning "any industry, business, or establishment operated for the purpose of purchasing, selling, or distributing goods or commodities at wholesale or retail; or for the purpose of renting goods or commodities." Section 11070, Subd. 2(H). The exact text of Industrial Welfare Commission Wage Order 7-2001, as set forth at section 11070, is as follows:

> 1.(A)(1) Executive Exemption [-] A person employed in an executive capacity means any employee: [¶] (a) Whose duties and responsibilities involve the management of the enterprise in which he/she is employed or of a customarily recognized department or

Whether an individual employee is exempt depends on the work actually performed by the employee, the amount of time spent on exempt and nonexempt work, and the employer's realistic expectations and the actual requirements of the job. *See* Cal. Code Regs., tit. 8, § 11070; *Sav-On Drug v. Superior Court*, 34 Cal.4th 319, 336-37 (2004). Exemptions are affirmative defenses under California law. *See Sav-On*, 34 Cal.4th at 338; *Whiteway v. FedEx Kinko's Office & Print Servs., Inc.*, 2007 WL 2408872, *4 (N.D. Cal. Aug. 21, 2007). Therefore, Defendant bears the burden of proving an exemption. *See Sav-On*, 34 Cal.4th at 338; *Ramirez v. Yosemite Water Co.*, 20 Cal.4th 785, 794-95 (1999).

Defendant argues that Plaintiff was exempt because "the vast majority of plaintiff's duties included: (1) supervising hourly associates, (2) managing merchandising, (3) managing inventory, (4) monitoring financial performance, and (5) supervising safety and security programs." Defendant argues that whether or not Plaintiff actually performed such duties more than half the time is irrelevant, because it is the "employer's realistic expectations" which govern, citing *Ramirez*, 20 Cal.4th at 802.[2] Defendant relies solely on its "realistic expectations" in support of its argument that summary adjudication is appropriate in connection with Plaintiff's status as an exempt or

---

subdivision thereof; and [¶] (b) Who customarily and regularly directs the work of two or more other employees therein; and [¶] (c) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring or firing and as to the advancement and promotion or any other change of status of other employees will be given particular weight; and [¶] (d) Who customarily and regularly exercises discretion and independent judgment; and [¶] (e) Who is primarily engaged in duties which meet the test of the exemption. The activities constituting exempt work and non-exempt work shall be construed in the same manner as such items are construed in the following regulations under the Fair Labor Standards Act effective as of the date of this order: 29 C.F.R. Sections 541.102, 541.104-111, and 541.115-116. Exempt work shall include, for example, all work that is directly and closely related to exempt work and work which is properly viewed as a means for carrying out exempt functions. <u>The work actually performed by the employee during the course of the workweek must, first and foremost, be examined and the amount of time the employee spends on such work, together with the employer's realistic expectations and the realistic requirements of the job, shall be considered in determining whether the employee satisfies this requirement.</u> [¶] (f) Such an employee must also earn a monthly salary equivalent to no less than two (2) times the state minimum wage for full-time employment. Full-time employment is defined in Labor Code Section 515(c) as 40 hours per week.
(Emphasis added).

[2] *Ramirez* itself was decided after a trial, not on summary judgment. *See Ramirez*, 20 Cal.4th at 793.

3

non-exempt employee. *See* Defendant's Statement of Uncontroverted Facts and Conclusions of Law ("DSUF") ¶¶ 1-2.

However, *Ramirez* itself[3] indicates that Plaintiff's actual work is far from irrelevant. In fact, courts are to consider "first and foremost" how an employee "actually spends his or her time." *Ramirez*, 20 Cal.4th at 802. Furthermore, under *Ramirez*, even if the plaintiff's actual work diverges from an employer's realistic expectations, a court is to consider whether the employer offered a "concrete expression of [its] displeasure" concerning such performance. *See id.*

Defendant complains that any employee could simply destroy his or her exempt status by performing his job inefficiently or by ignoring the directions of his employer. *Ramirez* deals with that situation by indicating that a court should take into consideration any "concrete expression of employer displeasure." *Ramirez*, 20 Cal.4th at 802. Absent such an expression of displeasure, an employee's job responsibilities may morph from what is expected to what is performed without objection from the employer. Thus, Defendant's concern is not persuasive.

Plaintiff presents evidence that he performed non-executive work regularly, and only spent "a small minority" of his time on "management and/or administrative duties." *See* Williams Decl. ¶¶ 3, 5-6, 13. Moreover, Plaintiff has presented evidence that Defendant should not have had a reasonable expectation that his job would consist primarily of executive functions because his particular store manager effectively required him to take on the job responsibilities of hourly, non-exempt, workers. *See* Williams Decl. ¶¶ 7, 13.

Moreover, as Plaintiff impliedly points out, section 11070 and Defendant itself indicates that six factors are considered in the assessment of whether a given employee meets the executive exemption standard. At best, Defendant has only presented evidence that suggests Plaintiff meets some, but not all, of these factors. *See* DSUF ¶¶ 1-2. For instance, Defendant has submitted no evidence that Plaintiff had the authority to hire and fire or that his recommendations on such subjects would be given particular weight.

---

[3] Although *Ramirez* dealt with the question of whether someone was an "outside salesperson" and might be characterized as at least somewhat off-topic here, *see Sav-On*, 34 Cal.4th at 336, the discussion in that opinion that Defendant relies upon herein largely tracks the considerations represented by the underlined portion of the language quoted in Footnote 2 above.

4

Plaintiff presents evidence that he had no such authority or sway. *See* Williams Decl. ¶ 9. Defendant also has failed to submit any evidence on the question of Plaintiff's salary and whether it would have been consistent with deeming Plaintiff an exempt employee. As such, Defendant has insufficiently established its affirmative defense as a matter of law.

Because of Defendant's deficient showing, the Court denies the motion as to the first issue Defendant raises.[4] *See, e.g., Takacs v. A.G. Edwards & Sons, Inc.*, 444 F.Supp.2d 1100, 1110-13, 1120-22 (S.D. Cal. 2006) (denying summary judgment on exemption issue).

### B. Private Right of Action for Meal and Rest Period Claims (Issue No. 2)

Defendant argues that, even if Plaintiff's fourth and fifth claims for relief are not barred because of his correctly-categorized exempt status, he cannot assert his meal and rest period claims because there is no private right of action for such claims under California Labor Code section 226.7. Defendant contrasts the absence of such private right of action language in section 226.7[5] with language supporting such an avenue in Labor Code sections 203, 203.1, 226(g), 1194 and 1194.2(b). Defendant acknowledges that employee plaintiffs routinely bring such claims into court, but asserts nonetheless that the plain statutory language does not support such an action. Defendant also argues that section 226.7's legislative history backs up this contention. In particular, Defendant argues that an earlier version of section 226.7 actually did include language providing for a private right of action.

---

[4] Defendant argues that Plaintiff's first six causes of action all fail because Plaintiff was appropriately categorized as "exempt." Plaintiff's sixth cause of action, under Business & Professions Code section 17200, borrows the alleged Labor Code violations. In its Reply filed on January 7, 2008, in which it most notably points to Plaintiff's failure, as of that time, to file an Opposition, Defendant states that Plaintiff's eighth cause of action (for a constructive trust) likewise fails if the Court determines that Plaintiff was exempt as a matter of law. *See* Defendant's January 7, 2008 Reply at 5:22-28. In light of the ruling on the first issue raised by Defendant's motion, the Court declines to adopt this argument.

[5] Section 226.7 provides as follows:
    (a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.
    (b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.
Cal. Labor Code § 226.7.

Plaintiff cites Labor Code section 2699(a)[6] as the source for his right to pursue his fourth and fifth claims for relief. In response, Defendant argues that Plaintiff's reliance on section 2699(a) only proves Defendant's point – that section 226.7 itself does not provide for a private right of action. Yet, if a private right of action for section 226.7 violations exists by virtue of other legislative enactments (i.e., section 2699(a)), it is hard to understand what Defendant seeks to gain by this argument. *See Campbell v. Pricewaterhouse Coopers, LLP*, 2007 U.S. Dist. LEXIS 24344, *14 (E.D. Cal. Mar. 20, 2007) ("By itself, Section 226.7 does not contain language creating a private cause of action. But it need not do so where the same language is provided elsewhere.").

In fact, at least one California court has plainly reached the conclusion that such a private right existed even before the enactment of section 2699. *See Caliber Bodyworks, Inc. v. Superior Court (Herrera)*, 134 Cal.App.4th 365, 382 (2005)[7]; *see also Zavala v. Scott Bros. Dairy, Inc.*, 143 Cal.App.4th 585, 592-94 (2006) (holding that collective bargaining agreement could not bind plaintiffs to arbitrate statutory labor-rights claims, including claim for violation of section 226.7, "because the Union could not waive plaintiffs' right to bring statutory labor-rights claims in court"). Contrary to Plaintiff's assertion, however, that court indicated that it is not section 2699 which provides such a private right. *See Caliber Bodyworks*, 134 Cal.App.4th at 380, 386 & n.16 (holding that section 226.7 pay is statutory penalty, but not civil penalty, and therefore not subject to section 2699.3 prefiling requirements); *Dunlap v. Superior Court (Bank of Am., N.A.)*, 142 Cal.App.4th 330, 339-40 (2006) (same). Although *Caliber Bodyworks* failed to identify just which statutory provision provided such a right, it is most likely Labor Code section 218. *See Swanson v. USProtect Corp.*, 2007 U.S. Dist. LEXIS 37658, *11-12 (N.D. Cal. May 10, 2007); *Campbell*, 2007 U.S. Dist. LEXIS 24344, *14; *Zavala*, 143

---

[6] Section 2699(a) provides as follows:
> Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3.

Cal. Labor Code § 2699(a).

[7] This judicial officer was the Superior Court Judge who was affirmed in part and reversed in part in the *Caliber Bodyworks* case.

Cal.App.4th at 596 ("When enacting these minimum labor standards, the Legislature granted to individual employees the right to vindicate them in court, separate from the enforcement tools it gave to the Labor Commissioner.") (citing, among other things, section 218). Section 218 provides, in relevant part, "[n]othing in this article shall limit the right of any wage claimant to sue directly or through an assignee for any wages or penalty due him under this article." Cal. Labor Code § 218. This conclusion is especially understandable in light of the decision by the California Supreme Court in *Murphy v. Kenneth Cole Productions, Inc.*, 40 Cal.4th 1094 (2007), that a section 226.7 payment is a wage, not a penalty. *See id.* at 1114.

Although this Court is not bound to follow the decisions of California appellate courts such as *Caliber Bodyworks*, see *General Motors v. Doupnik*, 1 F.3d 862, 865 n.4 (9th Cir. 1993), it may look to those decisions for guidance. In addition to *Caliber Bodyworks*, at least one federal district court has concluded that *Murphy* implicitly decided that a private right of action exists for section 226.7 violations. *See Swanson*, 2007 U.S. Dist. LEXIS 37658, *7-13; see also Murphy*, 40 Cal.4th at 1118 ("As the Court of Appeal here acknowledged, Murphy could have filed a separate civil complaint raising the additional wage claims, at which point the trial court could have consolidated the civil action with the *de novo* proceeding and considered all of the claims together."). As the *Swanson* court indicated:

> In concluding that Murphy could have filed a civil complaint raising his § 226.7 claims even though those claims had not been raised in the administrative Berman proceeding, the court necessarily concluded that Murphy had the right to file a civil claim under § 226.7. Moreover, the court devoted the bulk of its lengthy decision to the question of whether a civil claim brought under § 226.7 is subject to a one-year statute of limitations or a three-year statute of limitations. There would have been no reason for the court to engage in this detailed analysis if no private right of action exists under § 226.7 in the first place.

*Swanson*, 2007 U.S. Dist. LEXIS, *10-11.

In its Reply, Defendant appears to admit that section 2699(a) provides for a private right of action, but argues that the section 226.7 claim as to Plaintiff is time-barred. *See* Defendant's January 17, 2008 Reply at 7:9-15. Defendant did not raise this argument in its opening Memorandum of Points and Authorities or in its Notice of

Motion. The Court therefore disregards the argument[8] and denies the motion as to the second issue.

### C. Unfair Competition Claim (Issue No. 3)

Defendant asserts that Plaintiff's sixth claim for relief purports to be a representative claim under Business & Professions Code section 17200, but argues that such a claim must be pursued as a class action and must comply with the pleading requirements of California Code of Civil Procedure section 382. As Plaintiff's section 17200 claim purportedly satisfies neither of these obligations, Defendant asserts that this claim must fail.

Plaintiff's sixth cause of action is plainly brought on behalf of himself and "for the interests of the general public." *See* Complaint at 11:2-4; *id.* ¶¶ 55, 57, 59-61. Plaintiff appears to argue that he may permissibly bring his section 17200 claim in light of *Cortez v. Purolator Air Filtration Products Co.*, 23 Cal.4th 163 (2000). If Plaintiff has valid claims for overtime and meal and rest break violations, he plainly has suffered injury himself and therefore has standing, by himself, to bring a UCL action. *See, e.g, Murphy*, 40 Cal.4th at 1114 (characterizing section 226.7 as providing for wages, not penalties); *Cortez*, 23 Cal. 4th at 173 (unpaid overtime compensation constitutes unpaid

---

[8] To the extent that Defendant's argument is founded (as it appears to be) on the assertion that the section 226.7 pay is a penalty, that position is no longer tenable in light of the California Supreme Court's decision in *Murphy v. Kenneth Cole Productions, Inc.*, 40 Cal.4th 1094 (2007). The one-year period of limitation in California Code of Civil Procedure section 340(a) does not apply; the three-year period in section 338 of that Code applies. *See Murphy*, 40 Cal.4th at 1099, 1114. Defendant cites *Caliber Bodyworks* and two federal district court decisions for the proposition that the one-year time limit applies. As noted, subsequent to *Caliber Bodyworks* the California Supreme Court determined that a section 226.7 payment is a wage, not a penalty (statutory or civil). In *Thomas v. Home Depot USA, Inc.*, 2007 U.S. Dist. LEXIS 75489 (N.D. Cal. Sept. 27, 2007), despite acknowledging that *Murphy* meant section 226.7 claims were covered by 3-year statute of limitations, *see id.* at *11, the court concluded that the claim had been brought as a claim under section 2699, which was for civil penalties and thus subject to a one-year limitations period. There, unlike here, the plaintiff had specifically amended his complaint to make clear that he brought his claims pursuant to section 2699. *See id.* at *3. Here, Plaintiff's fourth and fifth claims for relief cite section 226.7, not section 2699, though that latter section is cited elsewhere. *See* Complaint ¶ 25. Moreover, *Thomas*'s conclusion that a claim for wages can be converted into a claim for a penalty simply by bringing the action pursuant to section 2699 would seem to ignore the substantive meaning of *Murphy*. *Moreno v. Autozone, Inc.*, 2007 U.S. Dist. LEXIS 43873 (N.D. Cal. June 5, 2007), authored by the same Judge as the *Thomas* opinion, likewise involved a later amendment to add a claim pursuant to section 2699. *See id.* at *1-2. Although it appears that the plaintiff in that action at least at one point in time had a section 226.7 claim, *see Moreno v. Autozone, Inc.*, 2007 U.S. Dist. LEXIS 29432, *5 (N.D. Cal. Apr. 9, 2007), there is no suggestion that a section 226.7 violation was a predicate of the section 2699 claim, nor did the court even mention *Murphy*.

wages and is proper basis for restitution in UCL claim)); Bus. & Prof. Code § 17204. Although Plaintiff clearly may bring his own claim for restitution, Business & Professions Code section 17203 requires that he also satisfy California Code of Civil Procedure section 382.

Section 382 merely requires, in pertinent part, that "when the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all." Cal. Code Civ. Proc. § 382. Plaintiff's Complaint appears to be amenable to such a claim, as it has already alleged that Defendant acted in such a way as to violate certain Labor Code provisions as to all similarly situated employees. *See* Complaint ¶¶ 58-59. However, section 382 is commonly understood as requiring a class action, and class actions require an ascertainable class and a well defined community of interest in the questions of law and fact involved affecting the parties to be represented. *See Daar v. Yellow Cab Co.*, 67 Cal.2d 695, 704 (1967).

Defendant does not specify why Plaintiff's allegations in support of his UCL claim fall short of section 382's requirements. Perhaps Defendant feels that Plaintiff has not sufficiently alleged all of the elements that he would ultimately be required to show in order to get class certification. *See Ticconi v. Blue Shield of Cal. Life & Health Ins. Co.*, 157 Cal.App.4th 707, 716 (2007) (indicating that community of interest requirement includes three factors: 1) predominant common questions of law or fact, 2) class representatives with claims or defenses typical of the class, and 3) class representatives who can adequately represent the class); *Reyes v. San Diego County Board of Supervisors*, 196 Cal.App.3d 1263, 1271 (1987 ("ascertainable class" determined by examining class definition, size of the class and means available for identifying class members). Plaintiff's sixth cause of action clearly does not contain this measure of detailed allegations.

More importantly, however, Plaintiff has not proceeded in this lawsuit as if he were litigating a class action claim. For example, he did not mention in the FRCP Rule 26(f) Report that there was a class action involved herein. Nor has he timely moved for class certification under the Local Rules. Consequently, this Court will not treat this litigation as involving a class action unless Plaintiff complies with all of the applicable

requirements. However, at this point the Court will not grant summary adjudication as to issue No. 3, but it may become apparent in the future that such adjudication should be granted. The motion is denied without prejudice.

### D. Punitive Damages (Issues Nos. 4, 5 and 6)

Defendant raises three separate arguments for why Plaintiff cannot recover punitive damages.[9] Plaintiff appears to contest none of them, effectively ceding the issue. *See* Plaintiff's Opposition at 14:9-11 (failing to address punitive damages arguments at all, except for the following statement: "For all of the foregoing reasons, Plaintiff respectfully submits that it is appropriate the Court deny Defendants' [*sic*] motion for summary adjudication in its entirety, except for the issue of punitive damages...."). As such, the Court grants Defendant's motion as to issues Nos. 4, 5 and 6 to the extent it seeks to dispose of Plaintiff's claim for relief in the form of punitive damages.

## IV. Evidentiary Objections

### A. Defendant's Evidentiary Objections

*Strand Decl.*

1. Overrule.
2. Sustain.
3. Sustain.
4. Sustain.
5. Sustain.
6. Sustain.

*Williams Decl.*

1. Overrule.
2. Overrule.
3. Overrule.
4. Overrule.
5. Sustain.
6. Sustain.

---

[9] Defendant argues that Plaintiff's Complaint contains no allegations supporting punitive damages, that the statutory penalties Plaintiff seeks are the exclusive penalty remedies available and that Plaintiff has not satisfied the requirements of Civil Code section 3294(b). Because Plaintiff appears to cede the issue of punitive damages, the Court need not address the merit of these arguments.

10

7. Overrule.
8. Overrule.
9. Sustain.
10. Overrule.
11. Overrule.
12. Overrule.
13. Sustain.
14. Overrule.
15. Overrule.
16. Sustain.
17. Overrule.
18. Overrule.