1  ANDREW R. LIVINGSTON (State Bar No. 148646)
   alivingston@orrick.com
2  ERIN M. CONNELL (State Bar No. 223355)
   econnell@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
4  405 Howard Street
   San Francisco, CA 94105-2669
5  Telephone:  +1-415-773-5700
   Facsimile:  +1-415-773-5759
6
   Attorneys for Defendants
7  Chase Home Finance, LLC (on behalf of itself and as successor
   in interest to Chase Manhattan Mortgage Corporation) and
8  James Boudreau

9
                    UNITED STATES DISTRICT COURT
10
                   SOUTHERN DISTRICT OF CALIFORNIA
11

12
   CHRISTOPHER CLARK and JAMES          Case No. 08 CV 0500 JM RBB
13 RENICK, individuals,
                                        **DECLARATION OF JANETTE
14         Plaintiffs,                  GOCHAN IN SUPPORT OF
                                        DEFENDANTS' ALTERNATIVE,
15         v.                           MOTION FOR PARTIAL SUMMARY
                                        JUDGMENT PURSUANT TO RULE
16 CHASE HOME FINANCE, LLC; a Delaware  56**
   LLC doing business in California; CHASE
17 MANHATTAN MORTGAGE                   Date:   May 30, 2008
   CORPORATION, a New Jersey corporation Time:   1:30 p.m.
18 doing business in California; JAMES   Dept.:  16
   BOUDREAU, an individual; and DOES 1-25, Judge:  The Hon. Jeffrey T. Miller
19
           Defendants.
20

21

22

23

24

25

26

27

28

OHS West:260427279.1

DECLARATION OF JANETTE GOCHAN IN SUPPORT
OF DEFENDANTS' ALTERNATIVE MOTION FOR
PARTIAL SJ (CASE NO. 08 CV 0500 JM RBB)

1   I, Janette Gochan, hereby declare:

2   1.   I am employed as Human Resources Business Partner JP Morgan Chase Bank. I have held this position for approximately eight years. I began my employment with the Company more than twenty-five years ago, and have worked in a Human Resources capacity for approximately seventeen years. I make this declaration in support of Defendants' Alternative Motion For Partial Summary Judgment Pursuant To Rule 56. The facts set forth in this declaration I know to be true of my own personal knowledge, except where such facts are stated to be based on information and belief, and those facts I believe to be true. If called as a witness I could and would testify competently to the matters set forth in this declaration.

2.   I have reviewed the Employee Records file of Plaintiff Christopher Clark ("Clark") in this action. Clark's file contains a "Release Agreement" signed by Clark. The signature is confirmed by a Notary Public. The signature also appears to match Clark's signature on other documents contained in his file. Attached as Exhibit A is a true and correct copy of Clark's Release Agreement.

Executed on April 24, 2008, in the City of Garden City, State of New York.

I declare under penalty of perjury under the laws of the State of California and these United States that the foregoing is true and correct.

_____
Janette Gochan

## INDEX OF EXHIBITS

| No. | Exhibit | Page |
|---|---|---|
| A. | Release Agreement signed by plaintiff Christopher Clark | 1 |

# Exhibit A

# RELEASE AGREEMENT

I, Christopher G Clark, (Global ID #726179) on behalf of myself, my heirs, assigns, representatives and estate, as RELEASOR, for and in consideration of severance under The Severance Pay Plan of JPMorgan Chase & Co., severance-related benefits and career services as detailed in the notice letter to me dated May 31, 2005 from Robert Rusinek (the "notice letter") and intending to be legally bound, hereby release to the fullest extent permitted by law CMMC (and any predecessor or successor entities thereof) and its and their affiliates, subsidiaries, parent corporations (including J.P. Morgan Chase & Co.) and any predecessor or successor entities thereof, any other merged entities, and all present, former and future employees, directors, officers, representatives, administrators, agents, successors, assigns, trustees, heirs, executors and any fiduciaries of any employee benefit plan (hereinafter "JPMC" or "RELEASEES") from any and all suits, claims, charges, obligations, causes of action or demands in law or in equity (including any arbitration claims) arising from or relating to my employment relationship with JPMC and/or the termination thereof, from the beginning of the world up to and including the date of execution of this RELEASE (whether known or unknown to me and including any continuing effects of any acts or practices prior to the date of execution of this RELEASE), including, but not limited to:

- any employment and/or benefit related claims under any federal, state or local law, employment law or civil rights law, including, but not limited to, the Americans with Disabilities Act, the National Labor Relations Act, the Employee Retirement Income Security Act of 1974 ("ERISA") including, but not limited to, breach of fiduciary duty and equitable claims arising under §1132(a)(3) of ERISA, Title VII of the Civil Rights Act of 1964, the Vocational Rehabilitation Act of 1973, the Civil Rights Acts of 1866, 1871 and 1991, including Section 1981 of the Civil Rights Act, the Family and Medical Leave Act, the Worker Adjustment and Retraining Notification Act (all as amended); and

- any and all employment and/or benefit related claims arising under common or other law including any policy, procedure or practice (including any funding practice associated with employee benefits) or any contract (whether express, oral, written, or implied from any source, including but not limited to any claim for severance under any other plan or agreement and for bonus or incentive compensation, including any such claim for performance years 2003 and 2004); tort (including but not limited to claims of defamation, intentional or negligent infliction of emotional distress, tortious interference, wrongful or abusive discharge, conversion, fraud, negligence, loss of consortium), common law or public policy; and

- any and all claims of retaliation under all federal, state, local or common or other law; and

- Any and all employment and/or benefit related claims subject to or covered by any arbitration agreements or provisions.

Provided, however, the foregoing does not release:

- any employment and/or benefit related legal claims under the Age Discrimination in Employment Act of 1967, including the Older Workers Benefit Protection Act of 1990, both as amended;

- any claim under the Fair Labor Standards Act for failure to pay minimum wages or overtime;

- any statutory claims for state unemployment insurance, worker's compensation, or disability insurance benefits (other than discrimination or retaliation claims related to the pursuit of such benefits);

- any legal obligations of RELEASEES under any award of restricted stock/units ("stock/units") or options existing as of the date of the termination of my employment (i.e., vested benefits), which award(s) shall remain in effect in accordance with its terms, provided that I acknowledge that notwithstanding those terms, the delivery to me of any restricted stock/units that vest at my termination will be pursuant to JPMC's administrative and audit/control practices;

- any legal obligations of JPMC to indemnify me under applicable by-laws, consistent with applicable law; or

- any legal obligations of JPMC in connection with the terms of my notice letter and this RELEASE that, by their terms, are to be performed after the date of execution of this RELEASE (including, without limitation, payment of any vested benefits under any pension plan or deferred compensation plan or benefits under any employee welfare plan in which I participate, all of which shall remain in effect in accordance with their terms).

    I agree that I will not pursue, file or assert or permit to be pursued, filed or asserted any civil action, suit or legal proceeding seeking equitable or monetary relief (nor will I seek or in any way obtain or accept any such relief in any civil action, suit or legal proceeding) in connection with any and all claims released herein; provided, however, that the foregoing does not affect any right to file an administrative charge with the Equal Employment Opportunity Commission (EEOC) subject to the restriction that if any such charge is filed, I agree not to violate the non-publicity and confidentiality provisions of this RELEASE or to seek or in any way obtain or accept any monetary award, recovery, settlement or relief therefrom.

2

Exhibit A
2

If I should bring any action arising out of the subject matter covered by this RELEASE, I understand and recognize that I will, at the option of RELEASEES, be considered in breach of this RELEASE and shall be required to immediately return any and all funds received pursuant to this RELEASE. Furthermore, if RELEASEES should prevail concerning any or all of the issues so presented, I shall pay to RELEASEES all of their costs and expenses of defense, including RELEASEES' attorney's fees.

I understand and recognize that I continue to be bound by JPMC's Worldwide Rules of Conduct, including, but not limited to, the Intellectual Property Policy and I will continue to discharge my duty of confidentiality with respect to all trade secrets and confidential and proprietary information which I received by virtue of my employment with JPMC. Additionally, and in that regard, I have advised JPMC of all facts of which I am aware that I believe may constitute a violation of JPMC's Worldwide Rules of Conduct and/or JPMC's legal obligations.

I understand that JPMC views its relationships with its employees, officers and consultants as important and valuable assets. Accordingly, I understand and agree that for a period of one (1) year after execution of this RELEASE, I will not on my own behalf or that of any other persons or entities, directly or indirectly, solicit or induce to leave or hire any officer, consultant or independent contractor of JPMC who is or was retained by JPMC within 12 months prior to such solicitation, inducement or hire.

I further represent that I have not and will not, in any way, publicize the terms of this RELEASE and agree that its terms are confidential and will not be disclosed by me except that I may discuss the terms of this RELEASE with my attorneys, financial advisors and members of my immediate family and as required by law; <u>provided, however</u>, that nothing in this RELEASE shall prohibit or restrict me from providing information or otherwise testifying or assisting in any governmental or regulatory investigation. I understand and agree that, unless otherwise prohibited by law, I will promptly notify JPMC, in writing sent by facsimile to the Legal Department, Office of the Managing Clerk at (212) 552-5043, of any such request for assistance or testimony.

I agree to cooperate fully with and provide full and accurate information to JPMC and its counsel with respect to any matter (including any audit, tax, tax proceeding, litigation, investigation or governmental proceeding) that relates to matters over which I may have knowledge or information, subject to reimbursement for appropriate and reasonable costs and expenses.

I understand and agree that violation of certain provisions of this RELEASE, including the notice and/or confidentiality provisions, will constitute a material breach of this RELEASE; that pursuit of both monetary and injunctive relief are appropriate; and that RELEASEES' entitlement to the remedy of injunctive relief shall be in addition to any monetary damages. I further understand that if I violate the terms or conditions of this RELEASE and/or the notice letter, my severance payments will cease and/or be due and owing to JPMC.

I understand and agree that should I violate any material term of this RELEASE, including, but not limited to the notice and confidentiality provisions, I will be responsible to RELEASEES for liquidated damages in the amount of all funds payable pursuant to this RELEASE and understand that such monetary relief shall not be a bar to RELEASEES' pursuit of injunctive relief.

I agree that if any of the provisions contained in this RELEASE are declared illegal, unenforceable or ineffective by a legal forum of competent jurisdiction, such provisions shall be deemed severable, such that all other provisions shall remain valid and binding upon both parties; provided, however, that, notwithstanding this or any other provision of this RELEASE, if any portion of the waiver or release of claims or rights or the non-publicity or confidentiality terms entered into between the parties is held to be unenforceable, RELEASEES, at their option, may seek modification or severance of such portion and/or terminate the RELEASE and/or consider the RELEASE null and void.

I acknowledge that I am familiar with the provision of Section 1542 of the California Civil Code, which provides as follows:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HER MUST HAVE MATERIALLY AFFECTED HER SETTLEMENT WITH THE DEBTOR.**

Being aware of said Code section, I hereby expressly waive and relinquish any rights or benefits I may have thereunder, as well as under any other state or federal statutes or common law principles of similar effect.

I understand and agree that I have until July 16, 2005 to sign and return this RELEASE to Robert Rusinek at 194 Wood Avenue South, 3rd Floor Human Resources, Iselin, NJ 08830.

I hereby certify that I have read the terms of this RELEASE, that I have been advised to discuss the RELEASE with an attorney of my choosing, and that I understand the terms and effects of this RELEASE. I hereby execute this RELEASE knowingly and voluntarily. Neither JPMC nor its agents or representatives have made, and I am not relying upon, any representations to me concerning the terms or effects of this RELEASE other than those contained herein. I agree that I have been afforded a reasonable time (up to forty-five (45) days) to review, consider and execute this RELEASE and understand that the RELEASE becomes effective immediately upon such execution.

*(The remainder of this page is intentionally left blank)*

Intending to be legally bound, I, Christopher G Clark, hereby execute the foregoing RELEASE this _15_ day of _June_, 2005.

_____
Christopher G Clark

STATE OF _CALIFORNIA_

COUNTY OF _SAN DIEGO_ ) ss.:

On this _15TH_ day of _JUNE_, 2005, before me personally came Christopher G Clark, known to me to be the individual described herein, and who executed the foregoing RELEASE, and duly acknowledged to me that He executed the same.

_____
Notary Public

GREGG MILLER
Commission # 1526435
Notary Public - California
San Diego County
My Comm. Expires Nov 18, 2008