1   ANDREW R. LIVINGSTON (State Bar No. 148646)
    alivingston@orrick.com
2   ERIN M. CONNELL (State Bar No. 223355)
    econnell@orrick.com
3   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
4   405 Howard Street
    San Francisco, CA 94105-2669
5   Telephone:    +1-415-773-5700
    Facsimile:    +1-415-773-5759
6
    Attorneys for Defendants
7   Chase Home Finance, LLC (on behalf of itself and as successor
    in interest to Chase Manhattan Mortgage Corporation) and
8   James Boudreau

9                    UNITED STATES DISTRICT COURT

10               SOUTHERN DISTRICT OF CALIFORNIA

11

12
    CHRISTOPHER CLARK and JAMES          Case No.  08-CV-0500 JM RBB
13  RENICK, individuals,
                                         **EXHIBITS 1-2 TO DEFENDANTS**
14                   Plaintiffs,         **CHASE HOME FINANCE, LLC,**
                                         **CHASE MANHATTAN MORTGAGE**
15          v.                           **CORPORATION AND JAMES**
                                         **BOUDREAU'S REQUEST FOR**
16  CHASE HOME FINANCE, LLC; a Delaware  **JUDICIAL NOTICE IN SUPPORT OF**
    LLC doing business in California; CHASE **MOTION FOR JUDGMENT ON THE**
17  MANHATTAN MORTGAGE               **PLEADINGS PURSUANT TO RULE**
    CORPORATION, a New Jersey corporation **12(C) OR, IN THE ALTERNATIVE,**
18  doing business in California; JAMES  **MOTION FOR PARTIAL SUMMARY**
    BOUDREAU, an individual; and DOES 1-25, **JUDGMENT PURSUANT TO RULE**
19                                       **56**
                     Defendants.
20                                       Date:      May 23, 2008
                                         Time:      1:30 p.m.
21                                       Dept.:     16
                                         **Judge:      The Hon. Jeffrey T. Miller**
22

23

24

25

26

27

28

OHS West:260427585.1

1

**<u>INDEX OF EXHIBITS</u>**

2

<u>No.</u>         <u>Exhibit</u>                                                                    <u>Page</u>

3   1.         Plaintiff Clark's original complaint ............................................... 1

4   2.         Plaintiffs Clark and Renick's First Amended Complaint ......................... 15

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit 1

1 | UNITED EMPLOYEES LAW GROUP, P.C.
Walter L. Haines, Esq. SBN 71075
2 | Gregory A. Douglas, Esq. SBN 147166

3 | Angie Phung, Esq. SBN 238949
65 Pine Ave., #312
4 | Long Beach, CA 90802
Tel: (562) 256-1047
5 | Fax: (562) 256-1006

6 | Attorneys for Plaintiff
CHRISTOPHER CLARK

7

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **COUNTY OF SAN DIEGO**

10

11 | CHRISTOPHER CLARK, an individual       )    Case № 37-2007-00083776-CU-OE-CTL
12 |                         Plaintiff,      )    **COMPLAINT FOR DAMAGES, RESTITUTION,**
13 |                                         )    **AND STATUTORY PENALTIES**
   | vs.                                     )
14 |                                         )    1.  **Failure to Pay Overtime [Lab.C. §§ 510, 1194,**
15 | CHASE HOME FINANCE, LLC; JAMES          )        **1198]**
   | BOUDREAU, an individual;                )    2.  **Waiting Time Penalties [Lab.C. §§ 203, 558]**
16 | and DOES 1-25,                          )    3.  **Failure to Provide Accurate Itemized**
   |                                         )        **Statements [Lab. Code §226]**
17 |                         Defendant(s).   )    4.  **Failure to Provide Rest Periods**
   |                                         )        **[Lab.C. §§ 226.7 and IWC Wage Orders]**
18 |                                         )    5.  **Unfair Competition [B&PC § 17200-et seq.]**
   |                                         )    6.  **Constructive Trust**
19 |                                         )
20 |                                         )
21 |                                         )
22

23 |     **COMES NOW** Plaintiff CHRISTOPHER CLARK (hereinafter referred to as "CLARK" or

24 | "Plaintiff"), an individual, and complains and alleges against Defendants CHASE HOME FINANCE, LLC,

25 | JAMES BOUDREAU, and DOES 1-25, and each of them, for causes of action as follows:

26 |     **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

27 |     1.  Plaintiff brings this action against Defendants CHASE HOME FINANCE, LLC, JAMES

28 | BOUDREAU, and DOES 1 through 25, inclusive, for statutory damages, injunctive relief, prejudgment

1

FILED
CIVIL BUSINESS OFFICE 9
CENTRAL DIVISION

2007 DEC 14 P 3:11

CLERK SUPERIOR COURT
SAN DIEGO COUNTY, CA

ENTERED

1  interest, costs, attorney's fees, restitution, Labor Code penalties, and other appropriate relief for Defendants'

2  violations of various sections of the California Labor Code, Industrial Welfare Commission Wage Orders,

3  and Business & Professions Code §§ 17200-*et seq.*  Jurisdiction is proper in this Court because alleged

4  damages exceed $25,000.00 and Plaintiff seeks a permanent injunction according to Code of Civil Procedure

5  § 580(b)(2).

6  　　2. At all times mentioned herein, Plaintiff CLARK was a resident of SAN DIEGO County, State

7  of California.  CLARK is a former employee of Defendants, and each of them.

8  　　3. Plaintiff is informed and believes, and on that basis allege, that at all times mentioned herein,

9  Defendant CHASE HOME FINANCE, LLC (hereinafter referred to as "CHASE" individually, or

10  collectively as "Defendants") was and is a Delaware corporation doing business in California with its

11  principal place of business located at 10790 RANCHO BERNARDO ROAD, SAND DIEGO, CA 92127,

12  in the County of SAN DIEGO, State of California.

13  　　4. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein,

14  Defendant JAMES BOUDREAU (hereinafter referred to as "BOUDREAU" individually, or collectively

15  with other Defendants as "Defendants") was a resident of SAN DIEGO County.  Plaintiff is informed and

16  believes, and thereon alleges, that Defendant BOUDREAU is one of the managers of the entity Defendant,

17  and was one of Plaintiff's employers for purposes of the Labor Code violations alleged here    in that said

18  Defendant exercised direct control over wages, hours, and working conditions of Plaintiff; he/she failed and

19  refused to pay, among other things, overtime compensation; he/she paid Plaintiff without accurate itemized

20  wage statements; and BOUDREAU failed to authorize and/or permit rest periods pursuant to Labor Code

21  § 226.7 and all IWC Wage Orders applicable to Plaintiff's industry and occupation.

22  　　5. Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, directly

23  employed or exercised control over Plaintiff's wages, hours, and/or working conditions.

24  　　6. Plaintiff is informed and believes and thereon alleges, that at all times relevant herein, each and

25  every Defendant named herein, whether in their individual capacity or as a "Doe" Defendant, was at all times

26  relevant to Plaintiff's claims herein the agent, employee, servant, master, and/or employer of each and every

27  other Defendant, however named, and in doing the things herein alleged, were acting within the course and

28  scope of such agency or employment, and with the approval and ratification of each of the other Defendants.

2

COMPLAINT FOR DAMAGES, RESTITUTION, AND STATUTORY PENALTIES

Exhibit 1
2

7. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 25, inclusive, and therefore sues said Defendants by such fictitious names and capacities. Plaintiff will amend this complaint to show said Defendants' true names and capacities when they have been ascertained. Plaintiff is informed and believes and thereon allege that at all times relevant, Defendant BOULREAU and each of said fictitiously named DOE defendants, was a business entity or individual person who owned, controlled, or managed the business for which Plaintiff worked, and/or who directly or indirectly exercised operational control over Plaintiff's wages, hours, and working conditions. Plaintiff further alleges that said each and every one of said Defendants held ownership, officer, director and/or executive positions with the remaining Defendants, and acted on behalf of the remaining Defendants, which included decision-making responsibility for, and establishment of, illegal payroll practices and policies for Defendants which have damaged Plaintiff in individual and separate amounts. Thus, all Defendants herein, whether named in this Complaint or named as DOES 1 through 25, were and are "employers" as a matter of law, and each is individually liable on all causes of action alleged herein.

8. Plaintiff is informed and believes, and thereon alleges, that each and every Defendant herein is, and at all times relevant hereto was, a person, corporation or other business entity existing and operating within the confines of the State of California, and thus subject to the jurisdiction of the California courts by reason of "minimum contacts" in California, and/or by purposeful availment of the California market for labor of the kind provided by Plaintiff, and did transact and conduct business in the State of California, and are thus subject to the jurisdiction of all laws, regulations and court decisions rendered by the State of California. Specifically, Defendants, and each of them, maintain offices, operate businesses, employ persons, conduct business in, and pay employees by illegal payroll practices and policies in the County of SAN DIEGO.

9. Plaintiff is further informed and believes, and thereon alleges, that each and every Defendant herein aided and assisted the other Defendants in committing the wrongful acts alleged herein, and that Plaintiff's damages were proximately caused by each and every Defendant herein.

10. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each and every Defendant herein was in some fashion, by contract or otherwise, the successor, assign, joint venturer, co-venturer, indemnitor, guarantor, partner or third-party beneficiary of one or more of the

3

COMPLAINT FOR DAMAGES, RESTITUTION, AND STATUTORY PENALTIES

Exhibit 1
3

remaining Defendants, and all times relevant to Plaintiff's claim alleged herein, was acting within that capacity. Plaintiff further alleges that each and every Defendant to some degree and extent wrongfully received and/or wrongfully benefitted from the flow of assets from the other Defendants, to the detriment of Plaintiff, and each of them, the rightful owners of the pay denied them, and that such equities exist to merit this Court imposing restrictive orders, including without limitation a constructive trust on such assets in the control of Defendants, or any of them, or their agents or anyone acting on their behalf, as Plaintiff may trace to the wrongful recipient(s) and/or beneficiary(ies) of said funds.

11. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, one or more of Defendants herein was the alter ego of one or more of the other Defendants, and as hereinafter alleged, was acting for their own benefit and/or the benefit of one or more of the remaining Defendants.

12. Plaintiff is informed and believes, and thereon alleges, that there exists a unity of ownership and interest, between Defendant CHASE and one or more of the other Defendants herein, including specifically BOUDREAU, such that any individuality and separateness between said other Defendants and Defendant CHASE has ceased, and the said other Defendants, and each of them, was at all times relevant to Plaintiff's claim, and remains, the alter ego of Defendant CHASE and all other Defendants.

13. Plaintiff is informed and believes and thereon alleges the Court's adherence to the fiction of the separate existence of any or all Defendants as entities distinct from the other Defendants would permit an abuse of the corporate privilege, would sanction fraud and/or promote injustice in that said Defendants, and each of them, have defaulted on their individual and collective obligations to Plaintiff under California law.

14. Plaintiff is informed and believes and thereon alleges that Defendant CHASE was an entity which is, and at all times herein mentioned was, controlled, dominated, and operated by one or more of the other Defendants, including specifically BOUDREAU, as BOUDREAU's individual business and alter ego, in that the activities and business of Defendant CHASE was carried on without the holding of director's or shareholders meetings, no records or minutes of any corporate proceedings were maintained.

15. Plaintiff is informed and believes and thereon alleges that Defendant CHASE, and all other business entity Defendants herein, is and at all times herein mentioned was, a mere shell and sham without the requisite capital and assets. Thus, said Defendant CHASE, and all other business entity Defendants herein, is and at all times herein mentioned was, so inadequately capitalized that, compared with the business

4

1  to be done by Defendant, said capitalization was in adequate to do business properly and legally under

2  California law.

3      16. As a direct and proximate result of the unlawful acts of Defendants, Plaintiff has suffered and

4  continues to suffer from loss of earnings in amounts as yet unascertained, but subject to proof at trial.

5      17. CLARK was employed as a Sr. Tech Analyst with Defendants, and each of them, continuously

6  from around 1997 until on or about JULY 15, 2005. CLARK's principal job duties consisted of building

7  and writing codes.

8      18. At all times relevant herein, Plaintiff was entitled to an hourly rate of pay of approximately

9  $21.35 - $36.39 per hour.

10      19. Under Wage Orders established by the Department of Labor Standards and Enforcement

11  ("D.L.S.E."), CLARK does not qualify as an "exempt employee", and therefore, CLARK's employment is

12  subject to all appropriate laws with respect to a non-exempt employee who is entitled to an hourly wage and

13  therefore, also entitled to overtime wages.

14      20. CLARK routinely worked in excess of eight (8) hours per day and forty (40) hours per week,

15  all without receiving proper wages, any overtime or double-time pay.

16      21. CLARK was consistently paid incorrectly by Defendants, because they failed to pay CLARK

17  proper wages, for all hours worked, and for all applicable overtime hours to which he/she was entitled.

18      22. At all times relevant herein, the Industrial Welfare Commission ("IWC") Wage Orders, as

19  amended (8 Cal.Code Regs.§ 11050), applied to wages, hours, and working conditions of all persons such

20  as Plaintiff, and all of Plaintiff's co-workers employed by Defendants, and each of them.

21      23. As a general rule, Defendants routinely denied Plaintiff herein a ten (10) minute rest break in

22  the morning, and a ten (10) minute rest break in the afternoon, and/or a rest or meal break for every four (4)

23  hours Plaintiff worked.

24      24. Throughout CLARK's employment, Defendants and each of them failed to provide Plaintiff with

25  accurate itemized wage statements showing the correct number of hours worked by CLARK at the effective

26  regular and overtime rates of pay applicable to those hours worked.

27      25. On OCTOBER 12, 2007, Plaintiff by certified mail served notice of the violations alleged in this

28  complaint, in the manner required by Labor Code § 2699.3, on the California Labor & Workforce

5

---

1    Development Agency, 801 K Street, Suite 2101, Sacramento, CA 95814 (hereinafter the "LABOR

2    BOARD." Said notice was also served by certified mail on Defendants, at Defendants' last known

3    address(es). Upon the expiration of thirty-three (33) days or more following the sending of the notice, and

4    neither of the Plaintiff herein, nor Plaintiff's counsel having received notice from the LABOR BOARD that

5    said agency was accepting Plaintiff's claim for prosecution, Plaintiff alleges the right to proceed with all

6    remedies provided by law, including in addition to any compensatory damages awarded on Plaintiff's

7    complaint herein, any and all statutory penalties which are collectible by Plaintiff under the provisions of

8    Labor Code §§ 2698-2699.5, commonly known as the Labor Code Private Attorney General Act of 2004.

9

10                                **CLAIMS FOR RELIEF**

11                               **FIRST CAUSE OF ACTION**

12                 **(Failure to Pay Overtime – Against All Defendants)**

13        26.  Plaintiff realleges and incorporates by reference under this cause of action each and every

14    allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

15        27.  Pursuant to Labor Code §§ 510, 558, 1194, 1198 and related statutes, and also pursuant to all

16    IWC Wage Orders applicable to Plaintiff's industry and occupation, Defendants were required to

17    compensate Plaintiff for all overtime actually worked, at the rate of one and one-half (1 ½) times the regular

18    rate of pay for hours worked in excess of forty (40) hours per week.

19        28.  Pursuant to Labor Code §§ 510, 558, 1194, 1198 and related statutes, and also pursuant to all

20    IWC Wage Orders applicable to Plaintiff's industry and occupation, beginning on 1997, and continuing until

21    the date Plaintiff ceased to be employed by Defendants, or any of them, Defendants and each of them were

22    required to compensate Plaintiff for all overtime actually worked, which is calculated according to law for

23    all hours worked in excess of eight (8) hours per day, 40 hours per week or on specific days of the week, as

24    shall be shown at the time of trial.

25        29.  Plaintiff was a nonexempt employee entitled to the protections of the California Labor Code,

26    and also of all IWC Wage Orders applicable to Plaintiff's industry and occupation. During the course of

27    CLARK's employment, Defendants, and each of them, failed to compensate Plaintiff CLARK for overtime

28    hours worked in excess of eight (8) hours per day and/or forty (40) hours per week and dou ..e-time hours

                                              6

1  for hours worked in excess of twelve (12) hours per day, as required under the aforementioned labor

2  regulations.

3       30.  Beginning on or about 1997, pursuant to Labor Code §§ 200, 510, 1194, and 1198, and all IWC

4  Wage Orders applicable to Plaintiff's industry and occupation, Defendants were required to compensate

5  Plaintiff with premium pay for all overtime work performed, for hours worked in excess of eight (8) per day

6  and/or forty (40) hours per week and for the first eight (8) hours on the seventh (7th) consecutive day of any

7  work week, and double time after twelve (12) hours in any single workday and/or after eight (8) hours on

8  the seventh (7th) consecutive day of any work week.

9       31.  At all times relevant herein, Labor Code § 1194(a) provided that an employee, in the position

10  of CLARK, who had not been paid overtime compensation could recover the unpaid balance of the full

11  amount of overtime wages due, including interest thereon, together with reasonable attorney's fees and costs

12  of suit.

13       32.  Within the last four (4) years preceding the filing of this complaint, Defendants have employed

14  Plaintiff CLARK as a Sr. Tech Analyst.

15       33.  Throughout Plaintiff's respective employment, Defendants have failed and refused to pay and

16  properly calculate overtime compensation to Plaintiff as required by law.

17       34.  As a direct and proximate result of Defendants' willful, knowing, and intentional failure to pay

18  overtime wages, CLARK has suffered and continues to suffer wage losses in a sum according to proof.

19       35.  Plaintiff has incurred and continue(s) to incur legal expenses and attorney's fees. Plaintiff is

20  entitled to legal expenses and attorney's fees pursuant to California Labor Code §1194(a), in sums according

21  to proof.

22

23                    **SECOND CAUSE OF ACTION**

24       **(Waiting Time Penalties - Cal. Lab. Code §§ 203, 558 et seq. – Against All Defendants)**

25       36.  Plaintiff realleges and incorporates by reference under this cause of action each and every

26  allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

27       37.  Plaintiff CLARK ceased being employed by Defendants, on or about JULY 15, 2005, whereby

28  all monies owed must be paid, pursuant to statute (Labor Code §§201(a) and 227.3), to CLARK within the

                              7

1  time prescribed by law.

2      38. To date, Plaintiff CLARK has still not been paid in full for, but not limited to: wages owed,

3  overtime or double-time owed.

4      39. Defendants have willfully failed to pay Plaintiff all monies owed to Plaintiff.

5      40. As a result of these failures to pay, Plaintiff is individually entitled to waiting time penalties

6  pursuant to Labor Code § 203, for a period of thirty (30) days.

7      41. Plaintiff has incurred, and continues to incur, legal expenses and attorney's fees. Plaintiff is

8  entitled to legal expenses and attorney's fees, pursuant to Labor Code §218.5, in a sum according to proof.

9

10                          **THIRD CAUSE OF ACTION**

11     **(For Violation of Labor Code § 226 – Failure to Provide Accurate Itemized Statements**

12                          **Against All Defendants)**

13     42. Plaintiff realleges and incorporates by reference under this cause of action each and every

14  allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

15     43. At all times relevant herein, Defendants violated Labor Code § 226, in that Defendants failed

16  to properly and accurately itemize the number of hours worked by Plaintiff at the effective regular rates

17  of pay and the effective overtime rates of pay.

18     44. In a letter dated OCTOBER 24, 2007 to JAMES BOUDREAU, demand was made by

19  Plaintiff for his employment records. Defendants having willfully failed to produce any of the requested

20  records, as a legal and proximate result, Plaintiff is entitled to penalties in sums to be calculated and

21  imposed by the Court at the time of trial in this matter. Defendants and each of them are in violation of

22  Labor Code § 226, and are thus liable jointly and severally as set forth below.

23     45. Defendants and each of them, knowingly and intentionally failed to comply with Labor Code

24  § 226, causing damages to Plaintiff. These damages, including but limited to costs expended calculating

25  the true hours worked and the amount of employment taxes which were not properly paid to state and

26  federal tax authorities, are difficult to estimate. Therefore, Plaintiff elects to recover liquidated damages

27  of $50.00 for the initial pay period in which the violation occurred, and $100.00 for each violation in

28  subsequent pay periods pursuant to the Labor Code § 226, in an amount according to proof at the time of

                                          8

1 | trial (but in no event more than $4,000.00 for respective Plaintiff herein) plus reasonable attorney's fees

2 | and costs, plus a penalty of $750.00 pursuant to Labor Code § 226(e)(f).

3

4

5

6 | **FOURTH CAUSE OF ACTION**

7 | **(Compensation For Required Rest Periods Not Provided – Cal. Lab. Code §§ 226.7 and**

8 | **IWC Wage Orders – Against All Defendants)**

9 | 46.  Plaintiff realleges and incorporates by reference under this cause of action each and every

10 | allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

11 | 47. Pursuant to Labor Code § 226.7, and all IWC Wage Orders applicable to Plaintiff's industry and

12 | occupation, Defendants were required to authorize and permit employees, such as Plaintiff herein, to take

13 | rest periods, based upon the total hours worked at a rate of ten (10) minutes net rest time per four (4) hours

14 | or major fraction thereof, with no deduction from wages.

15 | 48.  Defendants failed and refused to authorize and permit Plaintiff to take ten (1    minute rest

16 | periods for every four (4) hours worked, or major fraction thereof, in violation of Labor Code § 226.7 and

17 | all IWC Wage Orders applicable to Plaintiff's industry and occupation.

18 | 49.  Defendants further violated Labor Code § 226.7, and all IWC Wage Orders applicable to

19 | Plaintiff's industry and occupation, by failing to pay Plaintiff according to law, in amounts according to

20 | proof at the time of trial, which amount remain owing and unpaid.

21

22 | **FIFTH CAUSE OF ACTION**

23 | **(For Unfair Competition In Violation of Unfair Business Practices - Business & Professions Code**

24 | **§§ 17200-*et seq.* – By Plaintiff Acting Each Individually, and also For the Interests of the General**

25 | **Public – Against All Defendants)**

26 | 50.  Plaintiff realleges and incorporates by reference under this cause of action each and every

27 | allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

28 | 51. California Business & Professions Code §§ 17200-*et seq.* prohibits acts of unfair competition,

9

1   which includes any "unlawful and unfair business practices."

2   52. Defendants' and each of their conduct, as alleged herein, has been and continues to be unfair,

3   unlawful, and deleterious to Plaintiff herein, and to the general public. Plaintiff hereby seeks to enforce

4   important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

5   Plaintiff is a "person" within the meaning of the Business & Professions Code § 17204, and thus possesses

6   standing to bring this suit for injunctive relief and restitution.

7   53. It is the policy of this State to enforce minimum labor standards, to ensure that employees are

8   not required or permitted to work under substandard and unlawful conditions, and to protect those employers

9   who comply with the law from losing competitive advantage to other employers who fail to comply with

10  labor standards and requirements.

11  54. Through the conduct alleged herein, Defendants acted contrary to these public policies and have

12  engaged in unlawful and/or unfair business practices in violation of Business & Professions Code §§ 17200

13  et. seq., depriving Plaintiff herein, and other employees similarly situated, of the rights, benefits, and

14  privileges guaranteed to employees under California law.

15  55. Defendants, and each of them, regularly and routinely violated the following statutes and

16  regulations with respect to Plaintiff herein, and other employees similarly situated: Labor Code §§ 510 and

17  1194, and all IWC Wage Orders applicable to Plaintiff's industry and occupation (failure to pay overtime

18  pay); Labor Code § 226 (failing to provide accurate wage statements to employees at the time of

19  payment);and/or Labor Code § 226.7 and all IWC Wage Orders applicable to Plaintiff's industry and

20  occupation (failure to provide rest and meal periods).

21  56. By engaging in theses business practices, which are unfair business practices with in the meaning

22  of Business & Professions Code §§ 17200-et. seq., Defendants harmed Plaintiff herein, and also similarly

23  situated employees, and thus by that design and plan gained an unfair competitive edge in the marketplace.

24  57. Under Business & Professions Code § 17203, Plaintiff is entitled to obtain restitution of these

25  funds, on Plaintiff's own behalf, and also for other employees similarly affected by Defendants' unfair

26  business practices as enumerated herein.

27  58. Pursuant to Business & Professions Code § 17203, injunctive relief is necessary to prevent

28  Defendants from continuing to engage in the unfair business practices as alleged herein. Plaintiff is

10

COMPLAINT FOR DAMAGES, RESTITUTION, AND STATUTORY    Exhibit 1
10

1 | informed and believes that Defendants, and persons acting in concert with them, have committed and will

2 | continue to commit the above unlawful acts unless restrained or enjoined by this Court. Unless the relief

3 | prayed for below is granted, a multiplicity of actions will result. Plaintiff and other interested persons have

4 | no plain, speedy, or adequate remedy at law, in that pecuniary compensation would not afford adequate and

5 | complete relief. The above-described acts will cause great and irreparable damage to Plaintiff and other

6 | interested persons, unless Defendants are restrained from committing further illegal acts.

7 |      59. Plaintiff's success in this action will result in the enforcement of important rights affecting the

8 | public and will confer a significant benefit upon the general public. Private enforcement of the rights

9 | enumerated in this complaint is necessary, as public agencies have only sought limited enforcement of those

10 | rights, if any. Plaintiff, individually and by and through counsel, has incurred and continues to incur a

11 | financial burden in pursuing this action on behalf of the general public. Plaintiff further seeks to enjoin the

12 | above-referenced unlawful actions under the Labor Code. Therefore, Plaintiff seeks an award of attorney's

13 | fees and costs of suit on this cause of action pursuant to Code of Civil Procedure § 1021.5 and other

14 | applicable Labor Code sections.

15 |

16 | **SIXTH CAUSE OF ACTION**

17 | **(Constructive Trust - Against All Defendants)**

18 |      60. Plaintiff realleges and incorporates by reference under this cause of action each and every

19 | allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

20 |      61. During the course of the events detailed in this complaint, and arising out of the relationship

21 | between employer and employee, as existed between Plaintiff and Defendants, and each of them, a special

22 | relationship of trust arose between Plaintiff and Defendants, and each of Defendants.

23 |      62. Contrary to and in direct violation of that special relationship, and contrary to the duties of trust

24 | and fidelity imposed on employers by California law, Defendants, and each of them, violated said trust by

25 | retaining monies due to Plaintiff, at the occasion of each and every regular payday when Plaintiff, relying

26 | on Defendants' and each of their loyalty, good faith, honesty and integrity, accepted pay from Defendants,

27 | and each of them, which was less than the sums actually due Plaintiff for the time worked during that pay

28 | period.

11

COMPLAINT FOR DAMAGES, RESTITUTION, AND STATUTORY

Exhibit 1

11

63. Thus, Defendants, and each of them, on the occasion of each and every payday when pay was rendered to Plaintiff, did retain, convert and embezzle the monies rightfully due Plaintiff – specifically, the sums due for overtime worked, but not paid for.

64. The true amount(s) of said monies due is/are amenable to proof at the time of trial. Plaintiff has no adequate remedy at law to prevent Defendants, and each of them, from looting said funds from the accounts of the other Defendants, and each of them, and thus prays this Court impose the equitable remedy of constructive trust, in the sum of all monies due under this complaint, including overtime pay for uncompensated time worked, interest, costs and attorneys' fees, on any and all funds, assets, accounts, or other appropriate monies and things, with the beneficiary of said trust being Plaintiff.

65. The equities balance in favor of the imposition of such a constructive trust, since Defendants, and each of them, with their superior bargaining power, economic resources and the mechanisms of banking and finance, stand in a much more powerful position than Plaintiff, who has no practical way to constrain or prevent Defendants from wasting, converting or further secreting said assets, monies and things, than by this Court's imposition of said constructive trust.

**WHEREFORE,** Plaintiff CLARK respectfully prays this Court enter judgment in favor of Plaintiff CLARK, and against Defendants CHASE, BOUDREAU, and such Defendants as may be added as "Doe" Defendants herein, and each of them, jointly and severally, individually and collectively, as follows:

1. For back pay, front pay, and other Special Damages according to proof;

2. For general Damages as shall be shown at the time of trial;

3. For all statutory damages;

4. For restitution of all monies due to CLARK, and disgorgement of profits from the unlawful business practices of Defendants;

5. For punitive damages in the sound discretion of the Court;

6. For pre-judgment and post-judgment interest on all damages awarded;

7. For all penalties imposed as stipulated by the California Labor Code; including waiting time penalties, pursuant to Labor Codes §§ 203 and 558;

8. For reasonable attorneys' fees, pursuant to Labor Code §§ 218.5, 2699. Code of Civil Procedure §1021.5, Business & Professions Code § 17200-*et seq.*, and according to any other attorney-fee statutes

12

1  found by the Court to apply to the facts presented at trial;

2      9.  For costs of suit incurred;

3      10.  For compensation of one hour at the regular rate of pay for each rest period denied in violation

4  of Labor Code § 226.7 and all IWC Wage Orders applicable to Plaintiff's industry and occupation, according

5  to proof;

6      11.  For a preliminary and permanent injunction ordering each and every Defendant to cease such

7  unlawful and unfair practices as alleged herein above and proved to the Court at the time of tr ', requiring

8  the establishment of appropriate and effective means to prevent future violations;

9      12.  For the imposition of a constructive trust against Defendants, and each of them, and such

10  appropriate preliminary injunction as the Court may order during the period before a final judgment is

11  entered in this matter, on such assets, monies and things, as Plaintiff shall show the Court at trial, or in the

12  case of any application for preliminary injunction, such assets, monies and things as Plaintiff shall show the

13  Court to exist at the time such *pendente lite* relief may be sought; AND

14      13.  For such other and further relief as the Court deems just.

15

16  DATED:Decmenber 6, 2007  **UNITED EMPLOYEES LAW GROUP, PC**

17

18                                                                             _Gregory A. Douglas_

19                                      GREGORY A. DOUGLAS
                                    Attorney for Plaintiff,

20                                        CHRISTOPHER CLARK

21

22

23

24

25

26

27

28

                                                                            Exhibit 1
                                                          13

COMPLAINT FOR DAMAGES, RESTITUTION, AND STATUTORY PENALTIES

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**



**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CHASE HOME FINANCE, LLC; JAMES BOUDREAU, an individual; and DOES 1-25,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CHRISTOPHER CLARK, an individual

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

| The name and address of the court is: | Superior Court San Diego County | CASE NUMBER: |
|---|---|---|
| *(El nombre y dirección de la corte es):* | Central Division | *(Número del Caso)* 37-2007-00063776-CU-OE-CTL |
| | 220 W. Broadway | |
| | San Diego, CA 92101-3409 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

United Employee's Law Group, P.C.    (562)256-1047
65 Pine Ave # 312
Long Beach, CA 90802

| DATE: | Clerk, by | **WYNNIE S. ABELLA** | , Deputy |
|---|---|---|---|
| *(Fecha)* DEC 1 4 2007 | *(Secretario)* | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use | | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|
| Judicial Council of California | **SUMMONS** | |
| SUM-100 [Rev. January 1, 2004] | | |

Exhibit 1
14

# Exhibit 2

1 | UNITED EMPLOYEES LAW GROUP, P.C.
Walter L. Haines, Esq.  SBN 71075
2 | Gregory A. Douglas, Esq. SBN 147166
Angie Phung, Esq. SBN 238949
3 | 65 Pine Ave., #312
Long Beach, CA 90802
4 | Tel: (562) 256-1047
Fax: (562) 256-1006
5 |

**F I L E D**
Clerk of the Superior Court

**FEB 1 4 2008**

By: M. SCOTT, Deputy

6 | Attorneys for Plaintiffs
CHRISTOPHER CLARK and JAMES RENICK
7 |

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **COUNTY OF SAN DIEGO**

10 |

| 11 | CHRISTOPHER CLARK and JAMES RENICK, individuals | ) | Case № 37-2007-00083776-CU-OE-CTL |
|---|---|---|---|
| 12 | | ) | **FIRST AMENDED COMPLAINT FOR DAMAGES, RESTITUTION AND STATUTORY PENALTIES** |
| 13 | Plaintiffs, | ) | |
| 14 | vs. | ) | 1. **Failure to Pay Overtime [Lab.C. §§ 510, 1194, 1198]** |
| 15 | CHASE HOME FINANCE, LLC, a Delaware LLC doing business in | ) | 2. **Waiting Time Penalties [Lab.C. §§ 203, 558]** |
| 16 | California; CHASE MANHATTAN MORTGAGE CORPORATION, a New | ) | 3. **Failure to Provide Accurate Itemized Statements [Lab. Code §226]** |
| 17 | Jersey corporation doing business in California; JAMES BOUDREAU, an | ) | 4. **Failure to Provide Rest Periods [Lab.C. §§ 226.7 and IWC Wage Orders]** |
| 18 | individual; and DOES 1-25, | ) | 5. **Unfair Competition [B&PC § 17200-*et seq.*]** |
| 19 | Defendant(s). | ) | 6. **Failure to Pay Overtime and Provide Itemized Wage Statements [Labor Code §2699]** |
| 20 | | ) | |
| 21 | | ) | |
| 22 | | ) | |

23 |

24 | **COME NOW** Plaintiffs CHRISTOPHER CLARK and JAMES RENICK (hereinafter referred to

25 | individually as "CLARK" and "RENICK" respectively, or collectively as "Plaintiffs"), both individuals,

26 | and complain and allege against Defendants CHASE HOME FINANCE, LLC; CHASE MANHATTAN

27 | MORTGAGE CORPORATION; JAMES BOUDREAU; and DOES 1-25, and each of them, for causes of

28 | action as follows:

Exhibit 2
15

1

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1. Plaintiffs, for themselves each individually, bring this action against Defendants CHASE HOME FINANCE, LLC, CHASE MANHATTAN MORTGAGE CORPORATION, JAMES BOUDREAU, and DOES 1 through 25, inclusive, for statutory damages, injunctive relief, prejudgment interest, costs, attorney's fees, restitution, Labor Code penalties, and other appropriate relief for Defendants' violations of various sections of the California Labor Code, Industrial Welfare Commission Wage Orders, and Business & Professions Code §§ 17200-*et seq.* Jurisdiction is proper in this Court because alleged damages exceed $25,000.00 and Plaintiffs seek a permanent injunction according to Code of Civil Procedure § 580 (b)(2).

2. At all times mentioned herein, Plaintiff CLARK was a resident of SAN DIEGO County, State of California.  CLARK is a former employee of Defendants, and each of them.

3. At all times mentioned herein, Plaintiff RENICK was a resident of RIVERSIDE County, State of California.  RENICK is a former employee of Defendants, and each of them.

4. Plaintiffs are informed and believe, and on that basis allege, that at all times mentioned herein, Defendant CHASE HOME FINANCE, LLC (hereinafter referred to as "CHASE HOME FINANCE" individually, or collectively as "Defendants") was and is a Delaware LLC doing business in California with its principal place of business located at 10790 RANCHO BERNARDO ROAD, SAN DIEGO, CA 92127, in the County of SAN DIEGO, State of California.

5. Plaintiffs are informed and believe, and on that basis allege, that at all times mentioned herein, Defendant CHASE MANHATTAN MORTGAGE CORPORATION (hereinafter referred to as "CHASE MANHATTAN MORTGAGE" individually, or collectively as "Defendants") was and is a New Jersey corporation doing business in California.

6. Plaintiffs are informed and believe, and on that basis allege, that at all times mentioned herein, Defendant JAMES BOUDREAU (hereinafter referred to as "BOUDREAU" individually, or collectively with other Defendants as "Defendants") was a resident of SAN DIEGO County.  Plaintiffs are informed and believe, and on that basis allege, that Defendant BOUDREAU is one of the managers of the entity Defendant, and was one of each of Plaintiff's employers for purposes of the Labor Code violations alleged herein, in that he exercised direct control over wages, hours, and working conditions of each Plaintiff; he

2

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES, RESTITUTION AND :

Exhibit 2
16

1  failed and refused to pay, among other things, overtime compensation; he paid each Plaintiff without

2  accurate itemized wage statements; and he failed to authorize and/or permit rest periods pursuant to Labor

3  Code § 226.7 and all IWC Wage Orders applicable to Plaintiff's industry and occupation.

4      7.  Plaintiffs are informed and believe, and thereon allege, that Defendants, and each of them,

5  directly employed or exercised control over each respective Plaintiff's wages, hours, and/or working

6  conditions, and were thus "employers" within the meaning of all applicable statutes.  As such each

7  Defendant, pursuant to section 558, subdivision (a), is a person who is an employer or who is acting on

8  behalf of an employer who violates, or causes to be violated, a statute or wage order relating to working

9  hours and is therefore subject to a civil penalty, payable to the affected employee, equal to the amount of

10  any underpaid wages.

11      8.  Plaintiffs are informed and believe and thereon allege, that at all times relevant herein, each and

12  every Defendant named herein, whether in their individual capacity or as a "Doe" Defendant, was at all

13  times relevant to each Plaintiff's claims herein the agent, employee, servant, master, and/or employer of

14  each and every other Defendant, however named, and in doing the things herein alleged, were acting within

15  the course and scope of such agency or employment, and with the approval and ratification of each of the

16  other Defendants.

17      9.  Plaintiffs CLARK and RENICK are ignorant of the true names and capacities of defendants sued

18  herein as DOES 1 through 25, inclusive, and therefore sue said Defendants by such fictitious names and

19  capacities.  Plaintiffs will amend this complaint to show said Defendants' true names and capacities when

20  they have been ascertained.  Plaintiffs are informed and believe and thereon allege that at all times relevant,

21  Defendant BOUDREAU and each of said fictitiously named DOE defendants, was a business entity or

22  individual person who owned, controlled, or managed the business for which each Plaintiff worked, and/or

23  who directly or indirectly exercised operational control over each Plaintiff's wages, hours, and working

24  conditions. Plaintiffs further allege that said each and every one of said Defendants held ownership, officer,

25  director and/or executive positions with the remaining Defendants, and acted on behalf of the remaining

26  Defendants, which included decision-making responsibility for, and establishment of, illegal payroll

27  practices and policies for Defendants which have damaged each Plaintiff in individual and separate

28  amounts. Thus, all Defendants herein, whether named in this Complaint or named as DOES 1 through 25,

3

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES, RESTITUTION AND

Exhibit 2
17

1   were and are "employers" as a matter of law, and each is individually liable on all causes of action alleged

2   herein.

3       10.  Plaintiffs are informed and believe, and thereon allege, that each and every Defendant herein

4   is, and at all times relevant hereto was, a person, corporation or other business entity existing and operating

5   within the confines of the State of California, and thus subject to the jurisdiction of the California courts

6   by reason of "minimum contacts" in California, and/or by purposeful availment of the California market

7   for labor of the kind provided by each Plaintiff, and did transact and conduct business in the State of

8   California, and are thus subject to the jurisdiction of all laws, regulations and court decisions rendered by

9   the State of California.  Specifically, Defendants, and each of them, maintain offices, operate businesses,

10  employ persons, conduct business in, and pay employees by illegal payroll practices and policies in the

11  County of SAN DIEGO.

12      11.  Plaintiffs are further informed and believe, and thereon allege, that each and every Defendant

13  herein aided and assisted the other Defendants in committing the wrongful acts alleged herein, and that each

14  Plaintiff's damages were proximately caused by each and every Defendant herein.

15      12.  Plaintiffs are informed and believe, and on that basis allege, that at all times herein mentioned,

16  each and every Defendant herein was in some fashion, by contract or otherwise, the successor, assign, joint

17  venturer, co-venturer, indemnitor, guarantor or partner of one or more of the remaining Defendants, and

18  all times relevant to each Plaintiff's claim alleged herein, was acting within that capacity.  Plaintiffs further

19  allege that each and every Defendant to some degree and extent wrongfully received and/or wrongfully

20  benefitted from the flow of assets from the other Defendants, to the detriment of Plaintiffs, and each of

21  them, the rightful owners of the pay denied them, and that such equities exist to merit this Court imposing

22  restrictive orders, including without limitation a constructive trust on such assets in the control of

23  Defendants, or any of them, or their agents or anyone acting on their behalf, as Plaintiffs may trace to the

24  wrongful recipient(s) and/or beneficiary(ies) of said funds.

25      13.  Plaintiffs are informed and believe, and on that basis allege, that at all times herein mentioned,

26  one or more of Defendants herein was the alter ego of one or more of the other Defendants, and as

27  hereinafter alleged, was acting for their own benefit and/or the benefit of one or more of the remaining

28  Defendants.

Exhibit 2
18

4

14. Plaintiffs are informed and believe, and thereon allege, that there exists a unity of ownership and interest, between Defendant CHASE HOME FINANCE and one or more of the other Defendants herein, including specifically BOUDREAU, such that any individuality and separateness between said other Defendants and Defendant CHASE HOME FINANCE has ceased, and the said other Defendants, and each of them, was at all times relevant to each respective Plaintiff's claim, and remains, the alter ego of Defendant CHASE HOME FINANCE and all other Defendants.

15. Plaintiffs are informed and believe, and thereon allege, that there exists a unity of ownership and interest, between Defendant CHASE MANHATTAN MORTGAGE and one or more of the other Defendants herein, including specifically BOUDREAU, such that any individuality and separateness between said other Defendants and Defendant CHASE MANHATTAN MORTGAGE has ceased, and the said other Defendants, and each of them, was at all times relevant to each respective Plaintiff's claim, and remains, the alter ego of Defendant CHASE MANHATTAN MORTGAGE and all other Defendants.

16. Plaintiffs are informed and believe and thereon allege the Court's adherence to the fiction of the separate existence of any or all Defendants as entities distinct from the other Defendants would permit an abuse of the corporate privilege, would sanction fraud and/or promote injustice in that said Defendants, and each of them, have defaulted on their individual and collective obligations to each Plaintiffs under California law.

17. Plaintiffs are informed and believe and thereon allege that Defendant CHASE HOME FINANCE was an entity which is, and at all times herein mentioned was, controlled, dominated, and operated by one or more of the other Defendants, including specifically BOUDREAU, as BOUDREAU's individual business and alter ego, in that the activities and business of Defendant CHASE HOME FINANCE was carried on without the holding of director's or shareholders meetings, no records or minutes of any corporate proceedings were maintained.

18. Plaintiffs are informed and believe and thereon allege that Defendant CHASE HOME FINANCE, and all other business entity Defendants herein, is and at all times herein mentioned was, a mere shell and sham without the requisite capital and assets. Thus, said Defendant CHASE HOME FINANCE, and all other business entity Defendants herein, is and at all times herein mentioned was, so inadequately capitalized that, compared with the business to be done by Defendant, said capitalization was in adequate

5

1    to do business properly and legally under California law.

2        19. Plaintiffs are informed and believe and thereon allege that Defendant CHASE MANHATTAN

3    MORTGAGE was an entity which is, and at all times herein mentioned was, controlled, dominated, and

4    operated by one or more of the other Defendants, including specifically BOUDREAU, as BOUDREAU's

5    individual business and alter ego, in that the activities and business of Defendant CHASE MANHATTAN

6    MORTGAGE was carried on without the holding of director's or shareholders meetings, no records or

7    minutes of any corporate proceedings were maintained.

8        20. Plaintiffs are informed and believe and thereon allege that Defendant CHASE MANHATTAN

9    MORTGAGE, and all other business entity Defendants herein, is and at all times herein mentioned was,

10   a mere shell and sham without the requisite capital and assets. Thus, said Defendant CHASE

11   MANHATTAN MORTGAGE, and all other business entity Defendants herein, is and at all times herein

12   mentioned was, so inadequately capitalized that, compared with the business to be done by Defendant, said

13   capitalization was in adequate to do business properly and legally under California law.

14       21. As a direct and proximate result of the unlawful acts of Defendants, Plaintiffs each individually

15   has/have suffered and continue(s) to suffer from loss of earnings in amounts as yet unascertained, but

16   subject to proof at trial.

17       22. CLARK was employed as a Sr. Tech Analyst with Defendants, and each of them, continuously

18   from around 1997 until on or about JULY 15, 2005. CLARK'S job title did not necessarily accurately

19   describe the work performed. Plaintiff was not primarily engaged (more than 50 percent of the time) in

20   duties that meet the test of the exemption.

21       23.  At all times relevant herein, Plaintiff CLARK was entitled to an hourly rate of pay of

22   approximately $21.35 - $36.39 per hour.

23       24.  Under Wage Orders established by the Department of Labor Standards and Enforcement

24   ("D.L.S.E."), CLARK does not qualify as an "exempt employee", and therefore, CLARK's employment

25   is subject to all appropriate laws with respect to a non-exempt employee who is entitled to an hourly wage

26   and therefore, also entitled to overtime wages.

27       25.  CLARK routinely worked in excess of eight (8) hours per day and forty (40) hours per week,

28   all without receiving proper wages, including without limitation overtime and/or double-time pay.

6

Exhibit 2
20

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES, RESTITUTION AND

26. CLARK was consistently paid incorrectly by Defendants, because they failed to pay CLARK the proper wages, for all hours worked, and for all applicable overtime hours to which CLARK was entitled.

27. RENICK was employed as a Sr. Tech Analyst with Defendants, and each of them, continuously from on or about FEBRUARY 2000 until on or about APRIL 6, 2005. RENICK'S job title did not necessarily accurately describe the work performed. Plaintiff was not primarily engaged (more than 50 percent of the time) in duties that meet the test of the exemption.

28. At all times relevant herein, Plaintiff RENICK was entitled to an hourly rate of pay of approximately $30.05 - $32.50 per hour.

29. Under Wage Orders established by the Department of Labor Standards and Enforcement ("D.L.S.E."), RENICK does not qualify as an "exempt employee", and therefore, RENICK's employment is subject to all appropriate laws with respect to a non-exempt employee who is entitled to an hourly wage and therefore, also entitled to overtime wages.

30. RENICK routinely worked in excess of eight (8) hours per day and forty (40) hours per week, all without receiving proper wages, any overtime or double-time pay.

31. RENICK was consistently paid incorrectly by Defendants, because they failed to pay RENICK the proper wages for all hours worked, and for all applicable overtime hours to which RENICK was entitled. RENICK complained to Defendants about this fact, to no avail.

32. At all times relevant herein, all applicable provisions of the Labor Code, and all Industrial Welfare Commission ("IWC") Wage Orders applicable to Plaintiff's industry and occupation, applied to wages, hours, and working conditions of all persons such as Plaintiffs CLARK and RENICK, and their co-workers employed by Defendants, and each of them.

33. As a general rule, Defendants routinely denied both Plaintiffs herein, each individually, a ten (10) minute rest break in the morning, and a ten (10) minute rest break in the afternoon, and/or a rest or meal break for every four (4) hours each Plaintiff worked.

34. Throughout CLARK's employment, Defendants and each of them failed to provide Plaintiff CLARK with accurate itemized wage statements showing the correct number of hours worked by CLARK at the effective regular and overtime rates of pay applicable to those hours worked.

7

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES, RESTITUTION AND

Exhibit 2
21

35. Throughout RENICK's employment, Defendants and each of them failed to provide Plaintiff RENICK with accurate itemized wage statements showing the correct number of hours worked by RENICK at the effective regular and overtime rates of pay applicable to those hours worked.

36. Plaintiffs by certified mail served notice of the violations alleged in this complaint, in the manner required by Labor Code § 2699.3, on the California Labor & Workforce Development Agency, 801 K Street, Suite 2101, Sacramento, CA 95814 (hereinafter the "LABOR BOARD." Said notice was also served by certified mail on Defendants, at Defendants' last known address(es). Upon the expiration of thirty-three (33) days or more following the sending of the notice, if neither of the Plaintiffs herein, nor Plaintiffs' counsel have received notice from the LABOR BOARD that said agency was accepting Plaintiffs' claim for prosecution, Plaintiffs allege the right to proceed with all remedies provided by law, including in addition to any compensatory damages awarded on Plaintiffs' complaint herein, any and all statutory penalties which are collectible by each Plaintiff under the provisions of Labor Code §§ 2698-2699.5, commonly known as the Labor Code Private Attorney General Act of 2004.

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

### (Failure to Pay Overtime – Against All Defendants)

37. Plaintiffs reallege and incorporate by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

38. Pursuant to Labor Code §§ 510, 558, 1194, 1198 and related statutes, and also pursuant to all IWC Wage Orders applicable to Plaintiffs' industry and occupation, Defendants were required to compensate each respective Plaintiff herein for all overtime actually worked, at the rate of one and one-half (1 ½) times the regular rate of pay for hours worked in excess of forty (40) hours per week.

39. Pursuant to Labor Code §§ 510, 558, 1194, 1198 and related statutes, and also pursuant to all IWC Wage Orders applicable to Plaintiffs' industry and occupation, beginning on or about both Plaintiffs' respective first dates of employment, and continuing until the date each respective Plaintiff ceased to be employed by Defendants, or any of them, Defendants and each of them were required to compensate each Plaintiff for all overtime actually worked, which is calculated according to law for all hours worked in

8

excess of eight (8) hours per day, 40 hours per week or on specific days of the week, as shall be shown at the time of trial.

40. Plaintiff CLARK was a nonexempt employee entitled to the protections of the California Labor Code, and also of all IWC Wage Orders applicable to Plaintiff's industry and occupation. During the course of CLARK's employment, Defendants, and each of them, failed to compensate Plaintiff CLARK for overtime hours worked in excess of eight (8) hours per day and/or forty (40) hours per week and double-time hours for hours worked in excess of twelve (12) hours per day, as required under the aforementioned labor regulations.

41. Plaintiff RENICK was a nonexempt employee entitled to the protections of the California Labor Code, and also of all IWC Wage Orders applicable to Plaintiff's industry and occupation. During the course of RENICK's employment, Defendants, and each of them, failed to compensate Plaintiff RENICK for overtime hours worked in excess of eight (8) hours per day and/or forty (40) hours per week and double-time hours for hours worked in excess of twelve (12) hours per day, as required under the aforementioned labor regulations.

42. Beginning on or about 1997 for CLARK, and FEBRUARY 2000 for RENICK, pursuant to Labor Code §§ 200, 510, 1194, and 1198, and all IWC Wage Orders applicable to Plaintiff's industry and occupation, Defendants were required to compensate each Plaintiff with premium pay for all overtime work performed, for hours worked in excess of eight (8) per day and/or forty (40) hours per week and for the first eight (8) hours on the seventh (7th) consecutive day of any work week, and double time after twelve (12) hours in any single workday and/or after eight (8) hours on the seventh (7th) consecutive day of any work week.

43. At all times relevant herein, Labor Code § 1194(a) provided that an employee, in the position of CLARK and RENICK, who had not been paid overtime compensation could recover the unpaid balance of the full amount of overtime wages due, including interest thereon, together with reasonable attorney's fees and costs of suit.

44. Within the last four (4) years preceding the filing of this complaint, Defendants have employed Plaintiff CLARK as a Sr. Tech Analyst.

45. Within the last four (4) years preceding the filing of this complaint, Defendants have employed

9

1  Plaintiff RENICK as a Sr. Tech Analyst.

2      46. Throughout each Plaintiffs' respective employment, Defendants have failed and refused to pay

3  and properly calculate overtime compensation to each Plaintiff as required by law.

4      47. As a direct and proximate result of Defendants' willful, knowing, and intentional failure to pay

5  overtime wages, CLARK has suffered and continues to suffer wage losses in a sum according to proof.

6      48. As a direct and proximate result of Defendants' willful, knowing, and intentional failure to pay

7  overtime wages, RENICK has suffered and continues to suffer wage losses in a sum according to proof.

8      49. Plaintiffs each individually, and collectively, has/have incurred and continue(s) to incur legal

9  expenses and attorney's fees. Plaintiffs are entitled to legal expenses and attorney's fees pursuant to

10  California Labor Code §1194(a), and related statutes, in sums according to proof.

11

12              **SECOND CAUSE OF ACTION**

13  **(Waiting Time Penalties - Cal. Lab. Code §§ 203, 558 et seq. – Against All Defendants)**

14      50. Plaintiffs reallege and incorporate by reference under this cause of action each and every

15  allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

16      51. Plaintiff CLARK ceased being employed by Defendants, on or about JULY 15, 2005, whereby

17  all monies owed must be paid, pursuant to statute (Labor Code §§201(a) and 227.3), to CLARK within the

18  time prescribed by law.

19      52. To date, Plaintiff CLARK has still not been paid in full for, but not limited to: wages owed,

20  overtime or double-time owed.

21      53. Plaintiff RENICK ceased being employed by Defendants, on or about APRIL 6, 2005, whereby

22  all monies owed must be paid, pursuant to statute (Labor Code §§ 201(a) and 227.3), to RENICK within

23  the time prescribed by law.

24      54. To date, Plaintiff RENICK has still not been paid in full for, but not limited to: wages owed,

25  overtime or double-time owed.

26      55. Defendants have willfully failed to pay each Plaintiff all monies owed to each Plaintiff.

27      56. As a result of these failures to pay, each Plaintiff is individually entitled to waiting time

28  penalties pursuant to Labor Code § 203, for a period of thirty (30) days.

Exhibit 2
24

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES, RESTITUTION AND STATUTORY PENALTIES

57.   Plaintiffs have each incurred, and continue to incur, legal expenses and attorney's fees. Plaintiffs are entitled to legal expenses and attorney's fees, pursuant to Labor Code §218.5, in a sum according to proof.

## THIRD CAUSE OF ACTION

### (For Violation of Labor Code § 226 – Failure to Provide Accurate Itemized Statements Against All Defendants)

58.   Plaintiffs reallege and incorporate by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

59.   At all times relevant herein, Defendants violated Labor Code § 226, in that Defendants failed to properly and accurately itemize the number of hours worked by each Plaintiff at the effective regular rates of pay and the effective overtime rates of pay.

60.   In a letter dated ████████████████████████████ to JAMES BOUDREAU, demand was made by Plaintiffs for their employment records.  Defendants having willfully failed to produce any of the requested records, as a legal and proximate result, Defendants are liable for penalties in sums to be calculated and imposed by the Court at the time of trial in this matter.  Defendants and each of them are in violation of Labor Code § 226, and are thus liable jointly and severally as set forth below.

61.   Defendants and each of them, knowingly and intentionally failed to comply with Labor Code § 226, causing damages to each individual Plaintiff. These damages, including but limited to costs expended calculating the true hours worked and the amount of employment taxes which were not properly paid to state and federal tax authorities, are difficult to estimate. Therefore, Plaintiffs CLARK and RENICK, each individually, elect to recover liquidated damages of $50.00 for the initial pay period in which the violation occurred, and $100.00 for each violation in subsequent pay periods pursuant to the Labor Code § 226, in an amount according to proof at the time of trial (but in no event more than $4000 for each plaintiff) plus reasonable attorney's fees and costs, plus a penalty of $750.00 pursuant to Labor Code § 226(e)(f).

Exhibit 2
25

11

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES, RESTITUTION AND  STATUTORY PENALTIES

**FOURTH CAUSE OF ACTION**

**(Compensation For Required Rest Periods Not Provided – Lab. Code §§ 226.7 and**

**IWC Wage Orders – Against All Defendants)**

62.  Plaintiffs reallege and incorporate by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

63. Pursuant to Labor Code § 226.7, and all IWC Wage Orders applicable to Plaintiff's industry and occupation, Defendants were required to authorize and permit employees, such as each Plaintiff herein, to take rest periods, based upon the total hours worked at a rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof, with no deduction from wages.

64.  Defendants failed and refused to authorize and permit each Plaintiff to take ten (10) minute rest periods for every four (4) hours worked, or major fraction thereof, in violation of Labor Code § 226.7, and all IWC Wage Orders applicable to Plaintiff's industry and occupation.

65.  Defendants further violated Labor Code § 226.7, and all IWC Wage Orders applicable to Plaintiff's industry and occupation, by failing to pay each Plaintiff according to law, in amounts according to proof at the time of trial, which amounts remain owing and unpaid.

**FIFTH CAUSE OF ACTION**

**(For Unfair Competition In Violation of Unfair Business Practices- Business & Professions Code**

**§§ 17200 *et. seq.* – By Plaintiffs Acting Each Individually, and also For the Interests of the**

**General Public – Against All Defendants)**

66.  Plaintiffs reallege and incorporate by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

67. Business & Professions Code §§ 17200-*et seq*. prohibits acts of unfair competition, which includes any "unlawful and unfair business practices."

68.  Defendants' and each of their conduct, as alleged herein, has been and continues to be unfair, unlawful, and deleterious to each Plaintiff herein, and to the general public.  Plaintiffs hereby seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5. Plaintiffs are each individually "persons" within the meaning of the Business & Professions Code

12

§ 17204, and therefore each possesses standing to bring this suit for injunctive relief and restitution.

69. It is the policy of this State to enforce minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect those employers who comply with the law from losing competitive advantage to other employers who fail to comply with labor standards and requirements.

70. Through the conduct alleged herein, Defendants acted contrary to these public policies and have engaged in unlawful and/or unfair business practices in violation of Business & Professions Code §§ 17200-*et. seq.*, depriving each Plaintiff herein, of the rights, benefits, and privileges guaranteed to employees under California law.

71. Defendants, and each of them, regularly and routinely violated the following statutes and regulations with respect to each Plaintiff herein,: all IWC Wage Orders applicable to Plaintiff's industry and occupation, and Labor Code §§ 510 and 1194 (failure to pay overtime pay); Labor Code § 226 (failing to provide accurate wage statements to employees at the time of payment); and/or Labor Code § 226.7 and all IWC Wage Orders applicable to Plaintiff's industry and occupation (failure to provide rest and meal periods).

72. By engaging in theses business practices, which are unfair business practices within the meaning of Business & Professions Code §§ 17200-*et. seq.*, Defendants harmed each Plaintiff herein, and thus by that design and plan gained an unfair competitive edge in the marketplace.

73. Under Business & Professions Code § 17203, Plaintiffs and each of them are entitled to obtain restitution of these funds each on behalf of him/herself by Defendants' unfair business practices as enumerated herein.

74. Pursuant to Business & Professions Code § 17203, injunctive relief is necessary to prevent Defendants from continuing to engage in the unfair business practices as alleged herein. Plaintiffs are informed and believe that Defendants, and persons acting in concert with them, have committed and will continue to commit the above unlawful acts unless restrained or enjoined by this Court. Unless the relief prayed for below is granted, a multiplicity of actions will result. Plaintiffs have no plain, speedy, or adequate remedy at law, in that pecuniary compensation would not afford adequate and complete relief. The above-described acts will cause great and irreparable damage to each Plaintiff herein, unless

13

Exhibit 2
27

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES, RESTITUTION AND

1    Defendants are restrained from committing further illegal acts.

2    75. Each Plaintiff's success in this action will result in the enforcement of important rights affecting

3    the public and will confer a significant benefit upon the general public. Private enforcement of the rights

4    enumerated in this complaint is necessary, as public agencies have only sought limited enforcement of those

5    rights, if any.  Plaintiffs, each individually and by and through counsel, have incurred and continue to incur

6    a financial burden in pursuing this action on behalf of the general public. Plaintiffs further seek to enjoin

7    the above-referenced unlawful actions under the Labor Code. Therefore, Plaintiffs seek an award of

8    attorney's fees and costs of suit on this cause of action pursuant to Code of Civil Procedure § 1021.5 and

9    other applicable Labor Code sections.

10

11

12

13                                  **SIXTH CAUSE OF ACTION**

14              **(Failure to Pay Overtime and to Furnish Itemized Wage Statement**

15                 **Labor Code, Section 2699 - Against All Defendants)**

16    76.  Plaintiff realleges and incorporates by reference under this cause of action each and every

17    allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

18    77.  By the conduct described above, Defendants, and each of them, have failed to pay Plaintiffs

19    overtime compensation as required by Section 510 of the California Labor Code and failed to furnish

20    Plaintiffs with an itemized wage statement as required by Labor Code, Section 226(a)(2) and (9).

21    78.  By reason of the above, Plaintiffs are entitled to a payment of a penalty of $50 per pay period

22    for each employee for the initial violation and $100 per pay period for each employee for each subsequent

23    violation, for the failure to furnish an itemized wage statement, up to a maximum of $4,000 per employee,

24    and Plaintiffs are entitled to a payment of $50 per pay period for each employee for the initial violation and

25    $100 per pay period for each employee for each subsequent violation, for failure to pay overtime

26    compensation.

27    79.  Plaintiff has complied with the Notice requirements of Labor Code, Section 2699.3(a)(1), as

28    set for in paragraph 36 regarding a violation of Sections 226, 510 and 558 of the Labor Code, prior to

                                              14

Exhibit 2
28

commencing this action.

80. Plaintiffs therefore have a private right of action against all defendants, both business and individual, pursuant to California Labor Code Section 558 (a).

**WHEREFORE,** Plaintiffs CLARK and RENICK, each individually, and collectively in this complaint, respectfully pray this Court enter judgment in favor of each of Plaintiff CLARK and Plaintiff RENICK, and against Defendants CHASE HOME FINANCE, CHASE MANHATTAN MORTGAGE, BOUDREAU, and such Defendants as may be added as "Doe" Defendants herein, and each of them, jointly and severally, individually and collectively, as follows:

1. For back pay, front pay, and other Special Damages according to proof;

2. For general Damages as shall be shown at the time of trial;

3. For all statutory damages;

4. For restitution of all monies due to each of CLARK and RENICK, and disgorgement of profits from the unlawful business practices of Defendants, and each of them;

5. For pre-judgment and post-judgment interest on all damages awarded;

6. For all penalties imposed as stipulated by the California Labor Code; including waiting time penalties, pursuant to Labor Codes §§ 203 and 558.

7. For reasonable attorneys' fees, pursuant to Labor Code §§ 218.5, 2699. Code of Civil Procedure §1021.5, Business & Professions Code § 17200-*et seq.*, and according to any other attorney-fee statutes found by the Court to apply to the facts presented at trial;

8. For costs of suit incurred;

9. For compensation of one hour at the regular rate of pay for each rest period denied in violation of Labor Code § 226.7 and all IWC Wage Orders applicable to Plaintiff's industry and occupation, according to proof;

10. For a preliminary and permanent injunction ordering each and every Defendant to cease such unlawful and unfair practices as alleged herein above and proved to the Court at the time of trial, requiring the establishment of appropriate and effective means to prevent future violations;

11. For the imposition of a constructive trust in favor of each respective Plaintiff herein, and against Defendants, and each of them, and such appropriate preliminary injunction as the Court may order during

15

1 the period before a final judgment is entered in this matter, on such assets, monies and things, as either or

2 both of the respective Plaintiffs herein shall show the Court at the time of trial, or in the case of any

3 application for preliminary injunction, such assets, monies and things as either or both of the respective

4 Plaintiffs shall show the Court to exist at the time such *pendente lite* relief may be sought, AND

5      12. For such other and further relief as the Court deems just.

6

7

8 DATED: February 6, 2008           **UNITED EMPLOYEES LAW GROUP, PC**

9

10

11

12 GREGORY A. DOUGLAS,
Attorney for Plaintiffs,

13 CHRISTOPHER CLARK and JAMES RENICK

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit 2
30

16

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES, RESTITUTION AND STATUTORY PENALTIES