ANDREW R. LIVINGSTON (State Bar No. 148646)
alivingston@orrick.com
ERIN M. CONNELL (State Bar No. 223355)
econnell@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1-415-773-5700
Facsimile: +1-415-773-5759

Attorneys for Defendants
Chase Home Finance, LLC (on behalf of itself and as successor in interest to Chase Manhattan Mortgage Corporation) and James Boudreau

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER CLARK and JAMES RENICK, individuals,

Plaintiffs,

v.

CHASE HOME FINANCE, LLC; a Delaware LLC doing business in California; CHASE MANHATTAN MORTGAGE CORPORATION, a New Jersey corporation doing business in California; JAMES BOUDREAU, an individual; and DOES 1-25,

Defendants.

Case No. 08-CV-0500 JM RBB

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS CHASE HOME FINANCE, LLC, CHASE MANHATTAN MORTGAGE CORPORATION AND JAMES BOUDREAU'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO RULE 12(C) OR, IN THE ALTERNATIVE, MOTION FOR PARTIAL SUMMARY JUDGMENT PURSUANT TO RULE 56**

Date: May 30, 2008
Time: 1:30 p.m.
Dept.: 16
**Judge: The Hon. Jeffrey T. Miller**

# TABLE OF CONTENTS


Page

I. INTRODUCTION ..... 1

II. BRIEF STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY ..... 2

A. Clark's Employment With Chase Ends In July 2005, And He Undisputedly Signs A "Release Agreement" Releasing All Claims Against Defendants ..... 2

B. Renick's Employment With Chase Ends In April 2005 ..... 3

C. Plaintiffs Bring This Action Nearly Three Years After Their Termination ..... 3

III. DEFENDANTS ARE ENTITLED TO JUDGMENT ON THE PLEADINGS AS TO ALL OF CLARK'S CLAIMS, AND AS TO BOTH PLAINTIFFS' THIRD AND SIXTH CAUSES OF ACTION ..... 3

A. The Court Has The Authority To Dismiss The Claims At Issue Under Federal Rule Of Civil Procedure 12(c ..... 3

B. Clark's Claims Must All Be Dismissed Because He Undisputedly Released Them ..... 5

C. Plaintiffs' Third And Sixth Causes Of Action Are Time Barred ..... 9

IV. IN THE ALTERNATIVE, DEFENDANTS REQUEST THAT THE COURT GRANT SUMMARY JUDGMENT OF ALL SIX OF CLARK'S CLAIMS AND RENICK'S THIRD AND SIXTH CAUSES OF ACTION ..... 12

A. If The Court Relies Upon Extrinsic Evidence, The Proper Remedy Is To Convert The Motion To A Motion For Summary Judgment ..... 12

B. Defendants Are Entitled To Partial Summary Judgment Of All Of Clark's Claims, And Of Both Plaintiffs' Third And Sixth Causes Of Action ..... 13

V. CONCLUSION ..... 13

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Botefur* v. *City of Eagle Point, Or.*, 7 F.3d 152 (9th Cir. 1993) ....................5

*Branch* v. *Tunnell*, 14 F.3d 449 (9th Cir. 1994) ....................11

*Cunningham* v. *Rothery (In re Rothery)*, 143 F.3d 546 (9th Cir. 1998) ....................12, 13

*Curry* v. *Baca*, 497 F.Supp. 2d 1128 (C.D. Cal. 2007) ....................4

*DeSimas* v. *Big Lots Stores, Inc.*, No. C 06-6614 SI, 2007 WL 686638 (N.D. Cal. March 2, 2007) ....................10, 11

*Hal Roach Studios, Inc.* v. *Richard Feiner & Co., Inc.*, 896 F.2d 1542 (9th Cir. 1990) .................... 3, 12

*Homart Develop. Co.* v. *Sigman*, 868 F.2d 1556 (11th Cir. 1989) ....................12

*Horsley* v. *Feldt*, 304 F.3d at 1125 (11th Cir. 1995) ....................4

*Janas* v. *McCracken (in Re Silicon Graphics Sec. Litig.)*, 183 F.3d 970 (9th Cir. 2002) ....................11

*Knievel* v. *ESPN*, 393 F.3d 1068 (9th Cir. 2005) ....................11

*Moran* v. *Peralta Community College Dist.*, 825 F.Supp. 891 (N.D.Cal.1993)....................4

*Moreno* v. *Autozone, Inc.*, No. C05-04432 MJJ, 2007 WL 1650942 (N.D. Cal. June 5, 2007) ....................10, 11

*North Indiana Gun & Outdoor Shows, Inc.* v. *City of South Bend* 163 F.3d 449 (7th Cir. 1998) ....................4

*Parrino* v. *FHP, Inc.*, 146 F.3d 699 (9th Cir. 1998) ....................11

*Qwest Communications Corp.* v. *City of Berkeley*, 208 F.R.D. 288 (N.D. Cal. 2002)....................12

*R.J. Corman Derailment Services, LLC* v. *International Union of Operating Engineers, Local Union 150, AFL-CIO*, 335 F.3d 643 (7th Cir. 2003) ....................4, 12

*Reynov* v. *ADP Claims Services Group, Inc.*, No. C 06-2056 CW, 2007 U.S. Dist. LEXIS 31631 (N.D. Cal. Apr. 30, 2007)....................6, 7, 9

*Shaw* v. *City of Sacramento*, 250 F.3d 1289 (9th Cir. 2001) ........ 5

*Sira* v. *Morton*, 380 F.3d 57 (2nd Cir. 2004) ........ 4, 12

*Strigliabotti* v. *Franklin Resources, Inc.*, 398 F.Supp. 2d 1094 (N.D. Cal. 2005) ........ 4

*Thomas* v. *Home Depot USA, Inc.*, No. C06-02705 MJJ, 2007 WL 2854259 (N.D. Cal. Sept. 27, 2007) ........ 10, 11

*Voest-Alpine Trading USA Corp.* v. *Bank of China*, 142 F.3d 887 (5th Cir. 1998) ........ 4

**STATE CASES**

*Caliber Bodyworks, Inc.* v. *Superior Court*, 134 Cal. App. 4th 365 (2005) ........ 11

*Perez* v. *Uline, Inc.*, 157 Cal. App. 4th 953 (2007) ........ 7

*Reid* v. *Overland Machined Products*, 55 Cal. 2d 203 (1961) ........ 7

*Skrbina* v. *Fleming Cos.*, 45 Cal. App. 4th 1353 (1996) ........ 5, 6

*Sullivan* v. *Del Conte Masonry Co.*, 238 Cal. App. 2d 634 (1965) ........ 6, 8

**STATE AND FEDERAL STATUTES**

8 C.C.R. §13520 ........ 8, 9

Cal. Civ. Code 1541 ........ 5

Cal. Civ. Proc. Code 340(a) ........ 9, 10, 11

Cal. Lab. Code § 206.5 ........ 6, 8

Cal. Lab. Code § 206(a) ........ 7

Cal. Lab. Code § 2699.3 ........ 11

Fed. R. Civ. Proc. 10(c) ........ 4

Fed. R. Civ. Proc. 12(d) ........ 12, 13

Fed. R. Civ. Proc. 56(c) ........ 12

**I. Introduction**

Plaintiffs Christopher Clark and James Renick bring this lawsuit against their former employers, Defendants Chase Home Finance, LLC ("Chase") and Chase Manhattan Mortgage Corporation ("Chase Manhattan"), and their former supervisor, James Boudreau. All six causes of action in the lawsuit are premised on Defendants' supposed violation of California's Labor Code and Business & Professional Code Section 17200. Plaintiffs demand damages in the form of wages and penalties. Plaintiffs' complaint, however, is fatally defective in at least two respects.

The first problem facing Plaintiffs is that Clark signed a "Release Agreement" in exchange for severance pay. This agreement released any and all claims that Clark had against Chase, its affiliates, and its current and former employees related to his employment. While Clark no doubt will argue that the release cannot, as a matter of law, cover wage claims under the California Labor Code, that argument is simply incorrect. Numerous cases, and the legislative history of the operative Labor Code sections, show that Clark's claims are precisely the sort that can be released through an agreement such as the one he signed here.

Plaintiffs' second problem is that certain of their claims are simply time-barred. Indeed, Clark's employment with Chase ended in July 2005, and Renick's employment ended several months earlier, in April 2005. Nevertheless, Plaintiffs waited nearly three years to file their lawsuit and assert their third and sixth causes of action for statutory and civil penalties, both of which are clearly subject to a one-year statute of limitation.

Accordingly, because Plaintiffs' clams fail as a matter of law, and because that failure is evident from the pleadings alone, Defendants respectfully request that the Court grant their motion for judgment on the pleadings. In the alternative, Defendants ask the Court to convert this motion to a motion for partial summary judgment, and dismiss all six of Clark's claims and Renick's third and sixth causes of action.

/ / /

/ / /

/ / /

## II. Brief Statement Of Relevant Facts And Procedural History

### A. Clark's Employment With Chase Ends In July 2005, And He Undisputedly Signs A "Release Agreement" Releasing All Claims Against Defendants

Clark was employed as a Senior Technical Analyst with Chase Manhattan (and Chase as Chase Manhattan's corporate successor) until July 15, 2005. *See* First Amended Complaint ("FAC"), ¶ 22. Upon his termination, Clark signed a "Release Agreement" in exchange for severance pay. *See* Answer, Exhibit A (p. 1). Among other things, the Release Agreement plainly states:

> I, Christopher G. Clark, (Global ID #726179) on behalf of myself, my heirs, assigns, representatives and estate, as RELEASOR, for and in consideration of severance under The Severance Pay Plan of JPMorgan Chase & Co., severance-related benefits and career services as detailed in the notice letter to me dated May 31, 2005 from Robert Rusinek (the "notice letter") and intending to be legally bound, hereby release to the fullest extent permitted by law CMMC [Chase Manhattan Mortgage Corporation] (and any predecessor or successor entities thereof) and its and their affiliates, subsidiaries, parent corporations (including J.P. Morgan Chase & Co.) and any predecessor or successor entities thereof, any other merged entities, and all present, former and future employees, directors, officers, representatives, administrators, agents, successors, assigns, trustees, heirs, executors and any fiduciaries of any employee benefit plan (hereinafter "JPMC" or "RELEASEES") from any and all suits, claims, charges, obligations, causes of action or demands in law or in equity (including any arbitration claims) arising from or relating to my employment relationship with JPMC and/or the termination thereof, from the beginning of the world up to and including the date of execution of this RELEASE (whether known or unknown to me and including any continuing effects of any acts or practices prior to the date of execution of this RELEASE).

*See* Answer, Ex. A (p. 1).

The Release Agreement further specifies that it includes any and all "suits, claims, charges, obligations, causes of action of demands in law or in equity (including any arbitration claims) arising from or relating to [his] employment relationship," including but not limited to "any employment and/or benefit related claims under any federal, state or local law, employment law or civil rights law." *See* Answer, Ex. A (p. 1). Although the Release Agreement carves out claims "under the Fair Labor Standards Act for failure to pay minimum wages or overtime," the release does not carve out wage or penalty claims under the California Labor Code, or state law claims for unfair competition or conversion. *See* Answer, Ex. A (p. 2). Clark signed the Release Agreement on June 15, 2005. *See* Answer, Ex. A (p. 5).

**B. Renick's Employment With Chase Ends In April 2005**

Renick was employed as a Senior Technical Analyst with Chase Manhattan (and Chase as Chase Manhattan's corporate successor). *See* FAC, ¶ 27. His employment ended April 6, 2005. *See* FAC, ¶ 27.

**C. Plaintiffs Bring This Action Nearly Three Years After Their Termination**

Clark filed his original complaint in this action on December 14, 2007. *See* Complaint. He alleged five causes of action against Defendants Chase and Boudreau for (1) Failure to Pay Overtime [Lab. C. §§ 510, 1194, 1198], (2) Waiting Time Penalties [Lab. C. §§ 203, 558], (3) Failure to Provide Accurate Itemized Statements [Lab. C. § 226], (4) Failure to Provide Rest Periods [Lab. C. §§ 226.7 and IWC Wage Orders], and (5) Unfair Competition [B&PC § 17200 – *et seq*]. *See* Complaint. On February 14, 2008, Plaintiffs filed a First Amended Complaint. *See* FAC. The FAC added Renick as a plaintiff, added Chase Manhattan as a defendant, and added a sixth cause of action for Failure to Pay Overtime and Provide Itemized Wage Statements [Labor Code § 2699]. *See* FAC. All six of Plaintiffs' claims in the FAC are based on the assertion that Plaintiffs were misclassified as "exempt" employees, and therefore were not compensated properly in accordance with California law. *See* FAC, ¶¶ 22–35.

On March 28, 2008, after removing the case to federal court, Defendants filed an Answer to Plaintiff's FAC. *See* Answer. In support of Defendants' Third Affirmative Defense, Defendants attached Clark's Release Agreement as an exhibit to their Answer. *See* Answer at p. 7, ¶ 3 & Ex. A. Defendants also assert the affirmative defense that Plaintiffs' claims are barred because they were properly classified as "exempt" employees. *See* Answer at p. 10, ¶ 19.

**III. Defendants Are Entitled To Judgment On The Pleadings As To All Of Clark's Claims, And As To Both Plaintiffs' Third And Sixth Causes Of Action**

**A. The Court Has The Authority To Dismiss The Claims At Issue Under Federal Rule Of Civil Procedure 12(c).**

Judgment on the pleadings under Rule 12(c) is proper when the moving party establishes on the face of the pleadings that no material issues of fact remain unresolved, and it is entitled to judgment as a matter of law. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.,*) 896

F.2d 1542, 1550 (9th Cir. 1990). The standard is the same as that for a motion to dismiss under Rule 12(b)(6). *See R.J. Corman Derailment Services, LLC v. International Union of Operating Engineers, Local Union 150, AFL-CIO* 335 F.3d 643, 647 (7th Cir. 2003) (12(c) motion uses "same standard that applies to dismissals under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted").

In ruling on a 12(c) motion, documents attached to a complaint or answer are incorporated by reference and treated as part of the complaint or answer, and thus are properly considered. *See Voest-Alpine Trading USA Corp. v. Bank of China* (5th Cir. 1998) 142 F.3d 887, 891, fn. 4 (because plaintiff attached to the complaint a letter of credit and other documents embodying its agreement with defendant, "these documents thereby became part of [plaintiff's] pleadings, [and] the district court's consideration of the documents did not make this a summary judgment case"); *Sira v. Morton*, 380 F.3d 57, 67 (2nd Cir. 2004) (for purposes of a 12(c) motion, "[a] complaint is deemed to include any written instrument attached to it as an exhibit); (*Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 1995) (considering AP article attached to defendant's answer on 12(c) motion); *North Indiana Gun &Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 453 (7th Cir. 1998) (considering four letters attached to plaintiff's complaint and one letter attached to defendant's answer without converting 12(c) motion to motion for summary judgment). Indeed, Rule 10(c) plainly states, "[a] copy of any written instrument which is an exhibit to a pleading is part thereof <u>for all purposes</u>." Fed. R. Civ. Proc. 10(c) (emphasis added).

Here, the "Release Agreement" attached to Defendants' Answer is central to one of Defendants' Affirmative Defenses. *See* Answer at p. 7, ¶ 3 & Ex. A. Accordingly, it is incorporated by reference by Defendants, and may properly be considered as part of the pleadings for purposes of this 12(c) motion. *See Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d at 891, fn. 4; *Horsley v. Feldt*, 304 F.3d at 1135.[1]

---

[1] Additionally, California courts routinely grant "partial" 12(c) motions where some, but not all, of the causes of action pled in a complaint fail as a matter of law based on the pleadings alone. *See, e.g., Strigliabotti v. Franklin Resources, Inc.*, 398 F.Supp. 2d 1094, 1097 (N.D. Cal. 2005) ('[w]hile Rule 12(c) of the Federal Rules of Civil Procedure does not expressly provide for partial judgment on the pleadings, neither does it bar such a procedure; it is common to apply Rule 12(c) to individual causes of action") (citing *Moran v. Peralta Community College Dist.*, 825 F.Supp. 891, 893 (N.D.Cal.1993)); *Curry v. Baca* 497 F.Supp. 2d 1128, 1130 (C.D. Cal. 2007) (same).

### B. Clark's Claims Must All Be Dismissed Because He Undisputedly Released Them

#### 1. The Release Agreement Signed By Clark Precludes His Claims Here

As a matter of law, Clark cannot sustain any of his six claims against Defendants because he undisputedly released them. *See* Answer, Ex. A; *see also* Cal. Civ. Code 1541 (a release given by consideration extinguishes any obligation covered by its terms); *Botefur v. City of Eagle Point, Or.*, 7 F.3d 152, 156 (9th Cir. 1993) (the enforceability of a settlement agreement is governed by principles of state contract law); *Shaw v. City of Sacramento*, 250 F.3d 1289, 1293 (9th Cir. 2001 (interpreting California law and upholding the enforceability of a release waiving "all claims against the [defendant] arising from or related to his employment" as "clear and unambiguous"). Indeed, in the employment context, "California courts have not hesitated to uphold similar waivers." *Id.*; *see also Skrbina v. Fleming Cos.*, 45 Cal. App. 4th 1353, 1368-1369 (1996) (upholding enforceability of release as to employment discrimination claims, where release stated "I hereby completely release and forever discharge [defendants] from any claims . . . which I may now have, have ever had, or may in the future have (exclusive of any workers['] compensation matter) regarding my employment, benefits, and separation from [employer] including any and all claims under state or federal employment laws and regulations").

Here, a plain reading of the release signed by Clark illustrates that he released the claims alleged in his Complaint against both Chase and "all present, former and future employees, directors, officers, representatives, administrators, agents, successors, assigns, trustees, heirs, executors and any fiduciaries of any employee benefit plan." *See* Answer, Ex. A (p. 1). Further, the release states that "in consideration of severance under The Severance Pay Plan of JPMorgan Chase & Co., severance-related benefits and career services," Clark released any and all "suits, claims, charges, obligations, causes of action of demands in law or in equity (including any arbitration claims) arising from or relating to [his] employment relationship," including but not limited to "any employment and/or benefit related claims under any federal, state or local law, employment law or civil rights law." *See* Answer, Ex. A (p. 1). Although the release carves out claims "under the Fair Labor Standards Act for failure to pay minimum wages or overtime," the

release does not contain any exceptions for wage or penalty claims under the California Labor Code, or state law claims for unfair competition or conversion. *See* Answer, Ex. A.[2] Under well settled California law, Clark's Release Agreement is enforceable and covers the employment claims he brings. *Skrbina v. Fleming Cos.*, 45 Cal. App. 4th at 1368-1369 (upholding enforceability of release covering employment claims generally; release does not need to specifically list all claims covered). Accordingly, all six of Clark's claims must be dismissed.

**2. California Labor Code Section 206.5 Does Not Preclude Clark From Releasing His Wage And Penalty Claims**

**a. Section 206.5 Applies Only To Releases Of Wages "Concededly Due"**

Clark no doubt will argue that California Labor Code Section 206.5 prohibits the release of the causes of action he asserts in the present case. Any such argument lacks all merit and cannot save his claims from dismissal.

California Labor Code Section 206.5 states:

> No employer shall require the execution of any release of any claim or right on account of wages due, or to become due, or made as an advance on wages to be earned, unless payment of such wages has been made. Any release required or executed in violation of the provisions of this section shall be null and void as between the employer and the employee and the violation of the provisions of this section shall be a misdemeanor.

Cal. Lab. Code § 206.5. California courts consistently have held that Section 206.5 applies only to the release of wages that are concededly due. Wages over which there exists a good faith dispute are not subject to the prohibition set forth in Section 205.6. *See Reynov v. ADP Claims Services Group, Inc.*, No. C 06-2056 CW, 2007 U.S. Dist. LEXIS 31631, at *9 (N.D. Cal. Apr. 30, 2007) (for purposes of Section 206.5, "wages are not 'due' if there is a good faith dispute as to whether they are owed"); *Sullivan v. Del Conte Masonry Co.*, 238 Cal. App. 2d 634, 634 (1965) (clarifying that Section 206.5 precludes settlement of wages concededly due, but permits

---

[2] Clark's Release also contains a "covenant not to sue," which states (in relevant part), "I agree that I will not pursue, file or assert or permit to be pursued, filed or asserted any civil action, suit or legal proceeding seeking equitable or monetary relief (not will I seek or in any way obtain or accept any such relief in any civil action, suit or legal proceeding) in connection with any and all claims released herein." *See* Answer, Ex. A (p.2). Accordingly, not only is Clark attempting to litigate released claims, but he also has violated his agreement with the Company not to pursue those claims.

compromise of a "bona fide dispute over wages"); *Reid v. Overland Machined Products*, 55 Cal. 2d 203, 207 (1961) ("[a]n employer and employee may of course compromise a bona fide dispute over wages") (emphasis added); *see also Perez v. Uline, Inc.*, 157 Cal. App. 4th 953, 956, 961 (2007) (upholding enforceability of general release of claims as to plaintiff's overtime claim under the California Labor Code).

Section 206.5 must be interpreted in conjunction with Section 206(a), which states:

> In case of a dispute over wages, the employer shall pay, without condition and within the time set by this article, all wages, or parts thereof, conceded by him to be due, leaving to the employee all remedies he might otherwise be entitled to as to any balance claimed.

Cal. Lab. Code 206(a) (emphasis added). Accordingly, as explained by the California Supreme Court, "in a dispute over wages the employer may not withhold wages concededly due to coerce settlement of the disputed balance." *Reid v. Overland Machined Products*, 55 Cal. 2d at 207. Indeed, interpreting Section 206.5 to apply to claims for disputed wages would directly contradict the California Supreme Court's long-standing interpretation of Section 206(a), which plainly acknowledges that employers and employees "may of course" settle "disputed" wage claims. *Id.*

This precise issue before the Court was recently addressed in *Reynov v. ADP Claims Services Group, Inc.*, 2007 U.S. Dist. LEXIS 31631, at *4-*5.[3] There, the plaintiff (like Clark) signed a general release as part of a severance package he received upon departure from the defendant employer. *See id.* The plaintiff later brought claims for unpaid overtime wages, waiting time penalties, payments for missed meal and rest periods, and civil penalties, arguing that the general release was not legally enforceable as to these claims due to Section 206.5. *Id.* at *5–*6, *11. The basis for the plaintiff's claims was that he was improperly classified as an exempt employee. *Id.* at *2–*3. The court rejected the plaintiff's argument and found the release enforceable, as Section 206.5 applies only to claims for wages that are "concededly due." *Id.* at *7–*8. As explained by the court, "section 206.5 voids releases of claims 'on account of wages due.' Based on the abovementioned authorities, the Court finds that wages are not 'due' if there is a good faith dispute as to whether they are owed." *Id.* at *8–*9 (citing *Reid v. Overland Machined Products*,

[3] Plaintiffs' counsel is surely well aware of this case. He is listed among plaintiffs' counsel in *Reynov*. *See id.*, 2007 U.S. Dist. LEXIS 31631, at *1.

55 Cal. 2d at 207 and *Sullivan v. Del Conte Masonry Co.*, 238 Cal. App. 2d at 634). The court further reasoned that "[b]ecause [defendant's] defense that [plaintiff] was an exempt employee under California law would, if successful, preclude any recovery for [plaintiff], a bona fide dispute exists and the overtime pay cannot be considered 'concededly due.'" *Id.* at *9 (citing *Sullivan v. Del Conte Masonry Co.*, 238 Cal. App. 2d at 634 and 8 C.C.R. § 13520 (defining a "good faith dispute" concerning wages as a dispute that occurs "when an employer presents a defense, based in law or fact which, if successful, would preclude any recover on the part of the employee")).

The plain language of Section 206.5 illustrates that it is meant to apply to wages concededly due and not disputably due. For example, use of the word "require" indicates that the Section prohibits employers from mandating that an employee sign a release of claims in order to receive wages concededly due, as opposed to entering into a voluntary agreement with an employee over wages disputably due. *See* Cal. Lab. Code § 206.5 ("No employer shall require the execution of any release. . .") (emphasis added). Similarly, the Section prohibits "any release of any claim or right on account of wages due, or to become due," as opposed to simply prohibiting the "release of any claim or right on account of wages." *Id.* (emphasis added).

This conclusion makes sense because, as noted in *Reynov*, the legislative history of Section 206.5 illustrates that the statute was meant to prevent "unscrupulous employers," particularly in the construction industry, from withholding an employee's paycheck unless the employee signed a release waiving all rights to additional compensation owed. *Id.* at *9; *see also* Defendants' Request for Judicial Notice, Ex. 3, Ex. 5 (pgs. 1, 4, 6, 8), Ex. 6 (p. 2), Ex. 7 (p. 5), Ex. 8 (p. 15). The legislation was intended to cover situations where a complete release of claims was required not only for wages indisputably owed, but often for far less than the indisputably owed amount. *Id.* Thus, the legislative history confirms that Section 206.5 applies only to wages concededly due, and not to wages over which there exists a good faith dispute.

**b. Because The Parties Have A "Bona Fide" Dispute Over The Wages Clark Seeks Here, His Claims Are Not Barred By Section 205.6**

Here, as in *Reynov*, Defendants have raised the defense that Clark is not entitled to any of the

wages or penalties he seeks in the present case because he was properly classified as an exempt employee. *See* Answer, p. 10, ¶ 19. Indeed, Clark does not claim that Defendants refused to pay him wages concededly due (*i.e.*, his agreed upon salary), but instead all six of his claims depend upon whether or not he was misclassified. *See* FAC. Accordingly, the parties have a "bona fide" dispute over the wages and penalties sought by Clark. *Reynov v. ADP Claims Services Group, Inc.*, 2007 U.S. Dist. LEXIS 31631, at *9 (defense that plaintiff was an exempt employee constitutes a bona fide dispute over wages); 8 C.C.R. § 13520 ("good faith dispute" concerning wages includes disputes "when an employer presents a defense, based in law or fact which, if successful, would preclude any recover on the part of the employee").

In short, the case law, the legislative history, and the plain language of the statute make clear that Section 206.5 prohibits mandatory releases as to wages concededly due, but not voluntary releases as to wages over which there exists a good faith dispute. Accordingly, Clark cannot use Section 206.5 in his effort to shield his claims from the force and effect of the Release Agreement he signed close to three years ago.

### C. Plaintiffs' Third And Sixth Causes Of Action Are Time Barred

Regardless of the impact of Clark's Release Agreement, Plaintiffs' Third And Sixth Causes of Action must be dismissed because they are time barred.

#### 1. Plaintiffs' Third Cause Of Action For Statutory Penalties For Failure To Provide Itemized Wage Statements Is Subject To A One Year Statute Of Limitations

Plaintiffs' Third Cause of Action must be dismissed because it is time barred. Plaintiffs plainly seek penalties under Labor Code Section 226(e) in the amount of fifty dollars ($50) for each alleged initial violation and one hundred dollars ($100) for each alleged subsequent violation, up to an aggregate penalty of four thousand dollars ($4,000), as redress for the alleged failure to receive accurate itemized wage statements. FAC, ¶ 61. This claim is subject to a one-year statute of limitations. Cal. Civ. Proc. Code 340(a) (one year statute of limitations for penalty claims). Clark's employment ended in July, 2005, and Renick's employment ended in April, 2005. FAC ¶¶ 22, 27. Accordingly, because they did not file a complaint alleging this penalty

claim within one year of the termination of their employment, their claim must be dismissed as untimely. Cal. Civ. Proc. Code 340(a).

**2. Plaintiffs' Sixth Cause Of Action For Civil Penalties Under The Private Attorney General's Act Is Subject To A One Year Statute Of Limitations**

Plaintiffs' Sixth Cause of Action seeks civil penalties under Labor Code Section 558 by way of a private right of action under Labor Code Section 2699 (California's Private Attorneys General Act ("PAGA")) for Defendants' alleged failure to pay Plaintiffs overtime compensation. FAC, ¶ 36, 78. Additionally, Plaintiffs seek statutory penalties under Labor Code Section 226 by way of a private right of action under Section 2699 for Defendants' alleged failure to provide Plaintiffs with accurate itemized wage statements. FAC, ¶ 36, 78. Plaintiffs' PAGA claims fail as a matter of law, however, because they undisputedly are time barred.

California law is clear that PAGA claims are subject to a <u>one year statute of limitations</u>, meaning that a plaintiff must initiate a PAGA claim within one year of the alleged Labor Code violation on which the PAGA claim is based. *See Thomas v. Home Depot USA, Inc.*, No. C06-02705 MJJ, 2007 WL 2854259, at * 3, *4 (N.D. Cal. Sept. 27, 2007) (PAGA claims for civil penalties are subject to a one-year statute of limitations under CCP section 340(a)); *Moreno v. Autozone, Inc.*, No. C05-04432 MJJ, 2007 WL 1650942, at *1, *2 (N.D. Cal. June 5, 2007) ("[t]here can be no serious dispute that the civil penalties that [plaintiff] seeks to recover under PAGA are a 'penalty' within the meaning of California Code of Civil Procedure § 340(a)"); *DeSimas v. Big Lots Stores, Inc.*, No. C 06-6614 SI, 2007 WL 686638, at *3 (N.D. Cal. March 2, 2007) ("[t]he Court agrees with defendants [] that the one-year statute of limitations prescribed in Section 340 appears, on its face, to apply to the [PAGA] claims at issue").

Here, Clark's employment with Chase ended "around" July 15, 2005, and Renick's employment with Chase ended "around" April 6, 2005. FAC, ¶¶ 22, 27. But Clark did not commence this lawsuit until December 14, 2007 – more than one year after the termination of his employment – and Plaintiffs did not file a complaint containing a PAGA claim until <u>February 14, 2008</u>. *See* Complaint; FAC. Accordingly, Plaintiffs failed to file this PAGA claim within one

year of their termination. As a result, the PAGA claim is time barred by the statute of limitations. *Thomas v. Home Depot USA, Inc.*, 2007 WL 2854259, at * 3, *6 (granting defendants 12(b)(6) motion as to plaintiff's PAGA claim because it was time barred); *Moreno v. Autozone, Inc.*, MJJ, 2007 WL 1650942, at *4–*5 (same).

Plaintiffs might try to save their PAGA claim by arguing that they timely commenced it by sending Notice to Defendants and the California Labor & Workforce Development Agency ("LWDA"). Any such argument is belied by the pleadings. Indeed, Plaintiffs allege that they complied with the notice requirements set forth in Labor Code Section 2699.3 by serving Notice via certified mail to Defendants and the LWDA. *See* FAC, ¶¶ 36 & 79. The Notice to Defendants, however, is plainly dated January 9, 2008. *See* Declaration of Erin M. Connell In Support Of Motion For Judgment On The Pleadings Or, In The Alternative, Partial Summary Judgment ("Connell Decl."), Ex. A.[4] Accordingly, because Plaintiffs did not initiate their PAGA claims, nor file a complaint alleging a PAGA claim, within one year of their terminations, their PAGA claim is time-barred. *See, e.g., Thomas v. Home Depot USA, Inc.*, 2007 WL 2854259, at * 3, *4; Cal. Civ. Proc. Code § 340(a) (one year statute of limitations for penalties).[5]

---

[4] Not only do Plaintiffs specifically refer to the Notice in their pleading [FAC, ¶ 36], but Plaintiffs' PAGA claim directly relies upon it. *See* Labor Code § 2699.3 (proper notice is prerequisite to bringing a PAGA claim); *Caliber Bodyworks, Inc.*, 134 Cal.App.4th 365, 385 (2005) (compliance with the PAGA notice requirements must be pled in the civil complaint). Accordingly, the court may consider the notice under the "incorporation by reference" doctrine without converting this motion to a summary judgment motion. *See Knievel v. ESPN*, 393 F.3d 1068, 1076-1077 (9th Cir. 2005) (taking into account web pages attached to defendant's motion to dismiss under "incorporation by reference doctrine" even though not attached to plaintiffs' complaint); *Janas v. McCracken (in Re Silicon Graphics Sec. Litig.)*, 183 F.3d 970, 986 (9th Cir. 2002) (district court properly considered SEC filings when ruling on 12(b)(6) motion under "incorporation by reference" doctrine, which "permits a district court to consider documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading") (citing *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)); *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 & n.4 (9th Cir. 1998) (district court properly considered documents <u>not</u> attached to complaint, but instead attached to defendant's motion to dismiss, where plaintiff's claim depends on the contents of the documents and plaintiff did not dispute their authenticity).

[5] To the extent that Plaintiffs argue they are not using PAGA to seek penalties under the PAGA statute itself, but instead are using PAGA to give them a private right of action to seek penalties under Labor Code sections 558 and 226, those underlying Labor Code statutes are <u>also</u> subject to a one-year statute of limitations, and therefore Plaintiffs' PAGA claim is time-barred on that ground as well. *See* Cal. Civ. Proc. Code 340(a) (one year statute of limitations for penalty claims). Similarly, to the extent Plaintiffs claim they have brought their PAGA claim on behalf of both themselves <u>and</u> other aggrieved employees, this claim also fails to get around the untimeliness of their individual claims. *See Thomas v. Home Depot USA, Inc.*, 2007 WL 2854259, at * 5 (rejecting plaintiff's argument that "even if his individual claim is time-barred, he can continue to represent the State of California and all injured parties in an action for civil penalties"); *DeSimas v. Big Lots Stores, Inc.*, 2007 WL 686638, at *4 (finding plaintiff could not pursue PAGA claims in a representative capacity because the statute of limitations barred plaintiff's claim). Indeed, as held in both *Thomas* and *Big Lots*, to bring a representative PAGA claim, the named plaintiffs must have a

## IV. In The Alternative, Defendants Request That The Court Grant Summary Judgment Of All Six Of Clark's Claims And Renick's Third And Sixth Causes Of Action

### A. If The Court Relies Upon Extrinsic Evidence, The Proper Remedy Is To Convert The Motion To A Motion For Summary Judgment

As with Rule 12(b)(6) motions, if matters outside the pleading are relied upon by the court, the motion for judgment on the pleadings is converted into a Rule 56 summary judgment motion. *See* Fed. R. Civ. Proc. 12(d); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.* 896 F.2d at 1550 ("when the district court goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment); *R.J. Corman Derailment Services, LLC v. International Union of Operating Engineers, Local Union 150, AFL–CIO*, 335 F.3d at 647 (same). The test is not whether extrinsic evidence is presented in support or defense of the motion, but whether the court relies upon extrinsic evidence when ruling on the motion. *Homart Develop. Co. v. Sigman*, 868 F.2d 1556, 1561–1562 (11th Cir. 1989) ("[m]erely because the judge peruses the material tendered does not automatically convert a Rule 12(c) motion into a Rule 56 motion"); *Qwest Communications Corp. v. City of Berkeley*, 208 F.R.D. 288, 291 (N.D. Cal. 2002) ("[i]t must appear that the court relied on the extrinsic evidence in reaching its conclusions before [the] conversion occurs).[6]

In the event of conversion, the standard for a Rule 56 motion is virtually identical to the standard on a Rule 12(c) motion: the motion must be granted if the moving party shows "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law"). Fed. R. Civ. Proc. 56(c).

---

timely individual claim on which to base their representation. *Id.* Plaintiffs have no such timely claim here.

[6] Rule 12(d) provides that when a court converts a motion for judgment on the pleadings into one for summary judgment, it shall provide "all parties reasonable opportunity to present all the material that is made pertinent to the motion." Fed. R. Civ. Proc. 12(d). There is no notice requirement for the conversion, and notice need to be explicit; rather, "it is adequate if the non-moving party is 'fairly appraised' before the hearing that the court will look beyond the pleadings." *Cunningham v. Rothery (In re Rothery),* 143 F.3d 546, 549 (9th Cir. 1998). A party is "fairly appraised" if matters outside the pleadings are presented to the judge with invitation to consider them. *Id.*; *Sira v. Morton*, 380 F.3d at 68 ("[a] party is deemed to have notice that a motion may be converted into one for summary judgment if that party 'should reasonably have recognized the possibility' that such a conversion would occur"). The failure to provide actual notice of the court's intent to convert, however, is harmless error if the opposing party was not prejudiced thereby. *See Sira v. Morton*, 380 F.3d at 68.

### B. Defendants Are Entitled To Partial Summary Judgment Of All Of Clark's Claims, And Of Both Plaintiffs' Third And Sixth Causes Of Action

Here, in the event that the Court deems Exhibit A to Defendants' Answer, or Plaintiffs' January 9, 2008 Notice to Defendants and to the California Workforce Development Agency, to be extrinsic evidence, Defendants ask the Court to convert this motion to motion for "partial" summary judgment under Rule 56. *See, e.g., Cunningham v. Rothery (In re Rothery),* 143 F.3d at 549 (because the district court relied upon extrinsic evidence, it was proper to convert Rule 12(b)(6) motion to Rule 56 motion before granting partial summary judgment); Fed. R. Civ. Proc. 12(d). For the same reasons set forth above with respect to Defendants motion for judgment on the pleadings, Defendants are entitled to judgment as a matter of law on all six of Clark's claims, and on Clark's and Renick's third and sixth causes of action.[7]

## V. Conclusion

For the forgoing reasons, Defendants respectfully request that the Court grant their motion for judgment on the pleadings. In the alternative, Defendants request that the convert the motion to a motion for partial summary judgment, and grant that motion on the same legal grounds.

Dated: April 25, 2008

ANDREW R. LIVINGSTON
ERIN M. CONNELL
ORRICK, HERRINGTON & SUTCLIFFE LLP

By: /s/ Erin M. Connell
Erin M. Connell
Attorneys for Defendants
Chase Home Finance, LLC
and James Boudreau

[7] In the event that the Court does convert the motion to one for "partial" summary judgment, and only upon such conversion, Defendants refer the Court to the Declaration of Janette Gochan In Support Of Defendants' Motion To Dismiss, Or In The Alternative Motion For Partial Summary Judgment ("Gochan Decl."), which attaches and authenticates the Release Agreement. *See* Gochan Decl., ¶ 2 & Ex. A.