ANDREW R. LIVINGSTON (State Bar No. 148646)
alivingston@orrick.com
ERIN M. CONNELL (State Bar No. 223355)
econnell@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:   +1-415-773-5700
Facsimile:   +1-415-773-5759

Attorneys for Defendants
Chase Home Finance, LLC (on behalf of itself and as successor in interest to Chase Manhattan Mortgage Corporation) and James Boudreau

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER CLARK and JAMES RENICK, individuals,<br><br>Plaintiffs,<br><br>v.<br><br>CHASE HOME FINANCE, LLC; a Delaware LLC doing business in California; CHASE MANHATTAN MORTGAGE CORPORATION, a New Jersey corporation doing business in California; JAMES BOUDREAU, an individual; and DOES 1-25,<br><br>Defendants. | Case No. 08-CV-0500 JM RBB<br><br>**DEFENDANTS CHASE HOME FINANCE, LLC, CHASE MANHATTAN MORTGAGE CORPORATION AND JAMES BOUDREAU'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO RULE 12(C) OR, IN THE ALTERNATIVE, MOTION FOR PARTIAL SUMMARY JUDGMENT PURSUANT TO RULE 56**<br><br>Date:     May 30, 2008<br>Time:    1:30 p.m.<br>Dept.:    16<br>**Judge:**   The Hon. Jeffrey T. Miller |

1    Pursuant to Federal Rule of Evidence Sections 201(c) and (d), Defendants Chase Home
2    Finance, LLC ("Chase") (on behalf of itself and as successor in interest to Chase Manhattan
3    Mortgage Corporation ("Chase Mortgage")) and James Boudreau ("Boudreau") (collectively,
4    "Defendants") respectfully request that the Court take judicial notice of the certain documents in
5    connection with its disposition of Defendants' accompanying Motion For Judgment On The
6    Pleadings Or, In The Alternative, Motion For Partial Summary Judgment, true and correct copies
7    of which are attached as Exhibits 1-8. A court may consider matters that are properly the subject
8    of judicial notice without converting a motion to dismiss under Rule 12 into a motion for
9    summary judgment under Rule 56. *See MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th
10    Cir. 1986) (court may consider documents subject to judicial notice without converting Rule
11    12(b)(6) motion to Rule 56 motion); *In re Colonial Mortg. Bankers Corp.*, 324 F.3d 12, 16, 19
12    (1st Cir. 2003) (same).

13    Here, Defendants request that the Court take judicial notice of the following documents:

14    1.   Plaintiff Christopher Clark's original complaint in this action, filed on
15         December 14, 2007, in the Superior Court of California for the County of San
16         Diego, entitled "Christopher Clark, an individual, Plaintiff, vs. Chase Home
17         Finance, LLC; James Boudreau, an individual; and Does 1 through 25,
18         Defendants," No. 37-2007-00083776-CU-OE-CTL **(Exhibit 1)**;
19    2.   Plaintiffs Christopher Clark and James Renick's First Amended Complaint in this
20         action, filed on February 14, 2008, in the Superior Court of California for the
21         County of San Diego, entitled "Christopher Clark and James Renick, individuals,
22         Plaintiffs, vs. Chase Home Finance, LLC, a Delaware LLC doing business in
23         California; Chase Manhattan Mortgage Corporation, a New Jersey Corporation
24         doing business in California; and James Boudreau, an individual; and Does 1
25         through 25, Defendants," No. 37-2007-00083776-CU-OE-CTL **(Exhibit 2)**;
26    3.   The Declaration of Filomena M. Yeroshek, an attorney with the Legislative Intent
27         Service, who undertook to locate and obtain all documents relevant to the
28         enactment of Assembly Bill 302 of 1959. Assembly Bill 302 was approved by the

|   |   |   |
|---|---|---|
| 1 |   | Legislature and was enacted as Chapter 1066 of the Statutes of 1959, which added |
| 2 |   | Section 206.5 to the California Labor Code (**Exhibit 3**); |
| 3 | 4. | All versions of Assembly Bill 302 (which later because Labor Code Section 206.5) |
| 4 |   | (Gaffney – 1959) (**Exhibit 4**); |
| 5 | 5. | Post-enrollment documents (including various letters to the Governor) regarding |
| 6 |   | Assembly Bill 302 (**Exhibit 5**); |
| 7 | 6. | Excerpt regarding Assembly Bill 302 from the 1959 <u>Summary Digest of Statutes</u> |
| 8 |   | <u>Enacted</u>, prepared by Legislative Counsel (**Exhibit 6**); |
| 9 | 7. | Excerpt regarding Assembly Bill 302 from the <u>Journal of the State Bar of</u> |
| 10 |   | <u>California</u>, Vol. 34, No. 5, September–October 1959 (**Exhibit 7**); |
| 11 | 8. | Excerpt regarding Assembly Bill 302 from the 1959 <u>Legislative Report</u>, prepared |
| 12 |   | by the United Steelworkers of America (**Exhibit 8**); |

Exhibits 1 and 2 are copies of Plaintiffs' pleadings in this action, which Defendants have attached to this Request for Judicial Notice for the Court's convenience, as they were filed in state court prior to Defendants' removal of this case to federal court.

Exhibits 1 and 2 are properly subject to judicial notice pursuant to Fed. R. Evid. 201(c) and (d). *See Biggs v. Terhune*, 334 F.3d 910, 916 n.3 (9th Cir. 2003) ("Materials from a proceeding in another tribunal are appropriate for judicial notice"); *Estate of Blue v. County of Los Angeles,* 120 F.3d 982, 984 (9th Cir. 1997) (taking judicial notice of court records); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (taking judicial notice of documents filed in another court action); *Schweitzer v. Scott*, 469 F. Supp. 1017, 1020 (C.D. Cal. 1979) (taking judicial notice of court files); *see also United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003) (noting that courts may take judicial notice of public records).

/ / /
/ / /
/ / /
/ / /
/ / /

1   Exhibits 3 through 8 are materials provided by the Legislative Intent Service on the
2  legislative history and intent of Assembly Bill 302 of 1959, including amendments, reports,
3  memoranda, and analyses on this Bill which enacted California Labor Code Section 206.5. For
4  the sake of efficiency, Defendants have attached only those documents from the collection of
5  documents provided by the Legislative Intent Service (listed in the Declaration of Filomena M.
6  Yeroshek (**Exhibit 3**)) that are relevant to the present motion, although Defendants will provide
7  the remaining documents if the Court wishes to review them.
8   Exhibits 3 through 8 are properly subject to judicial notice pursuant to Fed. R. Evid.
9  201(c) and (d). *See Chaker v. Crogan*, 428 F.3d 1215, 1223 n.8 (9th Cir. 2005) (taking judicial
10 notice of legislative history of Penal Code Section 148.6); *Mack v. South Bay Beer Distributors,
11 Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986) (observing that the court may take judicial notice of the
12 records and reports of state administrative bodies), *overruled on other grounds by Astoria Fed.
13 Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104(1991); *Louie v. McCormick & Schmick Rest. Corp.*,
14 460 F. Supp. 2d 1153, 1156 (C.D. Cal. 2006) (taking judicial notice of legislative history of Labor
15 Code Section 351); *People v. Ansell*, 25 Cal. 4th 868, 881 (2001) (Supreme Court took judicial
16 notice of certain legislative committee reports underlying enactment of statutory amendment);
17 *People v. Sanchez*, 24 Cal. 4th 983, 992, n.4 (2001) (taking judicial notice of materials provided
18 by Legislative Intent Service to determine intent of statute); *Commodore Home Sys. v. Superior
19 Court*, 32 Cal. 3d 211, 218-19 n.9 (1982) (taking judicial notice of various reports, letters and
20 legislators' memos regarding statute to determine legislative history and intent); *Maryland Cas.
21 Co. v. Andreini & Co.*, 81 Cal. App. 4th 1413 (2000) (court took judicial notice of material from a
22 statute's legislative history); *Estate of Joseph*, 17 Cal. 4th 203, 210 (1998) (court may judicially
23 notice matters underlying state statutory law); *Main San Gabriel Watermaster v. State Water Res.
24 Control Bd.*, 12 Cal. App. 4th 1371, 1381 (1993) (taking judicial notice of documents provided by
25 Legislative Intent Service in preparing legislative history of statute); *Browne & Co. v. Superior
26 Court*, 210 Cal. App. 3d 35, 40-41 (1989) (taking judicial notice of legislative history received
27 from Legislative Intent Service); *Frio v. Superior Court*, 203 Cal. App. 3d 1480, 1487 n.3, (1988)
28 (utilizing certain documents regarding the legislative history, furnished by the Legislative Intent

1  Service); *Post v. Prati*, 90 Cal. App. 3d 626, 634 (1979) (taking judicial notice of legislative
2  committee reports; testimony at public hearings; and correspondence to Governor regarding
3  passage of Bill).

5  Dated: April 25, 2008

ANDREW R. LIVINGSTON
ERIN M. CONNELL
ORRICK, HERRINGTON & SUTCLIFFE LLP


By: _____/s/ Erin M. Connell_____
Erin M. Connell
Attorneys for Defendants
Chase Home Finance, LLC
and James Boudreau