1  ANDREW R. LIVINGSTON (State Bar No. 148646)
    alivingston@orrick.com
2  ERIN M. CONNELL (State Bar No. 223355)
    econnell@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
4  405 Howard Street
    San Francisco, CA  94105-2669
5  Telephone:    +1-415-773-5700
    Facsimile:    +1-415-773-5759
6
    Attorneys for Defendants
7  Chase Home Finance, LLC (on behalf of itself and as successor
    in interest to Chase Manhattan Mortgage Corporation) and
8  James Boudreau

9

                UNITED STATES DISTRICT COURT
10
              SOUTHERN DISTRICT OF CALIFORNIA
11

12

13  CHRISTOPHER CLARK and JAMES      Case No.  08 CV 0500 JM RBB
    RENICK, individuals,

14                  Plaintiffs,    **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND TO STATE COURT**

15        v.

16  CHASE HOME FINANCE, LLC, a Delaware
    LLC doing business in California; CHASE    Date:      May 16, 2008
17  MANHATTAN MORTGAGE        Time:      1:30 p.m.
    CORPORATION, a New Jersey corporation    Courtroom:  16
18  doing business in California; JAMES
    BOUDREAU, an individual; and DOES 1-25,
19
                  Defendants.
20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ........................................................................................ 1

II.   BOUDREAU IS A "SHAM" DEFENDANT WHOSE CITIZENSHIP MUST BE
      IGNORED................................................................................................... 2

      A.   Plaintiffs Have Conceded That They Cannot Maintain Their First Four
           Causes Of Action Against Boudreau Under Reynolds v. Bement........................ 2

      B.   Plaintiffs' Sixth Cause Of Action For Civil Penalties Under Labor Code
           Sections 558 and 2699 Is Time Barred .................................................. 4

           1.   PAGA Claims For Civil Penalties Are Subject To A One Year
                Statute Of Limitations ................................................................ 4

           2.   Plaintiffs Fail To Establish That Their PAGA Claim Is Subject To
                Anything Other Than A One-Year Statute Of Limitations........................ 5

           3.   Section 558 Is Subject To A One Year Statute Of Limitations ................ 6

           4.   The Cases On Which Plaintiffs Rely Do Not Involve A Time-
                Barred Section 558 Claim ........................................................... 6

           5.   Boudreau Did Not Exercise Control Over Plaintiffs' Wages, Nor
                Violate Section 558 .................................................................... 7

      C.   As A Matter Of Law, Plaintiffs Cannot Sustain Their Section 17200 Claim
           Against Boudreau........................................................................... 9

           1.   Because Plaintiffs' Underlying Labor Code Claims Against
                Boudreau Fail, Plaintiffs' Section 17200 Claim Fails As Well ................ 9

           2.   The Cases On Which Plaintiffs Rely Are Plainly Distinguishable........... 10

           3.   Because Boudreau Was Not Plaintiffs' Employer, Plaintiffs May
                Not Seek Restitution From Him Under Section 17200........................... 12

III.  CONCLUSION ........................................................................................ 14

1

2

# TABLE OF AUTHORITIES

**Page**

3

## FEDERAL CASES

4

*Burden v. General Dynamics Corp.*,
60 F.3d 213 (5th Cir. 1995)................................................................................... 2

5

*DeSimas v. Big Lots Stores, Inc., No. C 06-6614 SI*,
2007 WL. 686638 (N.D. Cal. March 2, 2007) .................................................. 4, 5

6

7

*Denbicare U.S.A., Inc. v. Toys "R" Us, Inc.*,
84 F.3d 1143 (9th Cir. 1996)...................................................................... 9, 10, 12

8

*LeJeune v. Shell Oil Company*,
950 F.2d 267 (5th Cir. 1992)................................................................................. 2

9

*McCabe v. General Foods Corp.*,
811 F.2d 1336 (9th Cir. 1987)............................................................................... 2

10

11

*Moreno v. Autozone, Inc.*,
No. C05-04432 MJJ, 2007 WL 1650942 (N.D. Cal. June 5, 2007)...................... 4

12

*Morris v. Princess Cruises, Inc.*,
236 F.3d 1061 (9th Cir. 2001)...................................................................... 2, 8, 13

13

14

*Renick v. Dun & Bradstreet Receivable Management Services*,
290 F.3d 1055 (9th Cir. 2002)............................................................................... 9

15

*Ruiz v. Paladin Group, Inc.*,
No. CV 03-6018-GHK (RZX) 2003 WL 22992077 (C.D. Cal. Sept. 29, 2003) ..................... 6

16

17

*Thomas v. Home Depot USA, Inc.*,
No. C06-02705 MJJ, 2007 WL 2854259 (N.D. Cal. Sept. 27, 2007)................... 4, 5

18

*Thornhill Publishing Co. v. GTE Corp*,
594 F.2d 730 (9th Cir. 1979)................................................................................. 8

19

20

*Zamani v. Carnes*,
491 F.3d 990 (9th Cir. 2007)................................................................................. 3

21

22

## STATE CASES

23

*Bradstreet v. Wong*,
Nos. A113760, A114106, 2008 WL. 1735132 (Cal. Ct. App. April 16, 2008)........... 3, 12, 13

24

*Cortez v. Purolator Air Filtration Products Co.*,
23 Cal. 4th 163 (2000) ............................................................................ 11, 12, 13

25

*Farmers Insurance Exch. v. Superior Court*,
2 Cal. 4th 377 (1992) ............................................................................................ 9

26

27

*Jones v. Gregory*,
137 Cal. App. 4th 798 (2006) ......................................................................*passim*

28

1

## TABLE OF AUTHORITIES
### (continued)

2
Page

3  *Korea Supply Co. v. Lockheed Martin, Corp.*,
      29 Cal. 4th 1134 (2003) ........................................................................ 12
4
   *Krantz v. BT Visual Images, L.L.C.*,
5      89 Cal. App. 4th 164 (2001) ..................................................................... 9

6  *Lazar v. Hertz Corp.*,
      69 Cal. App. 4th 1494 (1999) .................................................................... 9
7
   *Murphy v. Kenneth Cole Productions, Inc.*,
8      30 Cal. 4th 1094 (2007) ........................................................................... 5

9  *Reynolds v. Berment*,
      36 Cal. 4th 1075 (2005) .............................................................. 3, 4, 7, 10, 13
10
   *Van Ness v. Blue Cross of California*,
11     87 Cal. App. 4th 364 (2001) ..................................................................... 9

12 *Vikco Insurance Services v. Ohio Indemnity Co.*,
      70 Cal. App. 4th 55 (1999) .................................................................... 4, 6
13
   *Violante v. Communities Southwest Development & Construction Co.*,
14     138 Cal. App. 4th 972 (2006) ............................................................ 10, 11, 12

15 *Whiteside v. Tenet Healthcare Corp.*,
      101 Cal. App. 4th 693 (2002) ................................................................... 9
16

17

## STATUTES
18
Cal. Bus. & Prof. Code § 17200 ........................................................... *passim*
19
Cal. Civ. Proc. Code § 340(a) ............................................................ 5, 6, 7
20
Cal. Lab. Code § 558(a) .................................................................... *passim*
21
Cal. Lab. Code § 2699 ...................................................................... 5
22
23
24
25
26
27
28

1    **I.    <u>INTRODUCTION</u>**

2            In an obvious attempt to avoid being in federal court, Plaintiffs Christopher Clark and

3    James Renick have brought their present lawsuit seeking wages and/or penalties not only against

4    their former employers, Defendants Chase Home Finance, LLC ("Chase") and Chase Manhattan

5    Mortgage Corporation ("Chase Manhattan"), but also against their former supervisor, individual

6    defendant James Boudreau ("Boudreau").  Under the well settled rules of California state law,

7    however, Plaintiffs cannot sustain <u>any</u> of their claims against Boudreau.  Accordingly, this Court

8    has diversity jurisdiction in this case and Plaintiffs' motion to remand must be denied.

9            All six causes of action in this lawsuit are premised on Defendants' supposed violation of

10    California's Labor Code and Business & Professional Code Section 17200.  As plaintiffs appear

11    to recognize in their motion to remand, California law is clear that <u>as a matter of law</u>, an

12    individual supervisor may not be liable for wage and penalty claims under the California Labor

13    Code.  Plaintiffs argue instead that their motion should be granted because there is a "possibility"

14    that Plaintiffs may be able to establish liability against Boudreau through their sixth cause of

15    action for failure to pay overtime pursuant to Labor Code Section 558 ("Section 558"), which

16    Plaintiffs bring pursuant to Labor Code Section 2699 (California's Private Attorney's General

17    Act ("PAGA")), and through their fifth cause of action for unfair competition under Business &

18    Professions Code Section 17200 ("Section 17200").  Plaintiffs' arguments are wholly without

19    merit.

20            As a matter of law, Plaintiffs' sixth cause of action under Sections 558 and 2699 is plainly

21    subject to a one year statute of limitations, and therefore this claim is time barred.  Similarly,

22    Plaintiffs' fifth cause of action under Section 17200 rises and falls with the underlying

23    substantive law claims on which it is based.  Plaintiffs' Section 17200 claim also fails because

24    Plaintiffs undisputedly cannot seek restitution from Boudreau as an individual who was not their

25    employer.  Because Plaintiffs cannot sustain <u>any</u> of their claims for wages or penalties against

26    Boudreau as an individual, he is a "sham" defendant whose citizenship must be ignored for

27    purposes of determining diversity.  Plaintiffs' motion to remand must be denied.

28

DEFENDANTS' MEMORANDUM OF POINTS AND
AUTHORITIES IN OPPOSITION TO PLAINTIFFS'
MOTION TO REMAND (No. 08 CV 0500 JM RBB)

1
2

## II.    BOUDREAU IS A "SHAM" DEFENDANT WHOSE CITIZENSHIP MUST BE IGNORED

3

As Plaintiffs recognize in their motion for remand, "[j]oinder of a non-diverse defendant

4

is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of

5

determining diversity, 'if the plaintiff fails to state a cause of action against a resident defendant,

6

and the failure is obvious according to the settled rules of the state.'" *Morris v. Princess Cruises,*

7

*Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (*citing McCabe v. General Foods Corp.*, 811 F.2d

8

1336, 1339 (9th Cir. 1987)).  Where the evidence demonstrates that a former employee's claims

9

against an individual supervisor (such as Boudreau) cannot be sustained under the applicable state

10

law, federal courts will deem the individual a "sham" defendant and disregard him or her for

11

purposes of determining diversity jurisdiction.  *See, e.g., McCabe v. General Foods Corp.,* 811

12

F.2d 1336, 1339 (9th Cir. 1987) (individual supervisors who terminated plaintiff were "sham"

13

defendants where pleadings and affidavits demonstrated that plaintiff could not prove facts to

14

sustain a wrongful termination claim against them); *Burden v. General Dynamics Corp.,* 60 F.3d

15

213, 220 (5th Cir. 1995) (individual supervisors were fraudulently joined where pleadings and

16

affidavits showed that plaintiff could not demonstrate "outrageous" conduct sufficient to succeed

17

on a claim of intentional infliction of emotional distress); *LeJeune v. Shell Oil Company,* 950

18

F.2d 267, 271 (5th Cir. 1992) (individual supervisors were fraudulently joined where the evidence

19

showed that plaintiff could not demonstrate vicarious liability under state law standards).

20

### A.    Plaintiffs Have Conceded That They Cannot Maintain Their First Four Causes Of Action Against Boudreau Under *Reynolds v. Bement*

21

Plaintiffs allege six separate causes of action against Defendant Boudreau: (1) Failure to

22

Pay Overtime [Lab. C. §§ 510, 1194, 1198], (2) Waiting Time Penalties [Lab. C. §§ 203, 558],

23

(3) Failure to Provide Accurate Itemized Statements [Lab. C. § 226], (4) Failure to Provide Rest

24

Periods [Lab. C. §§ 226.7 and IWC Wage Orders], (5) Unfair Competition [B&PC § 17200 – *et*

25

*seq*], and (6) Failure to Pay Overtime and Provide Itemized Wage Statements [Labor Code §

26

2699].  *See* FAC.  All six of Plaintiffs' claims are based on the assertion that Plaintiffs were

27

misclassified as "exempt" employees, and therefore were not compensated properly in

28

accordance with California law.  *See* FAC, ¶¶ 22–35.

DEFENDANTS' MEMORANDUM OF POINTS AND
AUTHORITIES IN OPPOSITION TO PLAINTIFFS'
MOTION TO REMAND (No. 08 CV 0500 JM RBB)

Plaintiffs' moving papers are utterly silent on their first, second, third, and fourth causes of action. *See* Motion to Remand at 5:4-8.[1]  By ignoring these claims, Plaintiffs concede that they may not be maintained against Boudreau.  Indeed, Plaintiffs have no choice but to concede these claims, as California law is clear that individual officers and directors are <u>not</u> personally liable as "employers" for wages owed by a corporate entity.  *Reynolds v. Berment*, 36 Cal. 4th 1075, 1087-1088 (2005) ("corporate agents acting within the scope of their agency are not personally liable for the corporate employer's failure to pay its employees' wages"); *Jones v. Gregory*, 137 Cal. App. 4th 798, 800 (2006) ("California law does not support imposing personal liability on corporate officers or agents as 'employers'"); *Bradstreet v. Wong*, Nos. A113760, A114106, 2008 WL 1735132 at *7, *9 (Cal. Ct. App. April 16, 2008) (affirming dismissal of plaintiffs' Labor Code claims because *Reynolds* and *Jones* preclude liability against individuals as opposed to employers).  As explained by the California Supreme Court in *Reynolds*, although the California Industrial Welfare Commission ("IWC") defines "employer" to mean any person who "employs or exercises control over the wages hours or working conditions of any person" [*Reynolds*, 36 Cal. 4th . at 1085, fn. 6], <u>the California Labor Code does not include such a definition</u>. *Id.* at 1088.  "Had the Legislature meant in [Labor Code] section 1194 to expose to personal civil liability any corporate agent who 'exercises control' over an employee's wages, hours, or working conditions, it would have manifested its intent more clearly than by mere silence after the IWC's promulgation of [its] Wage Order[s]." *Id.* at 1088.

Rather, interpretation of the term "employer" as used in the California Labor Code must be determined by looking to common law, and under common law, "corporate agents acting within the scope of their agency are not personally liable for the corporate employer's failure to pay its employees' wages," even when the alleged acts breach an employment contract or breach a tort duty of care.  *Id.* at 1087; *see also Jones*, 137 Cal. App. 4th at 807 (under common law, "a corporate officer or agent does not employ employees – the corporation does").

---

[1] Because Plaintiffs did not raise any arguments regarding their first, second, third, and fourth causes of action in their moving papers, they have waived their right to do so in connection with this motion. *Zamani v. Carnes*, 491 F.3d 990. 997 (9th Cir. 2007) (the "district court need not consider arguments raised for the first time in a reply brief").

**B.**     **Plaintiffs' Sixth Cause Of Action For Civil Penalties Under Labor Code Sections 558 and 2699 Is Time Barred**

Having conceded their first four causes of action, Plaintiffs argue instead that their motion should be granted because there is a "possibility" that Plaintiffs may be able to establish liability against Boudreau through their sixth causes of action for civil penalties under Labor Code Section 558 ("Section 558"), which Plaintiffs have alleged pursuant Labor Code Section 2699 ("PAGA"). *See* Motion to Remand at 5:4-8; FAC, ¶ 36, 78.[2] Although Plaintiffs correctly note that *Reynolds* recognizes the possibility that an employee could seek civil penalties against an individual under Labor Code Section 558, Plaintiffs may not do so here because their claim is plainly time barred.

**1.**     **PAGA Claims For Civil Penalties Are Subject To A One Year Statute Of Limitations**

California law is clear that PAGA claims are subject to a <u>one year statute of limitations</u>. *See Thomas v. Home Depot USA, Inc.*, No. C06-02705 MJJ, 2007 WL 2854259, at * 3, *4 (N.D. Cal. Sept. 27, 2007) (PAGA claims for civil penalties are subject to a one-year statute of limitations under CCP section 340(a)); *Moreno v. Autozone, Inc.*, No. C05-04432 MJJ, 2007 WL 1650942, at *1, *2 (N.D. Cal. June 5, 2007) ("[t]here can be no serious dispute that the civil penalties that [plaintiff] seeks to recover under PAGA are a 'penalty' within the meaning of California Code of Civil Procedure § 340(a)"); *DeSimas v. Big Lots Stores, Inc.*, No. C 06-6614 SI, 2007 WL 686638, at *3 (N.D. Cal. March 2, 2007) ("[t]he Court agrees with defendants [] that the one-year statute of limitations prescribed in Section 340 appears, on its face, to apply to the [PAGA] claims at issue").

Here, Clark's employment with Chase ended around July 15, 2005.  FAC, ¶ 22; Declaration of Helen Dubowy In Opposition To Plaintiffs' Motion To Remand ("Dubowy Decl."), ¶ 2.  Renick's employment with Chase ended around April 6, 2005.  FAC, ¶ 27; Dubowy Decl., ¶ 3.  Plaintiffs did not mail notice of the alleged violations to Defendants or to the

---

[2] Because Section 558 does not itself provide a private right of action, a plaintiff seeking to bring a Section 558 claim may only do so through PAGA. *See, e.g. Jones v. Gregory*, 137 Cal. App. 4th 798, 810 (2006) (recognizing that Section 2699 (PAGA) may provide employees with a mechanism to enforce Section 558; *Vikco Ins. Servs. v. Ohio Indem. Co.*, 70 Cal. App. 4th 55, 62 (1999) ("[A] private right of action exists only if the language of the statute or its legislative history clearly indicates the Legislature <u>intended</u> to create such a right to sue for damages); *see also Ruiz v. Paladin Group, Inc.*, No. CV 03-6018-GHK (RZX) 2003 WL 22992077, *1 (C.D. Cal. Sept. 29, 2003) ("There is No Private Right of Action under Cal. Labor Code § 558").

     - 4 -     

1   California Labor & Workforce Development Agency (as they are required to do prior to bringing

2   a PAGA claim [*see* Cal. Lab. Code § 2699.3]) until January 9, 2008, and did not file a complaint

3   containing a PAGA claim until February 14, 2008, more than two years after they were

4   terminated.  *See* Declaration of Erin M. Connell ("Connell Decl."), ¶¶ 2-3 & Exs. A & B; FAC.

5   Accordingly, because Plaintiffs did not initiate their PAGA claims within one year of their

6   terminations, their PAGA claim is time-barred.  *See, e.g., Thomas v. Home Depot USA, Inc.*, 2007

7   WL 2854259, at * 3, *4; Cal. Civ. Proc. Code § 340(a) (one year statute of limitations for

8   penalties).[3]

9                   **2.    Plaintiffs Fail To Establish That Their PAGA Claim Is Subject To
                            Anything Other Than A One-Year Statute Of Limitations**

10          Notwithstanding Plaintiffs' confusing attempt to distinguish their case from *Thomas v.*

11  *Home Depot USA, Inc.*, nor their misguided reliance on *Williams v. The Home Depot, Inc.* (U.S.

12  Dist. Ct., C.D., 07-1925, January 28, 2008), Plaintiffs all together fail to show that their PAGA

13  claim is subject to anything other than a one year statute of limitations.  Undisputedly, *Thomas v.*

14  *Home Depot USA, Inc.* holds that PAGA claims are subject to a one year statute of limitations.

15  *Id.*, 2007 WL 2854259, at * 3, *4.  *Williams v. The Home Depot, Inc.*, on the other hand, does not

16  adjudicate a PAGA claim.  *See* Plaintiffs' Request for Judicial Notice at Ex. 3 (pp. 5-8).  Rather, a

17  plain reading of the *Williams* case illustrates that the court adjudicates a claim for missed meal

18  and rest periods under Labor Code Section 226.7.  *Id.*  Accordingly, the court correctly notes that

19  pursuant to the California Supreme Court's ruling in *Murphy v. Kenneth Cole Productions, Inc.*,

20  30 Cal. 4th 1094 (2007), plaintiff's claim under 226.7 was subject to a three year statute of

21  limitations.  *Id.* at Ex. 3 (p.8 & n. 8).  By contrast here, Plaintiffs' sixth cause of action plainly is

22  brought under Section 2699, and therefore Plaintiffs' claim subject to a one year statute of

23  limitations.  *See Thomas v. Home Depot USA, Inc.*, 2007 WL 2854259, at * 3, *4.

24

---

25  [3] To the extent that Plaintiffs argue they have brought their PAGA claim on behalf of both themselves and other
    aggrieved employees, such a claim fails to get around the untimeliness of Plaintiffs' individual claims.  *See Thomas*

26  *v. Home Depot USA, Inc.*, 2007 WL 2854259, at * 5 (rejecting plaintiff's argument that "even if his individual claim
    is time-barred, he can continue to represent the State of California and all injured parties. . .in an action for civil

27  penalties"); *DeSimas v. Big Lots Stores, Inc.*, 2007 WL 686638, at *4 (finding plaintiff could not pursue PAGA
    claims in a representative capacity because the statute of limitations barred plaintiff's claim).  Indeed, as held in both

28  *Thomas* and *Big Lots*, to bring a representative PAGA claim, the named plaintiffs must have a timely individual
    claim on which to base their representation.  *Id.*  Plaintiffs have no such timely claim here.

1

**3.      Section 558 Is Subject To A One Year Statute Of Limitations**

Even if Plaintiffs' sixth cause of action was not time barred under PAGA, it nevertheless

is time barred because Section 558 <u>also</u> is subject to a one year statute of limitations.

Section 558, entitled "Civil Penalties," states:

(a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:

(1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

Cal. Lab. Code section 558(a).  California law is clear that claims for penalties are subject to a

one-year statute of limitations.  Cal. Civ. Proc. Code § 340(a) (one year statute of limitation for

claims seeking penalties).

Here, Clark's employment with Chase ended around July 15, 2005, and Renick's

employment with Chase ended around April 6, 2005.  FAC, ¶¶ 22, 27; Dubowy Decl. ¶¶ 2-3.

Further, Plaintiffs did not file their First Amended Complaint seeking civil penalties under

Section 558 until February 14, 2008, more than two years after both Plaintiffs terminated and

more than one year after the statute of limitations for a Section 558 claim ran.  *See* FAC.[4]

Accordingly, Plaintiffs cannot sustain a claim under Section 558 against Boudreau <u>as a matter of</u>

<u>law</u>.  Cal. Civ. Proc. Code § 340(a).

**4.      The Cases On Which Plaintiffs Rely Do Not Involve A Time-Barred Section 558 Claim**

In support of their motion to remand, Plaintiffs seek refuge in *Kim v. Gallagher* (U.S.

Dist. Ct., C.D. 07-05846 and *Ross v. SGS Testcom* (U.S. Dist. Ct., E.D. 08-206, Apr. 2008).

---

[4] To the extent Plaintiffs attempt to argue that Clark alleged a Section 558 in his original complaint because he listed Section 558 in support of his first cause of action for failure to pay overtime under Section 1194, that claim is time barred as well, as Clark did not file his original complaint until December 14, 2007.  *See* Complaint.  In any event, because Section 558 does not itself provide a private right of action, plaintiffs could not allege a Section 558 claim unless they did so through PAGA, which Plaintiffs did not do until their First Amended Complaint.  *See, e.g. Jones v. Gregory*, 137 Cal. App. 4th at 810; *Vikco Ins. Servs. v. Ohio Indem. Co.*, 70 Cal. App. 4th at 62; *Ruiz v. Paladin Group, Inc.*, 2003 WL 22992077, *1.

1   Plaintiffs claim these cases illustrate that *Reynolds* and *Jones* are distinguishable because

2   Plaintiffs here, like the plaintiffs in *Kim* and *Ross*, have alleged a claim under Section 558.  *See*

3   Motion for Remand at 6:20-7:5.  Plaintiffs miss the point.  Defendants do not argue that

4   Plaintiffs' claim under Section 558 is barred because of *Reynolds* and *Jones*.  Rather, Plaintiffs'

5   claim is barred because it is untimely.  *See* Cal. Civ. Proc. Code § 340(a).

6          The timeliness of the plaintiffs' Section 558 claim was not at issue in either *Kim* or *Ross*.

7   *See* Plaintiffs' Request for Judicial Notice at Exs. 1 & 2.  In *Kim*, the court explicitly recognizes

8   that the plaintiff's employment ended in December 2006, and he filed his complaint (including

9   his Section 558 claim) within one year, on July 27, 2007.  *See* Plaintiffs' Request for Judicial

10  Notice at Ex. 1 (p. 1).  In *Ross*, Defendants did not challenge the timeliness of the claim, and

11  therefore that issue was not before the court.  *See* Plaintiffs' Request for Judicial Notice at Ex. 2.

12  Accordingly, neither *Kim* nor *Ross* has any bearing on the sustainability of Plaintiffs' Section 558

13  claim against Boudreau, which undisputedly is time barred and therefore fails as a matter of law.

14  *See* Cal. Civ. Proc. Code § 340(a).

15          **5.    Boudreau Did Not Exercise Control Over Plaintiffs' Wages, Nor**
              **Violate Section 558**
16

17          Even if Plaintiffs had alleged a timely Section 558 claim against Boudreau, they could not

18  sustain such a claim because the undisputed evidence shows that Boudreau played no role

19  whatsoever in Plaintiffs' alleged Labor Code violations.  *See* Labor Code Section 558(a) (only

20  "an employer" or "a person who acts on behalf of an employer" and "violates, or causes to be

21  violated, a section of this chapter . . ." may be liable under Section 558).

22          Here, all six of Plaintiffs' claims are based on the assertion that Plaintiffs were

23  misclassified as "exempt" employees, and therefore were not compensated properly in

24  accordance with California law (including not receiving compensation based to the number of

25  hours they worked).  *See* FAC, ¶¶ 22–35.  Boudreau, however, undisputedly played no role in

26  determining whether or not Plaintiffs were compensated as exempt or nonexempt employees.  *See*

27  Declaration of James Boudreau ("Boudreau Decl."), ¶ 3.  The evidence submitted by Plaintiffs in

28  no way materially disputes this determinative issue.  *See* Declaration of Christopher Clark in

DEFENDANTS' MEMORANDUM OF POINTS AND
AUTHORITIES IN OPPOSITION TO PLAINTIFFS'
MOTION TO REMAND (No. 08 CV 0500 JM RBB)

1   Support of Plaintiffs' Motion to Remand ("Clark Decl."); Declaration of James Renick in Support

2   of Plaintiffs' Motion to Remand ("Renick Decl.").  Plaintiffs testify that each of them had "direct

3   and personal conversations with Boudreau regarding the substantial number of overtime hours I

4   was working without being compensated for the overtime," and that "[n]othwithstanding my

5   conversations with Boudreau regarding the substantial number of overtime hours I was working

6   without being compensated for said overtime hours, no change was made to compensate me for

7   the subject overtime hours."  *See* Clark Decl., ¶¶ 6-7; Renick Decl., ¶¶ 6-7.  They further testify

8   that each of them "was informed that I was considered a salaried and exempt employee and

9   therefore was not entitled to compensation for any overtime hours that I worked." Clark Decl., ¶

10  8; Renick Decl., ¶ 8.  None of these self-serving statements saves Plaintiffs' claim.

11          Plaintiffs' testimony in no way indicates that Boudreau was a decision-maker with respect

12  to the manner in which they were compensated.  If anything, it reaffirms Boudreau's testimony

13  that he <u>was not</u> a decision-maker, as Plaintiffs admit that no changes were made after they

14  complained to Boudreau.  *See* Boudreau Decl., ¶ 3.  Simply because Boudreau informed them of

15  the Company's position with respect to their compensation, it does not therefore follow that

16  Boudreau actually made that decision.  Indeed, Plaintiffs are in no position to create a dispute on

17  this issue, as they obviously have no personal knowledge of the Company's decision-making

18  process with respect to its compensation decisions.  *Thornhill Publishing Co. v. GTE Corp.* (9th

19  Cir. 1979) 594  F. 2d 730, 738 (a plaintiff fails to raise a material dispute of fact with "conclusory

20  and speculative affidavits that fail to set forth specific facts. . .within [the declarant's] personal

21  knowledge").  Because Plaintiffs <u>have no evidence</u> that Boudreau personally violated any

22  California wage law with respect to them, their Section 558 claim fails as a matter of law on that

23  ground as well.  *Morris v. Princess Cruises, Inc.*, 236 F.3d at 1068-1069 (finding "sham"

24  defendant where, based on plaintiff's declaration submitted in support of her motion to remand, it

25  was "abundantly obvious that she could not possibly prevail" on her claim against that

26  defendant).

27          In short, Plaintiffs' sixth cause of action for civil penalties under Section 558, which

28  Plaintiffs have pled as a claim under Section 2699, is subject to a one year statute of limitations,

1    and therefore Plaintiffs may not sustain this claim against Boudreau because it is time barred.

2    **C.    As A Matter Of Law, Plaintiffs Cannot Sustain Their Section 17200 Claim Against Boudreau**

3    Plaintiffs also argue that their motion should be granted because there is a "possibility"

4    that they can sustain their fifth cause of action for unfair competition against Boudreau.  *See*

5    Motion to Remand at 5:4-8.  Once again, Plaintiffs' argument lacks all merit.

6

7    **1.    Because Plaintiffs' Underlying Labor Code Claims Against Boudreau Fail, Plaintiffs' Section 17200 Claim Fails As Well**

8    California Business & Professions Code §§ 17200 – *et seq.* ("Section 17200") prohibits

9    acts of unfair competition, including unlawful and unfair business practices.  Cal. Bus. & Prof.

10   Code § 17200.  As Plaintiffs appear to recognize, Section 17200 "borrows" violations of other

11   laws and treats them as independently actionable under Section 17200.  *See Farmers Ins. Exch. v.*

12   *Superior Court*, 2 Cal. 4th 377, 383 (1992).  Thus, Section 17200 does not itself establish any

13   substantive, independent rights.  *Lazar v. Hertz Corp.*, 69 Cal. App. 4th 1494, 1505 (1999) (to

14   state a claim under Section 17200, a plaintiff must state a claim for violation of the underlying

15   statute).  Accordingly, when the underlying claim on which a Section 17200 claim is based fails,

16   the Section 17200 claim fails as well.  *See Renick v. Dun & Bradstreet Receivable Mgmt. Servs.*,

17   290 F.3d 1055, 1058 (9th Cir. 2002) ("because the [Section 17200] claim hinges on [plaintiff's]

18   rejected federal claim," it was proper to grant summary judgment of both claims); *Denbicare*

19   *U.S.A., Inc. v. Toys "R" Us, Inc.*, 84 F.3d 1143, 1152-1153 (9th Cir. 1996) (affirming summary

20   judgment of plaintiff's Section 17200 claim because the underlying substantive claim failed as

21   well); *Whiteside v. Tenet Healthcare Corp.*, 101 Cal. App. 4th 693, 706 (2002) (same); *Krantz v.*

22   *BT Visual Images, L.L.C.*, 89 Cal. App. 4th 164, 179 (2001) (plaintiff's claim "for relief under the

23   unfair competition law (Bus. & Prof. Code § 17200 et. seq.) stand[s] or fall[s] depending on the

24   fate of the antecedent substantive causes of action"); *Van Ness v. Blue Cross of California*, 87

25   Cal. App. 4th 364, 377 (2001) (disposing of plaintiff's underlying substantive claim also disposes

26   of plaintiff's Section 17200 claim).

27   California courts specifically recognize that in the wage and hour context, in the absence

28   of a valid claim for violation of wage law, "plaintiffs also cannot successfully allege unfair

1   business practices or unfair competition under the Business and Professions Code." *Violante v.*

2   *Communities Southwest Dev. & Constr. Co.*, 138 Cal. App. 4th 972, 980 (2006).

3       Here, Plaintiffs' 17200 claim is based on the very same alleged Labor Code violations that

4   make up their first four causes of action. *See* FAC, ¶ 71. Because under *Reynolds*, and as

5   Plaintiffs concede, these claims cannot maintained against Boudreau as a matter of law, neither

6   can Plaintiffs' Section 17200 claim. *See, e.g., Denbicare U.S.A., Inc. v. Toys "R" Us, Inc.*, 84

7   F.3d at 1152-1153; *Violante v. Communities Southwest Dev. & Constr. Co.*, 138 Cal. App. 4th at

8   980.

9                   **2.     The Cases On Which Plaintiffs Rely Are Plainly Distinguishable**

10      Plaintiffs attempt to convince the court that they may proceed with their 17200 claim

11  against Boudreau by arguing that "the question of whether a corporate officer may be held liable

12  under [Section 17200] remains unsettled." According to Plaintiffs, *Jones v. Gregory* "rais[es] the

13  possibility of a section 17203 suit against an individual corporate officer without addressing the

14  merits of such a suit." *See* Motion for Remand at 6:14-19 (citing *Jones*, 137 Cal. App. 4th at 588

15  n.8). Plaintiffs also cite *Kim v. Gallagher* (U.S. Dist. Ct., C.D. 07-05846 and *Ross v. SGS*

16  *Testcom* (U.S. Dist. Ct., E.D. 08-206, Apr. 2008) for the proposition that there is a possibility that

17  they can sustain their Section 17200 claim against Boudreau. *See* Motion for Remand at 6:20-

18  7:5. Once again, Plaintiffs' arguments are wholly without merit.

19      First, Plaintiffs' case is plainly distinguishable from *Jones*, *Kim*, and *Ross* because unlike

20  the plaintiffs in those cases, Plaintiffs here do <u>not</u> have a viable underlying substantive claim

21  against Boudreau on which they may base their Section 17200 claim. For example, in *Jones*, the

22  court remanded the case to the trial court, and specifically left open the possibility that the

23  plaintiff might be able to pursue his Labor Code claims against the individual defendant if the

24  plaintiff could show that the individual defendant was the "alter ego" of the defendant employer.

25  *Jones*, 137 Cal. App. 4th at 587, n. 7 ("[w]hether the plaintiffs may pursue their alter ego theory is

26  a question best left for the trial court on remand"). Here, Plaintiffs do not argue that Boudreau

27  was the "alter ego" of Chase or Chase Manhattan, and even if they did, the <u>undisputed</u> evidence

28  confirms that such is not the case. *See* Boudreau Decl., ¶¶ 2, 4-6. Further, a plain reading of the

1  *Jones* footnote on which Plaintiffs rely illustrates that it does <u>not</u> "raise the possibility" of a

2  Section 17200 claim against an individual; rather, it merely states that because that issue was not

3  before the court, the court would not address it:

> Plaintiffs' complaint predated *Cortez v. Purolator Air Filtration Products Co.*
> (2000) 23 Cal.4th 163, 177 [96 Cal. Rptr. 2d 518, 999 P.2d 706], where the court
> concluded an employee may obtain the equitable remedy of restitution under
> Business and Professions Code section 17200 to recover payment of unlawfully
> withheld wages. <u>As the issue is not raised, we express no opinion on the merits of
> such a suit against an individual corporate officer or agent</u>.

7  *Jones v. Gregory*, 137 Cal. App. 4th at 588 n.8 (emphasis added).[5]

8      Similarly, in *Kim*, the court found that the plaintiff had pled a timely and viable Section

9  558 claim against the individual defendant.  *See* Plaintiffs' Request for Judicial Notice at Ex. 1 (p.

10  3).  Accordingly, there was an underlying substantive claim on which the Section 17200 might be

11  based.  *Id.*  Here, by contrast, because Plaintiffs' Section 558 claim is time barred, Plaintiffs have

12  no viable underlying claim on which to base their Section 17200 claim.  *Violante v. Communities*

13  *Southwest Dev. & Constr. Co.*, 138 Cal. App. 4th at 980.

14      As for *Ross*, the court specifically refrained from addressing the 17200 issue all together:

15  "[b]ecause the court concludes that a potential claim exists under Labor Code § 558 as against

16  individual defendant Gibson, it need not determine whether there is also a claim under California

17  Business & Professions Code §§ 17200 et. seq."  *See* Plaintiffs' Request for Judicial Notice at Ex.

18  2 (p. 10).

19      In short, not one of the three legal authorities cited by Plaintiffs[6] supports the notion that a

20  plaintiff may proceed with a 17200 claim when she bases that claim entirely on substantive

---

[5] Further, the *Jones* footnote must be read in context.  Immediately prior to the footnote, the court rules that (1) Labor Code Section 1194.5 does not permit injunctive relief against an individual person unless that person was also the plaintiff's employer, and (2) Section 1194.5 provides only <u>prospective</u> equitable relief, which did not support the plaintiffs' claim for damages for past violations.  *Jones v. Gregory*, 137 Cal. App. 4th at 587-588.  Accordingly, as a follow up to that holding, the court noted that under *Cortez v. Purolator Air Filtration Products Co.*, an employee may be able to seek the equitable remedy of restitution as redress for unlawfully withheld wages (*i.e.*, equitable relief that is <u>not prospective</u>), but because the issue of whether plaintiffs could sustain a Section 17200 claim against an individual was not raised, the court would not address the viability of such a claim.  *Id.* at 588 & n. 8.  Simply stated, declining to address an issue that is not before the court is not the same thing as raising the possibility that such a claim has merit.

[6] As Plaintiffs note, the Court is not bound by the Central and Eastern District Court opinions cited by Plaintiffs.  *See* Motion to Remand at 6:23-24.  Further, because these cases are plainly distinguishable from the present case, they lack persuasive effect and do not offer guidance as to how the Court should rule here.  Defendants therefore respectfully request that the Court disregard these cases in their entirety.

1  claims for violation of the California Labor Code, and <u>all</u> of those underlying Labor Code claims

2  fail as a matter of law.  To the contrary, long-standing California case law holds just the opposite.

3  *See, e.g., Denbicare U.S.A., Inc. v. Toys "R" Us, Inc.*, 84 F.3d at 1152-1153; *Violante v.*

4  *Communities Southwest Dev. & Constr. Co.*, 138 Cal. App. 4th at 980.

5           **3.      Because Boudreau Was Not Plaintiffs' Employer, Plaintiffs May Not
                   Seek Restitution From Him Under Section 17200**

6

7           Plaintiffs' Section 17200 claim against Boudreau also fails because Plaintiffs cannot show

8  that they are entitled to restitution from Boudreau as an individual.  *See Bradstreet v. Wong*, 2008

9  WL 1735132 at *12.  In *Bradstreet*, the California Court of Appeal addressed the very argument

10 Plaintiffs make here.  In doing so, the court unequivocally held that because the plaintiffs did not

11 perform work for the individual defendant supervisors personally, but instead performed work for

12 the corporate employer, the plaintiffs could not seek unpaid wages in the form of restitution

13 against the individual defendants, and the plaintiffs' Section 17200 claim against the individual

14 defendants therefore failed.  *Id.*, 2008 WL 1735132 at *12.  As explained by the court, "we agree

15 with the trial court's conclusion that an order requiring [the individual] defendants to pay the

16 unpaid wages would not be 'restitutionary as it would not replace any money or property that

17 [defendants] took directly from' [the employees]. " (*citing Korea Supply Co. v. Lockheed Martin,*

18 *Corp.*, 29 Cal.4th 1134, 1149 (2003)).  Accordingly, the court upheld dismissal of the plaintiffs'

19 Section 17200 claim against the individual defendants.

20         The ruling in *Bradstreet* is completely consistent with well established California law.

21 Indeed, the California Supreme Court has held that because a Section 17200 claim is equitable in

22 nature, damages cannot be recovered.  *Korea Supply Co. v. Lockheed Martin, Corp.*, 29 Cal.4th at

23 1144.  Rather, "prevailing plaintiffs are generally limited to injunctive relief and restitution."  *Id.*

24 "[A]n order that a business pay to an employee wages unlawfully withheld" constitutes

25 restitution, as "[t]he employer has acquired the money to be paid by means of an unlawful

26 practice that constitutes unfair competition as defined by Business and Professions Code section

27 17200. "  *Cortez v. Purolator Air Filtration Products Co.*, 23 Cal.4th 163, 178 (2000).

28 / / /

As explained by the Supreme Court:

> The commonly understood meaning of 'restore' includes a return of property to a person from whom it was acquired [citation], but earned wages that are due and payable pursuant to section 200 *et seq.* of the Labor Code are as much the property of the employee who has given his or her labor to the employer in exchange for that property as is property a person surrenders through an unfair business practice. An order that earned wages be paid is therefore a restitution remedy authorized by the UCL. The order is not one for payment of damages.

*Id.* at 177-178.

Here, because Boudreau was not Plaintiffs' employer, Plaintiffs cannot possibly obtain restitution from him personally. *See Bradstreet v. Wong*, 2008 WL 1735132 at *12. Indeed, "[t]he problem with requiring [individual defendants], rather than the [corporate employer], to pay unpaid wages as restitution is that the labor [] performed was not for defendants personally, but for the employers, the [corporate defendant]. Defendants did not personally obtain the benefit of those services, and the duty to pay wages was owed by the corporations as employers, not by defendants as owners, officers or managers. " (*citing Reynolds*, 36 Cal.4th at 1087).

Accordingly, Plaintiffs' Section 17200 claim fails not only because the underlying causes of action on which it is based fail, but also because Plaintiffs are not entitled to restitution from Boudreau, and therefore cannot sustain a Section 17200 claim against him.[7] Thus, under the well settled rules of the state, Plaintiffs cannot sustain their Section 17200 claim against Boudreau. *Morris v. Princess Cruises, Inc.*, 236 F.3d at 1067.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

---

[7] Plaintiffs also plainly may not obtain injunctive relief against Boudreau, as he was not Plaintiffs' employer, and does not exercise control over the compensation policies about which Plaintiffs complain. *See* Boudreau Decl., ¶ 3.

1

### III.     <u>CONCLUSION</u>

2           For the reasons set forth above, Defendants respectfully request that the Court deny

3   Plaintiffs' motion for remand in its entirety.

4   Dated: May 1, 2008                           ANDREW R. LIVINGSTON
                                                  ERIN M. CONNELL
5                                                 ORRICK, HERRINGTON & SUTCLIFFE LLP

6                                                 By:_____/s/ Erin Connell_____
                                                            Erin M. Connell
7                                                      Attorneys for Defendants
                                                 Chase Home Finance, LLC (on behalf of itself
8                                                  and as successor in interest to Chase
                                                     Manhattan Mortgage Corporation)
9                                                       and James Boudreau

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28