ANDREW R. LIVINGSTON (State Bar No. 148646)
alivingston@orrick.com
ERIN M. CONNELL (State Bar No. 223355)
econnell@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:     +1-415-773-5700
Facsimile:      +1-415-773-5759

Attorneys for Defendants
Chase Home Finance, LLC (on behalf of itself and as successor
in interest to Chase Manhattan Mortgage Corporation) and
James Boudreau

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER CLARK and JAMES RENICK, individuals,<br><br>             Plaintiffs,<br><br>     v.<br><br>CHASE HOME FINANCE, LLC, a Delaware LLC doing business in California; CHASE MANHATTAN MORTGAGE CORPORATION, a New Jersey corporation doing business in California; JAMES BOUDREAU, an individual; and DOES 1-25,<br><br>             Defendants. | Case No.  08 CV 0500 JM RBB<br><br>***EX PARTE* APPLICATION OF DEFENDANTS CHASE HOME FINANCE, LLC, CHASE MANHATTAN MORTGAGE CORPORATION AND JAMES BOUDREAU FOR ORDER CONSOLIDATING THE HEARINGS ON PLAINTIFFS' MOTION TO REMAND TO STATE COURT AND DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Dept.:        16<br>Judge:       The Hon. Jeffrey T. Miller<br><br>***If hearing required, telephonic appearance requested*** |

1    Defendants Chase Home Finance, LLC ("Chase") (on behalf of itself and as successor in

2    interest to Chase Manhattan Mortgage Corporation ("Chase Mortgage")) and James Boudreau

3    ("Boudreau") (collectively, "Defendants") hereby submit the following *Ex Parte* Application

4    requesting an order consolidating the hearings on Plaintiffs' Motion To Remand To State Court

5    and Defendants Motion For Judgment On The Pleadings Pursuant to Rule 12(c) Or, In The

6    Alternative, For Partial Summary Judgment Pursuant To Rule 56.  The grounds for this *Ex Parte*

7    Application are fully set forth in the attached memorandum of points and authorities, as well as in

8    the supporting Declaration of Erin M. Connell.

9                                **MEMORANDUM OF POINTS AND AUTHORTIES**

10   **I.    INTRODUCTION**

11          Two motions are currently pending before the Court: Plaintiffs' Motion To Remand To

12   State Court, and Defendants' Motion For Judgment On The Pleadings Or, In The Alternative, For

13   Partial Summary Judgment.  Because defense counsel is not available on the date on which

14   Plaintiffs unilaterally noticed their remand motion, because some of the <u>exact</u> same legal issues

15   need to be adjudicated in both motions, and because counsel for both parties are located out of

16   town, the interests of efficiency and judicial economy constitute good cause to consolidate the

17   hearings on the two pending motions and to have them heard on **May 30, 2008**.

18          Plaintiffs Christopher Clark ("Clark") and James Renick ("Renick") are former employees

19   of Defendant Chase Home Finance, LLC ("Chase").  Their employment with Chase ended more

20   than three years ago.  Nevertheless, they are now pursuing claims for wages and penalties under

21   the California Labor Code and Business & Professions Code Section 17200, two of which are

22   time barred as a matter of law, and <u>none</u> of which may be sustained against individual defendant

23   James Boudreau ("Boudreau").

24          Recognizing that Boudreau is a fraudulent defendant, Defendants removed the case to

25   federal court.  Defendants also promptly filed a Motion For Judgment On The Pleadings seeking

26   to dismiss all of Clark's claims, as he undisputedly signed a Release Agreement releasing them.

27   Defendants' motion also seeks to dismiss both Plaintiffs' penalty claims as they are time barred as

28

1    a matter of law.

2    Defense counsel is not available on the date on which Plaintiffs' remand motion is set for

3    hearing: May 16, 2008. Because defense counsel is located in San Francisco, and because the

4    hearing on Defendants' Motion for Judgment On The Pleadings is scheduled for May 30, 2008,

5    Defendants have asked Plaintiffs to consolidate the hearings on both motions so that they both

6    can be heard on May 30, 2008. Plaintiffs will not agree to do so. Rather, Plaintiffs insist that if

7    Plaintiffs continue their hearing, Defendants need to do the same. Because continuing both

8    hearings defeats the purpose of furthering efficiency and judicial economy, Defendants are left

9    with no choice but to seek the present *ex parte* relief asking the Court to consolidate the hearings

10   on the parties' two pending motions.

11   **II.    RELEVANT FACTS AND PROCEDURAL HISTORY**

12   Plaintiffs served Defendants with their First Amended Complaint on March 11, 2008. *See*

13   Declaration of Erin M. Connell In Support of Defendants' *Ex Parte* Application For Order

14   Continuing Hearing On Plaintiffs' Motion To Remand ("Connell Decl."), ¶ 2. Plaintiffs allege

15   six causes of action for wages and penalties under the California Labor Code and Business &

16   Professions Code Section 17200 against their former employers Chase & Chase Manhattan, and

17   against their former supervisor James Boudreau. *See* FAC. On March 18, 2008, Defendants

18   removed this case to federal court on the grounds that Boudreau is a fraudulent defendant. *See*

19   Connell Decl., ¶ 3.

20   On April 18, 2008, Plaintiffs filed a Motion To Remand. *See* Connell Decl., ¶ 4.

21   Plaintiffs noticed their Motion To Remand for hearing on May 16, 2008, the earliest possible date

22   on which the motion could be heard. *See* Connell Decl., ¶ 4; Local Civil Rule 7.1 (e)(1) (motions

23   require a minimum notice of 28 calendar days). Plaintiffs argue in their Motion To Remand that

24   Boudreau is not a fraudulent defendant because there is a "possibility" that they may proceed

25   against Boudreau with their sixth cause of action for civil penalties under California Labor Code

26   Sections 558 and 2699, and their fifth cause of action for unfair competition under Business &

27   Professions Code Section 17200 ("Section 17200"). *Id.*

28   On April 25, 2008, Defendants filed a Motion For Judgment On The Pleadings Pursuant

1   To Rule 12(c) Or, In The Alternative, Motion For Partial Summary Judgment Pursuant To Rule

2   56. *See* Connell Decl., ¶ 5. Defendants noticed their motion for the next available hearing date:

3   May 30, 2008. *See* Connell Decl., ¶ 5. Defendants argue in their Motion that all six of Clark's

4   claims must be dismissed because he undisputedly released them when he signed a Release

5   Agreement as part of the severance package he accepted from Chase. *See* Connell Decl., ¶ 5.

6   Defendants also argue that Clark's and Renick's third and sixth causes of action seeking penalties

7   must be dismissed because they undisputedly are time barred. *Id.*

8       Also on April 25, 2008, Ms. Connell telephoned Plaintiffs' counsel, Gregory Douglas, to

9   inform him that Ms. Connell and Mr. Livingston, the two attorneys working on this case and most

10  capable of arguing the Motion to Remand, have prior obligations that conflict with the May 16,

11  2008 hearing date. *See* Connell Decl., ¶ 6. Ms. Connell asked Mr. Douglas if Plaintiffs would be

12  willing to continue their hearing date until May 30, 2008, so that both motions could be heard on

13  the same date. *Id.* Plaintiffs' counsel responded that although Plaintiffs would likely agree to

14  continuing the hearing date on the Motion to Remand, Plaintiffs wanted Defendants to also

15  continue the hearing date on Defendants' Motion For Judgment On The Pleadings. *Id.* Plaintiffs'

16  counsel further explained that he did not want to spend the time opposing Defendants' motion in

17  the event that it becomes "moot" if the Court grants Plaintiffs' Motion To Remand. *Id.*

18      After taking some time to consider Defendants' request, Plaintiffs would not agree to

19  consolidate the hearings. *See* Connell Decl., ¶ 8. Accordingly, on May 1, 2008 (and again on

20  May 5, 2008), Ms. Connell gave Mr. Douglas notice of this *ex parte* application, which

21  Defendants anticipate Plaintiffs will oppose. *See* Connell Decl., ¶¶ 8, 10 & Ex. A.

22      Also on May 1, 2008, Defendants filed their Opposition To Plaintiffs' Motion To

23  Remand. *See* Connell Decl., ¶ 9. One of the key arguments in Defendants' Opposition is that the

24  Motion to Remand must be denied because Plaintiffs' sixth cause of action against Boudreau is

25  time barred (*i.e.*, the exact same argument Defendants make in their Motion For Judgment On

26  The Pleadings). *Id.*

27  / / /

28  / / /

*EX PARTE* APPLICATION OF DEFENDANTS TO
CONSOLIDATE HEARINGS ON PENDING MOTIONS
(No. 08 CV 0500 JM RBB)

1   **III.    GOOD CAUSE EXISTS TO GRANT THE *EX PARTE* RELIEF SOUGHT**

2       **A.    Good Cause Exists To Consolidate The Hearings On Plaintiffs' Motion To**
3          **Remand And Defendants' Motion For Judgment On The Pleadings**

4       "Absent a lack of diligence or other abusive circumstances which are not present in this

5   case, a request for a continuance supported by a showing of good cause usually ought to be

6   granted." *Oliveros v. County of Los Angeles,* 120 Cal. App. 4th 1389, 1396 *(2004) (quoting*

7   *Estate of Meeker,* 13 Cal. App. 4th 1099 (1993)) (internal alteration and citation omitted).  An

8   attorney's scheduling conflict is good cause for a court to grant a continuance.  *See, e.g.*, *id.* at

9   1399 (holding that an attorney's conflict with trial date was good cause to continue trial even

10  though attorney was from a firm of approximately 80 lawyers).  Courts recognize that "it is a fact

11  of life that a trial lawyer's time is not his own.  For while trial courts are under great pressure to

12  manage large caseloads, so too are lawyers under equally great pressure to juggle trials in two or

13  more courts, each presided over by a judge who sometimes has to trail cases or otherwise upset

14  the lawyers' efforts to manage their own calendars." *Id.*

15      In this case, Defendants require a continuance of Plaintiffs' Motion For Remand because

16  Plaintiffs' unilaterally scheduled it on a date when defense counsel already had prior

17  commitments.  *See* Connell Decl., ¶¶ 4, 7.  More specifically, on May 16, 2008, defense counsel

18  are both scheduled to attend an all-day conference in San Francisco for the department at defense

19  counsel's law firm in which both Ms. Connell and Mr. Livingston work.  *See* Connell Decl., ¶ 7.

20  This prior obligation prevents both Ms. Connell and Mr. Livingston from attending the hearing on

21  Plaintiffs' Motion to Remand.  *Id.*  This conflict constitutes good cause for the Court to grant a

22  continuance.  *Oliveros*, 120 Cal. App. 4th at 1399.

23      **B.    Consolidating The Hearings On The Parties' Pending Motions Serves The**
        **Interest Of Judicial Economy**

24      In the interest of judicial economy, it makes sense for the parties to consolidate the

25  hearings on their pending motions.  Indeed, some of the very same legal issues that will be

26  adjudicated on Plaintiffs' Motion to Remand will also be adjudicated on Defendants' Motion For

27  Judgment On The Pleadings.  *See* Connell Decl., ¶¶ 4, 5, 9.  Given the technical nature of several

28

OHS West:260432853.2            - 4 -        *EX PARTE* APPLICATION OF DEFENDANTS TO
                                              CONSOLIDATE HEARINGS ON PENDING MOTIONS
                                              (No. 08 CV 0500 JM RBB)

of Plaintiffs' and Defendants' legal arguments, including arguments that focus on the viability of claims under Section 17200 and California's Private Attorney's General Act ("PAGA"), adjudicating both motions at the same time ensures that the Court does not waste time going over the same facts and legal issues at one hearing, only to have to cover the same ground a couple weeks later. *See* Connell Decl., ¶¶ 4, 5, 9.

> ### C. It Is Efficient For The Parties To Consolidate The Hearings On Their Pending Motions

Plaintiffs' counsel is located in Long Beach, California. *See* Connell Decl., ¶ 11. Defense counsel is located in San Francisco, California. *See* Connell Decl., ¶ 12. Accordingly, attending a hearing in San Diego, California requires significant travel for both sides, and entails purchasing an airplane ticket for defense counsel. *Id.* The travel costs alone constitute good cause for consolidating the hearings.

Plaintiffs' counsel argues that it does not make sense for him to spend time and resources opposing Defendants' Motion For Judgment On The Pleadings because if Plaintiff's Motion For Remand is granted, Defendants' motion will become "moot."

Plaintiffs' argument lacks merit, however, because even if the Court grants Plaintiff's Motion To Remand, Defendants inevitably will seek the same relief in state court that are seeking through their pending Motion For Judgment On The Pleadings. *See* Connell Decl., ¶ 13. Accordingly, any work that Plaintiffs' counsel expends on the Opposition to Defendants' Motion For Judgment On The Pleadings will <u>not</u> be moot – Plaintiffs are going to have to oppose such a motion eventually anyway, whether it is in federal or state court.

> ### D. Defendants Will Be Prejudiced If The Hearings Are Not Consolidated

Defendants will be unduly prejudiced if their counsel of choice is not present at the hearing on plaintiff's Motion to Remand. Ms. Connell and Mr. Livingston are the only two attorneys at their law firm who have worked on this case. Connell Decl., ¶ 14. Thus, they are the only two attorneys with any familiarity with the issues to be adjudicated in connection with Plaintiffs' Motion To Remand and are the most capable of arguing this important motion. *Id.* "Lawyers are not fungible." *Oliveros*, 120 Cal. App. 4th at 1397 (rejecting trial court's

1  contention that a different attorney from the same firm, who is unfamiliar with the case, could

2  simply stand in for the attorney with the schedule conflict).  Defendants have every right to have

3  their counsel present at the hearing on plaintiff's Motion – a motion that, from Defendants'

4  perspective, is extremely important to the case.  Connell Decl., ¶ 14.

5        Similarly, Defendants will be prejudiced by having the hearing on their Motion For

6  Judgment On The Pleadings continued.  Not only is it extremely inefficient to have defense

7  counsel fly down to San Diego twice in one month for hearings on motions involving some of the

8  very same legal issues, but Defendants have a right to have their motion adjudicated as soon as

9  possible.  Given Defendants' position that more than half the claims at issue in this case are either

10  released or time barred, Defendants had little choice but to file the pending Motion For Judgment

11  On The Pleadings.  Adjudication of Defendants' motion should not be delayed further, simply

12  because Plaintiffs' counsel does not want to spend time opposing Defendants' motion.

13        **E.    Consolidating The Hearings Will Not Prejudice Plaintiffs**

14        Finally, neither Plaintiffs nor their counsel will be prejudiced by consolidating the

15  hearings on the parties' pending motions.  Indeed, even though Plaintiff's counsel stated that any

16  continuance of Plaintiffs' motion would be contingent on a continuance of Defendants' motion,

17  Plaintiffs' counsel <u>did agree</u> that Plaintiffs would continue their hearing date (thereby illustrating

18  that the two week delay is of no consequence to Plaintiffs).  Further, as set forth in Section III, C,

19  *supra*, Plaintiffs are going to have to oppose Defendants' motion eventually anyway, so any

20  argument that Plaintiffs will be prejudiced by consolidating the hearings is baseless.

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1

**IV.    CONCLUSION**

2

3        For the forgoing reasons, Defendants respectfully request that the Court grant the *ex parte*

4    relief they seek, and consolidate the hearings on Plaintiffs' Motion To Remand and Defendants'

5    Motion For Judgment On The Pleadings so that both motions are heard on **May 30, 2008.**

6    Dated: May 6, 2008                     ANDREW R. LIVINGSTON
                                              ERIN M. CONNELL
7                                            ORRICK, HERRINGTON & SUTCLIFFE LLP

8                                            By:_____/s/ Erin M. Connell____
                                                        Erin M. Connell
9                                                 Attorneys for Defendants
                                             Chase Home Finance, LLC (on behalf of itself
10                                            and as successor in interest to Chase
                                              Manhattan Mortgage Corporation)
11                                                and James Boudreau

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28