1   ANDREW R. LIVINGSTON (State Bar No. 148646)
    alivingston@orrick.com
2   ERIN M. CONNELL (State Bar No. 223355)
    econnell@orrick.com
3   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
4   405 Howard Street
    San Francisco, CA 94105-2669
5   Telephone:    +1-415-773-5700
    Facsimile:    +1-415-773-5759
6
    Attorneys for Defendants
7   Chase Home Finance, LLC (on behalf of itself and as successor
    in interest to Chase Manhattan Mortgage Corporation) and
8   James Boudreau

9                    UNITED STATES DISTRICT COURT

10               SOUTHERN DISTRICT OF CALIFORNIA

11

12
    CHRISTOPHER CLARK and JAMES          Case No.  08 CV 0500 JM RBB
13  RENICK, individuals,
                                         **DECLARATION OF ERIN M.
14              Plaintiffs,              CONNELL IN SUPPORT OF
                                        DEFENDANTS' *EX PARTE*
15        v.                            APPLICATION FOR ORDER
                                        CONSOLIDATING THE HEARINGS
16  CHASE HOME FINANCE, LLC, a Delaware  ON PLAINTIFFS' MOTION TO
    LLC doing business in California; CHASE  REMAND TO STATE COURT AND
17  MANHATTAN MORTGAGE                   DEFENDANTS' MOTION FOR
    CORPORATION, a New Jersey corporation  JUDGMENT ON THE PLEADINGS**
18  doing business in California; JAMES
    BOUDREAU, an individual; and DOES 1-25,  Dept.:      16
19                                       Judge:     The Hon. Jeffrey T. Miller
                Defendants.
20

21

22

23

24

25

26

27

28

1    I, Erin M. Connell, hereby declare:

2    1.    I am a member of the State Bar of California and an associate with the firm of

3    Orrick, Herrington & Sutcliffe LLP, attorneys of record for defendants Chase Home Finance,

4    LLC (on behalf of itself and as successor in interest to Chase Manhattan Mortgage Corporation)

5    and James Boudreau. I make this declaration in support of Defendants' *Ex Parte* Application For

6    Order Consolidating The Hearings On Plaintiffs' Motion To Remand To State Court And

7    Defendants' Motion For Judgment On The Pleadings Or, In The Alternative, For Partial

8    Summary Judgment. The facts set forth in this declaration I know to be true of my own personal

9    knowledge, except where such facts are stated to be based on information and belief, and those

10   facts I believe to be true. If called as a witness I could and would testify competently to the

11   matters set forth in this declaration.

12   2.    Plaintiffs served Defendants with their First Amended Complaint via U.S. mail.

13   On March 11, 2008, Defendants signed and returned the Notice and Acknowledgement of Receipt

14   accompanying Plaintiffs' First Amended Complaint, thereby completing service pursuant to

15   California Code of Civil Procedure 415.30.

16   3.    On March 18, 2008, Defendants removed this case to federal court. Defendants

17   argue in their Notice of Removal that individual defendant James Boudreau is a fraudulent

18   defendant.

19   4.    On April 18, 2008, Plaintiffs filed a Motion To Remand To State Court. Plaintiffs

20   noticed their Motion To Remand for hearing on May 16, 2008, exactly 28 calendar days from the

21   date Plaintiffs filed their motion. Plaintiffs argue in their Motion To Remand that Boudreau is not

22   a fraudulent defendant because there is a "possibility" that they may proceed against Boudreau

23   with their sixth cause of action for civil penalties under California Labor Code Sections 558 and

24   2699 (California's Private Attorney's General Act ("PAGA")), and their fifth cause of action for

25   unfair competition under Business & Professions Code Section 17200 ("Section 17200").

26   5.    On April 25, 2008, Defendants filed a Motion For Judgment On The Pleadings

27   Pursuant To Rule 12(c) Or, In The Alternative, Motion For Partial Summary Judgment Pursuant

28   To Rule 56. Defendants noticed their motion for the next available hearing date: May 30, 2008.

OHS West:260433295.1

CONNELL DECLARATION IN SUPPORT OF *EX PARTE*
APPLICATION TO CONSOLIDATE HEARING DATES
(No. 08 CV 0500 JM RBB)

1    Defendants argue in their Motion that all six of Clark's claims must be dismissed because he

2    undisputedly released them when he signed a Release Agreement as part of the severance

3    package he accepted from Chase.  Defendants also argue that Clark's and Renick's third and sixth

4    causes of action seeking penalties must be dismissed because they undisputedly are time barred.

5         6.    On April 25, 2008, I telephoned Plaintiffs' counsel, Gregory Douglas, to inform

6    him that Andrew Livingston and I, the two attorneys working on this case and most capable of

7    arguing the Motion to Remand, have prior obligations that conflict with the May 16, 2008 hearing

8    date.  I asked Mr. Douglas if Plaintiffs would be willing to continue their hearing date until May

9    30, 2008, so that both motions could be heard on the same date (although Plaintiffs motion could

10   be heard first).  Although Mr. Douglas did not give me an answer on that call, during a

11   subsequent telephone call he informed me that although Plaintiffs would likely agree to

12   continuing the hearing date on the Motion to Remand, Plaintiffs wanted Defendants to also

13   continue the hearing date on Defendants' Motion For Judgment On The Pleadings.  Mr. Douglas

14   further explained that he did not want to spend the time opposing Defendants' motion in the event

15   that it becomes "moot" if the Court grants Plaintiffs' Motion To Remand.  I explained that

16   postponing both hearing dates in part defeated the purpose of consolidating them, as Plaintiffs'

17   suggestion would still require counsel for both parties to make two trips to San Diego.  I also

18   asked Plaintiffs' counsel take some time to consider Defendants' request.

19        7.    Mr. Livingston and I are unavailable on May 16, 2008 because we are scheduled

20   to attend an all-day conference for the attorneys in the Employment Department of Orrick,

21   Herrington & Sutcliffe, LLP, which is the department in which we both work.

22        8.    On April 30, 2008, I left Mr. Douglas a voice mail inquiring about the proposal to

23   consolidate hearing dates.   When I did not hear back from him, on May 1, 2008, I left Mr.

24   Douglas another voice mail, this time explaining that if Plaintiffs would not agree to consolidate

25   the hearing dates, Defendants would be left with no choice but to seek *ex parte* relief from the

26   Court.  Mr. Douglas returned my call that same day, but would not agree to consolidate the

27   hearing dates, again emphasizing that he did not want to spend time opposing Defendant's motion

28   until the Motion to Remand was adjudicated.  Accordingly, I informed Mr. Douglas that unless

1  Plaintiffs would agree, Defendants would file an *ex parte* application on Tuesday, May 6, 2008

2  asking the Court to consolidate the hearings.

3        9.    Also on May 1, 2008, Defendants filed their Opposition To Plaintiffs' Motion To

4  Remand.  One of the key arguments in Defendants' Opposition is that the Motion to Remand

5  must be denied because Plaintiffs' sixth cause of action against Boudreau is undisputedly time

6  barred (*i.e.*, the exact same argument Defendants make in their Motion For Judgment On The

7  Pleadings).

8        10.    By Monday, May 5, 2008, I had not heard from Mr. Douglas.  Accordingly, I

9  again gave Mr. Douglas notice of this *ex parte* application, this time in writing.  Attached as

10  Exhibit A is a true and correct copy of my written notice to Mr. Douglas.  I anticipate that

11  Plaintiffs will oppose this *ex parte* application.

12        11.    The pleadings and correspondence in this case reflect that Plaintiffs' counsel is

13  located in Long Beach, California.

14        12.    Both Mr. Livingston and I work in the San Francisco office of Orrick, Herrington

15  & Sutcliffe, LLP.  Accordingly, attending a hearing in San Diego, California requires significant

16  travel time and entails purchasing an airplane ticket.

17        13.    If the Court grants Plaintiff's Motion To Remand, Defendants intend to seek the

18  same relief in state court that are seeking through their pending Motion For Judgment On The

19  Pleadings.

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1       14.     Mr. Livingston and I are the only two attorneys at Orrick, Herrington & Sutcliffe

2   LLP who have worked on this case.  Thus, we are the only two attorneys with any familiarity

3   with the issues to be adjudicated in connection with Plaintiffs' Motion To Remand and are the

4   most capable of arguing this important motion.  From Defendants perspective, the Motion to

5   Remand is an extremely important motion to this case.

6

7       Executed on May 6, 2008, in the City of San Francisco State of California.

8       I declare under penalty of perjury under the laws of the State of California and these

9   United States that the foregoing is true and correct.

10

11

12                                          /s/ Erin M. Connell
                                            Erin M. Connell

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -

# Exhibit A



ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
THE ORRICK BUILDING
405 HOWARD STREET
SAN FRANCISCO, CALIFORNIA 94105-2669
tel +1-415-773-5700
fax +1-415-773-5759
WWW.ORRICK.COM

May 5, 2008

Erin Connell
(415) 773-5969
econnell@orrick.com

***VIA FAX AND E-MAIL (PDF)***

Gregory A. Douglas, Esq.
United Employees Law Group, P.C.
65 Pine Avenue, Suite 312
Long Beach, CA 90802

Re:    <u>Christopher Clark & James Renick v. Chase Home Finance, LLC, Chase Manhattan
       Mortgage Corporation & James Boudreau</u>

Dear Gregory :

  As a follow up to our telephone conversation on Thursday, May 1, 2008, I write to confirm, and to give you notice in writing, that because we could not come to an agreement regarding consolidating the hearing dates on Plaintiffs' Motion to Remand to State Court (currently set for hearing on May 16, 2008) and Defendants' Motion For Judgment On The Pleadings Or, In The Alternative For Partial Summary Judgment (currently set for hearing on May 30, 2008), Defendants plan to file an *Ex Parte* Application tomorrow (May 6, 2008) asking the Court to continue the hearing date on Plaintiffs' motion until May 30, 2008. As I explained on the telephone, the grounds for Defendants' request is that defense counsel is not available on May 16, 2008. Additionally, Defendants believe that the interests of efficiency and judicial economy will best be served by consolidating the two hearings.

  Based on our telephone conversation, I understand that Plaintiffs will oppose the *Ex Parte* Application. More specifically, I understand that Plaintiffs would like Defendants to <u>also</u> continue the hearing date on Defendants' motion, as Plaintiffs believe that if Plaintiffs' Motion to Remand is granted, Defendants' motion will become "moot."

  If Plaintiffs decide that they will agree to consolidate the hearings as Defendants request, please let me know before tomorrow. If I do not hear from you, we will file our *Ex Parte* Application as planned.

Very truly yours,

Erin Connell

Erin M. Connell

OHS West:260433292.1

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO              1890
RECIPIENT ADDRESS     65006375002014915622561006
DESTINATION ID
ST  TIME              05/05 09:27
TIME USE              00'53
PAGES SENT            2
RESULT                OK
```

# ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
THE ORRICK BUILDING
405 HOWARD STREET
SAN FRANCISCO, CALIFORNIA 94105-2669

tel +1-415-773-5700
fax +1-415-773-5759
WWW.ORRICK.COM

## FAX TRANSMISSION

DATE  May 5, 2008

NO. OF PAGES
(INCLUDING COVER SHEET)                2

FROM

| name | tel |
| --- | --- |
| Erin M. Connell | (415) 773-5969 |

TO

| name | company/firm | tel | fax |
| --- | --- | --- | --- |
| Gregory A. Douglas | United Employees Law Group, P.C. | (562) 256-1047 | (562) 256-1006 |

RE:  *Clark & Renick v. Chase Home Finance, LLC, et al.*

MESSAGE

Please see attached letter giving notice of *ex parte* appearance.

**Connell, Erin**

| | |
|---|---|
| **From:** | Brandt, Kate |
| **Sent:** | Monday, May 05, 2008 9:40 AM |
| **To:** | Gregory Douglas (gdouglas@hainesfirm.com) |
| **Cc:** | Livingston, Andrew; Connell, Erin; SF Calendar |
| **Subject:** | Clark & Renick v. Chase Home Finance, LLC, et al.: Ex Parte Notice |
| **Attachments:** | Clark.pdf |

Mr. Douglas ~

Please find attached a letter from Erin Connell giving notice that defendants plan to file an *ex parte* application with the Court tomorrow, May 6, 2008.  A copy of this letter also was faxed to you at 9:27 a.m.

~ Kate Brandt



ORRICK

KATE BRANDT
*Secretary to Oswald B. Cousins, Erin M. Connell, Monique Fuentes*
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
THE ORRICK BUILDING
405 HOWARD STREET
SAN FRANCISCO, CA 94105
tel (415) 773-5607
fax (415) 773-5759
kbrandt@orrick.com
www.orrick.com