1  **UNITED EMPLOYEES LAW GROUP, P.C.**
2  **Walter L. Haines, Esq. SBN 71075**
   **Greg Douglas, Esq. SBN 147166**
3  **65 Pine Ave., Suite 312**
   **Long Beach, CA 90802**
4  **Tel: (562) 256-1047**
   **Fax: (562) 256-1006**
5

6  **Attorneys for Plaintiffs,**
   **Christopher Clark and James Renick**
7

8                   UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| **CHRISTOPHER CLARK and JAMES RENICK, individuals,** | **Case No. '08 CV 0500** |
| **Plaintiffs,** | **OPPOSITION OF PLAINTIFFS CHRISTOPHER CLARK AND JAMES RENICK TO DEFENDANT'S EX PARTE APPLICATION FOR ORDER CONSOLIDATING THE HEARINGS ON PLAINTIFF'S MOTION TO REMAND TO STATE COURT AND DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES** |
| **CHASE HOME FINANCE, LLC; a Delaware LLC doing business in California; CHASE MANHATTAN MORTGAGE CORPORATION, a New Jersey corporation Doing business in California; JAMES BOUDREAU, an individual; and DOES 1-25** | |
| **Defendants.** | **Courtroom: 16** <br> **If hearing required, telephonic appearance requested.** |

_____
PLAINTIFF'S OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION
-1-

Plaintifff Christopher Clark and James Renick ("Plaintiffs") hereby submit the following opposition to Defendant's Ex Parte Application requesting an order consolidating the hearings on Plaintiff's Motion to Remand to State Court and Defendant's Motion for Judgment on the Pleadings or, in the alternative, For Partial Summary Judgment.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

Defendants request that this court enter an order consolidating Plaintiff's Motion to Remand to State Court and Defendant's Motion for Judgment on the Pleadings or, in the alternative, for Partial Summary Adjudication because "some of the exact legal issues need to be adjudicated in both motions." This argument attempts a tortured interpretation of Plaintiff's Motion to Remand to State court in that Defendant's claim in filing their Notice of Removal relies upon the unsupported contention that the individual defendant, James Boudreau, was included in Plaintiff's complaint as a "sham" and/or fraudulent defendant.

Plaintiff opposes Defendant's Ex Parte Application to consolidate the two motions based upon the fact that the issue of Mr. Boudreau's viability as a defendant must be decided first and foremost before Plaintiff is required to spend a substantial amount of resources and expense to oppose Defendant's Motion that may be rendered moot by this Court's ruling on Plaintiff's Motion to Remand.

Plaintiff's Motion to Remand was filed and served upon counsel for Defendants on April 21, 2008. Nonetheless, counsel for Defendants filed their Motion for Judgment on the Pleadings on April 24, 2008, unilaterally and without contacting counsel for Plaintiffs to discuss any alleged conflict with regard to the hearing on Plaintiff's motion set for April 16, 2008, or to discuss a possible later date to have both Plaintiff's and Defendant's motions heard. Instead, with full knowledge of Plaintiff's motion being filed, Defendant filed their own motion, thereby

1  effectively forcing Plaintiff to expend the time and effort to oppose a motion that may be
2  rendered moot.
3  After filing their Motion for Judgment on the Pleadings, Plaintiff's counsel was contacted
4  by Defendant's counsel regarding a conflict on the date set for the hearing on Plaintiff's Motion
5  to Remand.  Plaintiff's counsel agreed to continue the hearing on Plaintiff's motion and
6  requested that Defendants agree to continue the hearing on Defendant's Motion for Judgment on
7  the Pleadings until a date following the hearing on Plaintiff's motion to avoid the possibility of
8  forcing Plaintiff to prepare an opposition to Defendant's motion that may become moot.
9  Defendant's counsel refused to agree to continue the hearing date on Defendant's motion, even if
10 Plaintiff agreed to continue the hearing date on Plaintiff's motion.  Rather, Defendants filed the
11 within Ex Parte Application.

## II.

## DEFENDANT'S CONTENTION THAT NAMING JAMES BOUDREAU AS A DEFENDANT CONSTITUTES A SHAM JOINDER IS UNSUPPORTED BY THE FACTS

16 Plaintiffs Christopher Clark and James Renick both filed declarations in support of
17 Plaintiff's Motion to Remand stating that "During my employment with Chase, Boudreau was a
18 manager in the department in which I worked and I reported directly to Boudreau.  As my
19 manager, Boudreau exercised direct control over my wages, hours worked and my working
20 conditions."  Defendant's have offered no credible argument to dispute those facts.  Based upon
21 the declarations of Plaintiffs regarding Boudreau's involvement in their employment status, pay,
22 etc., it is a purely unsupported conclusionary argument that the inclusion of Mr. Boudreau was a
23 "sham" joinder.

## III.

## DEFENDANT'S CONTENTION THAT A RELEASE AGREEMENT ALLEGEDLY SIGNED BY CHRISTOPHER CLARK PRECLUDES ALL OF CLARK'S CLAIMS IS MISGUIDED AND NOT SUPPORTED BY THE PREVAILING LAW REGARDING THE ENFORCEABILITY OF SUCH RELEASES

The existence or non-existence and the enforceability or non-enforceability of a release agreement allegedly signed by Plaintiff Christopher Clark does not provide any rational legal ground for Defendant's claim that the inclusion of Mr. Boudreau is a "sham" joinder. Even assuming arguendo that such a release was signed, and further assuming that the agreement was found to be valid and enforceable, which is not before this court in the context of Defendant's Ex Parte Application, <u>there is no such contention that Plaintiff James Renick signed such a release agreement.</u>

Labor Code § 206Lab.5 states as follows:

206.5. No employer shall require the execution of any release of any claim or right on account of wages due, or to become due, or made as an advance on wages to be earned, unless payment of such wages has been made. **Any release required or executed in violation of the provisions of this section shall be null and void as between the employer and the employee** and the violation of the provisions of this section shall be a misdemeanor.

## IV.

## PLAINTIFFS HAVE A VALID CLAIM AGAINST DEFENDANT JAMES BOUDREAU

In *Cortez v. Purolator Air Filtration*, (2000) 23 Cal. 4th 163, the court made it very clear that an individual employee has a private right of action against **any person** who violates the Unfair Competition Law (UCL). Addressing the issue of an employee seeking restitution under the UCL the court in *Cortez* held as follows:

A. Unlawfully withheld wages may be recovered as restitution in a UCL action. Section 17203, under the authority of which a restitutionary order may be made, provides: **"Any person who engages, has engaged, or proposes to engage in unfair competition may be**

1  **enjoined in any court of competent jurisdiction. The court may make such orders or**
2  **judgments, including the appointment of a receiver, as may be necessary to prevent the use**
3  **or employment by any person of any practice which constitutes unfair competition, as**
4  **defined in this chapter, or as may be necessary to restore to any person in interest any**
5  **money or property, real or personal, which may have been acquired by means of such**
6  **unfair competition." (Italics added.)**

8  (1) A UCL action is an equitable action by means of which a plaintiff may recover money or
9  property obtained from the plaintiff or persons represented by the plaintiff through unfair or
10 unlawful business practices.
11        We conclude that orders for payment of wages unlawfully withheld from an employee
12 are also a restitutionary remedy authorized by section 17203. The employer has acquired the
13 money to be paid by means of an unlawful practice that constitutes unfair competition as defined
14 by section 17200. The employee is, quite obviously, a "person in interest" (§ 17203) to whom
15 that *178 money may be restored. The concept of restoration or restitution, as used in the UCL,
16 is not limited only to the return of money or property that was once in the possession of that
17 person. The commonly understood meaning of "restore" includes a return of property to a person
18 from whom it was acquired (see Webster's New Internat. Dict. (2d ed. 1958) p. 2125), but earned
19 wages that are due and payable pursuant to section 200 et seq. of the Labor Code are as much the
20 property of the employee who has given his or her labor to the employer in exchange for that
21 property as is property a person surrenders through an unfair business practice. An order that
22 earned wages be paid is therefore a restitutionary remedy authorized by the UCL. The order is
23 not one for payment of damages. The Court of Appeal concluded that a claim for wages owed is
24 not a damage claim in holding that claims for wages earned but not paid are not damage claims
25 subject to the claim filing requirement of Government Code section 905 in Loehr v. Ventura
26 County Community College Dist. (1983) 147 Cal.App.3d 1071, 1080 [195 Cal.Rptr. 576]
27 ("Earned but unpaid salary or wages are vested property rights, claims for which may not be
28

1 properly characterized as actions for monetary damages."). Because equity regards that which
2 ought to have been done as done (Civ . Code, § 3529), and thus recognizes equitable conversion
3 ( Parr- Richmond Industrial Corp. v. Boyd (1954) 43 Cal.2d 157, 165-166 [272 P.2d 16]), we
4 also conclude that unlawfully withheld wages are property of the employee within the
5 contemplation of the UCL. Our conclusion that these wages may be the subject of a
6 restitutionary order under section 17203 is consistent with our recognition in Walnut Creek
7 Manor v. Fair Employment & Housing Com. (1991) 54 Cal.3d 245, 263 [284 Cal.Rptr. 718, 814
8 P.2d 704], that restitutionary awards encompass quantifiable sums one person owes to another,
9 and with that of the United States Supreme Court in Curtis v. Loether (1974) 415 U.S. 189, 197
10 [94 S.Ct. 1005, 1010, 39 L.Ed.2d 260].

## V.

## PLAINTIFF UCL CLAIMS ARE NOT TIME BARRED

13 With regard to the statute of limitations on UCL claims, the court in *Cortez* held as
14 follows:
15 **Section 17208 is clear. It provides that "[ a] ny action to enforce any cause of action**
16 **under this chapter shall be commenced within four years after the cause of action**
17 **accrued."** (Italics added.) We recognize that any business act or practice that violates the Labor
18 Code through failure to pay wages is, by definition (§ 17200), an unfair business practice. It
19 follows that an action to *179 recover wages that might be barred if brought pursuant to Labor
20 Code section 1194 still may be pursued as a UCL action seeking restitution pursuant to section
21 17203 if the failure to pay constitutes a business practice. Nonetheless, the language of section
22 17208 admits of no exceptions. (3) Any action on any UCL cause of action is subject to the four-
23 year period of limitations created by that section.

## VI.

## DEFENDANT'S CONTENTION THAT CONSOLIDATING THE MOTIONS SERVES THE INTEREST OF JUDICIAL ECONOMY IGNORES THE ADDITIONAL TIME AND EXPENSE FORCED UPON PLAINTIFFS

28

---

1  Defendant's are apparently fine with requesting that this Court consolidate the two
2  motions and thereby avoid a possible second trip from San Francisco to San Diego and ignoring
3  the additional time and expense Plaintiff's will necessarily incur to prepare an opposition to
4  Defendant's Motion for Judgment on the Pleadings, a pleading that may be rendered moot by
5  this Court's ruling on Plaintiff's motion.  Plaintiff's submit that this is not the type of judicial
6  economy that the Court should consider in ruling on Defendant's Ex Parte Application.

## VII.

## CONCLUSION

Based upon the foregoing, Plaintiff's respectfully request that it is appropriate for this Court to deny Defendant's Ex Parte Application in its entirety.  Rather, Plaintiff's request that this Court set the hearing on Plaintiff's Motion to Remand for a date mutually convenient to this Court and counsel.  Plaintiff's further request that this Court continue the hearing on Defendant's Motion for Judgment on the Pleadings to a date mutually convenient to this Court and counsel, and subsequent to the hearing on Plaintiff's motion, if necessary.

Finally, and in the alternative, if this Court is inclined to consolidate the two motions, Plaintiff's would request that the Court set the consolidated hearing for a date after May 30, 2008, that is mutually convenient to this Court and counsel.

Dated:  May 8, 2008                              UNITED EMPLOYEES LAW GROUP, P.C.


By: _____
Gregory A. Douglas
Attorneys for Plaintiffs
Christopher Clark and James Renick