UNITED EMPLOYEES LAW GROUP, P.C.
Walter L. Haines, Esq. SBN 71075
Greg Douglas, Esq. SBN 147166
65 Pine Ave., Suite 312
Long Beach, CA 90802
Tel: (562) 256-1047
Fax: (562) 256-1006

Attorneys for Plaintiffs,
Christopher Clark and James Renick

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER CLARK and JAMES RENICK, individuals, <br><br> Plaintiffs, <br><br> CHASE HOME FINANCE, LLC; a Delaware LLC doing business in California; CHASE MANHATTAN MORTGAGE CORPORATION, a New Jersey corporation Doing business in California; JAMES BOUDREAU, an individual; and DOES 1-25 <br><br> Defendants. | Case No. '08 CV 0500 <br><br> **PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO REMAND TO STATE COURT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF.** <br><br> Date:   May 16, 2008 <br> Time:   1:30 p.m. <br> Courtroom: 16 |

Plaintifffs Christopher Clark and James Renick ("Plaintiffs") hereby submit the following reply to Defendants' Opposition to Plaintiff's Motion to Remand to State Court:

---

**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION
TO MOTION TO REMAND TO STATE COURT**

-1-

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## DEFENDANTS IGNORE THE REQUISITE STANDARD ON A MOTION TO REMAND

As emphasized in Plaintiffs' moving papers, the standard on a motion to remand is very simple. Again, the only question is whether there is **any possibility** that plaintiffs will be able to establish liability against the party in question. Briano v. Conseco Life Ins. Co. 126 F.Supp.2d 1336, 1339 (9th Cir. 1987), Cont'l Ins. Co. v. Foss Mar. Col, No. C 02-3936, 2002 WL 314143315, at 6 (N.D. Cal. Oct. 23, 2002. The burden is on the defendants to establish that there is absolutely **no possibility whatsoever** that the plaintiffs will be able to establish liability against Defendant Boudreau. Briano, 126 F.Supp 2d at 1296. This is a standard which is a heavy burden on the defendants to show, and one which is almost insurmountable unless the absence of that possibility is clear and obvious. In this case, there is no such clarity.

## II.

## PLAINTIFFS HAVE SHOWN MORE THAN EVEN A MERE POSSIBILITY OF ESTABLISHING LIABILITY AGAINST DEFENDANT BOUDREAU

Irrespective of the statute of limitations arguments put forth by defendants (the validity of which plaintiffs do not concede), California law provides sufficient bases upon which to establish the liability of Defendant Boudreau, and, at the very least, a possibility of such liability.

A review of the relevant statutory provisions and case law reveals that the California Legislature, IWC and the courts have unambiguously established individual liability for corporate agents to secure wages for the working people of California and in

furtherance of public policy.  **The corporate fiction, which in many realms shields individual decision makers and agents from liability, does not create immunity for management and corporate officers with regard to wage and hour violations.**

The provisions of the Labor Code which establish individual liability are, among others, sections 18, 1197.1 and 1199.  These sections provide as follows:

**Labor Code §18 states:**

"Person" means any **person**, association, organization, partnership, business trust, limited liability company or corporation."

**Labor Code §1197.1 states:**
"(a) any employer **or other person acting either individually or as an officer, agent, or employee of another person,** who pays or causes to be paid to any employee a wage less that the minimum fixed by an order of the commission shall be subject to a civil penalty. . ."

**Labor Code §1199 states:**
"Every employer **or other person acting either individually or as an officer, agent, or employee of another person** is guilty of a misdemeanor and is punishable by a fine of not less that one hundred dollars ($100) or by imprisonment for not less than 30 days, or both, who does any of the following:
(a) requires or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission.
(b) Pays or causes to be paid to any employee a wage less that the minimum fixed by an order of the commission.
(c) Violates or refuses, or neglects to comply with any provision
of this chapter of any order or ruling of the commission.

In addition to the above <u>Labor Code</u> sections, provisions of the California IWC Orders clearly intend to establish liability for individual defendants.  The Wage Orders at section 2(H) provide the following definition:

**California IWC Orders Section 2(H) -**
"Employer" means any person as defined in Section 18 of the Labor Code, who directly or indirectly, or through an agent or any other person, employs or exercises control over the wages, hours, or working conditions of any person."

Based on the foregoing, it is clearly the intention of the state legislature to include individual defendants within the definition of "employer" for liability purposes. Defendant Boudreau is included within that definition, based on the plaintiffs' declarations attached to plaintiffs' moving papers.

Moreover, the FLSA's broad definition of employer has been interpreted to allow for a finding of more than one "employer" simultaneously being liable for FLSA obligations. <u>Dole v. Elliot Travel & Tours, Inc.</u>, 942 F.2nd 962, 965 (6th Cir. 1991); <u>Fegley v. Higgins</u>, 19 F.3d 1126 (6th Cir. 1994), cert. denied, 513 U.S. 875. In Fegley, the Court reversed this trial court's dismissal of an individual defendant who had ownership and significant managerial duties in the business, holding that the individual should be held jointly liable with the corporation for all damages.

While the individual held liable in <u>Fegley</u> had an ownership interest, an individual does not necessarily have to be in an ownership position or control day to day operations to be deemed an "employer." <u>Reich v. Circle C Investments, Inc.</u>, 998 F.2d 324,329 (5th cir. 1993). In <u>Reich</u>, the individual held liable was a "consultant" who had participated in managerial responsibilities at the corporation. Id.

In the <u>Dole</u> case, the Court states:

"The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FSLA for unpaid wages."

In this case, Defendant Boudreau had operational control over the Plaintiffs' wages, hours and working conditions, as stated in the Declarations of Christopher Clark and James Renick attached to Plaintiffs' moving papers. As such, Plaintiffs can show at least a possibility of establishing that Defendant Boudreau was Plaintiffs' "employer" under the aforementioned authorities. Therefore, the Plaintiffs' Motion to Remand should be granted.

## III.

## PLAINTIFFS HAVE A VALID CLAIM AGAINST DEFENDANT JAMES BOUDREAU

In *Cortez v. Purolator Air Filtration*, (2000) 23 Cal. 4th 163, the court made it very clear that an individual employee has a private right of action against **any person** who violates the Unfair Competition Law (UCL). Addressing the issue of an employee seeking restitution under the UCL the court in *Cortez* held as follows:

A. Unlawfully withheld wages may be recovered as restitution in a UCL action. Section 17203, under the authority of which a restitutionary order may be made, provides: **"Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or**

**property, real or personal, which may have been acquired by means of such unfair competition." (Italics added.)**

(1) A UCL action is an equitable action by means of which a plaintiff may recover money or property obtained from the plaintiff or persons represented by the plaintiff through unfair or unlawful business practices.

We conclude that orders for payment of wages unlawfully withheld from an employee are also a restitutionary remedy authorized by section 17203. The employer has acquired the money to be paid by means of an unlawful practice that constitutes unfair competition as defined by section 17200. The employee is, quite obviously, a "person in interest" (§ 17203) to whom that *178 money may be restored. The concept of restoration or restitution, as used in the UCL, is not limited only to the return of money or property that was once in the possession of that person. The commonly understood meaning of "restore" includes a return of property to a person from whom it was acquired (see Webster's New Internat. Dict. (2d ed. 1958) p. 2125), but earned wages that are due and payable pursuant to section 200 et seq. of the Labor Code are as much the property of the employee who has given his or her labor to the employer in exchange for that property as is property a person surrenders through an unfair business practice. An order that earned wages be paid is therefore a restitutionary remedy authorized by the UCL. The order is not one for payment of damages. The Court of Appeal concluded that a claim for wages owed is not a damage claim in holding that claims for wages earned but not paid are not damage claims subject to the claim filing requirement of Government Code section 905 in <u>Loehr v. Ventura County Community College Dist.</u> (1983) 147 Cal.App.3d 1071, 1080 [195 Cal.Rptr. 576] ("Earned but unpaid salary or wages are vested property rights, claims for which may not be properly characterized as actions for monetary damages."). Because equity regards that which ought to have been done as done (<u>Civ . Code</u>, § 3529), and thus recognizes equitable conversion ( <u>Parr- Richmond Industrial Corp. v. Boyd</u> (1954) 43 Cal.2d

157, 165-166 [272 P.2d 16]), we also conclude that unlawfully withheld wages are property of the employee within the contemplation of the UCL. Our conclusion that these wages may be the subject of a restitutionary order under section 17203 is consistent with our recognition in Walnut Creek Manor v. Fair Employment & Housing Com. (1991) 54 Cal.3d 245, 263 [284 Cal.Rptr. 718, 814 P.2d 704], that restitutionary awards encompass quantifiable sums one person owes to another, and with that of the United States Supreme Court in Curtis v. Loether (1974) 415 U.S. 189, 197 [94 S.Ct. 1005, 1010, 39 L.Ed.2d 260]."

### IV.
### PLAINTIFF UCL CLAIMS ARE NOT TIME BARRED

With regard to the statute of limitations on UCL claims, the court in *Cortez* held as follows:

**Section 17208 is clear. It provides that "[ a] ny action to enforce any cause of action under this chapter shall be commenced within four years after the cause of action accrued."** (Italics added.) We recognize that any business act or practice that violates the Labor Code through failure to pay wages is, by definition (§ 17200), an unfair business practice. It follows that an action to *179 recover wages that might be barred if brought pursuant to Labor Code section 1194 still may be pursued as a UCL action seeking restitution pursuant to section 17203 if the failure to pay constitutes a business practice. Nonetheless, the language of section 17208 admits of no exceptions. (3) Any action on any UCL cause of action is subject to the four-year period of limitations created by that section.

## V.

## DEFENDANTS' RELIANCE ON CASE LAW SUCH AS THOMAS v. HOME DEPOT IS MISPLACED

In their continuing effort to avoid liability in this case, Defendants rely on such cases as Thomas v. Home Depot 527 F.Supp.2d 1003, 2007 WL 2854259 (N.D.Cal.), as a means of establishing that the statute of limitations bars Plaintiffs' claims. Notwithstanding that the liability of Defendant Boudreau can be established separate and apart from such Labor Code sections as 558(a), the decision by the Thomas court cannot be used to resolve the statute of limitations issue.

Simply put, the Court in Thomas only addressed the statute of limitations as it pertained to the plaintiff's PAGA claims under Labor Code 2699, and it also addressed the viability of the plaintiff's claim for conversion. It did not address the statutory remedies which are provided in the Labor Code, and for which the Plaintiffs in this case seek recovery. Specifically, the Plaintiffs in the instant matter have alleged causes of action under Labor Code Sections 510, 1194, 1198, 203, 558, 226, 226.7, Business and Professions Code 17200, and the applicable California Wage Orders. Thomas, and the other cases cited by defendants, do not conclusively establish that the Plaintiffs' claims are time-barred. Therefore, Defendants cannot argue that Defendant Boudreau was improperly named as a defendant in this case, and Plaintiffs respectfully request this Court to grant their Motion to Remand to State Court.

## VI.

## CONCLUSION

Based upon the foregoing, Plaintiffs respectfully request that this Court grant Plaintiffs' Motion to Remand, and to rule that there is insufficient diversity between the parties for this matter to remain in Federal Court.

Respectfully submitted,

Dated:  May 9, 2008                UNITED EMPLOYEES LAW GROUP, P.C.


By: /s/ Gregory A. Douglas
Gregory A. Douglas
Attorneys for Plaintiffs
Christopher Clark and James Renick