1  UNITED EMPLOYEES LAW GROUP, P.C.
   Walter L. Haines, Esq. SBN 71075
2  Greg Douglas, Esq. SBN 147166
3  65 Pine Ave., Suite 312
   Long Beach, CA 90802
4  Tel: (562) 256-1047
   Fax: (562) 256-1006
5
6  Attorneys for Plaintiffs,
   Christopher Clark and James Renick
7
8              UNITED STATES DISTRICT COURT
9              SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  CHRISTOPHER CLARK and JAMES RENICK, individuals, | Case No. '08 CV 0500 JM RBB |
| 12 | OPPOSITION OF PLAINTIFFS CHRISTOPHER CLARK AND JAMES RENICK TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF CHRISTOPHER CLARK |
| 13       Plaintiffs, | |
| 14  CHASE HOME FINANCE, LLC; a Delaware LLC doing business in California; CHASE MANHATTAN MORTGAGE CORPORATION, a New Jersey corporation Doing business in California; JAMES BOUDREAU, an individual; and DOES 1-25 | |
| 15 | |
| 16 | |
| 17 | |
| 18       Defendants. | Request for Judicial Notice filed concurrently herewith. |
| 19 | |
| 20 | Date:    May 30, 2008
Time:   1:30 p.m.
Dept:   16
Judge:  The Hon. Jeffrey T. Miller |
| 21 | |
| 22 | : |

1

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS OR IN THE ALTERNATIVE, MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiffs Christopher Clark and James Renick ("Plaintiffs") hereby submit the following opposition to Defendant's Motion for Judgment on the Pleadings or, in the alternative, For Partial Summary Judgment.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendant's Motion for Judgment on the Pleadings or, in the alternative for Partial Summary Judgment should not be granted by this Court.

Defendant's sole contention with regard to Plaintiff Christopher Clark is that all of the causes of action to which they seek Judgment on the Pleadings, or Partial Summary Judgment , which include all six (6) causes of action set forth in the First Amended Complaint ("FAC") is that Plaintiff Christopher Clark ("CLARK") claims are barred as a matter of law by the "Release Agreement" ("Agreement"), allegedly releasing Defendants from any and all claims Plaintiff may have had against Defendants, known or unknown, executed by Plaintiff subsequent to the termination of his employment with Defendants.  In the alternative, Defendants argue that even if the Agreement is not valid as to Plaintiff's claims for unpaid wages (per Labor Code § 206.5), Plaintiff's other claims seeking remedies other than unpaid wages should be held subject to the release.

### II. FACTUAL AND PROCEDURAL BACKGROUND

CLARK was employed as a Sr. Tech. Analyst with Defendants, and each of them, continuously from around 1997 until on or about July 15, 2005.

At all times relevant herein, Plaintiff was entitled to an hourly rate of pay of approximately $21.35 - $36.39 per hour.

Under Wage Orders established by the Department of Labor Standards and Enforcement ("D.L.S.E."), CLARK does not qualify as an "exempt employee", and therefore, CLARK'S employment is subject to all appropriate laws with respect to a non-exempt employee who is entitled to an hourly wage and therefore, also entitled to overtime wages.

2

CLARK routinely worked in excess of eight (8) hours per day and forty (40) hours per week, all without receiving proper wages, any overtime or double-time pay.

CLARK was consistently paid incorrectly by Defendants, because they failed to pay CLARK proper wages, for all hours worked, and for all applicable overtime hours to which he was entitled. Plaintiff complained to Defendants about this fact, to no avail.

On December 14, 2007, Plaintiff filed the instant lawsuit against Defendants alleging claims for: (i) failure to pay overtime in violation of Labor Code §§ 510, 1194, 1198; (ii) waiting time penalties in violation of Labor Code §§ 203, 558; (iii) failure to provide accurate itemized statements in violation of Labor Code § 226; (iv) failure to provide meal periods in violation of Labor Code § 226.7. and IWC Wage Orders; (v) failure to provide rest periods in violation of Labor Code § 226.7 and IWC Wage Orders; and (vi) unfair competition in violation of Business & Professions Code § 17200.

On February 14, 2008, Plaintiff filed a First Amended Complaint (FAC), setting forth the same causes of action as the initial complaint, as well as adding JAMES RENICK ("RENICK") as a Plaintiff, adding Chase Manhattan as a defendant, and adding a sixth cause of action for Failure to Pay Overtime and Provide Itemized Wage Statements in violation of Labor Code § 2699.

### III. LEGAL ANALYSIS

#### A. Standard of Review

Standard Applied in Ruling on Motion: The standard applied on a Rule 12(c) motion is essentially the same as that applied on Rule 12(b) (6) motions: i.e., judgment on the pleadings is appropriate when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law. [Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc. (9th Cir. 1990) 896 F2d 1542, 1550; R.J. Corman Derailment Services, LLC v. International Union of Operating Engineers, Local Union 150, AFL-CIO (7th Cir. 2003) 335 F3d 643, 647—judgment may not be granted "unless it appears beyond a doubt that the [non-moving] party cannot prove any facts that would support his claim for relief" (brackets in original; internal quotes omitted)]

Material facts assumed true: As with Rule 12(b) (6) motions, the court must assume the truthfulness of the material facts alleged in the complaint. Moreover, all inferences reasonably drawn from these facts must be construed in favor of the responding party. [General Conference

3

Corp. of Seventh–Day Adventists v. Seventh–Day Adventist Congregational Church (9th Cir. 1989) 887 F2d 228, 230; Voest-Alpine Trading USA Corp. v. Bank of China (5th Cir. 1998) 142 F3d 887, 891; R.J. Corman Derailment Services, LLC v. International Union of Operating Engineers, Local Union 150, AFL–CIO, supra, 335 F3d at 647]

Thus, defendant is not entitled to judgment on the pleadings if the complaint raises issues of fact which, if proved, would support recovery. Likewise, plaintiff is not entitled to judgment on the pleadings if the answer raises issues of fact or an affirmative defense which, if proved, would defeat plaintiff's recovery. [General Conference Corp. of Seventh–Day Adventists v. Seventh–Day Adventist Congregational Church, supra, 887 F2d at 230]

Here, plaintiff has pled sufficient facts which, if true, would indicate viable causes of action against Defendants. Therefore, Defendants' demurrer should be denied.

IV. **ARGUMENT**

   A. **THE "RELEASE AGREEMENT" RELIED UPON BY DEFENDANTS AS THE BASIS OF THE PENDING MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT AS TO PLAINTIFF'S FIRST AMENDED COMPLAINT IS NULL AND VOID AS BETWEEN PLAINTIFF AND DEFENDANTS WITH REGARD TO PLATIFF'S CLAIMS IN THEIR FIRST AMENDED COMPLAINT.**

Labor Code § 206.5 states as follows:

> 206.5. No employer shall require the execution of any release of any claim or right on account of wages due, or to become due, or made as an advance on wages to be earned, unless payment of such wages has been made. Any release **required or executed** in violation of the provisions of this section shall be null and void as between the employer and the employee and the violation of the provisions of this Section shall be a misdemeanor.

First, Defendants rely upon the language in Labor Code § 206.5 that refers to releases that are <u>required</u> to be executed as being null and void as grounds for their contention that

4

1  Plaintiff in the case at bar was not required to execute the Agreement in return for being paid

2  wages that were concededly due.  Defendants are apparently content with ignoring the plain

3  language of Labor Code § 206.5 that states that "any release <u>required **or executed**</u> in violation of

4  the provisions of § 206.5 are null and void.  Based upon this selective reading of § 206.5,

5  Defendants contend that Plaintiff's allegations that at the time he executed the Agreement he was

6  unaware of the purported entitlement to overtime compensation and that there was no dispute as

7  to wages at that time are entirely irrelevant and legally insignificant.

8  

9     Second, Defendants rely upon *Reid v. Overland Machined Products* (1961) 55 Cal. 2d

10  207, and *Sullivan v. Del Monte Masonry Co., Inc.* (1965) 238 Cal App. 2d 630, for the

11  comparison and conjunctive blending of Labor Code §§ 206 and 206.5, for the proposition that

12  an employer and employee may compromise a bona fide dispute over wages, irrespective of

13  Labor Code § 206.5.  **<u>There is case law that has held release agreements similar in nearly all

14  respects to the Agreement at issue in this case null and void.</u>**

15     There is no California appellate authority on how to apply Labor Code 206.5 to this

16  situation.  Courts have taken judicial notice of the unpublished trial court decisions.  The

17  decisions are not precedent, but are informative as to how other judges have addressed this issue.

18  *Santa Ana Hosp. Med. Ctr v. Belsh* (1997) 56 Cal. App. 4th 819; *Brown v. Franchise Tax Bd.*

19  (1987) 197 Cal. App. 3d 300.  Plaintiff requests this Court take judicial notice of the unpublished

20  trial court decisions filed concurrently herewith in addressing the issue at bar.

21     In *Zhiyu Zheng v. Siebel Systems, Inc.* (2006), Superior Court of the Sate of California,

22  County of San Mateo, Case No. 435601, (Request for Judicial Notice filed concurrently

23  herewith) the court ruled on Defendant's affirmative defenses based upon the existence of

24  release agreements, including the releases legality, enforceability, and effect.  Although the case

28  5

involved a class action proceeding, the analysis of the release agreements with respect to Labor Code §§ 206 and 206.5 are the same as the case at bar. Indeed, the Plaintiffs in the *Zheng* case received "severance benefits" that the defendants claimed were due consideration for the release of claims.

**After analyzing the release agreements, the court in *Zheng* held that the releases were not a bar, waiver or release of Plaintiff's claims, pursuant to Labor Code § 206.5.**

As Defendants due in the case at bar, the Defendants in *Zheng* cited *Reid* and *Sullivan* in an attempt to link together Section 206 and 206.5. The court in *Zheng* noted that both sections are discussed together in *Sullivan*, but goes on to state **"one is not dependent upon the other. Section 206.5 explicitly provides that there can be no waiver of the right to earned wages- regardless of whether they are in dispute…Accordingly, any provisions in the General Release forms, to the extent that they seek a release or waiver of overtime claims, failure to pay wages due, or as to misclassification as exempt employees, are null and void pursuant to Labor Code Section 206.5, and thus unenforceable."**

Moreover, in acknowledging that Defendants asked the court in *Zheng* to rely upon *Reid, supra,* the court in *Zheng* made the following observation: the <u>Reid</u> case does not discuss Section 206.5, especially since the case dealt with an employer's failure to pay employee commissions back in 1952 and 1953 – years before Section 206.5 was enacted. Accordingly, the <u>Reid</u> case is inapposite."

Finally, in analyzing the release agreements at issue, the *Zheng* court noted that "the subject "General Release" does not explicitly stat that the terminated employee may have or does have a dispute regarding payment of overtime wages, does not explicitly state that the terminated employee is releasing, waiving, and giving up claims for failure to pay overtime wages or claims

6

for misclassification as exempt, and does not say that the severance package includes payment of all wages due and owing for services provided."

In the case at bar, as in the *Zheng* case, the subject release agreement does not address the fact that CLARK may have or does have a dispute regarding payment of overtime wages, does not explicitly state that CLARK is releasing, waiving, and giving up claims for failure to pay overtime wages or claims for misclassification as exempt, and does not say that the severance package includes payment of all wages due and owing for services provided.  As such, it is clear that Defendant's attempt to ignore the clear meaning and requirements of section 206.5 by alleging CLARK was not required to sign the Agreement and/or that section 206 permits a compromise of a bona fide dispute over wages is misguided and does not provide this Court with the legal authority to grant Defendant's Motion for Judgment on the Pleadings or Partial Summary Judgment.  Therefore, Defendant's Motion should be denied in its entirety.

In *Warner v. Experian Information Solutions* (2007), Los Angeles Superior Court, Case No. BC362599, (Request for Judicial Notice filed concurrently herewith), the court considered the impact of Labor Code Section 206.5 on a release agreement nearly identical to the Agreement at issue in the case at bar.  After comparing Sections 206 and 206.5, the court in *Experian* stated as follows:

**"The omission of a reference to a dispute in section 206.5 is particularly significant because, in enacting 206.5, the legislature was acting against the background of section 206, which addresses employer conduct when a wage dispute has arisen.  It can be inferred from the legislative context that, if the legislature had intended section 206.5 to be limited to situations in which a dispute had arisen at the time the release was signed, it would have expressed that limitation.  Instead, the legislature precluded requiring release of 'any claim**

7

**or right' to wages. (Labor Code § 206.5)  <u>The release of a "right" can be required even when the person entitled to the right is not aware of that entitlement."</u>**

### B. <u>PLAINTIFF HAS A STATUTORY RIGHT TO SUE FOR UNPAID OVERTIME COMPENSATION PURSUANT TO LABOR CODE SECTION 1194.</u>

CLARK contends that Defendants failed to pay overtime compensation due and owing, because Defendants wrongfully misclassified Plaintiff as an exempt employee rather than non-exempt.  CLARK claims that during the course of his employment and at the time of termination, Plaintiff was entitled to payment of all unpaid overtime compensation, based upon labor and services he had already performed for Defendants.

As such, CLARK has a statutory right to sue to recover unpaid overtime compensation, pursuant to Labor Code Section 1194.  "Entitlement to overtime compensation…is mandated by statute and  is based on an important public policy…'The duty to pay overtime wages is a duty imposed by the state; it is not a matter left to the private discretion of the employer. [Citations.] California courts have long recognized that wage and hours laws concern not only the health and welfare of the workers themselves, but also the public health and general welfare.  [Citation.]'''  *Road Sprinkle Fitters Local Union No. 669 v. G&G Fire Sprinklers, Inc.* (2002) 102 Cal. App. 4th 765.

8

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS OR IN THE ALTERNATIVE, MOTION FOR PARTIAL SUMMARY JUDGMENT

IV. **CONCLUSION**

    Defendants' Motion for Judgment on the Pleadings or Partial Summary Judgment must be denied.

    Plaintiff states that when he signed the Agreement, he was unaware that he was entitled to overtime wages. Labor Code Section 206.5 holds that any release of any claim or right to wages owed but not paid is null and void.

Dated: May 15, 2008　　　　　　　　　　　UNITED EMPLOYEES LAW GROUP, P.C.

By: *Gregory A. Douglas*
Gregory A. Douglas
Attorneys for Plaintiffs
Christopher Clark and James Renick

9

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS OR IN THE ALTERNATIVE, MOTION FOR PARTIAL SUMMARY JUDGMENT