1  ANDREW R. LIVINGSTON (State Bar No. 148646)
   alivingston@orrick.com
2  ERIN M. CONNELL (State Bar No. 223355)
   econnell@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
4  405 Howard Street
   San Francisco, CA  94105-2669
5  Telephone:    +1-415-773-5700
   Facsimile:    +1-415-773-5759
6
7  Attorneys for Defendants
   Chase Home Finance, LLC (on behalf of itself and as successor
   in interest to Chase Manhattan Mortgage Corporation) and
8  James Boudreau

9                    UNITED STATES DISTRICT COURT

10                  SOUTHERN DISTRICT OF CALIFORNIA

11

12

13  CHRISTOPHER CLARK and JAMES          Case No.  08-CV-0500 JM RBB
    RENICK, individuals,
                                         **REPLY MEMORANDUM OF**
14            Plaintiffs,                **POINTS AND AUTHORITIES IN**
                                         **SUPPORT OF DEFENDANTS CHASE**
15       v.                              **HOME FINANCE, LLC, CHASE**
                                         **MANHATTAN MORTGAGE**
16  CHASE HOME FINANCE, LLC; a Delaware  **CORPORATION AND JAMES**
    LLC doing business in California; CHASE **BOUDREAU'S MOTION FOR**
17  MANHATTAN MORTGAGE                   **JUDGMENT ON THE PLEADINGS**
    CORPORATION, a New Jersey corporation **PURSUANT TO RULE 12(C) OR, IN**
18  doing business in California; JAMES   **THE ALTERNATIVE, MOTION FOR**
    BOUDREAU, an individual; and DOES 1-25, **PARTIAL SUMMARY JUDGMENT**
19                                       **PURSUANT TO RULE 56**
              Defendants.
20                                       Date:        May 30, 2008
                                         Time:        1:30 p.m.
21                                       Dept.:       16
                                         **Judge:      The Hon. Jeffrey T. Miller**
22

23

24

25

26

27

28

## I.    Introduction

Defendants' Motion for Judgment on the Pleadings presents two issues:

      (1) Are Plaintiffs' Third and Sixth Causes of Action barred by the applicable statute of limitations?; and

      (2) Are Clarks claims barred in their entirety by the Release Agreement he signed in exchange for severance payments?

As to the first issue, Plaintiffs are completely and utterly silent.  Indeed, in their Opposition papers, they do not so much as make a passing reference to Defendants' statute of limitations argument.  As a result, Plaintiffs have clearly conceded that they may not proceed on the Third and Sixth Causes of Action.  As to the second issue, Plaintiffs do not dispute that Clark entered into a valid and binding Release Agreement.  What they contend is that as a matter of law, the Release Agreement does not operate to bar the remainder of Clark's claims in this lawsuit.  On that point, Plaintiffs are simply wrong.

Plaintiffs attempt to save Clark's claims by arguing that the Release Agreement runs afoul of Labor Code Section 206.5 and its supposed prohibition on releases of wages.  In making this argument, however, Plaintiffs rely entirely on two unpersuasive state court decisions. These decisions do not support Clark because they are based on an inaccurate interpretation of Section 206.5.  More specifically, the decisions (1) fail to acknowledge the legislative history of Section 206.5, which makes clear that it prohibits only a release of claims to wages concededly due, (2) fail to acknowledge that the plain language of the statute itself states that it prohibits only "required" releases (as opposed to voluntary severance agreements), and (3) lead to the unreasonable conclusion that California wage claims may only be resolved by going to trial. Moreover, the *Zheng* decision relied upon extensively by Plaintiffs pre-dates *Reynov v. ADP Services*, which, on facts remarkably similar to the facts alleged here, holds that notwithstanding Section 206.5, a general release of claims signed as part of a voluntary severance package includes claims for wages under the California Labor Code.

In short, because Clark undisputedly released the claims at issue here, and because Clark's and Renick's third and sixth causes of action undisputedly are time-barred, Defendants are

1    entitled to judgment on the pleadings as to all six of Clark's claims and as to Clark's and Renick's

2    two penalty claims.

3    **II.    Defendants Are Entitled To Judgment On The Pleadings As To All Of Clark's**
        **Claims, And As To Both Plaintiffs' Third And Sixth Causes Of Action**

4

5        **A.    Plaintiffs Concede That Their Third And Sixth Causes Of Action For**
            **Penalties Under The California Labor Code Are Time Barred**

6

7        Plaintiffs do not even acknowledge, much less address, Defendants' argument that <u>both</u>

8    Clark's and Renick's third and sixth causes of action for penalties under California Labor Code

9    Sections 226, 510 and 2699 are time barred as a matter of law.  Indeed, because Plaintiffs

10   themselves allege in their First Amended Complaint that their employment with Chase ended

11   <u>nearly three years</u> prior to the filing of their Complaint, and because California law is unequivocal

12   that claims for penalties are subject to a <u>one year</u> statute of limitations, Plaintiffs simply have no

13   good faith basis on which to oppose this argument.  FAC, ¶¶ 22, 27; Cal. Civ. Proc. Code 340(a)

14   (one year statute of limitations for penalty claims).  Accordingly, because Plaintiffs' third and

15   sixth causes of action are undisputedly time barred <u>as a matter of law</u>, Defendants are entitled to

16   judgment on the pleadings as to these two claims.

17       **B.    Relevant Caselaw, The Legislative History Of Labor Code Section 206.5, And**
            **The Statute's Plain Language Illustrate That All Six Of Clark's Claims Fail**
            **Because He Released Them**

18

19           **1.    Plaintiffs Do Not Even Attempt To Distinguish Their Case From**
                *Reynov v. ADP*

20

21       Apparently recognizing both its remarkable factual similarity to the present case, as well as

22   sound legal reasoning, Plaintiffs make no attempt to distinguish *Reynov v. ADP Claims Services*

23   *Group, Inc.*, No. C 06-2056 CW, 2007 U.S. Dist. LEXIS 31631 (N.D. Cal. Apr. 30, 2007) from

24   the case at hand.  They rely instead on two unpersuasive state court decisions (one of which <u>pre-</u>

25   <u>dates</u> *Reynov*) in a misguided attempt to divert the Court's attention away from the most recent

26   and most compelling authority interpreting Section 206.5.  Indeed, the *Reynov* court addresses,

27   and dismisses, many of the exact arguments that Plaintiffs make here, and instead correctly

28   concludes that both the legislative history and plain language of Section 206.5 illustrate that it

REPLY MEMO IN SUPPORT OF DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS
(CASE NO. 08-0500-JM-RBB)

1    prohibits only <u>compelled</u> releases of wages <u>concededly</u> due.  *Reynov v. ADP Claims Services*

2    *Group, Inc.*, 2007 U.S. Dist. LEXIS 31631 at *8-*9 ("the Court finds that wages are not due if

3    there is a good faith dispute as to whether they are owed").  Unlike the authorities cited by

4    Plaintiffs, *Reynov* thoughtfully considers the legislative history of Section 206.5, the plain

5    language of the statute itself, and how best to apply the reasoning of the only published

6    authorities analyzing voluntary releases of wage claims (*Reid v. Overland* and *Sullivan v. Del*

7    *Conte Masonry Co.*).  Accordingly, for the persuasive reasons set forth in the *Reynov* opinion,

8    Defendants are entitled to judgment on the pleadings as to all six of Clark's claims.

9                    **2.        Plaintiffs Disregard The Legislative History Of Section 206.5**

10        As Defendants explain in their moving papers, the legislative history of Section 206.5 makes

11   clear that the statute prohibits <u>compelled</u> releases of wages <u>concededly</u> due.  *See* Defendants'

12   Request For Judicial Notice at Ex. 3, Ex. 5 (pgs. 1, 4, 6, 8), Ex. 6 (p. 2), Ex. 7 (p. 5), Ex. 8 (p. 15).

13   Indeed, the statute's legislative history clearly reflects that Section 206.5 was enacted to prevent

14   "unscrupulous employers," particularly in the construction industry, from withholding an

15   employee's paycheck unless the employee signed a release waiving all rights to additional

16   compensation owed.  *See id.*  Accordingly, to address this concern, the statute prohibits <u>requiring</u>

17   an employee to sign a release of claims not only as a condition of receiving wages owed, but

18   often for far less than the indisputably owed amount.  *See id.*  Given this purpose of the statute, it

19   simply makes no sense that the legislature would prohibit a release of claims as to wages that are

20   <u>not</u> concededly due.  To the contrary, such an interpretation not only violates public policy

21   favoring settlement of disputes and enforcement of contracts, but it is also counter-intuitive that

22   the legislature would require that any and all wage claims be resolvable <u>only</u> by going to court.

23   Because the legislative history of Section 206.5 makes clear that the legislature intended it to

24   apply only to claims for wages <u>concededly</u> due, Defendants are entitled to judgment on the

25   pleadings as to all six of Clark's claims.

26   / / /

27   / / /

28                    **3.        Plaintiffs Conveniently Ignore The First Sentence Of The Statute**

1    Plaintiffs argue that because the second sentence of Section 206.5 states that any release

2    "required <u>or</u> executed in violation of the provisions of this section shall be null and void," the

3    statute's prohibition on releases is not limited to <u>required</u> releases.  *See* Opposition at 4:26-5:8.

4    Plaintiffs' argument fails, however, because it ignores the first sentence of the statute, on which

5    the second sentence is based.

6    The <u>first</u> sentence of Section 206.5 states, "No employer shall <u>require</u> the execution of any

7    release of any claim or right on account of wages due, or to become due, or made as an advance

8    on wages to be earned, unless payment of such wages has been made."  Cal. Lab. Code § 206.5

9    (emphasis added).  Accordingly, under the plain language of the statute, it prohibits <u>only</u>

10   "required" releases.  *Id.*  Although the second sentence states that any release "required or

11   executed" in violation of Section 206.5 is null and void, in order to violate Section 205.6, the

12   release <u>must be required</u>.  Stated another way, the second sentence is based on the first sentence,

13   and because the first sentence only prohibits "required" releases, a release is not "executed in

14   violation of the provisions of this section" unless it is required.

15   This distinction is important because the limitation of the statute's prohibition to <u>required</u>

16   releases further supports the notion that, as confirmed by the statute's legislative history, it does

17   not govern <u>voluntary</u> releases governing claims for wages that are <u>not</u> concededly due.  Here, of

18   course, there is no dispute that Clark voluntarily entered into a Release Agreement in exchange

19   for severance pay upon the termination of his employment.  Because he voluntarily released all

20   claims against his employer, Defendants are entitled to judgment on the pleadings as to all six of

21   Clark's claims.

22
             **4.    California Law Does Not Require That A Release Of Claims
23                    Specifically Delineate Each And Every Claim Released**

24   In their Opposition, Plaintiffs principally rely on an "Order Re: Defendant's Motion Re:

25   Validity of Releases" issued on June 2, 2006 in *Zhiyu Zheng v. Siebel Systems, Inc.*, Case No.

26   435601 (Sup. Ct. Cal, County of San Mateo).  They assert that this decision stands for the

27   proposition that because the Release of Claims at issue here does not specifically state that Clark

28   is releasing claims for failure to pay overtime wages or claims for misclassification as an exempt

1    employee, Defendants' reliance upon Section 206.5 and Section 206 is "misguided and does not

2    provide this Court with the legal authority to grant Defendant's Motion for Judgment on the

3    Pleadings or Partial Summary Judgment." *See* Opposition at 6:23-7:14. Plaintiffs further argue

4    that at the time Clark signed the Release Agreement, he was unaware that he was entitled to

5    overtime wages (and presumably therefore did not intend to release claims as to such wages). *See*

6    Opposition at 9:4-5. Plaintiffs' arguments lack all merit.

7        As an initial matter, Plaintiffs' reliance on the *Zheng* decision is misguided because the

8    decision predates subsequent published authority in California recognizing that a general release

9    of claims in exchange for severance benefits is enforceable as to claims for overtime wages. *See*

10   *Perez v. Uline, Inc.*, 157 Cal. App. 4th 953, 959 (2007) ("as to defamation and [plaintiff's]

11   overtime claim, the release is enforceable"). Accordingly, the entire *Zheng* decision is not

12   persuasive authority.

13       Further, with respect to Plaintiffs' specific argument regarding *Zheng*, California law is clear

14   that in the employment context, a general release covering claims regarding employment is

15   enforceable as to all claims reasonably connected to the employment relationship. *Skrbina v.*

16   *Fleming Cos.,* 45 Cal. App. 4th 1353, 1368-1369 (1996). In *Skrbina*, as in the present case, the

17   plaintiff signed a general release of claims in exchange for receiving severance benefits. *See id.*

18   at 1359. Notwithstanding the release, the plaintiff sued his former employer for age and disability

19   discrimination under the California Fair Employment and Housing Act ("FEHA"), arguing "that

20   he never intended to abandon his discrimination and harassment claims," and that although the

21   release covered claims regarding "employment, benefits and separation," the FEHA "is not an

22   'employment law' in the same sense as workers' compensation or wage and hour laws." *Id.* at

23   1360.

24       The court explicitly rejected plaintiff's arguments, reasoning that "[a]bsent fraud, deception,

25   misrepresentation, duress, or undue influence," plaintiff's argument that he did not intend to

26   release discrimination claims must be rejected. *Id.* at 1367. Further, the FEHA is an

27   "employment law" because just like laws governing wages and hours, it "regulate[s] the terms

28   and conditions of employment." *Id.* Thus, the release did not specifically need to list the FEHA

1  to be effective because it "could not be plainer" that a release governing "employment" claims

2  included FEHA claims. *Id.* ("'[t]o be effective, a release need not achieve perfection'") (citations

3  omitted).

4      Here, the Release Agreement specifically states that it includes any and all "suits, claims,

5  charges, obligations, causes of action or demands in law or in equity (including any arbitration

6  claims) arising from or relating to [his] employment relationship," including but not limited to

7  "any employment and/or benefit related claims under any federal, state or local law, employment

8  law or civil rights law." *See* Answer, Ex. A (p. 1).  Because wage and hour claims regulate the

9  terms and conditions of employment, it "could not be plainer" that the Release Agreement signed

10 by Clark covers the wage and penalty claims he now seeks to pursue. *Skrbina v. Fleming Cos.,*

11 45 Cal. App. 4th at 1367.  Accordingly, it is entirely irrelevant that the Release Agreement does

12 not specifically state that it covers claims for unpaid overtime wages, and Defendants are entitled

13 to judgment on the pleadings as to all six of Clark's claims.

14      **5.    Plaintiffs' Reliance On *Warner v. Experian* Does Not Save His Claims**

15      Plaintiffs cite an "Opinion and Order On Defendant's Demurrer To Plaintiff's Complaint"

16 issued on September 21, 2007 in *Warner v. Experian Information Solutions*, Case No. BC362599

17 (Los Angeles Superior Court) for the proposition that "if the legislature had intended section

18 206.5 to be limited to situations in which a wage dispute had arisen at the time the release was

19 signed, it would have expressed that limitation." *See* Opposition at 7:24-26.  Plaintiffs' reliance

20 on this Order is misguided, however, because Defendants do not argue that Section 206.5 applies

21 <u>only</u> to situations in which a wage dispute <u>already</u> has arisen.  Rather, Defendants argue that, as

22 reflected by the plain language of the statute and its legislative history, Section 206.5 applies <u>only</u>

23 to required releases of wages that are concededly due.  Accordingly, Plaintiffs' argument in no

24 way furthers his position that the Release Agreement he signed does not apply to his wage claims

25 under the California Labor Code, and Defendants are entitled to judgment on the pleadings as to

26 all six of Clark's claims.

27      **6.    Plaintiffs' Citation To Labor Code Section 1194 Does Not Support His Argument**

28

1    Plaintiff's argument that the Release Agreement does not encompass his claims for unpaid

2    overtime because Labor Code Section 1194 provides a "statutory right to sue for unpaid overtime

3    compensation" simply makes no sense.  *See* Opposition at 8:4-21.  Indeed, under Plaintiffs'

4    theory, no release of claims would be valid as to <u>any</u> cause of action based upon a statutory right

5    to sue, which case law makes abundantly clear is simply not the case.  *See, e.g., Skrbina v.*

6    *Fleming Cos.,* 45 Cal. App. 4th at 1367 (general release of employment claims encompassed

7    statutory claims for employment discrimination).

8
9    **III.    Because Plaintiffs' Claims Fail Based On The Pleadings Alone, The Court May Adjudicate This Motion Under Rule 12(c)**

10    Defendants brought this motion in the first instance as a Motion for Judgment on the

11    Pleadings under Rule 12(c).  Out of an abundance of caution, Defendants brought an alternative

12    motion for partial summary judgment under Rule 56, in the event that the Court relies upon

13    extrinsic evidence when ruling on the motion.  *See Homart Develop. Co. v. Sigman*, 868 F.2d

14    1556, 1561–1562 (11th Cir. 1989) (the test is not whether extrinsic evidence is presented in

15    support or defense of the motion, but whether the court <u>relies upon</u> extrinsic evidence when ruling

16    on the motion).  Because Plaintiffs have not submitted any germane facts on which the Court

17    must rely to adjudicate this motion, the Court has authority to rule on this motion under Rule

18    12(c) without converting it to a motion for partial summary judgment.  *Id.* ("[m]erely because the

19    judge peruses the material tendered does not automatically convert a Rule 12(c) motion into a

20    Rule 56 motion"); *Qwest Communications Corp. v. City of Berkeley*, 208 F.R.D. 288, 291 (N.D.

21    Cal. 2002) ("[i]t must appear that the court relied on the extrinsic evidence in reaching its

22    conclusions before [the] conversion occurs).

23    / / /

24    / / /

25    / / /

26    / / /

27    **IV.    Conclusion**

28    For the forgoing reasons, Defendants respectfully request that the Court grant their motion

1   for judgment on the pleadings.  In the alternative, Defendants request that if the Court converts

2   the motion to a motion for partial summary judgment, the Court grant that motion on the same

3   legal grounds.

4

5   Dated:  May 22, 2008                    ANDREW R. LIVINGSTON
                                            ERIN M. CONNELL
6                                           ORRICK, HERRINGTON & SUTCLIFFE LLP

7                                           By: _____/s/ Erin M. Connell_____
                                                        Erin M. Connell
8                                               Attorneys for Defendants
                                            Chase Home Finance, LLC and James
9                                                      Boudreau

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28