1  ANDREW R. LIVINGSTON (State Bar No. 148646)
   alivingston@orrick.com
2  ERIN M. CONNELL (State Bar No. 223355)
   econnell@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
4  405 Howard Street
   San Francisco, CA  94105-2669
5  Telephone:   +1-415-773-5700
   Facsimile:   +1-415-773-5759
6
   Attorneys for Defendants
7  Chase Home Finance, LLC (on behalf of itself and as successor
   in interest to Chase Manhattan Mortgage Corporation) and
8  James Boudreau

9                    UNITED STATES DISTRICT COURT

10                  SOUTHERN DISTRICT OF CALIFORNIA

11

12 | CHRISTOPHER CLARK and JAMES RENICK, individuals, | Case No.  08-CV-0500 JM RBB
13 | | **DEFENDANTS CHASE HOME FINANCE, LLC, CHASE MANHATTAN MORTGAGE CORPORATION AND JAMES BOUDREAU'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF REPLY MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO RULE 12(C) OR, IN THE ALTERNATIVE, MOTION FOR PARTIAL SUMMARY JUDGMENT PURSUANT TO RULE 56**
14 | Plaintiffs, |
15 | v. |
16 | CHASE HOME FINANCE, LLC; a Delaware LLC doing business in California; CHASE MANHATTAN MORTGAGE CORPORATION, a New Jersey corporation doing business in California; JAMES BOUDREAU, an individual; and DOES 1-25, |
17 | |
18 | |
19 | |
20 | Defendants. |
21 | | Date:   May 30, 2008
     | | Time:   1:30 p.m.
     | | Dept.:  16
22 | | **Judge:**  The Hon. Jeffrey T. Miller

23
24
25
26
27
28

OHS West:260444568.1

1  Pursuant to Federal Rule of Evidence Sections 201(c) and (d), Defendants Chase Home Finance, LLC ("Chase") (on behalf of itself and as successor in interest to Chase Manhattan Mortgage Corporation ("Chase Mortgage")) and James Boudreau ("Boudreau") (collectively, "Defendants") respectfully request that the Court take judicial notice of the attached "Order Granting-In-Part And Denying-In-Part Defendants' Motion To Dismiss Plaintiff's Complaint Pursuant To Rule 12(b)(6) And Rule 12(b)(1 (Doc. Nos. 11, 12)" in connection with its disposition of Defendants' Motion For Judgment On The Pleadings Or, In The Alternative, Motion For Partial Summary Judgment, true and correct copies of which are attached as Exhibits 1-8. A court may consider matters that are properly the subject of judicial notice without converting a motion to dismiss under Rule 12 into a motion for summary judgment under Rule 56. *See MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (court may consider documents subject to judicial notice without converting Rule 12(b)(6) motion to Rule 56 motion); *In re Colonial Mortg. Bankers Corp.*, 324 F.3d 12, 16, 19 (1st Cir. 2003) (same).

Here, Defendants request that the Court take judicial notice of the following documents:

Exhibit 1: Order Granting-In-Part And Denying-In-Part Defendants' Motion To Dismiss Plaintiff's Complaint Pursuant To Rule 12(b)(6) And Rule 12(b)(1 (Doc. Nos. 11, 12) in *Jimenez v. JP Morgan Chase & Co.*, Case. No. 08-CV-0152 W (WMC) (S.D. Cal. May 8, 2008)

Exhibits 1 is properly subject to judicial notice pursuant to Fed. R. Evid. 201(c) and (d). *See Biggs v. Terhune*, 334 F.3d 910, 916 n.3 (9th Cir. 2003) ("Materials from a proceeding in another tribunal are appropriate for judicial notice"); *Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 984 (9th Cir. 1997) (taking judicial notice of court records); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (taking judicial notice of documents filed in another court action); *Schweitzer v. Scott*, 469 F. Supp. 1017, 1020 (C.D. Cal. 1979) (taking judicial notice of court files); *see also United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003) (noting that courts may take judicial notice of public records).

Exhibit 1 is also <u>directly relevant</u> to one of the primary legal issues in the present motion: whether Labor Code Section 206.5 precludes the release of state labor code claims when they are part of a general release voluntarily signed in exchange for severance benefits. Indeed, as held in

*Jimenez*, "[b]ecause Plaintiff does not allege that she was forced to release her state wage and hour claims as a condition for Defendants paying some portion of wages concededly owed to her, California Labor Code section 206.5 does not bar enforcement of the clause releasing 'any claims under any federal, state or local law. . .'" *See* Exhibit 1 at 7:7-10.

Dated: May 22, 2008

ANDREW R. LIVINGSTON
ERIN M. CONNELL
ORRICK, HERRINGTON & SUTCLIFFE LLP


By: _____/s/ Erin M. Connell_____
Erin M. Connell
Attorneys for Defendants
Chase Home Finance, LLC
and James Boudreau