1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   CHRISTOPHER CLARK; JAMES RENICK,              CASE NO. 08cv0500 JM(RBB)

12                              Plaintiffs,        ORDER DENYING MOTION TO
                vs.                                REMAND; GRANTING IN PART
13                                                 AND DENYING IN PART RULE
     CHASE HOME FINANCE, LLC; CHASE                12(C) MOTION
14   MANHATTAN MORTGAGE
     CORPORATION; and JAMES
15   BOUDREAU,

16                              Defendants.

17

18          Plaintiffs Christopher Clark and James Renick move to remand this action to state

19   court on the ground that complete diversity is lacking and therefore the court lacks

20   subject matter jurisdiction to entertain this action.  Defendants Chase Home Finance

21   LLC, Chase Manhattan Mortgage, and James Boudreau move for Rule 12(c) judgment

22   on the pleadings or, alternatively, for partial summary judgment pursuant to Rule 56 of

23   the Federal Rules of Civil Procedure.  All motions are opposed.  Pursuant to Local Rule

24   7.1(d)(1), this matter is appropriate for decision without oral argument.  For the reasons

25   set forth below, the motion to remand is denied, the Rule 12(c) motion  is granted in

26   part and denied in part, and the court presently declines to entertain a motion for

27   summary judgment.

28

1

**BACKGROUND**

2     On March 18, 2008 Defendants removed this action based upon diversity

3 jurisdiction, asserting that defendant James Boudreau, a citizen of California, is a sham

4 defendant whose citizenship should not be considered in determining whether diversity

5 jurisdiction exists in the present case.   The operative First Amended Complaint

6 ("FAC"), filed in San Diego Superior Court on February 14, 2008, alleges six causes

7 of action for (1) failure to pay overtime in violation of Labor Code §§510, 1194, 1198l

8 (2) waiting time penalties in violation of Labor Code §§203, 558; (3) failure to provide

9 accurate itemized statements in violation of Labor Code §2226; (4) failure to provide

10 rest periods in violation of Labor Code §§226.7 and IWC wage orders; (5) unfair

11 competition in violation of Bus. & Prof. Code §17200 et seq.; and (6) failure to pay

12 overtime and provide itemized wage statements in violation of Labor Code §2699.

13     Plaintiffs, residents of California, are alleged former employees of Defendants

14 in that each defendant "directly employed or exercised control over each respective

15 Plaintiff's wages, hours, and/or working conditions and were thus 'employers' within

16 the meaning of all applicable [California] statutes."  (FAC ¶7).  Plaintiff Renick's

17 employment with defendant Chase Home Finance, LLC ("Chase") ended on or about

18 April 6, 2005, (FAC ¶27), and Plaintiff Clark's on or about July 15, 2005.  (FAC §22).

19 All of Plaintiffs' claims are based upon the allegation that Plaintiffs were mis-classified

20 as "exempt" employees, (FAC ¶¶24, 29), and not compensated in accordance with

21 California labor law.  (FAC ¶¶22-36).  Plaintiffs declare and allege that defendant

22 "Boudreau was a manager in the department in which [they] worked and [they] reported

23 directly Boudreau."  (Clark Decl. ¶4; Renick Decl. ¶4; FAC ¶6).

24     Plaintiffs move to remand the action to state court and Defendants move for

25 judgment on the pleadings or, alternatively, for partial summary judgment.  All motions

26 are opposed.

27

28

# DISCUSSION

**Legal Standards**

### Fraudulent Joinder

A civil action brought in state court may be removed to federal court by a defendant when federal courts have original jurisdiction over the matter. 28 U.S.C. § 1441. Where jurisdiction is based upon diversity of citizenship, joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored, for purposes of determining diversity "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). "[T]he question is simply whether there is any possibility that plaintiff will be able to establish liability against the party in question." Briano v. Conseco Life Ins. Co., 126 F.Supp.2d 1293, 1296 (C.D. Cal. 2000). The party who invokes federal removal jurisdiction has the burden of demonstrating the existence of federal jurisdiction. See Gaus v. Miles, Inc. 980 F.2d 564, 566 (9th Cir. 1992); B., Inc. v. Miller Brewing Co., 663 F.2d 545 (5th Cir. 1981). In determining whether joinder is fraudulent, the court considers the complaint, facts identified in the Notice of Removal and any pertinent affidavits or declarations. See West America Corp. v. Vaughan Basset Furniture, (9th Cir. 1985). Any doubts regarding removal jurisdiction are construed against removal and in favor of remanding the case to state court. See Gaus, 980 F.2d at 566.

### Judgment on the Pleadings

A Rule 12(c) motion challenges the legal sufficiency of an opposing party's pleadings. Fed.R.Civ.P. 12(c). Like a Rule 12(b)(6) motion, the court must assume the truthfulness of the material facts alleged in the complaint and all inferences reasonably drawn from the allegations must be construed in favor of the responding party. See General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church, 887 F.2d 228, 230 (9th Cir. 1989); Hal Roach Studios, Inc. v. Richard Feiner & Co. , 896 F.2d 1542, 1550 (9th Cir. 1990). Defendants are not entitled

1  to judgment on the pleadings if the complaint raises issues of fact, which, if proved

2  would support the Plaintiffs' legal theories. Id.

3  **The Motion to Remand**

4      Plaintiffs argue that there is a possibility of asserting a claim against defendant

5  Boudreau pursuant to (1) Labor Code §558 for failure to pay overtime (sixth cause of

6  action), and (2) Bus. and Prof. Code §17200 for unfair competition (fifth cause of

7  action), (Motion at p.5:4-7), and therefore Boudreau is not fraudulently joined. This

8  argument is not persuasive.

9      Plaintiffs' argument necessarily concedes that the first four causes of action may

10 not be asserted against defendant Boudreau because "corporate agents acting within the

11 scope of their agency are not personally liable for corporate employer's failure to pay

12 its employees' wages." Reynolds v. Berment, 36 Cal.4th 1075, 1087-88 (2005).

13 Whether Plaintiffs' claims under California's Private Attorney's General Act

14 ("PAGA"), Labor Code §2699, are viable against a corporate manager remains an open

15 question. In Jones v. Gregory, 137 Cal.App.4th 798 (2006) the court of appeals noted

16 that PAGA may, in time, "provide workers with a mechanism for recovering unpaid

17 overtime wages through private enforcement of section 558 . . . that include unpaid

18 wages from 'any employer or other person acting on behalf of an employer,' a phrase

19 conceivably broad enough to include corporate officers and agents in some cases." Id.

20 at 590. Accordingly, it is conceivable that a PAGA claim may be asserted against

21 managers like defendant Boudreau.

22     Notwithstanding the conceivable imposition of liability against a supervisor for

23 unpaid wages under PAGA, the court concludes that there are no circumstances under

24 which Plaintiffs can state a PAGA claim against Boudreau because the claims are time-

25 barred. California law provides that PAGA claims are subject to a one year statute of

26 limitations. Cal.Civ.Proc.Code §340(a); see Thomas v. Home Depot USA, Inc., 2007

27 WL2854259, at *3, *4 (N.D. Cal. Sept. 27, 2007) (PAGA claims for civil penalties are

28 subject to a one year statute of limitations). Because Plaintiff Clark ended his

1   employment on July 15, 2005 and Plaintiff Renick on or about April 6, 2005, (FAC

2   ¶27), the one year statute of limitations bars Plaintiffs' PAGA claim.[1]  Therefore, there

3   is no conceivable basis under which Plaintiffs may assert a PAGA claim.

4          Finally, Plaintiffs argue that they may assert their fifth cause of action for

5   violation of California's Unfair Competition Law ("UCL") against defendant Boudreau.

6   This argument fails for several reasons.  First, in the absence of a valid claim for

7   violation of wage law, "plaintiffs also cannot successfully allege unfair business

8   practices or unfair competition under the Business and Professions Code."  Violante v.

9   Communities Southwest Dev. & Constr. Co., 138 Cal.App.4th 972, 980 (2006).

10  Second, Plaintiffs fail to establish that an individual manager/supervisor may be held

11  liable to pay restitution for a corporation's alleged failure to pay overtime.  "Under the

12  common law, corporate agents acting within the scope of their agency are not

13  personally liable for the corporate employer's failure to pay its employees' wages. . .

14  ."  Bradstreet v. Wong, 161 Cal.App.4th 1440, 1450 (2008).  In rejecting the plaintiff's

15  argument for restitution under UCL, the same argument raised by Plaintiffs herein, the

16  court of appeals noted that the plaintiffs did not perform work for the individual

17  managers, but for the corporate employer.  As such, requiring the individual managers

18  to pay restitution in the form of unpaid wages "would not be restitutionary as it would

19  not replace any money or property that [the corporation] took directly from [the

20  employees]."  Id.  Accordingly, Plaintiffs cannot seek restitution damages from

21  Boudreau.

22         In sum, the court finds that defendant Boudreau is a sham defendant such that his

23  citizenship is not considered for purposes of determining diversity jurisdiction under

24  28 U.S.C. §1332.

25

26

27  ─────────────────

28         [1] The court notes that the factual record indicates that Section 558 liability may not be imposed
    on defendant Boudreau because he played no role in determining whether of not Plaintiffs were
    compensated as exempt or nonexempt employees.  (Boudreau Decl. ¶3).

**Motion for Judgment on the Pleadings**

Defendants move for Rule 12(c) judgment on the pleadings with respect to (1) the third and sixth causes of action on the ground that such claims are time barred and (2) the entirety of Plaintiff Clark's claims on the ground that he signed a Release Agreement in exchange for severance payments.

The Third and Sixth Causes of Action

Defendants move to dismiss these two claims on the ground that the one year statute of limitations provided in Cal.Civ.Proc.Code §340(a) bars these claims. Plaintiff's third cause of action seeks penalties under Labor Code §226(e) in the amount of $50 per violation and $100 for each subsequent violation, up to an aggregate penalty of $4,000. (FAC ¶61). The sixth cause of action seeks to establish claims under PAGA and seeks statutory penalties under Labor Code §226. PAGA claims are subject to the one year statute of limitations, Thomas v. Home Depot USA Inc., No. C06-02705 MJJ, 2007WL2854259, at *3, *4 (N.D. Cal. Sept. 27, 2007). As Plaintiff Clark's employment ended on or about July 15, 2005 and Plaintiff Renick's on or about April 6, 2005, the filing of the complaint on December 14, 2007 fails to satisfy the one year statute of limitations of Cal.Civ.Proc.Code §340(a). Furthermore, the court notes that Plaintiffs have not opposed the dismissal of these two claims as time barred. Accordingly, the court grants the motion for judgment on the pleadings and dismisses the third and sixth causes of action with prejudice.

Plaintiff Clark's Claims

Pursuant to Rule 12(c) or, alternatively, pursuant to Rule 56, Defendants move for dismissal of all of Plaintiff Clark's claims on the ground that he validly executed a release of all claims (the "Release Agreement"). The court concludes that a Rule 12(c) motion is inappropriate under circumstances where pivotal documents are attached to the answer, and not the complaint. It is well settled that the court may not consider extraneous material in testing the legal adequacy of the complaint. Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991). The courts may, however,

1    consider material properly submitted as part of the complaint. Hal Roach Studios, 896

2    F.2d at 1555 n.19.

3        Here, Defendants' Rule 12(c) arguments depend upon the interpretation of the

4    Release Agreement purportedly signed by Plaintiff and attached to its answer. It is

5    well-settled that documents attached to the complaint may be considered. Id. However,

6    Defendants fail to cite a single authority where a court has considered documents

7    attached to the answer in ruling on either a Rule 12(b) or Rule 12(c) motion.

8    Consequently, the court declines to consider Defendants' Rule 12(c) motion.

9        The court also declines to convert or to consider the motion as one for summary

10   judgment under Rule 56 for two reasons. First, whenever a Rule 12(c) motion refers

11   to matters outside the pleading the court must treat the motion as one for summary

12   judgment and provide all parties with a reasonable opportunity to present "all the

13   material that is pertinent to the motion." Fed.R.Civ.P. 12(d). While Plaintiffs are on

14   notice that Defendants sought alternative relief pursuant to Rule 56, it is unclear from

15   the state of the present record whether Plaintiffs have had an adequate opportunity to

16   present pertinent extraneous materials. Second, if treated as a Rule 56 motion for

17   summary judgment, the motion must be supported by admissible evidence as provided

18   for in Rule 56(e). Defendants' motion repeatedly cites and relies upon the Release

19   Agreement attached to their answer. However, Defendants fail to make any evidentiary

20   showing within the meaning of Rule 56(e) or the Federal Rules of Evidence.

21   Accordingly, the court declines to reach the merits of Defendants' motion.

22       In sum, the court denies the motion to remand, grants the motion for judgment

23   on the pleadings with respect to the third and sixth causes of action with prejudice, and

24   declines to presently consider a Rule 56 motion based upon the Release Agreement

25   signed by Plaintiff Clark. Defendants may renew their motion for partial summary

26   / / /

27   / / /

28   / / /

08cv0500

1    judgment at any time by contacting chambers for a hearing date as set forth in Local

2    Rule 7.1.

3        **IT IS SO ORDERED.**

4    DATED:  June 3, 2008

5    _____

6    Hon. Jeffrey T. Miller
     United States District Judge

7    cc:          All parties

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28