ANDREW R. LIVINGSTON (State Bar No. 148646)
alivingston@orrick.com
ERIN M. CONNELL (State Bar No. 223355)
econnell@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:     +1-415-773-5700
Facsimile:     +1-415-773-5759

Attorneys for Defendants
Chase Home Finance, LLC (on behalf of itself and as successor
in interest to Chase Manhattan Mortgage Corporation) and
James Boudreau

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER CLARK and JAMES RENICK, individuals,<br><br>Plaintiffs,<br><br>v.<br><br>CHASE HOME FINANCE, LLC; a Delaware LLC doing business in California; CHASE MANHATTAN MORTGAGE CORPORATION, a New Jersey corporation doing business in California; JAMES BOUDREAU, an individual; and DOES 1-25,<br><br>Defendants. | Case No.  08-CV-0500 JM RBB<br><br>**JOINT RULE 26(f) REPORT** |

The parties to this action, Plaintiffs Christopher Clark ("Clark") and James Renick ("Renick") (collectively, "Plaintiffs"), by and through their attorneys of records, United Employees Law Group, P.C., and Defendants Chase Home Finance, LLC ("Chase") (on behalf of itself and as successor in interest to Chase Manhattan Mortgage Corporation ("Chase Mortgage")) and James Boudreau ("Boudreau") (collectively, "Defendants"), by and through their attorneys of record, Orrick, Herrington & Sutcliffe LLP, have met and conferred as required by Federal Rules of Civil Procedure Rule 26(f), and based thereon, jointly submit this report in compliance with this Court's April 30, 2008 Minute Order and Rule 26(f):

## I.   BRIEF JOINT STATEMENT ON THE STATUS OF THE ACTION

Clark filed his original complaint in this action on December 14, 2007. He alleged five causes of action against Defendants Chase and Boudreau for (1) Failure to Pay Overtime [Lab. C. §§ 510, 1194, 1198], (2) Waiting Time Penalties [Lab. C. §§ 203, 558], (3) Failure to Provide Accurate Itemized Statements [Lab. C. § 226], (4) Failure to Provide Rest Periods [Lab. C. §§ 226.7 and IWC Wage Orders], and (5) Unfair Competition [B&PC § 17200 – *et seq*].

On February 14, 2008, Plaintiffs filed a First Amended Complaint ("FAC"). The FAC added Renick as a plaintiff, added Chase Manhattan as a defendant, and added a sixth cause of action for Failure to Pay Overtime and Provide Itemized Wage Statements [Labor Code § 2699]. *See* FAC. All six of Plaintiffs' claims in the FAC are based on the assertion that Plaintiffs were misclassified as "exempt" employees, and therefore were not compensated properly in accordance with California law.

On March 18, 2008, Defendants removed the case to this Court on diversity grounds, arguing that Defendant Boudreau is a fraudulently joined defendant.

On March 28, 2008, Defendants filed an answer to Plaintiffs' complaint.

On April 18, 2008, Plaintiffs filed a motion to remand the case to state court.

On April 25, 2008, Defendants filed a motion for judgment on the pleadings or, in the alternative, motion for partial summary judgment.

On April 30, 2008, counsel for both parties participated in a telephonic early neutral evaluation conference with Magistrate Judge Brooks. At that conference, the parties took the

position that meaningful settlement discussions were premature given the pending motions before the Court. Accordingly, Magistrate Judge Brooks scheduled a case management conference and settlement conference for August 20, 2008 at 1:30 p.m.

On June 3, 2008, the Court issued an order denying Plaintiffs' motion to remand and granting in part and denying in part Defendants' motion for judgment on the pleadings. In relevant part, the Court dismissed Plaintiffs' third and sixth causes of action seeking penalties.

## II. PRINCIPAL ISSUES OF FACT AND LAW

### A. Plaintiffs' List of Issues

1. Plaintiffs contend that they were improperly classified as exempt employees during their employment with Chase, that they regularly worked more than 40 hours per week, and that they are owed monies in the form of unpaid overtime wages.

2. Plaintiffs contend that Chase failed to provide them with meal and rest periods, for which they also are entitled to payments under the Labor Code.

3. Plaintiffs contend that they are entitled to waiting time penalties.

### B. Defendants' List of Issues

1. Defendants contend that Plaintiffs were properly classified as exempt employees, and were properly paid all wages owed.

2. Defendants contend that Chase provided Plaintiffs with meal and rest periods.

3. Defendants contend that any time Plaintiffs allegedly spent "on call" was not compensatory.

4. Defendants contend that Clark's claims are barred in their entirety, because he signed a general release of claims at the end of his employment that governs the causes of action pled in this case.

5. Defendants contend that Plaintiffs' claims against Defendant Boudreau must be dismissed, as he was not Plaintiffs' employer and may not be liable as an individual.

## III. ALTERNATIVE DISPUTE RESOLUTION

A settlement conference with Magistrate Judge Brooks is scheduled for August 20, 2008 at 1:30 p.m. The parties have both expressed interest in exploring settlement of this case,

although they have not discussed numbers or otherwise made any settlement proposals.

## IV. EXCHANGE OF INITIAL DISCLOSURES

The parties have agreed to exchange and ensure <u>receipt</u> of Initial Disclosures by August 19, 2008 (in advance of the August 20, 2008 conference with the Court).

## V. ANTICIPATED DISCOVERY

The parties anticipate participating in the following discovery: written discovery (interrogatories, document requests, requests for admission); depositions of party and party-affiliated witnesses; depositions of third party witnesses; and expert discovery.

The parties do not believe that discovery needs to be conducted in phases. The parties do not anticipate the need for discovery on any particular issues beyond the issues addressed in Section II of this Statement. The parties do not anticipate any particular issues arising related to privilege or protection that need to be addressed at this time.

The parties do not propose any limitations on discovery beyond those contained in the Federal Rules of Civil Procedure and this Court's local rules. The parties do not anticipate the need for discovery of electronically stored information.

The parties propose a discovery cut-off date of 90 days before trial.

Dated: August 12, 2008

WALTER L. HAINES
GREGORY A. DOUGLAS
UNITED EMPLOYEES LAW GROUP, P.C.

By: _____ s/ Gregory A. Douglas _____
Gregory A. Douglas
Attorneys for Plaintiffs
Christopher Clark and James Renick

Dated: August 12, 2008

ANDREW R. LIVINGSTON
ERIN M. CONNELL
ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____ s/ Erin M. Connell _____
Erin M. Connell
Attorneys for Defendants
Chase Home Finance, LLC (on behalf of itself and as successor in interest to Chase Manhattan Mortgage Corporation)
and James Boudreau