UNITED EMPLOYEES LAW GROUP, P.C.
Walter L. Haines, Esq. SBN 71075
Gregory A. Douglas, Esq. SBN 147166
Veronica Aguilar, Esq. SBN 153288
Richard Greenbaum, Esq. SBN 93911
Angie Phung, Esq. SBN 238949
65 Pine Ave., #312
Long Beach, CA 90802
Tel: (562) 256-1047
Fax: (562) 256-1006

Attorneys for Plaintiffs,
CHRISTOPHER CLARK and JAMES RENICK

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTOPHER CLARK and JAMES RENICK,<br><br>Plaintiffs,<br><br>vs.<br><br>CHASE HOME FINANCE, LLC, a Delaware corporation doing business in California; CHASE MANHATTAN MORTGAGE CORPORATION, a New Jersey corporation doing business in California; JAMES BOUDREAU, an individual; and DOES 1-25,<br><br>Defendant(s). | **INITIAL DISCLOSURES OF PLAINTIFF'S CHRISTOPHER CLARK AND JAMES RENICK**<br><br>CASE NO. 08-CV 0500 JM RBB<br><br>Complaint Filed: February 14, 2008<br><br>Trial Date: None Set |

Plaintiffs CHRISTOPHER CLARK and JAMES RENICK ("Plaintiffs") hereby make the following initial disclosures pursuant to the Federal Rules of Civil Procedure Rule 26(a)(1):

**A.     INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION**

Plaintiffs Christopher Clark and James Renick : the allegations in Plaintiff's complaint including, but not limited to, Plaintiff's claim that Plaintiffs were not properly qualified as exempt employees when employed by Chase Home Finance, LLC., Chase Manhattan Mortgage Corporation, and James Boudreau ("Defendants") and Plaintiff's claim that they routinely worked in excess of eight hours per day and forty hours per week.

Current and former employees of Defendants that worked with Plaintiffs while Plaintiffs was employed by Defendants during the relevant time period, as yet unidentified: the allegations in Plaintiff's complaint including, but not limited to, Plaintiff's claim that Plaintiffs were not properly qualified as exempt employees when employed by Chase Home Finance, LLC., Chase Manhattan Mortgage Corporation, and James Boudreau ("Defendants") and Plaintiff's claim that they routinely worked in excess of eight hours per day and forty hours per week.

As yet unidentified employees and/or agents of Defendants who may have knowledge of the allegations made in the Complaint, including, but not limited to, Plaintiff's status as exempt or non-exempt employees, the duties and tasks carried out by Plaintiffs on a regular basis, and the hours that Plaintiffs regularly worked on a weekly/monthly basis for Defendants.

To the extent that Plaintiffs identify current or former employees of Defendants that may have discoverable information related to this case, such employees may be contacted through Plaintiff's counsel, United Employees Law Group, 65 Pine Avenue, Suite 312, Long Beach, CA 90802 (562) 256-1047.

**B.     DESCRIPTION OF DOCUMENTS.**

Pursuant to Rule 26(a)(1)(B) of the Federal Rule of Civil Procedure, the following descriptive

categories of documents are documents that Plaintiffs may use to support their claims and damages. All documents identified herein may be located at Defendant's business address, and/or Defendant's attorney's offices. Plaintiff may be in possession of some of the identified documents and in the process of providing his counsel with any and all such documents. The documents are in the process of being located and/or produced by Plaintiff's counsel for use in this action.

- Plaintiff's personnel file;
- Plaintiff's time records and work schedules;
- Plaintiff's payroll records;
- Plaintiff's job description;
- Plaintiff's performance reviews;
- Plaintiff's records of remote access to Defendant's computer system;
- Plaintiff's pager records of the pagers issued to Plaintiffs by Defendants;
- Plaintiff's cellular phone records, reflecting the records of calls sent and/or received on the cellular phone issued to Plaintiffs by Defendants;
- Records reflecting what, if any, administrative duties Plaintiff's actually performed on a regular basis and the amount of time Plaintiff's spent performing those administrative duties.

As discovery progresses, additional documents may be identified and therefore Plaintiffs reserve the right to supplement, augment, or modify these disclosures pursuant to Rule 26(e) as discovery is completed.

**C.     COMPUTATION OF DAMAGES.**

Plaintiffs allege that they routinely worked in excess or eight hours per day and forty hours per week during much of the time they were employed by Defendants. Plaintiff's estimated damages are set forth in the demand letter and spreadsheet analysis of claim already in Defendant's possession. Further, Plaintiffs were denied meal and rest breaks, was not provided accurate itemized statements, and seek to recover penalties for those reasons as well as waiting time penalties, all of which are set forth (including damage amounts) in the demand letters and spreadsheet analysis of claim already in Defendant's possession.

**D.  INSURANCE AGREEMENT.**

Plaintiff is not aware of any insurance agreement meeting the description of Rule 26(a)(1)(D).

DATED: August 19, 2008                                UNITED EMPLOYEES LAW GROUP, P.C.


By: _____
Gregory A. Douglas
Attorneys for Plaintiffs
CHRISTOPHER CLARK and
JAMES RENICK