1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                            SOUTHERN DISTRICT OF CALIFORNIA

10

11   CHRISTOPHER CLARK, JAMES RENICK,        Case No.  08-CV-0500 JM RBB
     and VICTOR WHITAKER, individuals,
12                                           **ORDER GRANTING JOINT**
                        Plaintiffs,          **MOTION FOR STIPULATED**
13                                           **PROTECTIVE ORDER RE USE OF**
              v.                             **CONFIDENTIAL INFORMATION AS**
14                                           **MODIFIED BY THE COURT [DOC.**
     CHASE HOME FINANCE, LLC, a Delaware     **NO. 52]**
15   LLC doing business in California; CHASE
     MANHATTAN MORTGAGE
16   CORPORATION, a New Jersey corporation
     doing business in California; and DOES 1-25,
17
                        Defendants.
18

19

20          The Court recognizes that at least some of the documents and information ("materials")

21   being sought through discovery in the above-captioned action are, for competitive reasons,

22   normally kept confidential by the parties.  The parties have agreed to be bound by the terms of

23   this Protective Order ("Order") in this action.

24          The materials to be exchanged throughout the course of the litigation between the parties

25   may contain trade secret or other confidential research, technical, cost, price, marketing or other

26   commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(7).  The

27   purpose of this Order is to protect the confidentiality of such materials as much as practical

28   during the litigation.  THEREFORE:

DEFINITIONS

1.     The term "Confidential Information" shall mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be Confidential Information by any party to which it belongs.

2.     The term "materials" shall include, but shall not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3.     The term "counsel" shall mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below:

- Orrick, Herrington & Sutcliffe LLP
- United Employees Law Group, P.C.

"Counsel" shall also include in-house attorneys for Defendants Chase Home Finance, LLC (on behalf of itself and as successor in interest to Chase Manhattan Mortgage Corporation).

GENERAL RULES

4.     Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL." Designation as "CONFIDENTIAL":  Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted

ORDER GRANTING JOINT MOTION FOR
STIPULATED PROTECTIVE ORDER
08-CV-0500 JM RBB

1 disclosure of such information could be potentially prejudicial to the business or operations of
2 such party.

3      5.     In the event the producing party elects to produce materials for inspection, no
4 marking need be made by the producing party in advance of the initial inspection.  For purposes
5 of the initial inspection, all materials produced shall be considered as "CONFIDENTIAL" and
6 shall be treated as such pursuant to the terms of this Order.  Thereafter, upon selection of
7 specified materials for copying by the inspecting party, the producing party shall, within a
8 reasonable time prior to producing those materials to the inspecting party, mark the copies of
9 those materials that contain Confidential Information with the appropriate confidentiality
10 marking.

11      6.     Whenever a deposition taken on behalf of any party involves a disclosure of
12 Confidential Information of any party:

13      a.     said deposition or portions thereof shall be designated as containing
14 Confidential Information subject to the provisions of this Order;
15 such designation shall be made on the record whenever possible,
16 but a party may designate portions of depositions as containing
17 Confidential Information after transcription of the proceedings; a
18 party shall have until fifteen (15) days after receipt of the deposition
19 transcript to inform the other party or parties to the action of the
20 portions of the transcript designated "CONFIDENTIAL;"

21      b.     the disclosing party shall have the right to exclude from attendance
22 at said deposition, during such time as the Confidential Information
23 is to be disclosed, any person other than the deponent, counsel
24 (including their staff and associates), the court reporter, and the
25 person(s) agreed upon pursuant to paragraph 9 below; and

26      c.     the originals of said deposition transcripts and all copies thereof
27 shall bear the legend "CONFIDENTIAL," as appropriate, and the
28 original or any copy ultimately presented to a court for filing shall

ORDER GRANTING JOINT MOTION FOR
STIPULATED PROTECTIVE ORDER
08-CV-0500 JM RBB

1                    not be filed unless it can be accomplished under seal, identified as

2                    being subject to this Order, and protected from being opened except

3                    by order of this Court.

4          7.      All Confidential Information designated as "CONFIDENTIAL" shall not be

5    disclosed by the receiving party to anyone other than those persons designated herein and shall be

6    handled in the manner set forth below and, in any event, shall not be used for any purpose other

7    than in connection with this litigation, unless and until such designation is removed either by

8    agreement of the parties, or by order of the Court.

9          8.      The right of any independent expert to receive any Confidential Information shall

10   be subject to the independent expert signing the form attached hereto as Exhibit A, in advance of

11   providing any Confidential Information of the producing party to the expert.

12         9.      Information designated "CONFIDENTIAL" shall be viewed only by the receiving

13   party, counsel (as defined in paragraph 3) of the receiving party, by independent experts (pursuant

14   to the terms of paragraph 8), and by the additional individuals listed below, provided each such

15   individual has read this Order in advance of disclosure and has agreed in writing to be bound by

16   its terms:

17              a.      Executives who are required to participate in policy decisions with

18                      reference to this action;

19              b       Principals, officers, employees, agents or representatives of the

20                      parties with whom Counsel for the parties find it necessary to

21                      consult, in the discretion of such counsel, in preparation for trial of

22                      this action;

23              c       Stenographic and clerical employees associated with the individuals

24                      identified above;

25              d.      Witnesses in connection with this litigation; and

26              e.      Any mediator hired by the parties to assist in resolving this case.

27   No person shall make any disclosure of Confidential Information to any person falling within

28   categories (b) or (d) of this paragraph without first obtaining from any such person a signed

ORDER GRANTING JOINT MOTION FOR
STIPULATED PROTECTIVE ORDER
08-CV-0500 JM RBB

statement in the form attached hereto as Exhibit "A." Either party may request of the other a copy (if any) of said signed statement(s) to counsel. Either party may request of the other a copy (if any) of said signed statement(s) to counsel. The other party must promptly comply with such a request by providing copies of the signed statement(s) by telecopier or other appropriate means, and in no event beyond five (5) business days of such a request. If a party objects to the disclosure of information to a particular person, the Stipulating Party objecting to such disclosure shall have five days to seek a protective order from the Court barring such disclosure and no such disclosure shall be made until further order of the Court.

10.     With respect to material designated "CONFIDENTIAL," any person indicated on the face of the document to be its originator, author or a recipient of a copy thereof, may be shown the same.

11.     All information which has been designated as "CONFIDENTIAL" by the producing or disclosing party, and any and all reproductions thereof, shall be retained in the custody of the counsel for the receiving party identified in paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

12.     Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such material shall seek permission of the Court to file said material under seal.

No items will be filed under seal without a prior application to, and order from, the judge presiding over the hearing or trial. Only when the judge presiding over the hearing or trial permits filing an item or items under seal may confidential material filed with the Court be filed in a sealed envelope or other container marked on the outside with the caption of this action and the following statement:

"CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER"

If any person fails to file protected documents or information under seal, any party to this lawsuit may request that the Court place the filing under seal.

Whenever the Court grants a party permission to file an item under seal, a duplicate disclosing all nonconfidential information shall be filed and made part of the public record.  The item may be redacted to eliminate confidential material from the public document.  The public document shall be titled to show that it corresponds to an item filed under seal, e.g., "Redacted Copy of Sealed Declaration of John Smith in Support of Motion for Summary Judgment."  The sealed and redacted documents shall be filed simultaneously.

13.     At any stage of these proceedings, any party may object to a designation of the materials as Confidential Information.  The party objecting to confidentiality shall notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection.  If the dispute is not resolved consensually between the parties within seven (7) business days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection.  The materials at issue shall be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

14.     All Confidential Information shall be held in confidence by those inspecting or receiving it, and shall be used only for purposes of this action.  Counsel for each party, and each person receiving Confidential Information shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information.  If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

15.     No party shall be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

16.     If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the

designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order.  The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party.  If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure.  Counsel for the parties shall agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "CONFIDENTIAL –SUBJECT TO PROTECTIVE ORDER."

17.     Nothing herein shall prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

18.     Nothing in this Order shall bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information shall not be disclosed.

19.     This Order shall be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information.  The existence of this Order shall not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

20.     Nothing herein shall be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

21.     Upon final termination of this action, including any and all appeals, counsel for each party shall, upon request of the producing party, return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries thereof, or shall destroy same at the option of the receiving party, and shall purge all such information from all machine-readable media on which it resides.  Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the

ORDER GRANTING JOINT MOTION FOR
STIPULATED PROTECTIVE ORDER
08-CV-0500 JM RBB

Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information.  Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

22.     The restrictions and obligations set forth herein shall not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or shall come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

23.     The restrictions and obligations herein shall not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession thereof.

24.     Transmission by facsimile is acceptable for all notification purposes herein.

25.     This Order may be modified by agreement of the parties, subject to approval by the Court.

26.     The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.  The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

///

///

///

///

///

///

ORDER GRANTING JOINT MOTION FOR
STIPULATED PROTECTIVE ORDER
08-CV-0500 JM RBB

1      27.     The parties agree to enter into this Stipulation pending an Order hereon by the

2   Court and to abide by all terms of this Stipulation as to any Confidential Information produced

3   prior to the Court entering its Order hereon, irrespective of whether the Court has issued, or ever

4   issues, a signed Order.

5

6   Dated: January 14, 2009                    ANDREW R. LIVINGSTON
                                               ERIN M. CONNELL
7                                              ORRICK, HERRINGTON & SUTCLIFFE LLP

8

9                                              BY:            s/Erin M. Connell
                                                        Erin M. Connell
10                                                    Attorneys for Defendants
                                                   E-mail: econnell@orrick.com

11  Dated: January 14, 2009                    GREGORY A. DOUGLAS
                                               UNITED EMPLOYEES LAW GROUP, P.C.
12

13                                             BY:            s/Gregory A. Douglas
                                                       Gregory A. Douglas
14                                                    Attorneys for Plaintiffs
                                                   E-mail: gdouglas@hainesfirm.com
15

16

17          IT IS SO ORDERED this 28th day of January, 2009.

18

19

20          _____
                   The Honorable Ruben B. Brooks
21              Magistrate Judge, United States District Court

22

23

24

25

26

27

28

1                                            **EXHIBIT A**

8                        UNITED STATES DISTRICT COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER CLARK, JAMES RENICK, and VICTOR WHITAKER, individuals, | Case No.  08-CV-0500 JM RBB |
| Plaintiffs, | **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |
| v. | |
| CHASE HOME FINANCE, LLC, a Delaware LLC doing business in California; CHASE MANHATTAN MORTGAGE CORPORATION, a New Jersey corporation doing business in California; and DOES 1-25, | |
| Defendants. | |

I, _____ , declare and say that:

1.      I am employed as _____ by

_____.

2.      I have read the Protective Order entered in *Christopher Clark, James Renick, and Victor Whitaker v. Chase Home Finance, LLC, and Chase Manhattan Mortgage Corporation*, Case No. 08-CV-0500 JM RBB, and have received a copy of the Protective Order.

3.      I promise that I will use any and all "Confidential" or "Confidential – For Counsel Only" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

1         4.      I promise that I will not disclose or discuss such "Confidential" or "Confidential –

2  For Counsel Only" information with anyone other than the persons described in paragraphs 3, 8

3  and 9 of the Protective Order.

4         5.      I acknowledge that, by signing this agreement, I am subjecting myself to the

5  jurisdiction of the United States District Court for the Southern District of California with respect

6  to enforcement of the Protective Order.

7         6.      I understand that any disclosure or use of "Confidential" or "Confidential – For

8  Counsel Only" information in any manner contrary to the provisions of the Protective Order may

9  subject me to sanctions for contempt of court.

10        I declare under penalty of perjury that the foregoing is true and correct.

11        Date:_____

12

13                                 _____

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING JOINT MOTION FOR
STIPULATED PROTECTIVE ORDER
08-CV-0500 JM RBB